UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

**JORGE A. AGRELO and OLGA M. FERNANDEZ**, individuals;

        Plaintiffs,

vs.

**THE MELONI LAW FIRM**, a/k/a **EDOARDO MELONI, P.A.; AFFINITY MANAGEMENT SERVICES, LLC**, a limited liability corporation; **MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC.**, a Non-Profit Corporation; **EDOARDO MELONI, ESQ.**, an individual; and **ALEXIS MCDONALD**, an individual

        Defendants.

_____/

# FDCPA AND FCCPA COMPLAINT

Plaintiffs, **JORGE A. AGRELO** and **OLGA M. FERNANDEZ** ('Plaintiffs"), by and through undersigned counsel, bring this action against Defendants, **THE MELONI LAW FIRM** a/k/a **EDOARDO MELONI, P.A.** ("Meloni Law"), **AFFINITY MANAGEMENT SERVICES, LLC** ("Affinity"), **MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC.** ("Marbella"), the Attorney **EDOARDO MELONI, ESQ.** ("Meloni") and the collector **ALEXIS MCDONALD** ("McDonald"), for violations of the Fair Debt Collection Practices Act

and the Florida Consumer Collection Practices Act, and as grounds thereof would allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for actual and statutory damages brought by a consumer for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

2.      The FDCPA and the FCCPA are designed *inter alia* to eliminate abusive, deceptive, and unfair practices in consumer debt collection. The FCCPA supplements the FDCPA, and provides Florida residents with even greater protection than the FDCPA affords. Like the FDCPA, the Florida CCPA covers debt collectors. However, unlike the FDCPA, it also covers original creditors

3.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 *et seq.*, Fla. Stat. § 559.55 *et seq.*, and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Moreover, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367 as the state law claims (FCCPA) arise out of the same conduct as the FDCPA claim; they do not predominate the FDCPA claim; and they do not present novel or complex issues of state law.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside in this district and this cause of action accrued within this district.

## PARTIES

5.      Plaintiffs, Jorge A. Agrelo and Olga M. Fernandez, are, *sui juris*, husband and wife, who at all times relevant hereto hold title to the real property located at 8272 NW 198th Street; Miami, FL 33015.   The said property is the Plaintiffs' homestead property, and they are both members of Defendant Marbella Park Homeowner's Association, Inc.

2

6.      At all times relevant hereto, Defendant Meloni Law was and is a corporation doing business at 900 Southwest 40th Avenue; Plantation, Florida 33317, primarily as a homeowner's association law firm and consumer debt collection firm.

7.      At all times relevant hereto, Defendant Meloni Law was and is a successor corporation to Fein & Meloni Law.

8.      At all times relevant hereto, Defendant Meloni was and is an attorney licensed to practice law in the State of Florida and a principal in the Meloni Law firm.

9.      At all times relevant hereto, Defendant McDonald was and is a collector agent that works for Meloni Law and acted on behalf of the Meloni Law with respect to the collection of Plaintiffs' alleged debt.

10.     At all times relevant hereto, Meloni Law, Meloni and McDonald regularly collect or attempt to collect debts for other parties and they were and are "debt collectors," as said term is defined in 15 U.S.C. § 1692a(6) and in Fla. Stat. § 559.55(6).

11.     At all times relevant hereto, Meloni Law, Meloni and McDonald regularly used the mail and telephone in a business for the purpose of collecting consumer debts.

12.     At all times relevant hereto, Meloni Law, Meloni and McDonald were acting as debt collectors with respect to the collection of Plaintiffs' alleged debt.

13.     At all times relevant hereto, Defendant Affinity was and is a Florida Limited Liability Company, doing business at 1430 Northwest 15th Avenue; Miami, Florida 33125, primarily as a Community Association Management Company.

14.     At all times relevant hereto, Affinity regularly collected or attempted to collect debts for other parties and is a "debt collector" as said term is defined in Fla. Stat. § 559.55(6).

3

15.    At all times relevant hereto, Affinity regularly used the mail and telephone in a business for the purpose of collecting consumer debts.

16.    At all times relevant hereto, Affinity was acting on behalf of Marbella as a debt collector with respect to the collection of Plaintiffs' alleged debt.

17.    At all times relevant hereto, Defendant Marbella was and is a duly formed and organized Florida non-profit corporation functioning as a homeowner's association located in Miami-Dade County, Florida, with mailing address in 1430 NW 15th Avenue; Miami, FL 33125.

18.    At all times relevant hereto, Plaintiffs and Defendant Marbella were bound by the agreement creating the alleged debt, including but not limited to, Marbella's bylaws, articles of incorporation, rules and regulations and declaration of covenants and restrictions, hereinafter collectively referred to as "governing documents." Defendant Marbella and Plaintiffs are also bound by the Florida laws governing the homeowners' association, specifically, Chapter 720 of the Florida Statutes (known as Florida Homeowners' Association Act).

19.    At all times relevant hereto, Marbella is a "creditor" as said term is defined in Fla. Stat. § 559.55(3).

20.    At all times relevant hereto, Marbella was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt. Under the broad definition of "debt collector," as defined in Fla. Stat. § 559.55(6), the FCCPA applies to any person or persons, collecting his/her own debts.

21.    At all times relevant hereto, the Plaintiffs, were and are natural persons, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and are therefore, persons with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by violations of both acts.

4

22.     At all times relevant hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

23.     At all times relevant hereto, the dunning letters sent by Defendants in connection with the collection of the alleged debt were "communications" as said term is defined in 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

## BACKGROUND AND GENERAL ALLEGATIONS

24.     Defendants sought to collect a debt from Plaintiffs, which was allegedly incurred by Plaintiffs for personal, family or household purposes; more specifically, the debts at issue were allegedly delinquent homeowner's association fees, administrative fees, and attorney's fees in connection with the collection of the said alleged debts .

25.     On March 26, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via certified mail. A copy of this letter entitled "Notice of Fine," hereinafter "Affinity's Letter 1," is attached hereto as Exhibit "A." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 as a result of a fine imposed for an alleged violation of Marbella's governing documents. This letter was received by Plaintiffs on April 1, 2013 as shown in Exhibit "B."

26.     On April 2, 2013, the Law Office of Abdel Jimenez, Esq., in its representation of Plaintiffs, sent a dispute letter, hereinafter "Abdel Letter 1," contesting the fine Affinity had attempted to collect from Plaintiffs. This letter was submitted via certified and first class U.S. mail, and received by Affinity on April 3, 2013, as shown in Exhibit "C." Affinity never responded to Abdel's Letter 1.

27.     On May 16, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via mail. A copy of this letter entitled "Final Warning," hereinafter "Affinity's Letter 2,"

5

is attached hereto as Exhibit "D." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 concerning delinquent assessments allegedly owed by Plaintiffs.

28.     On June 28, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via mail. A copy of this letter entitled "Final Warning," hereinafter "Affinity's Letter 3," is attached hereto as Exhibit "E." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 concerning delinquent assessments allegedly owed by Plaintiffs

29.     On August 9, 2013, Plaintiffs were contacted by Fein & Meloni (hereinafter referred to as "Meloni Law"), via certified mail. A copy of the letter, hereinafter "Fein & Meloni's Letter 1" is attached hereto as Exhibit "F." Meloni Law was attempting to collect the sum of $1,377.50 from Plaintiffs concerning the past due maintenance assessments allegedly owed to Marbella as well as attorney's fees. This letter was received by Plaintiffs on August 10, 2013, as shown in Exhibit "G."

30.     On September 2, 2013, Plaintiffs sent a first dispute letter, hereinafter "Plaintiff's Letter 1" to Meloni Law via first class and certified mail in response to Fein & Meloni's Letter 1. A copy of the letter is attached hereto as Exhibit "H." This letter was received by Meloni Law on September 4, 2013, as shown in Exhibit "I."

31.     On September 10, 2013, Plaintiffs were contacted for the second time by Meloni Law via mail. A copy of this letter, hereinafter "Fein & Meloni's Letter 2," is attached hereto as Exhibit "J."

32.     On October 7, 2013, Plaintiffs sent a second dispute letter, hereinafter "Plaintiffs' Letter 2" to Meloni Law via first class and certified mail in response to Fein & Meloni's Letter 2. A copy of the letter is attached hereto as Exhibit "K." This letter was received by Meloni Law on October 8, 2013, as shown in Exhibit "L."

6

33.     On December 13, 2013, Plaintiffs were contacted for the third time via certified mail by Meloni Law. A copy of the letter, hereinafter "Meloni Law Letter 1" is attached hereto as Exhibit "M." Meloni Law was and is attempting to collect the sum of $1,312.50 from Plaintiffs. This letter was received by Plaintiffs on December 14, 2013 as shown in Exhibit "N."

34.     On January 8, 2014, Plaintiffs sent a third dispute letter, hereinafter "Plaintiffs' Letter 3," to Meloni Law via first class and certified mail in response to Meloni Law Letter 1. A copy of the letter is attached hereto as Exhibit "O." This letter was received by Meloni Law on January 10, 2014 as shown in Exhibit "P."

35.     On March 14, 2014, Plaintiffs were contacted via mail by Meloni Law with a response letter to Plaintiffs' complaint to the Florida Bar against Meloni, hereinafter referred to as "Meloni Law Letter 2". A copy of the letter is attached hereto as Exhibit "Q."

## COUNT I
## VIOLATION OF FDCPA: 15 U.S.C. § 1692e(2)
## (AS TO MELONI LAW, MELONI, AND MCDONALD)

36.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

37.     15 U.S.C. § 1692e(2) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

38.     Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing "the character, amount or legal status of Plaintiffs' debt." In

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

particular, in Fein & Meloni's Letter 1, it falsely represented the character and amount of debt it claimed Plaintiffs owed by including in the claimed sum the amount of $115.00, which corresponded to Marbella's monthly maintenance fee for August. However, that fee was not in default at the time that Fein & Meloni's Letter 1 was sent to Plaintiffs and therefore, cannot be collected as a debt.

39. Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing "the character, amount or legal status of Plaintiffs' debt." In particular, in Fein & Meloni's Letter 2, it falsely represented the character and amount of debt it claimed Plaintiffs owed by including the amount of $115.00, which corresponded to the Marbella's monthly maintenance fee for September. However, that fee was not in default at the time that Fein & Meloni's Letter 2 was sent to Plaintiffs and therefore, could not be collected as a debt.

40. Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing the character and amount of Plaintiffs' debt. In particular, in Meloni's Letter 1, it falsely and maliciously represented the character and amount of debt it claimed Plaintiffs owed by including in the claimed sum late fees in the amount of $50.00 that allegedly corresponded to the Plaintiffs' late payment of Association maintenance assessments for the months of September and November. However, both monthly fees were paid by Plaintiffs prior to becoming delinquent. The September Association fee was paid on September 5, 2013; the copy of the check for this payment was enclosed with Plaintiffs' Letter 2 dated October 7, 2013 as shown in Exhibit "K." In addition, this payment was included in the Account Statement enclosed in Meloni's Letter 1. The November association fee was paid on November 5, 2013. Accordingly, no late fee could be charged for either September or November, and neither payment was ever in

8

default according to the Marbella's governing documents, as misrepresented in Meloni Law's Letter 1. Additionally, the amount of the late fees imposed was unlawfully overcharged because the Agreement creating the debt only authorized $11.50 as the administration fee for late payments of maintenance assessment instead of $25, which was included twice in the alleged debt claimed in the Meloni's Letter 1.

41.     In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni, and McDonald and in the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of claimed debt allegedly owed by Plaintiffs. Defendants Meloni Law, Meloni, and McDonald included an unauthorized "Admin Fee" of $1,000.00 levied by the Association on March 26, 2013. The maximum amount of the alleged Admin Fee authorized by the Marbella's governing documents was only $115.00 and not $1,000.00 as was maliciously increased by Defendants Meloni Law, Meloni and McDonald.

## COUNT II
### VIOLATION OF FDCPA: 15 U.S.C. § 1692e(4)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

42.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

43.     15 U.S.C. § 1692e(4) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8899

44.     Defendants Meloni Law, Meloni and McDonald violated this section in Fein & Meloni's Letter 1 by threatening that the nonpayment of the alleged debt would result in the forced sale of the Plaintiffs' property when such action was not lawful and not intended to be taken.

45.     In pertinent part, the letter states as follows:

> ...you are hereby requested to make payment for all amounts due, including, but not limited to, your past due assessments and our attorney's fees, <u>within forty-five days of this Notice</u>. Please note that in the event that <u>you fail to make full payment for all amounts due</u> to this office by forwarding your check in the appropriate amount made payable to Fein & Meloni, Trust account at our letterhead address<u>, the Association may bring an action to foreclose its lien for unpaid assessments in the same manner that a mortgage for real property is foreclosed. The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association will additionally seek an award of its attorney's fees and costs incurred in such action in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes</u>. (emphasis added)

46.     The letter quoted above violates U.S.C. § 1692e(4) because Meloni Law, Meloni, and McDonald threatened to force the sale of Plaintiffs' property when such action was unlawful. In addition, the claimed sum contained a portion that was not in default in accordance with Marbella's governing documents when it was claimed as past due and when this forced sale action was not actually intended to be taken. Moreover, the inclusion of notice of contractually allowed attorney's fees in the letter was misleading, when such fees may only be incurred in the future and only if the association was found to be the prevailing party in the litigation.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

## COUNT III
## VIOLATION OF FDCPA: 15 U.S.C. § 1692e(5)
## (AS TO MELONI LAW, MELONI, AND MCDONALD)

47.    The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

48.    15 U.S.C. § 1692e(5) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

49.    Defendants Meloni Law, Meloni and McDonald violated this section in Fein & Meloni's Letter 1 by threatening to take legal action that could not be taken or that was not intended to be taken. The said letter in highlighted part as cited above violated U.S.C. § 1692e(5) because Meloni Law, Meloni, and McDonald threatened to foreclose the Association's lien against the Plaintiff's property. This action cannot legally be taken because the claimed debt contained amounts (August's Association fee) that cannot be included in the Association's lien because those fees were not in default, as specified by Marbella's governing documents at the time of Fein & Meloni's Letter 1. In addition, this action was not legally authorized by Marbella's governing documents creating the debt in connection with non-default assessment collection. The letter also contained a "false threat" stated for the sole purpose of intimidating Plaintiffs so that they might get the impression that litigation or a lien foreclosure action of their property would be imminent if Plaintiffs failed to make a payment voluntarily within forty five (45) days.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

50.     Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692e(5) in Meloni's Letter 1 by using false and malicious statements that were designed to coerce and intimidate Plaintiff. In particular, Defendants Meloni Law and Meloni suggested that it would take legal action that could not be taken or that was not intended to be taken. In pertinent part, the letter states as follows:

> ....Please make your check payable to the Meloni Law Firm Trust account <u>by no later than January 13, 2014</u>. Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding you check in the appropriate amount made payable to The Meloni Law Firm, Trust account at our letterhead address, the Association may record a lien against your property for unpaid amounts.

51.     The said letter violated U.S.C. § 1692e(5) because Defendants Meloni Law and Meloni maliciously and repeatedly threatened to record a lien against Plaintiffs' property. However, such an action could not be taken because the claimed debt contained unlawful and overcharged administration fees as specified by Marbella's governing documents.

**COUNT IV**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(10)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

52.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

53.     15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

54.     In Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive, misleading, and false statements. In pertinent part, this letter provides:

> This law firm represents the interest of the above referenced Homeowners Association and is communicating with you on their behalf concerning your <u>past due maintenance assessments</u> owed to the Association. The account status provided to this office indicates that you owe the sum of $1,115.00 for <u>past due assessments</u>, late charges and interest... (emphasis added)

55.     As set forth in Paragraph 38, the alleged debt claimed in Fein & Meloni's Letter 1 included the amount of $115.00, which corresponded to the August maintenance fee that would have been delinquent only following the tenth day of August, as specified in Marbella's governing documents. Accordingly, the highlighted language of this letter is in violation of 15 U.S.C. § 1692e(10) because it includes language that is false, deceptive and misleading.

56.     In Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive and misleading statements. In pertinent part, letter provides the following:

> ...If you notify this office in writing within the thirty (30) day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office. Please note, however, that <u>such request will in no manner serve to shorten the above referenced forty five (45) day time period for your full payment of past due assessments and attorney's fees</u>.(emphasis added)

57.     The highlighted part of the above statements created confusion to the Plaintiffs about their rights to dispute the alleged debt.

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

58.     In the Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive and misleading statements that were designed to coerce and frighten Plaintiffs. The letter in the relevant part states:

> The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, <u>the Association will additionally seek an award of its attorney's fees and costs incurred in such action</u> in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes.

59.     Plaintiffs interpreted this letter that originated from a lawyer to mean that there was no chance in prevailing once a lawsuit has been filed. The language contained in the letter left Plaintiffs with the impression that the Association would seek an award of legal fees even if they were not the prevailing party in potential litigation.

**COUNT V**
**VIOLATION OF FDCPA: 15 U.S.C. 1692f(1)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

60.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

61.     15 U.S.C. §1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

62.     In demanding the sum of $1,312.50 in the Meloni Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692f(1) by including two late fees of $25. Neither claimed fee was authorized by the Marbella's governing documents nor permitted by law.

14

63.     In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in  Meloni's Letter 1, Defendants Meloni Law and Meloni violated U.S.C. § 1692f(1) by including the   amount of $1,000.00, which corresponded to an alleged "Admin. Fee" levied by the Association that was not expressly authorized by the Marbella's governing documents that created the debt, nor permitted by law. The maximum amount of the alleged Admin Fee authorized by Marbella's governing documents was only $115.00 and not $1,000.00 as was maliciously "increased" by Defendants Meloni Law, Meloni and McDonald. Plaintiffs clearly contested this unauthorized fee in Plaintiff's Letter 3.

### COUNT VI
### VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(3)
### (AS TO MELONI LAW, MELONI AND MCDONALD)

64.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

65.     15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector...

66.     In the Fein & Meloni's Letter 1 and 2, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692g(a)(3), when both letters failed to state that the debt will be assumed valid <u>by the debt collector</u> if not disputed within thirty days.

67.     In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C.   §

15

1692g(a)(3) by stating: "...*if you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.*" These letters falsely implied that Plaintiffs' dispute of the alleged debts had to be accompanied by documentation or evidence in support of their challenge to the claimed debt.

68.     In the Meloni's Letter 1, Defendant Meloni Law and Meloni violated 15 U.S.C. § 1692g(a)(3) by failing to include in the aforementioned written communications the statements required by Section 15 U.S.C. § 1692g(a)(3).

**COUNT VII**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(4)**
**(AS TO MELONI LAW AND MELONI)**

69.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

70.     15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

71.     In the Meloni's Letter 1, Defendants Meloni Law, and Meloni violated 15 U.S.C. § 1692g(a)(4) by not including in the aforementioned written communications a statement providing that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or

16

a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

## COUNT VIII
### VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(5)
### (AS TO MELONI LAW AND MELONI)

72.    The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

73.    15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74.    In the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692g(a)(5) by failing to include in the aforementioned written communications a statement providing that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

## COUNT IX
### VIOLATION OF FDCPA: 15 U.S.C. § 1692g
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

75.    The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

76.    In Fein & Meloni's Letter 2, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692g by providing the Plaintiffs with the same amount of time

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

(within thirty days) to pay the alleged debt as to contest it. However, if Plaintiffs' were to have complied with the Defendants' demands, payment would have had to be remitted before the thirty days expired. By giving this time constraint, Defendants ignored the requirements of subparagraphs (3) and (4) of § 1692g(a), which gives the consumer thirty days after receipt of the notice to dispute the validity of a debt.

77.    In Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692g  by repeatedly and maliciously telling Plaintiffs that the payment must be received during the 30-day period in order to dispute the validity of the debt. This correspondence ignored Plaintiffs' notice of validation rights and created confusion for Plaintiffs about their rights to dispute the alleged debt.

**COUNT X**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)**
**(AS TO MELONI LAW AND MELONI)**

78.    The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

79.    Fla. Stat. § 559.72(9) provides:

> In collecting consumer claims, no person shall: (9) Claim, attempt, or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist...

80.    In demanding the sum of $1,377.50 in Fein & Meloni's Letter 1, Defendants Meloni Law and Meloni violated Fla. Stat. § 559.72(9) by claiming an illegitimate debt. Meloni Law and Meloni knew that the said claimed sum included a portion of $115.00 that was not in default as explained in the paragraph 38. The language of the letter also threatened to

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

enforce an action to foreclose the Association's lien against Plaintiff's property when Meloni Law and Meloni knew that it could not pursue such an action against Plaintiffs.

## COUNT XI
### VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
### (AS TO MELONI LAW AND MELONI)

81.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

82.     In demanding the sum of $1,377.50 in Fein & Meloni's Letter 2, Defendants Meloni Law and Meloni violated Fla. Stat. § 559.72(9) by claiming for the second time an illegitimate debt. Meloni Law and Meloni knew that the said claimed sum included a portion of $115.00 that was not in default, as specified by the Marbella's governing documents and as explained in the Paragraph 39.

## COUNT XII
### VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
### (AS TO MELONI LAW AND MELONI)

83.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

84.     In demanding the sum of $1,312.50 in the Meloni's Letter 1, Defendants Meloni Law and Meloni violated Fla. Stat. § 559.72(9) claiming that Plaintiffs owed an illegitimate debt for the third time. Both Meloni Law and Meloni knew that the said claimed sum included late fees for the amount of $50 corresponding to the Plaintiffs' late payment of the Association maintenance assessments for the months of September and November, although both fees were paid before the  tenth day of each corresponding month, as explained above. Moreover, in Meloni's Letter 1, Defendants threatened to file a lien against Plaintiffs' property when Meloni law and Meloni knew that they did not have a legal right to make such a claim.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## COUNT XIII
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW AND MELONI)

85.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

86.     In demanding the sum of $1,312.50 in the Meloni's letter 1, Defendants Meloni Law and Meloni violated Fla. Stat. § 559.72(9) by claiming an illegitimate debt, Meloni Law and Meloni knew or should have known that the said claimed sum included overcharged late fees that were unlawful and not authorized by either the Marbella's governing documents or Florida Statutes, as explained above. In addition, Defendants threatened to bring an action to file a lien against Plaintiffs' property when both Meloni Law and Meloni knew that no such right existed.

## COUNT XIV
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO AFFINITY AND MARBELLA)

87.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

88.     Fla. Stat. § 559.72(9) provides:

In collecting consumer claims, no person shall: (9) Claim, attempt, or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist...

89.     In demanding the sum of $1,000.00 as stated in the Affinity Letters' 2 and 3, Defendants Affinity and Marbella violated Fla. Stat. § 559.72(9) by claiming an unlawful and illegally enforced "Admin Fee" of $1,000.00 levied by the Association on March 26, 2013. The maximum amount of the alleged "Admin Fee" authorized by Marbella's governing documents

20

was only $115.00 and not $1,000.00, as was maliciously increased up by Affinity and Marbella. In addition, Defendants threatened to enforce an action to foreclose the Association's lien against Plaintiffs' property when Affinity and Marbella knew that legal right did not exist as a result of the illegitimate "Admin Fee" imposed.

**COUNT XV**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(15)**
**(AS TO MELONI LAW AND MELONI)**

90.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

91.     Fla. Stat. § 559.72(15) provides:

In collecting consumer claims, no person shall: (15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt...

92.     In Fein & Meloni's Letter 2 and in Meloni's Letter 1, Meloni Law and Meloni violated Fla. Stat. § 559.72(15) by failing to provide adequate identification of themselves even after such information was requested by Plaintiffs in Plaintiffs' Letters 1, 2 and 3. In particular, Plaintiffs requested for Meloni Law and Meloni to provide the appropriate proof that they were licensed to collect debts in Florida.

**COUNT XVI**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(18)**
**(AS TO AFFINITY AND MARBELLA)**

93.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

94.     Fla. Stat. § 559.72(18) provides:

21

In collecting consumer claims, no person shall: (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication...

95.     In Affinity's Letters 2 and 3, Defendants Affinity and Marbella violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs when they knew that Plaintiffs were represented by an attorney with respect to such claimed debt of $1,000.00. The aforementioned debt was contested by Plaintiffs' attorney Abdel Jimenez, Esq. on April 1, 2013 through the Abdel Letter 1 as shown in the Exhibit C.

## PRAYER FOR RELIEF

WHEREFORE, pray for judgment against Defendants as follows:

## CLAIM FOR FDCPA STATUTORY DAMAGES

a.  The statute provides, in part, that "any debt collector . . . is liable" for additional damages not to exceed $ 1,000. 15 U.S.C. § 1692k(a). In other words, the limitation that the statute imposes is cast not in terms of the Plaintiffs' recovery, but in terms of the Defendants' liability. Thus, in the case of multiple defendants, each may be liable for additional damages of up to $ 1,000.

b.  Plaintiffs seek a declaration that Defendants' practices were in violation of the FDCPA.

c.  Plaintiffs seek statutory compensation per each FDCPA violation and per each Defendant.

## CLAIM FOR FCCPA STATUTORY DAMAGES

a.  The FCCPA was drafted to provide stronger consumer protection than the FDCPA, explicitly providing that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla.. Stat. § 559.552.

22

b. Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

c. Plaintiffs claim statutory damages for each violation. The FCCPA allows the consumer to recover up to $1,000 for violations of §559.72, and provides in pertinent part:

> (2) Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

## CLAIM FOR ACTUAL DAMAGES

A debt collector who has violated any provision of the FDCPA is liable for actual damages. 15 U.S.C. § 1692k(a)(1). Plaintiffs pray for actual damages. Plaintiffs claim any further legal and equitable relief that this Court may deem just and equitable and reserve the right to right to amend this pleading at the time of, or prior to trial as necessary in the interest of justice.

## CLAIM FOR ATTORNEY'S FEES

Plaintiffs request reasonable attorneys' fees and costs of suit of litigation thereof as damages and under applicable statutes.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

DATED:     April 3 , 2014

Respectfully submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com  eservice@reinerslaw.com

By: _____
**DAVID P. REINER, II**; Fla. Bar No. 416400

*w:\700\77500\77500-federal-complaint.docx*

24

*EXHIBIT "A"*

# Marbella Park Homeowners' Association, INC

c/o AFFINITY MANAGEMENT SERVICES, LLC

1430 NW 15 AVENUE, MIAMI, FL 33125

March 26, 2013

**VIA CERTIFIED AND FIRST CLASS U.S. MAIL**

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

**Re: 8272 NW 198 ST - FENCE AND PLANTS - NOTICE OF FINE**

Dear Jorge A. Agrelo:

On 1/29/2013, you were notified of a violation regarding: Unapproved construction has resulted in relocation of the fence and removal of plants. You were asked to correct it by 2/18/2013 but failed to do so.

On 3/4/2013, you were notified that the Marbella Park Homeowners' Association, INC Grievance Committee would hold a hearing on 3/18/2013, to determine whether a fine should be imposed against you for failure to correct the violation.

_____*You were asked to attend the hearing but did not attend.*

_X___*You attended the hearing and presented argument and evidence as to why a fine should not be imposed.*

After careful consideration, in light of the foregoing facts and circumstances, the Grievance Committee has decided to recommend that the Board of Directors approve a fine of:

_____  $25.00 per day       _____$50.00 per day       _____$75.00 per day;       _X___$100.00 per day.

As the violation has remained uncorrected for over 45 days, **the total amount of the fine will be $1,000.00**.

At this time the Association requests t hat you pay the full amount of the fine within the next seven (7) days. Please be sure to write your Account #8272198S on your check or money order and send your payment to:

Marbella Park Homeowners' Association, INC
PO BOX 628207
Orlando FL  32862-8207

If payment is not received by the close of business on  APRIL 3, 2013, the Association will conclude that you will not pay the fine voluntarily and will pursue all legal avenues available to it inorder to protect its interests. The Association may then record a lien against your property and/or commence legal proceedings against you to recover the fine amount. Please be advised that if it becomes necessary to file an action against you, you may be liable for the reasonable attorney's fees and costs incurred by the Association.

Thank you for your prompt attention to this matter.

Respectfully,

AFFINITY MANAGEMENT SERVICES, LLC
For the Board of Directors

*EXHIBIT "B"*



CERTIFIED MAIL™

7011 0470 0001 9155 3767

**AFFINITY**
MANAGEMENT SERVICES
"Promise of Quality for Mutual Success"
1430 NW 15th Ave, Miami, FL 33125

4/1/2014                                    USPS.com® - USPS Tracking™



Search USPS.com or Track Packages

**Quick Tools**
Track
Enter up to 10 Tracking #'s Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Look Up a ZIP Code
Hold Mail
Change of Address

## USPS Tracking™

Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

 **Customer Service ›**
Have questions? We're here to help.

**Tracking Number: 70110470000191553767**

## Product & Tracking Information

Available Actions

Postal Product:                    Features:
                                   Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 1, 2013 , 11:20 am** | **Delivered** | **HIALEAH, FL 33015** |
| March 28, 2013 , 2:51 pm | Notice Left | HIALEAH, FL 33015 |
| March 28, 2013 | Depart USPS Sort Facility | MIAMI, FL 33152 |
| March 28, 2013 , 12:34 am | Processed through USPS Sort Facility | MIAMI, FL 33152 |
| March 27, 2013 , 11:54 pm | Processed through USPS Sort Facility | MIAMI, FL 33152 |

## Track Another Package

**What's your tracking (or receipt) number?**

Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

USPS.COM   Copyright© 2014 USPS. All Rights Reserved.

*EXHIBIT "C"*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARBELLA PARK
HOMEOWNER's Association
Inc
c/o. Affinity Management
Services, LLC
1430 NW 15 Avenue
MIAMI, FL. 33125

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
              ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Gonzalo DeLaRosa   4/3/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

7012 1010 0001 1302 4489

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box -

Law Office of Abdel Jimenez,
Esq.
4160 West 16th Avenue
Penthouse Suite 503-B
Hialeah, FL 33012

# LAW OFFICE OF ABDEL JIMENEZ, ESQ.

April 1, 2013

Marbella Park Homeowner's Association, Inc.
c/o Affinity Management Services, LLC
1430 NW 15 Avenue
Miami, Florida 33125

> Re:   **Matter:** Notice of Fine
> **Client's Name:** Jorge Agrelo
> **Property Address:** 8272 NW 198 Street,
> Miami FL 33015

Dear Marbella Park Homeowner's Association:

I hope that this letter finds you well.  I am writing to you regarding a letter dated March 26, 2013 imposing a fine on my client's property in the amount of $1,000.00.

It is my understanding that this fine is for: "Unapproved construction has resulted in relocation of the fence and removal of plants.  You were asked to correct it by 2/18/2013 but failed to do so."

Furthermore, there was a grievance committee held on March 18, 2013 at 8:00 pm attended by three members appointed by the board who were not officers, directors or employees of the association and two members of the board (treasurer and secretary).

It is my client's position that this fine is improper and it should be dismissed for the following reasons:

1. **Unapproved Construction:** the reason the fence was removed was because a pool had been recently constructed on the premises and it was necessary to remove a portion of the fence so that a concrete truck and the excavation equipment could enter the property and build the pool.
    a. <u>Pool Permits</u>: the pool had permits approved by the association on 9/19/2012, as well as from Miami-Dade County.
    b. <u>Valid Construction</u>: therefore, contrary to the allegations in the fine for unapproved construction, the construction was actually approved.
    c. <u>Construction of Fence</u>: however, if the language of the above fine was referring to unapproved construction of the fence, there never really was construction of the fence itself.  Due to the removal of the fence during the pool construction some portions of the fence had become damaged.  Thus, a repair was done to the 40 foot

portion of the fence that had been damaged.  At all times the fence remained in the same position as before.

2. **No Violation:** furthermore, the alleged violation is for relocation of my client's fence.  The fence is still in the same exact position as it was previously before.

   a. Aligned: if a normal observer looks at the fence one can see that the 40 foot portion that was repaired is in harmony with the rest of the fence.  The fixed portion fence is aligned continuously with the rest of the unadulterated fence.

   b. Evidence: at no time has the association provided any evidence whatsoever that the fence has been moved anywhere other than where it has always been.

   c. Good Faith: my client in good faith made the repairs to the fence so that he would not receive a fine for having a fence in disrepair. Now, had he not repaired the fence he would have been fined and if he repaired the fence instead of applauding him for trying to keep the community looking aesthetically beautiful he receives a fine anyway.

   d. Plants: my client replaced all of the plants that had previously been removed for the construction of the pool.

3. **Notice:** if the association is complaining that the fence was moved (which it was not) without application to the association for permission let it be known that my client had previously applied and paid the associated fees to relocate his fence and the association never provided any answer to him.

4. **Due Process:** my client was denied his due process rights for the following reasons.

   a. Hearing: the hearing that was held on March 18, 2013 regarding the above violation did not provide due process for my client.

      i. *Fla. Stat. 720.305:* pursuant to Fla. Stat. 720.305 which governs Homeowner's Associations it is required by law that a vote be taken before a fine can be imposed, and if the committee does not approve a proposed fine by a majority vote it may not be imposed.

      ii. *No Votes:* In the March 18, 2013 hearing no vote was ever taken.  My client requested a vote as it was done in the previous hearing before his and he was denied a vote on the fine.  My client was told that they were not obligated to vote and that they would communicate their decision at a later time outside of my client's presence.

      iii. *No Evidence:* at the hearing there was no physical evidence proving that the fence had been relocated.  Rather, the only evidence was testimonial evidence by two members of the board who allege that the fence has been moved.  These members are not experts nor surveyors.  There was no evidence of the fence having been moved.

b. <u>Bad Faith</u>: if my client committed the violation of moving his fence and the board does not provide any evidence whatsoever regarding relocation of the fence, and my client shows surveys, plots, plans and pictures proving that the fence has not been relocated, then either the board is acting in bad faith or there must be some sort of mistake or misunderstanding and my client would prefer it to be the latter.

    i. *No Video Recording:* all of the meetings are customarily recorded, however at my client's meeting there was no recording of the meeting.

My client wishes to live peacefully in the community. And throughout the years he has corrected all previous violations immediately. In this case, however, my client has not committed a violation and he is being wrongfully fined.

Please correct and dismiss the fine imposed upon my client. We await a response from your office within 30 days. Should there not be a response within the allotted time my client will begin a civil lawsuit against the association which will include a request for attorney's fees and punitive damages.

Should you have any questions please do not hesitate to contact me.

Thank you,

Abdel Jimenez, Esq.

Law Office of Abdel Jimenez, Esq.
4160 West 16th Avenue
Penthouse Suite 503 B
Hialeah, FL 33012
Phone: 305-209-6393
www.jimenezlawyer.com

*EXHIBIT "D"*

**Marbella Park Homeowners' Association, INC**
**c/o Affinity Management Services**
1430 NW 15 AVE
Miami, FL 33125
305-325-4243

**FINAL WARNING**

May 16, 2013

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

Re:  8272 NW 198 ST

Dear Jorge A. Agrelo

This letter shall serve as our Courtesy Notice concerning the amount owed to the Marbella Park Homeowners' Association, INC, ("the Association"). The Board of Directors requests payment of $1,000.00 within fifteen (15) days of the date of this letter in order to satisfy delinquent assessments owed with respect to the above-referenced home.

The Association is sending you the courtesy notification of its intent to pursue all legal actions allowed by law to collect the amount you owe. Once legal action is initiated, it will not be terminated until you pay the full amount of delinquent assessments, late fees, interest, attorney's fees and other costs of collection. The Association's governing documents provide that legal action may be initiated to collect delinquent balances, including filing a lien against your home which may then be foreclosed by the Association. The lien may affect your ability to sell or refinance your home. The lien will not be released until you make full payment. Additionally, the Association may seek a Personal Judgment against you which, once obtained, can be used to seize your property or garnish your wages.

If full payment of this amount is not received in this office within fifteen (15) days of the date of this letter, the Association will refer this matter to its legal counsel to record a lien in the Public Records of Miami-Dade County in order to secure the amount of delinquent assessments, costs of collection, late charges permitted by law and attorney's fees. Please be informed that the Association will accelerate all payments through the end of the fiscal year and will include all assessments due for the remainder of that fiscal year.

This is your opportunity to pay the full amount owed to Association before additional collection costs are incurred. Please make full payment now to avoid these additional expenses. Payments must be mailed to:

Marbella Park Homeowners'
PO BOX 628207
Orlando FL  32862-8207

This is the only Courtesy Notice you will receive before the matter is turned over to the Association's attorney.  Please send full payment to avoid further collection action and expense. Failure to take immediate action either by making full payment or contacting this office will force us to proceed with the collection procedure approved by the Association.

 Respectfully,


AFFINITY MANAGEMENT SERVICES
For the Board of Directors

CustomerCare@AffinityManagementServices.com
305-325-4243

*EXHIBIT "E"*

**Marbella Park Homeowners' Association, INC**
c/o **Affinity Management Services**
1430 NW 15 AVE
Miami, FL 33125
305-325-4243

**FINAL WARNING**

June 28, 2013

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

Re:  8272 NW 198 ST

Dear Jorge A. Agrelo

This letter shall serve as our Courtesy Notice concerning the amount owed to the Marbella Park Homeowners' Association, INC, ("the Association"). The Board of Directors requests payment of $1,000.00 within fifteen (15) days of the date of this letter in order to satisfy delinquent assessments owed with respect to the above-referenced home.

The Association is sending you the courtesy notification of its intent to pursue all legal actions allowed by law to collect the amount you owe. Once legal action is initiated, it will not be terminated until you pay the full amount of delinquent assessments, late fees, interest, attorney's fees and other costs of collection. The Association's governing documents provide that legal action may be initiated to collect delinquent balances, including filing a lien against your home which may then be foreclosed by the Association. The lien may affect your ability to sell or refinance your home. The lien will not be released until you make full payment. Additionally, the Association may seek a Personal Judgment against you which, once obtained, can be used to seize your property or garnish your wages.

If full payment of this amount is not received in this office within fifteen (15) days of the date of this letter, the Association will refer this matter to its legal counsel to record a lien in the Public Records of Miami-Dade County in order to secure the amount of delinquent assessments, costs of collection, late charges permitted by law and attorney's fees. Please be informed that the Association will accelerate all payments through the end of the fiscal year and will include all assessments due for the remainder of that fiscal year.

This is your opportunity to pay the full amount owed to Association before additional collection costs are incurred. Please make full payment now to avoid these additional expenses. Payments must be mailed to:

Marbella Park Homeowners'
PO BOX 628207
Orlando FL  32862-8207

This is the only Courtesy Notice you will receive before the matter is turned over to the Association's attorney.  Please send full payment to avoid further collection action and expense. Failure to take immediate action either by making full payment or contacting this office will force us to proceed with the collection procedure approved by the Association.

Respectfully,

AFFINITY MANAGEMENT SERVICES
For the Board of Directors

CustomerCare@AffinityManagementServices.com
305-325-4243

Page:   1

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

**Statement of Account - 06/28/13**

Re: 8272 NW 198 ST

Jorge A. Agrelo
Olga M. Fernandez
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | 9/1/12 -6/28/13 |
| Payment Due: | 06/28/13 |
| **Amount Due:** | **1,115.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| 08/31/12 | Balance Forward | | | 0.00 |
| 09/01/12 | Assessment | 115.00 | | 115.00 |
| 09/18/12 | Payment Rec'd  220 | | 115.00 | 0.00 |
| 10/01/12 | Assessment | 115.00 | | 115.00 |
| 10/12/12 | Payment Rec'd  228 | | 115.00 | 0.00 |
| 11/01/12 | Assessment | 115.00 | | 115.00 |
| 12/01/12 | Assessment | 115.00 | | 230.00 |
| 12/21/12 | Payment Rec'd  238 | | 115.00 | 115.00 |
| 01/01/13 | Assessment | 115.00 | | 230.00 |
| 01/11/13 | Payment Rec'd  250 | | 115.00 | 115.00 |
| 01/28/13 | Payment Rec'd  246 | | 115.00 | 0.00 |
| 02/01/13 | Assessment | 115.00 | | 115.00 |
| 02/12/13 | Payment Rec'd  260 | | 115.00 | 0.00 |
| 03/01/13 | Assessment | 115.00 | | 115.00 |
| 03/08/13 | Payment Rec'd  263 | | 115.00 | 0.00 |
| 03/26/13 | Admin. Fees | 1,000.00 | | 1,000.00 |
| 04/01/13 | Assessment | 115.00 | | 1,115.00 |
| 04/09/13 | Payment Rec'd  267 | | 115.00 | 1,000.00 |
| 05/01/13 | Assessment | 115.00 | | 1,115.00 |
| | New Balance  -   See next page | | | |

Make Checks Payable to:  **Marbella Park Homeowners'**

Page:  2

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

### Statement of Account - 06/28/13

Re: 8272 NW 198 ST

Jorge A. Agrelo
Olga M. Fernandez
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | 9/1/12 -6/28/13 |
| Payment Due: | 06/28/13 |
| **Amount Due:** | **1,115.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | Balance From Previous Page | | | 1,115.00 |
| 05/09/13 | Payment Rec'd   271 | | 115.00 | 1,000.00 |
| 06/01/13 | Assessment | 115.00 | | 1,115.00 |
| 06/11/13 | Payment Rec'd   276 | | 115.00 | 1,000.00 |
| | FINAL WARNING | | | |
| | Assessment | 115.00 | | 1,115.00 |
| | New Balance  -   Please Pay This Amount | | | 1,115.00 |

Make Checks Payable to:  **Marbella Park Homeowners'**

*EXHIBIT "F"*

# FEIN & MELONI

ATTORNEYS AT LAW
A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

900 S.W. 40th AVENUE
PLANTATION, FLORIDA 33317
BROWARD: (954) 791-4770 -- MIAMI-DADE: (305) 759-8978
FACSIMILE: (954) 316-5890

STEVEN A. FEIN, P.A.                                                                    EDO MELONI, ESQ.
EDOARDO MELONI, P.A.

August 9, 2013

**VIA FIRST CLASS & CERTIFIED MAIL**
**7013 0600 0000 7535 6740**

Jorge A. Agrelo
Olga M. Hernandez
8272 NW 198th Street
Miami, Florida 33015

Re:     **Marbella Park Homeowners' Association, Inc.**
          **Account No.: Marbella Park 8272198S**

Dear Homeowner(s):

This law firm represents the interests of the above referenced Homeowners Association and is communicating with you on their behalf concerning your past due maintenance assessments owed to the Association.

The account status provided to this office indicates that you owe the sum of $1,115.00 for past due assessments, late charges and interest. In addition, you owe the Association the sum of $262.50 in connection with our legal services provided to the Association in this matter. Please note that in accordance with the requirements of the Florida Statutes, you are hereby requested to make payment for all amounts due, including, but not limited to, your past due assessments and our attorney's fees, within forty five 45 days of this Notice. Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding your check in the appropriate amount made payable to Fein & Meloni, Trust Account at our letterhead address, the Association may bring an action to foreclose its lien for unpaid assessments in the same manner that a mortgage of real property is foreclosed. The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association will additionally seek an award of its attorney's fees and costs incurred in such action in accordance with the provisions of both the Association's governing documents as well as the relevant portions of the Florida Statutes.

Unless you dispute the validity of the amounts due, or any portion thereof, within thirty (30) days after receipt of this correspondence, the amount due will assume to be valid. If you notify this office in writing within the thirty (30) day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office. Please note, however, that such request will in no manner serve to shorten the above referenced forty five (45) day time period for your full payment of past due assessments and attorney's fees.

We are attempting to collect the above debt and any information obtained will be used for that purpose. If you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.

**PLEASE BE GOVERNED ACCORDINGLY.**

Very truly yours,

/s/ Edo Meloni

EDO MELONI, Esq.
by: Alexis McDonald, Collections Dept.

EM/am
Enclosure
G:\WPDOCS\ALEXIS\Alexis\Marbella Park\Intent to Lien\2013\Agrelo.8272198S.wpd

Page: 1

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

**Statement of Account - 08/06/13**

Re: 8272 NW 198 ST

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | Ledger |
| Payment Due: | 08/06/13 |
| **Amount Due:** | **1,115.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| 08/31/12 | Balance Forward | | | 0.00 |
| 09/01/12 | Assessment | 115.00 | | 115.00 |
| 09/18/12 | Payment Rec'd  220 | | 115.00 | 0.00 |
| 10/01/12 | Assessment | 115.00 | | 115.00 |
| 10/12/12 | Payment Rec'd  228 | | 115.00 | 0.00 |
| 11/01/12 | Assessment | 115.00 | | 115.00 |
| 12/01/12 | Assessment | 115.00 | | 230.00 |
| 12/21/12 | Payment Rec'd  238 | | 115.00 | 115.00 |
| 01/01/13 | Assessment | 115.00 | | 230.00 |
| 01/11/13 | Payment Rec'd  250 | | 115.00 | 115.00 |
| 01/28/13 | Payment Rec'd  246 | | 115.00 | 0.00 |
| 02/01/13 | Assessment | 115.00 | | 115.00 |
| 02/12/13 | Payment Rec'd  260 | | 115.00 | 0.00 |
| 03/01/13 | Assessment | 115.00 | | 115.00 |
| 03/08/13 | Payment Rec'd  263 | | 115.00 | 0.00 |
| 03/26/13 | Admin. Fees | 1,000.00 | | 1,000.00 |
| 04/01/13 | Assessment | 115.00 | | 1,115.00 |
| 04/09/13 | Payment Rec'd  267 | | 115.00 | 1,000.00 |
| 05/01/13 | Assessment | 115.00 | | 1,115.00 |
| | New Balance  -   See next page | | | |

Make Checks Payable to:  **Marbella Park Homeowners'**

Page: 2

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

### Statement of Account - 08/06/13

Re: 8272 NW 198 ST

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | Ledger |
| Payment Due: | 08/06/13 |
| **Amount Due:** | **1,115.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | Balance From Previous Page | | | 1,115.00 |
| 05/09/13 | Payment Rec'd  271 | | 115.00 | 1,000.00 |
| 06/01/13 | Assessment | 115.00 | | 1,115.00 |
| 06/11/13 | Payment Rec'd  276 | | 115.00 | 1,000.00 |
| 07/01/13 | Assessment | 115.00 | | 1,115.00 |
| 07/09/13 | Payment Rec'd  311 | | 115.00 | 1,000.00 |
| 08/01/13 | Assessment | 115.00 | | 1,115.00 |
| | *Attorney's Fee* | *262.50* | | *1377.50* |
| | **New Balance  -   Please Pay This Amount** | | | 1,115.00 |

Make Checks Payable to:  **Marbella Park Homeowners'**

*EXHIBIT "G"*

Fein & Meloni, Esqs.
900 S.W. 40th Avenue
Plantation, FL 33317-4523





7013 0600 0000 7535 6740

Jorge A. Agrelo
Olga M. Hernandez
8272 NW 198th Street
Miami, Florida 33015



# USPS Tracking™

### Tracking Number: 70130600000075356740

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| August 10, 2013 , 2:15 pm | Delivered | HIALEAH, FL 33015 |
| August 10, 2013 , 12:30 am | Processed through USPS Sort Facility | MIAMI, FL 33152 |
| August 9, 2013 | Depart USPS Sort Facility | MIAMI, FL 33152 |
| August 9, 2013 , 8:48 pm | Processed through USPS Sort Facility | MIAMI, FL 33152 |

*EXHIBIT "H"*

September 2, 2013

**VIA CERTIFIED AND FIRST CLASS U.S. MAIL**

Affinity Management Services
Board of Directors
Marbella  Park Homeowners' Association, Inc.
1430 NW 15 Ave.
Miami, FL 33125

Re:     Request by Jorge Agrelo to inspect books and records of Marbella Park
        Homeowner' Association ("the Association" or "HOA" herein)

Dear Boards Members:

I am a homeowner and member of the Marbella Park HOA. Specifically, my address is
8272 NW 198 ST, Miami, FL 33015.

It is my understanding that the Marbella Park HOA is a nonprofit corporation which
operates a community as defined in FS 720.301. Under section 720.303 of Chapter 720 of the
Florida Statutes; the official records shall be maintained within the state and must be open to
inspection and available for photocopying by members or their authorized agents at reasonable
times and places. A member of a corporation, on written demand, is entitled to examine and
copy at the member's expense, in person or by agent, accountant, or attorney, at any
reasonable time and for a proper purpose.

Further, the bylaws of the Association itself additionally provide for my right of
inspection of books and records as stated in section 2" Inspection by members" ARTICLE VI –
BOOKS AND RECORDS, Page 11**.**

Pursuant to one or all of the above statutory authorities, I request that the Association
produce or make the following books and records of the Association reasonably available to me
for inspection and copying within 10 days. The specific records sought for my inspection and
copying are as follows:

1.      A current roster of all members of the Association and their mailing addresses
        and parcel identifications.

2.      The agenda, resolutions, recordings and minutes of the Grievance Committee
        held on March 18, 2013 at 8:00PM in regards of the 8272 NW 198 ST – FENCE
        AND PLANTS – NOTICE OF FINE, it should include the list of members or invitees
        that were part of this committee, their mailing addresses and parcel
        identifications, if a vote was taken, the minute should also include the time and

vote count taken on each committee's member. It should be included as part of the meeting recording all the arguments and evidences presented by the committee as to why the fine was imposed.

3. A current roster of all member of the board of directors of the Association and their mailing addresses and parcel identifications. Should any officer of the Association have been removed from the board since last election occurred in the annual meeting on December 19th, 2012, I require a copy of the resignation letter or/and the copy of the agenda, resolution and minutes of the meeting where the Board of Directors of the Association accepted or recalled the director. Should new director(s) was(were) appointed by the board to fill the vacancy I need a copy of the minutes of the board meeting at which the board filled the vacancy, the minutes must record the date and time of the meeting, the decision of the board, and the vote count taken on each board member subject to the new officer(s) appointment as required Under section 720.303 of Chapter 720 of the Florida Statutes.

4. A summary of all fines or individual assessment imposed by the grievance committee from September 1, 2012 to September 1, 2013, this summary should include the members of the Association fined, their mailing addresses, parcel identifications and the reason of the fine imposed thus the date it was recorded and notified.

5. A summary of all Notice of Violations letters submitted to the homeowners from September 1st, 2012 to September 1st, 2013. This summary should include the members of the Association notified, their mailing addresses, parcel identifications and the reason of the violation thus the date it was recorded and notified.

6. A summary of all "Request for Architectural Approval" forms submitted by the homeowners from September 1st, 2012 to September 1st, 2013. This summary should include the members of the Association, their mailing addresses, parcel identifications and the resolution (approvals or disapprovals); if it was disapproved it should include the reason of disapproval.

7. A copy if any of the board of directors responses to a couple of appeals letters in regards of 8272 NW 198 ST – FENCE AND PLANTS – NOTICE OF FINE sent by me and my attorney via certified U.S. mail article numbers, 7012 1640 0002 1275 9621 (date of delivery 2/14/13) and 7012 1010 0001 1302 4489 (date of delivery 4/13/13). This responses if exist should be presented with the corresponding U.S. Certified receipt including date of delivery and person who received it.

8. A copy if exist with the approval or disapproval response of the "Request for Architectural Approval" form submitted by me on November, 23rd. 2011 via U.S. Certified Mail article number 7011 1570 0002 0641 5031 (date of delivery

11/29/11) to replace the fence. This response should be presented with the corresponding U.S. Certified receipt including date of delivery and person who received it.

Although, I need not to disclose a purpose with respect one or more of the authorities cited above, each of which independently give me a right to such records, the purpose of my requested inspection is to determine if the Association has been complying with its obligations under the organizational documents and laws governing the Association, and to determine if my own rights as a homeowner have been violated.

If any of the above-requested records exist only electronically or digitally as computer files, please print out for my inspection and copying, or make available to me on a disc or thumb drive for me to access with my own computer.

I would ask that you send the requested records to me by mail at my address noted above. However, if you intend to assess any copying charges against me for such copies, please call me at (786) 473-1823 or (305) 829-3220 in advance of your copying or sending me the records by mail so that I can determine whether such charges are reasonable to receive same by mail or whether it is more appropriate for me to come to the Association's offices for inspection of the requested documents and then ask for the specific documents to be copied. If you do not send the materials to me, please provide me a date within the next 10 days on which either I and/or my representative may come to the offices of the Association to inspect the records requested above, and to have selected pages copied for me to take with me following the inspection.

Under FS 720.303(5)(a)(b), the failure of an association to provide access to the records within 10 business days after receipt of a written request submitted by certified mail, return receipt requested, creates a rebuttable presumption that the association willfully failed to comply with this subsection. A member who is denied access to official records is entitled to the actual damages or minimum damages for the association's willful failure to comply with this subsection. The minimum damages are to be $50 per calendar day up to 10 days, the calculation to begin on the 11th business day after receipt of the written request.

I look forward to hearing from you in the next few days.

Thank you for your attention to this matter.

Sincerely,

Jorge A. Agrelo
8272 NW 198th Street
Miami, FL 33015

*EXHIBIT "I"*



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fein & Meloni, Esqs.
Attorney at law
900 S.W. 40th Avenue
Plantation, FL 33317-4523

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 1010 0001 1294 0247

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

FORT LAUDERDALE FL 33317

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.66 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.31 |

Postmark Here

09/03/2013

Sent To: Fein & Meloni Esqs. Attorney
Street, Apt. No.; or PO Box No. 900 SW 40th Ave.
City, State, ZIP+4 Plantation, FL 33317-4523

PS Form 3800, August 2006     See Reverse for Instructions

7012 1010 0001 1294 0247



---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jorge Agaelo
8272 NW 198 St
Hialeah, FL 33015

*EXHIBIT "J"*

# FEIN & MELONI

ATTORNEYS AT LAW
A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

900 S.W. 40th AVENUE
PLANTATION, FLORIDA 33317
BROWARD: (954) 791-4770 -- MIAMI-DADE: (305) 759-8978
FACSIMILE: (954) 316-5890

STEVEN A. FEIN, P.A.
EDOARDO MELONI, P.A.

LAW OFFICES OF FEIN & MELONI
COLLECTION DEPARTMENT

September 10, 2013

Jorge A. Agrelo
Olga M. Fernandez
8272 NW 198th Street
Miami, Florida 33015

Re: Marbella Park Homeowner's Association, Inc./Account No.: **Marbella Park 8272198S**

Dear Unit Owner(s):

As you know, this office represents the interests of Marbella Park Homeowner's Association, Inc and is corresponding with you on behalf of the Association.

Please be advised, the balance on your account is composed of an unpaid fine that was previously assessed on your account in the amount of $1,000.00. Attached please find all corresponding documentation to support the fine that was properly notified and then assessed to your account.

Enclosed please find a copy of your status of account which reflects the current amount due. Upon receipt and review, please provide this office with the front and back of any payment which is not reflected on the statement. **In the event you are unable to provide additional proof of payment, please submit the balance due in the amount of $1,377.50 directly to this office at the address indicated on the letterhead. Please make your check payable to the Fein and Meloni Trust account by no later than October 10, 2013.**

**For proper credit to your account, please indicate your account number on your payment.**

Unless you dispute the validity of the amounts due, or any portion thereof, within thirty days after receipt of this correspondence, the amount due will be assumed to be valid. If you notify this office in writing within the thirty day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office.

We are attempting to collect the above debt and any information obtained will be used for that purpose. If you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.

Very truly yours,

Alexis McDonald, Collections

AM/ am
Enclosures
G:\WPDOCS\ALEXIS\Alexis\Marbella Park\Ltr.Agrelo.Response to dispute.8272198S.wpd

Page: 1

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

**Statement of Account - 09/10/13**

Re: 8272 NW 198 ST

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | Ledger |
| Payment Due: | 09/10/13 |
| **Amount Due:** | **1,115.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| 08/31/12 | Balance Forward | | | 0.00 |
| 09/01/12 | Assessment | 115.00 | | 115.00 |
| 09/18/12 | Payment Rec'd  220 | | 115.00 | 0.00 |
| 10/01/12 | Assessment | 115.00 | | 115.00 |
| 10/12/12 | Payment Rec'd  228 | | 115.00 | 0.00 |
| 11/01/12 | Assessment | 115.00 | | 115.00 |
| 12/01/12 | Assessment | 115.00 | | 230.00 |
| 12/21/12 | Payment Rec'd  238 | | 115.00 | 115.00 |
| 01/01/13 | Assessment | 115.00 | | 230.00 |
| 01/11/13 | Payment Rec'd  250 | | 115.00 | 115.00 |
| 01/28/13 | Payment Rec'd  246 | | 115.00 | 0.00 |
| 02/01/13 | Assessment | 115.00 | | 115.00 |
| 02/12/13 | Payment Rec'd  260 | | 115.00 | 0.00 |
| 03/01/13 | Assessment | 115.00 | | 115.00 |
| 03/08/13 | Payment Rec'd  263 | | 115.00 | 0.00 |
| 03/26/13 | Admin. Fees | 1,000.00 | | 1,000.00 |
| 04/01/13 | Assessment | 115.00 | | 1,115.00 |
| 04/09/13 | Payment Rec'd  267 | | 115.00 | 1,000.00 |
| 05/01/13 | Assessment | 115.00 | | 1,115.00 |
| | New Balance  -   See next page | | | |

Make Checks Payable to:  **Marbella Park Homeowners'**

Page:  2

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL  32862-8207
305-325-4243

**Statement of Account - 09/10/13**

Re: 8272 NW 198 ST

Jorge A. Agrelo
8272 NW 198 ST
Miami FL  33015

| | |
|---|---|
| Account # : | 8272198S |
| Lot # : | N/A |
| Bill Period: | Ledger |
| Payment Due: | 09/10/13 |

**Amount Due:**    1,115.00

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | Balance From Previous Page | | | 1,115.00 |
| 05/09/13 | Payment Rec'd  271 | | 115.00 | 1,000.00 |
| 06/01/13 | Assessment | 115.00 | | 1,115.00 |
| 06/11/13 | Payment Rec'd  276 | | 115.00 | 1,000.00 |
| 07/01/13 | Assessment | 115.00 | | 1,115.00 |
| 07/09/13 | Payment Rec'd  311 | | 115.00 | 1,000.00 |
| 08/01/13 | Assessment | 115.00 | | 1,115.00 |
| 08/09/13 | Payment Rec'd  315 | | 115.00 | 1,000.00 |
| 08/09/13 | Payment Rec'd  315 | | 115.00 | 885.00 |
| 08/19/13 | Payment Adjust  315 | 115.00 | | 1,000.00 |
| 09/01/13 | Assessment | 115.00 | | 1,115.00 |
| | *Attorney Fee* | *262.50* | | *1,377.50* |
| | New Balance  -  Please Pay This Amount | | | 1,115.00 |

Make Checks Payable to:  **Marbella Park Homeowners'**

EXHIBIT "K"

October 7th, 2013

**Via Certified and first class U.S. Mail**

FEIN & MELONI
Attorney at law
900 S.W. 40th Avenue
Plantation, FL 33317

Re:   **Debt Collection Notice**
      **Marbella Park Homeowner's Association, Inc.**
      **Account No.: Marbella Park 8272198S**

Dear Alexi McDonald:

I am writing in response to your letter dated on September 10th, 2013, (copy enclosed).  I am disputing the above-referenced debt.  Please verify this debt as required by the Fair Debt Collection Practices Act.

I dispute this debt because:

1.  In reference to the amount of $115.00 that appears in the statement of account -09/01/13- as the Home Owner Association monthly fee corresponding to the month of September; this assessment was already paid with check # 321 from the JP Morgan Chase Bank (copy enclosed) that was submitted on September 1st , 2013 and cashed on September 5th, 2013.

2.  In reference to the $1,000.00 that appears in the statement of account -08/06/13 -as **Admin. Fees**, it corresponds certainly to an arbitrary fine imposed by the Marbella Park HOA violating several articles provisioned in the Marbella Park HOA declaration of covenants (Bylaws) and the Florida Statutes Chapter 720 who governs Homeowner's Associations. This fine was already contested by the LAW OFFICE OF ABDEL JIMENEZ, EZQ. as the attorney representing me, a dispute letter was submitted via certified mail on April 1st, 2013 and received  by the Marbella HOA Board on April 3rd, 2013 (Receipt enclosed), this letter has not been responded back as of today, other communications and requests we have also submitted about this case have not been returned either. The declaration of covenant of Marbella Park HOA states in the ARTICLE VI – CONVENANT FOR MAINTENANCE ASSESSMENTS, SECTION 9 – FINES, *Any fine shall be imposed by written notice to the Owner or tenant, signed by an officer of the Association, which shall state the amount of the fine, the violation for which the fine is imposed, and shall specifically state that the Owner or tenant has the right to contest the fine by delivering written notice to the Association within ten (10) days after receipt of the notice imposing the fine.  If the Owner or tenant timely and properly objects to the fine, the Board shall conduct a hearing within thirty (30) days after receipt of the Owner's or Tenant's objection, and shall give the owner or tenant not less than ten (10) days written notice of hearing date.  At the hearing, the board shall conduct a reasonable inquiry to determine whether the alleged violation in fact occurred, and the fine imposed is appropriate.*

Additionally I respectfully request that you provide me with the **evidences that probes you are licensed to collect debts in Florida, it was already requested in my first letter dated on August 30th, 2013 and it was not responded in your September 10th, 2013's response**

In accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

In the same tenor, if a consumer makes a timely request for debt validation and a debt collector fails to provide proper validation or does not respond at all, the debt collector may not legally continue to pursue the debt. If collection activity continues, the consumer may file a law suit in state or federal court for violation of the FDCPA.

Because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;

I. You cannot add interest or fees except those allowed by the original contract or state law.
II. You do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also be advised that I am keeping very accurate records of all correspondence from your law firm including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Jorge A. Agrelo

8272 NW 198th Street
Miami, FL 33015

**OLGA MERCEDES FERNANDEZ RUIZ**   06-01
8272 NW 198TH ST.
HIALEAH, FL  33015-5919

53-8413/2670   41757

321

8272/985

DATE 9/01/13

PAY TO THE
ORDER OF  Marbella Park HOA Inc        $ 115.00

One hundred fifteen 00/100 ——— DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO  Syntuba 2013

⑆2670841311⑆   3921431560⑈0321

CREDIT ACCT OF NAMED PAYEE 00001100003567778
ENDORSEMENT GUARANTEED BY BB&T CHARLOTTE NC
043101121< 15012145111 000115.00 09/05/13  0

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE

*EXHIBIT "L"*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

Fein & Meloni
Attorney at law
900 SW 40th Avenue
Plantation, FL 33317

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)
   7013 0600 0000 8832 2886

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

FORT LAUDERDALE FL 33317

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.46 | 0354 |
| Certified Fee | $3.10 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $6.11 | 10/07/2013 |

Sent To   Fein & Meloni
Street, Apt. No.;   900 SW 40 Ave
or PO Box No.
City, State, ZIP+4   Plantation, FL 33317

PS Form 3800, August 2006      See Reverse for Instructions

7013 0600 0000 8832 2886

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jorge A Agrdo
8272 NW 198 St
Hialeah, FL 33015

*EXHIBIT "M"*

# THE MELONI LAW FIRM

900 S.W. 40th AVENUE
PLANTATION, FLORIDA 33317
BROWARD: (954) 791-4770 -- MIAMI-DADE: (305) 759-8978
FACSIMILE: (954) 316-5890

EDOARDO MELONI, P.A.                                                                                         FloridaCondoLawyer@gmail.com

December 13, 2013

**Via Certified & First Class Mail**
Jorge A. Agrelo
Olga M. Fernandez
8272 NW 198th Street
Miami, Florida 33015

Re: Marbella Park Homeowner's Association, Inc./Account No.: **Marbella Park 8272198S**

Dear Mr. Agrelo:

     After careful consideration, the Board of Directors has determined that they will not revoke the fine imposed following the hearing of March 18, 2013. Please note that all procedures for the imposition of the fine were followed in accordance with Section 720.305, of the Florida Statutes. The Statute supersedes any contrary provision contained in the Association's documents.

     Furthermore, the Association denies any alleged allegations of the Fair Credit Collections Act as (1) the fine is not a "debt"; and (2) even if it wereyou have been provided with all the supporting documents relative to the imposition of the fine.

     **Please submit the balance due in the amount of $1,312.50 directly to this office at the address indicated on the letterhead. Please make your check payable to the Meloni Law Firm Trust account <u>by no later than January 13, 2014.</u> Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding your check in the appropriate amount made payable to The Meloni Law Firm, Trust Account at our letterhead address, the Association may record a lien against your property for all unpaid amounts.**

     **For proper credit to your account, please indicate your account number on your payment.**

     We are attempting to collect the above debt and any information obtained will be used for that purpose. If you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.

Very truly yours,

Edo Meloni, Esq.
For the Firm

EM/ am
Enclosures
G:\wpdocs\ALEXIS\Alexis\Marbella Park\MISC\Ltr. Agrelo.Response to dispute.8272198S.12.13.13.wpd

Page:  1

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL 32862-8207
305-325-4243

**Statement of Account - 12/13/13**

| | |
|---|---|
| Re: 8272 NW 198 ST | Account # : 8272198S |
| | Lot # : N/A |
| Jorge A. Agrelo | Bill Period: Statement |
| 8272 NW 198 ST | Payment Due: 12/13/13 |
| Miami FL  33015 | |
| | **Amount Due:   1,050.00** |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| 08/31/12 | Balance Forward | | | 0.00 |
| 09/01/12 | Assessment | 115.00 | | 115.00 |
| 09/18/12 | Payment Rec'd  220 | | 115.00 | 0.00 |
| 10/01/12 | Assessment | 115.00 | | 115.00 |
| 10/12/12 | Payment Rec'd  228 | | 115.00 | 0.00 |
| 11/01/12 | Assessment | 115.00 | | 115.00 |
| 12/01/12 | Assessment | 115.00 | | 230.00 |
| 12/21/12 | Payment Rec'd  238 | | 115.00 | 115.00 |
| 01/01/13 | Assessment | 115.00 | | 230.00 |
| 01/11/13 | Payment Rec'd  250 | | 115.00 | 115.00 |
| 01/28/13 | Payment Rec'd  246 | | 115.00 | 0.00 |
| 02/01/13 | Assessment | 115.00 | | 115.00 |
| 02/12/13 | Payment Rec'd  260 | | 115.00 | 0.00 |
| 03/01/13 | Assessment | 115.00 | | 115.00 |
| 03/08/13 | Payment Rec'd  263 | | 115.00 | 0.00 |
| 03/26/13 | Admin. Fees | 1,000.00 | | 1,000.00 |
| 04/01/13 | Assessment | 115.00 | | 1,115.00 |
| 04/09/13 | Payment Rec'd  267 | | 115.00 | 1,000.00 |
| 05/01/13 | Assessment | 115.00 | | 1,115.00 |
| | New Balance  -  See next page | | | |

Make Checks Payable to:  **Marbella Park Homeowners'**

YOU MAY NOW PAY ONLINE AT:
www.BBT.com/payments

Page:  2

**Marbella Park Homeowners'**
PO BOX 628207
Orlando FL- 32862-8207
305-325-4243

**Statement of Account - 12/13/13**

| | |
|---|---|
| Re: 8272 NW 198 ST | |
| | **Account # :** 8272198S |
| Jorge A. Agrelo | **Lot # :** N/A |
| 8272 NW 198 ST | **Bill Period:** Statement |
| Miami FL 33015 | **Payment Due:** 12/13/13 |
| | **Amount Due:** 1,050.00 |

| Date | Description | Charges | Credits | Balance |
|---|---|---|---|---|
| | Balance From Previous Page | | | 1,115.00 |
| 05/09/13 | Payment Rec'd   271 | | 115.00 | 1,000.00 |
| 06/01/13 | Assessment | 115.00 | | 1,115.00 |
| 06/11/13 | Payment Rec'd   276 | | 115.00 | 1,000.00 |
| 07/01/13 | Assessment | 115.00 | | 1,115.00 |
| 07/09/13 | Payment Rec'd   311 | | 115.00 | 1,000.00 |
| 08/01/13 | Assessment | 115.00 | | 1,115.00 |
| 08/09/13 | Payment Rec'd   315 | | 115.00 | 1,000.00 |
| 08/09/13 | Payment Rec'd   315 | | 115.00 | 885.00 |
| 08/19/13 | Payment Adjust  315 | 115.00 | | 1,000.00 |
| 09/01/13 | Assessment | 115.00 | | 1,115.00 |
| 09/05/13 | Payment Rec'd   321 | | 115.00 | 1,000.00 |
| 09/11/13 | Late Fees | 25.00 | | 1,025.00 |
| 10/01/13 | Assessment | 115.00 | | 1,140.00 |
| 10/09/13 | Payment Rec'd   327 | | 115.00 | 1,025.00 |
| 11/01/13 | Assessment | 115.00 | | 1,140.00 |
| 11/11/13 | Late Fees | 25.00 | | 1,165.00 |
| 11/13/13 | Payment Rec'd   335 | | 115.00 | 1,050.00 |
| 12/01/13 | Assessment | 115.00 | | 1,165.00 |
| 12/12/13 | Payment Rec'd   341 | | 115.00 | 1,050.00 |
| | *Attorney's fee*  202.50 | | | *1312.50* |
| **New Balance  -   Please Pay This Amount** | | | | 1,050.00 |

Make Checks Payable to:  **Marbella Park Homeowners'**

YOU MAY NOW PAY ONLINE AT:
www.BBT.com/payments

*EXHIBIT "N"*

The Meloni Law Firm
900 S.W. 40th Avenue
Plantation, FL 33317



**CERTIFIED MAIL**



7013 0600 0000 7528 7594



Jorge A. Agrelo
Olga M. Fernandez
8272 NW 198th Street
Miami, Florida 33015

33015591972

**Tracking Number: 70130600000075287594**

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | | LOCATION |
|---|---|---|---|
| December 14, 2013 , 3:05 pm | Delivered |  | HIALEAH, FL 33015 |
| December 14, 2013 | Depart USPS Sort Facility | | MIAMI, FL 33152 |
| December 14, 2013 , 2:02 am | Processed through USPS Sort Facility | | MIAMI, FL 33152 |
| December 13, 2013 , 11:49 pm | Processed through USPS Sort Facility | | MIAMI, FL 33152 |

*EXHIBIT "O"*

January 8, 2014

**VIA FIRST CLASS & CERTIFIED MAIL**
**7013 0600 0000 8832 2879**

THE MELONI LAW FIRM
Edo Meloni, Esq.
900 S.W. 40th Avenue
Plantation, FL 33317

Re:   **Debt Collection Letter**
      **Marbella Park Homeowner's Association, Inc.**
      **Account No.: Marbella Park 8272198S**

Dear Edo Meloni, Esq.:

I'm writing in response to your letter dated on December 13, 2013. This is the third time your law firm sends me a collection letter including incorrect charges; this represents a pattern of abuse where your law firm is repeatedly contacting me about a debt without validating it, under the federal law it might make you liable for damages to my family, such as emotional distress or slander in addition to punitive damages. The amount debt of $1,312.50 and the page 2 of the "Statement of Account – 12/13/13" enclosed with your aforementioned letter include <u>new charges</u> to the already disputed debt, these new charges are associated to the monthly maintenance late fees for the amount of fifty dollars ($50) and they were not part or even mentioned in the preceding two collection letters, so it is obvious that this is an attempt to make this case looks like as a past due assessment collection proceeding <u>to not meet with the legal requirements for covenant enforcement disputes</u> and alternative resolution procedures.

I'm <u>disputing the late fees charges of fifty dollars ($50.00) and the unfounded imposed fine of one thousand dollars ($1,000.00)</u> included in the Statement of Account – 12/13/13" enclosed with your letter as explained bellow.

1.   *Not applicable late fee*

The Declaration of covenants and restrictions for Marbella Park, Article VI – Covenant for maintenance Assessments, section 7(a):  Monetary Defaults - states the following

> <u>*Late Fees and Interest*</u>*: If any assessment is not paid within ten (10) days after the due date, the Association shall have the right to charge the defaulting Owner a late fee of ten percent (10%) of the amount of the assessment, or Ten Dollars ($10.00), whichever is greater,....*

So, an assessment can only be considered in past due status within ten (10) days after the due date and this corresponds to the 10th day of each month, taking that in consideration the late fee charged in the month of

September according to the Statement of Account -12/13/13 do not proceed because the maintenance payment for this month was received/cashed on **09/05/13** as shown in the following copy of the check # 321 from my bank, so the check was cashed on the <u>fifth day of September</u> and the late fee policy states <u>there is not penalty</u> if the assessment is paid within ten (10) after the due day. I want to remark <u>the copy of this check was already included in the letter sent by me on October 7<u>th</u>, 2013</u> via certified and first class U.S. Mail.



By the same token the late fee enforced for the month of November does not proceed either, this payment was submitted on November the fifth (11/05/13) as shown in the following copy of the check # 335 from my bank.



### 2. Overcharged late fee:

As was explained before the late fee enforced did not proceed; and even if it were, as stated in the same Article VI, section 7 of the Declaration of covenants and restrictions for Marbella Park, the late fee if enforced <u>should be 10% of the amount of the assesment or, Ten Dollars ($10.00), whichever is greater</u>. The law is very clear as to what can be charged for administrative late fees and interest, on late assessments. Both the condo and HOA

statutes <u>establish a ceiling, not a floor</u> — that is, they provide a maximum that may be charged, depending on what the governing documents provide. If the amount provided in the HOA governing documents is less than the maximum allowed ($25) by the F.S. 720.3085 (3)(a), the <u>lower amount is what must be charged</u>. The management company doesn't establish a late fee. The amount of the late fee depends on both the governing documents and the statutes, so the **Marbella Park HOA can't charge $25 for late fee, due to the declaration** <u>**authorizes only $11.5**</u> (10% of $115 — Monthly assessment), this is a violation of Florida law (and for an attorney, Federal law as well).

### 3. No violation

As was comprehensively explained in a non-replied letter sent by my lawyer via certified mail on April 1, 2013, the alleged violation is for an "unapproved construction", but contrary to it, the pool construction was already approved by the Marbella Park HOA on November 19, 2012. In the approval letter we were asked to pay (repair) for any damage to common areas caused by this work, and this was exactly what we did, a portion of the <u>common fence had become damaged</u> by the pool excavation equipment, so after the pool was finished we <u>repaired the damaged section of the fence as was required by the association</u>, so what is the violation we committed?.

### 4. Outlawed amount of the fine

As was explicated above and many times previously, we have not committed any violation of covenant documents, and even if we would have done it the Section 720.305, Florida Statutes, provide that all fines must be reasonable. It then states that no fine may exceed $100.00 per violation, but does allow fines to be imposed for each day of continuing violation, so long as such fine does not exceed $1000.00 per violation. The statute also permits the allowable fine to be either larger or **smaller** if the individual governing documents provide otherwise.

The Florida Statute serves two purposes. The first purpose is to affirm that the HOAs have authority to impose a fine. The second purpose of the Florida Statute is to set the maximum fine which can be imposed on a homeowner. The Florida Statute **does not require** that the fines equal the amount discussed in the Florida Statute, In other words, an HOA can set whatever amount of fine it is authorized in the governing documents, as long as it does not exceed the maximum set by the Florida Statute.

The Declaration of covenants and restrictions for Marbella Park, Article VI — Covenant for maintenance Assessments, section 9: Fines - states the following.

> *The amount of any fine shall be determined by the board, and* **shall not exceed one (1)** **month of the annual assessment for the first offense**, *two (2) months of annual assessment for a second similar offense, and three (3) months of the annual assessment for a third or a subsequent similar offense.*

The Marbella Park, Article VI — Covenant for maintenance Assessments, section 2 (A): Annual General Assessment - states this is levied by the Association to be used for the maintenance, insurance, operation, improvement, repair and replacement of the common area and facilities, in another hand the section 2 (D) state the Board may provide for collection of assessments annually or in **monthly**, quarterly or semi-annual installments. Should the non-consented violation occurred it would be our first offense and the amount of the fine shall not exceed one (1) month of the annual assessment<u>, this correspond to the amount of $115 for the</u> <u>2013 annual assessment divided by 12 (1 month).</u>

Due to the Marbella Park HOA's governing documents clearly state that the Board shall set the fines that are imposed on the homeowners for any acts which are listed as violations and also provide for the maximum fine which can be imposed, then the Marbella Park HOA **will be held to be valid**, provided that the fines do not exceed the maximum set by Statute.

Therefore, just because the **Statute provides for a higher maximum does not give the Board either the right or the authority to ignore the restrictions set by the governing documents** and takes it upon themselves to impose the higher amount set as the maximum by Statute.

Additionally although the statue was passed as a remedial law, the law that applies is the one that was in effect when the Marbella Park HOA declarations were recorded in 1989 and because the declarations did not state they were recorded under FS 720 "as amended from time to time," then the governing documents prevail undeniably. The Florida Supreme Court has ruled unless a statute is remedial, curative or a matter of public policy, the laws that were in effect when the governing documents were recorded are controlling.  In our case it would be FS 617, not for profit corporations, which did not even address fines until 1994 when it included the now FS 720.  The section requiring a 14-day notice and a committee was passed as a matter of public policy, but not the revision giving association's statutory authority to fine.

Therefore although such violation never happened; and even if it would have occurred the amount of the fine imposed (one thousand dollars - $1,000.00) ) included in the Statement of Account – 12/13/13" enclosed with your letter dated on December 13, 2013,  is mistakenly enforced violating the Marbella Park HOA governing documents.

### 5.  Not an Administration Fee

The Marbella Park HOA cannot charge any fee unless the governing documents (Declarations, Bylaws and Articles of Incorporation) specifically give the HOA the authority to charge the fee. **None of the Marbella Park HOA governing documents grant the authority to charge an admin fee for covenant violations**. The Declaration of covenants and restrictions for Marbella Park, Article VI – Covenant for maintenance Assessments, section 8 Non-Monetary Defaults and section 9 (a):  Monetary Defaults - states the following.

> *Section 8: Non-Monetary Defaults*
>
> *..., and all expenses incurred by the Association in connection with any legal proceeding to enforce this Declaration, including reasonable attorneys' fees, shall be assessed against the applicable Owner as an Individual assessment and shall be due upon written demand by the Association....*
>
> *8 (A) Impose a fine against the owner or tenant as provided in section 9 of this Article.*
>
> *Section 9: Fines.*
>
> *....Any Fine levied against an owner shall be deemed an individual assessment,...*

Although the governing document entitled the Marbella Park HOA to impose a fine for non-monetary defaults (other than the non-payment of any assessment or other monies) it should be treated as an Individual assessment or a fine and not as an Administration Fee, A fee is something you agree to pay in exchange for something, instead a fine is something you are assessed because you committed (or presumed) some violation. Therefore although such violation never happened; and even if it would have occurred, it should appear in the

statement as an Individual assessment or a fine. The Marbella Park HOA has twisted the words to avoid all fine dispute proceedings as mandatory by Florida State Law and Association governing documents.

### 6.  No contrary provision

Regarding the statement on your letter dated on December 13th that states "the Florida Statutes supersedes any contrary provision contained in the Association's documents" I want to protest it indeed, while the Florida State law requires only an opportunity for hearing, the specific language of the Marbella Park HOA Governing documents entitle the parcel owner a chance to dispute a fine imposed, the provision of section 9 in the article VI of the declaration of covenant states:

> *Any fine shall be imposed by written notice to the Owner or tenant, signed by an officer of the Association, which shall state the amount of the fine, the violation for which the fine is imposed, and shall specifically state that the Owner or tenant has the right to contest the fine by delivering written notice to the Association within ten (10) days after receipt of the notice imposing the fine. If the Owner or tenant timely and properly objects to the fine, the Board shall conduct a hearing within thirty (30) days after receipt of the Owners' or Tenant's objection, and shall give the owner or tenant not less than ten (10) days written notice of hearing date. At the hearing, the board shall conduct a reasonable inquiry to determine whether the alleged violation in fact occurred, and the fine imposed is appropriate.....*

This language arguably make a fine appeal hearing mandatory, the fact is that this language of the bylaws is not contrary to Florida Statute 720.305 and it establish an appeal hearing date and notify the parcel owner of such.

### 7.  Waiver and selective enforcement

Although the late fees imposed are legally unsupported as was demonstrated in the point 1 and 2 of this letter, It is interesting to see how the Marbella Park HOA all of a sudden decided to enforce the late fee policy beginning on September, 2013 without any communication to the Home Owners, this is inconsistent with other previous payment than according with the same Statement of Account were received after the 10 days grace period, the Florida State law have a statute limitations that says that, after a certain amount of time, violations that have been ignored cannot be enforced, so If a board ignores a rule violation that is open and obvious for a significant amount of time, then the Marbella Park HOA have "waived" the right to enforce the rule against that unit owner and, by extension, against anyone in the community. It is required the board would send a letter to all owners notifying them of their intention to enforce the rule now on while "grandfathering" the existing violations, this communiqué has not been sent as of today. Additionally I have verified that other parcel owners have not late fee enforced although they were certainly late on their maintenance monthly payment. It is clear that the Marbella Park HOA is trying to selectively enforces a policy against us that has been ignored for several years and for other parcel owners, it is a board's responsibility to enforce every rule against every violator every time. If the board has any interest in enforcing a rule against us, it must enforce that same rule every time against everyone who violates it.

### 8.  HOA law firms as debt collector

I want also to dispute your statement in the letter dated on December 13 that states the fine imposed is not considered a debt, the Fair Debts Collections Practices Act (FDCPA) is very often being ignored by attorneys, who are trying to collect a debt for a Homeowners' Association, in the matter of dues or fines. Various Federal Courts have made decisions to the fact that this ACT applies for them as well. In the class action law suit - Fuller vs. Becker & Poliakoff 192 F. Supp. 2d 1361 M.D.Fla., 2002 - It was the court's opinion that the assessments were

for family or personal purposes, making them debts subject to the FDCPA. The court further argued that the firm was made up of attorneys who regularly collect or attempt to collect debts, so they had to be considered debt-collectors.

In accordance with the FDCPA Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

In the same tenor, if a consumer makes a timely request for debt validation and a debt collector fails to provide proper validation or does not respond at all, the debt collector may not legally continue to pursue the debt. If collection activity continues, the consumer may file a law suit in state or federal court for violation of the FDCPA.

Because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;

I.    You cannot add interest or fees except those allowed by the original contract or state law.
II.   You do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA. Additionally I'm requesting for third time the *proof that you are licensed to collect debts in Florida*

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Sincerely,

Jorge Agrelo
8272 NW 198 ST.
Miami, FL 33015
Cell: 786-473-1823

*EXHIBIT "P"*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

The Meloni Law Firm
Edo Meloni, Esq.
900 S.W. 40th Avenue
Plantation, FL 33317

D. Is delivery address different from item 1? ☑ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7013 0600 0000 8832 2879

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $  $0.66 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $  $6.31 |

Postmark Here   01/09/2014

Sent To The Meloni Law Firm
Edo Meloni, PA
Street, Apt. No.; or PO Box No.   900 SW 40 Avenu.
City, State, ZIP+4   Plantation, FL 33317

PS Form 3800, August 2006    See Reverse for Instructions

---

**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jorge Agelo
8272 NW 198 St
Miami, FL 33015

*EXHIBIT "Q"*

# THE MELONI LAW FIRM

### ATTORNEYS AT LAW

900 S.W. 40ᵗʰ AVENUE
PLANTATION, FLORIDA 33317
BROWARD: (954) 791-4770 ~ MIAMI-DADE: (305) 759-8978
FACSIMILE: (954) 316-5890
FLORIDACONDOLAWYER@GMAIL.COM

March 14, 2014

*Via Federal Express*
Shanee L. Clark
Bar Counsel
Attorney Consumer Assistance Program
The Florida Bar
651 East Jefferson Street
Tallahassee, FL. 32399-2300

Re:    **Complaint by Jorge Agrelo against Edoardo Meloni;**
       **The Florida Bar File No. 2014-50,937(17B)**

Dear Ms. Clark:

Please accept this written response to the Complaint filed on February 24, 2014 by Jorge A. Agrelo in the above referenced matter.  The portion of the Complaint entitled "Factual Allegations About Lawyer's Malpractice" contains nine separately numbered counts submitted by Mr. Agrelo concerning his "allegation of malpractice ... related to the unlawful, deceptive, unethically and maliciously tactics used by the law firms while collecting this alleged debt" [sic].  Another portion of the Complaint is entitled "Facts" and references the contents of three separate letters sent to Mr. Agrelo, through which it is alleged that the malpractice occurred.  We will address Mr. Agrelo's nine counts in order, and will group related counts as appropriate.

Count One of the Complaint concerns two letters, respectively dated August 9, 2013 and September 10, 2013, sent by Fein & Meloni, Esqs. (the "law firm"), a law firm in which I was a partner until September 30, 2014 when I commenced practice as The Meloni Law Firm.  Mr. Agrelo objects to a request in those letters that he pay the sum of $262.50 as attorneys fees in connection with the law firm's efforts to collect an unpaid fine and maintenance assessments.  He asserts that F.S. 720.305(2) provides that an attorney cannot collect attorney's fees and costs without first filing suit and obtaining a favorable judgment. However, F.S. 720.305 states that "In any action to recover a fine, the prevailing party is entitled to reasonable attorney fees and costs from the nonprevailing party as determined by the court" (emphasis added).   Thus, it only applies to a lawsuit filed to recover a fine; it does not in any manner provide that reasonable attorneys fees and costs may not be collected by an Association prior to obtaining a judgment in an action to recover a fine.

Moreover, Article VI, Section 9 of the Declaration of Covenants and Restrictions for Marbella Park (hereinafter the "Declaration") provides that "Any fine levied against an Owner shall

be deemed an individual assessment". Article VI, Section 5 of the Declaration provides that "an individual assessment shall be treated in all other respects as an annual general assessment". And Article VI, Section 7 provides that "If the assessments, together with such interest thereon, the cost of collection thereof including attorney's fees ... are not paid on the date when due, then such assessment shall become delinquent and shall give the Association the right to enforce its remedies against the Owner of the Lot". Thus it is clear that the Association is entitled to seek and collect legal fees incurred in connection with the collection of an unpaid fine or assessment without having to file suit and obtain a judgment.

Mr. Agrelo additionally asserts that his monthly assessment is due on the first day of each month and that only an assessment which is not paid within ten days of its due date is delinquent. He then asserts that the two letters dated August 9, 2013 and September 10, 2013, which requested that he pay the sum of $262.50 as attorneys fees were mailed before the monthly maintenance was delinquent, and that therefore he was not responsible for the payment of attorneys fees. However, Mr. Agrelo was fined in March of 2013, was invoiced shortly thereafter, and has not paid the fine. Therefore, as set forth above, his failure to pay the fine in a timely manner authorized the Association to seek its attorneys fees incurred in connection with the collection of that fine.

In Count Two of the Complaint, Mr. Agrelo objects to the inclusion of a late fee for September of 2013 in the Statement of Account attached to the law firm's letter of December 13, 2013. However, the law firm did not prepare the Statement of Account, relied upon the accuracy of the information provided in the Statement of Account, and demanded payment of the amount reflected. Thus, neither the law firm nor I acted improperly in any manner.

In Count Three of the Complaint, Mr. Agrelo objects to the amount of the late fees included in the Statement of Account prepared by the Association's management company and attached to the Meloni Law Firm's letter of December 13, 2013. We must again note that neither the Meloni Law Firm nor I prepared the Statement of Account, that I rely upon the accuracy of the information provided, and that I demand payment of the amount reflected in the Statement of Account enclosed with my letter requesting payment. Neither the Meloni Law Firm nor I acted improperly in any manner in the preparation and mailing of the referenced letter. (*However, I will review those portions of the Association's Declaration and Bylaws to see whether the amount of late fees must be recalculated, and will make the appropriate recommendation to the Association.*)

Count Four of the Complaint is entitled "Unlawful fine amount", and asserts that the letters of August 9, 2013 and September 10, 2013, sent by Fein &Meloni, Esqs., and the letter of December 13, 2013, sent by the Meloni Law Firm "were claiming a fine amount of $1000.00 charged as an 'Admin. Fee' that was not expressly authorized by the MARBELLA's Governing Documents or permitted by law ...". As noted in my above responses to Counts Two and Three, I do not and did not prepare the Statements of Account enclosed with the above referenced letters demanding payment, and I rely upon the accuracy of the information provided in those documents as prepared by the Association's management company. Neither Fein & Meloni, Esqs., the Meloni Law Firm nor I acted improperly in any manner in the preparation and mailing of the referenced letters.

In addition to the foregoing, Mr. Agrelo argues that the amount of his fine is limited by the

Association's Declaration to a maximum of one month of annual assessments (i.e. $115.00) for the first offense, that the fine of $1000.00 was "arbitrarily imposed" by the Association, and that the provisions of § 720.305(2), Florida Statutes, do not apply as they would be an impairment of his contractual rights under the Association's Declaration. However, Mr. Agrelo's interpretation of the Association's Declaration and of the Florida Statutes, and his application of the law to the facts of his situation is incorrect. Article VI, Section 9 of the Declaration, as relied upon by Mr. Agrelo, establishes the maximum permissible amounts of fines for a first offense, for a second <u>similar</u> offense, and for a third or a subsequent <u>similar</u> offense. In that regard, it must be noted that the word "similar" is defined in the Oxford Dictionaries as "resembling without being identical", and in the Macmillan Dictionary as " things that are similar share some qualities but are not exactly the same". It is therefore clear that the provisions of Article VI, Section 9 governing second, third and subsequent "similar" offenses, apply only to separate offenses which resemble or share some qualities of a prior offense.

There is no provision in Article VI, Section 9 of the Declaration which refers to or limits the maximum amount of a fine which may be levied by an Association for each day of the same, continuing violation. Thus, any statutory provision pertaining to fines for a continuing violation cannot possibly be an impairment of Mr. Agrelo's contractual rights under the Association's Declaration. Since there is no relevant provision in the Association's Declaration, the provisions of § 720.305(2), Florida Statutes apply. As noted by Mr. Agrelo, that statute provides that "A fine may be levied for each day of a continuing violation with a single notice and opportunity for hearing except that the fine may not exceed $1000.00 in the aggregate unless otherwise provided in the governing documents". It is therefore clear that the amount of the fine levied by the Association is permissible and authorized, and that neither Fein & Meloni, Esqs., the Meloni Law Firm nor I acted improperly in any manner in the preparation and mailing of the referenced letters.

<u>Count Five</u> of the Complaint sets forth a claims that "The Meloni's First Letter" (previously identified in the Complaint as the Meloni Law Firm's letter of December 13, 2013) "contained 'Deceptive and misleading' statements designed to coerce and terrify ...". Mr. Agrelo specifically objects to the portion of "The Meloni's First Letter" which he asserts states:

> "... the Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association <u>will additionally seek an award of its attorneys fees and costs incurred in such action</u> in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes." (emphasis provided by Mr. Agrelo).

After reading the above quoted sentences, Mr. Agrelo alleges (a) that a homeowner reading the letters would likely interpret the letters to mean that there was no chance that the homeowner could prevail once suit was filed; (b) that the letter "maliciously" omitted that under Florida Statute §720.305(2) the prevailing party is only entitled to its <u>reasonable</u> attorney's fees; and (c) that a homeowner reading the letter would think that the legal fees can be levied as high as the Association's law firm wishes, and "would think that the Association will seek legal cost regardless they are the non-prevailing party".

Initially, it must be noted that the above quoted language set forth in Count Five of the Complaint does not appear in "The Meloni's First Letter" as alleged by Mr. Agrelo. A review of the letters provided with the Complaint indicates that the quoted language is solely contained in the letter of August 9, 2013 sent by Fein & Meloni, Esqs. Secondly, Mr. Agrelo's allegations after reading the quoted portion of the referenced letter are unsupported and illogical at best, and are not based on anything contained in either the quoted portion or elsewhere in the body of the letter of August 9, 2013 sent by Fein and Meloni, Esqs. The letter simply requests payment of the amount shown on the Statement of Account and $262.50 for legal services, and advises of the Association's legal options in the absence of such payment; nothing more is stated or implied. Neither Fein & Meloni, Esqs. nor I acted improperly in any manner in the preparation and mailing of the referenced letter.

Count Six of the Complaint asserts that the letter of August 9, 2013 sent by Fein & Meloni, Esqs. (i.e. the same letter complained of in Count Five) ) "contained 'false and misleading' statements designed to coerce and intimidate ...". Those accusations appear to be based upon the fact that the letter provides a forty five day time period for payment (which is statutory) and advises of the legal action that the Association may take in the absence of such payment, and that upon the expiration of the forty five day time period the Association did not institute suit or file a lien. The conclusion reached and the assertions made are unsupported, illogical and are not based on anything contained in the letter of August 9, 2013 sent by Fein & Meloni, Esqs. Neither Fein & Meloni, Esqs. nor I acted improperly in any manner in the preparation and mailing of the referenced letter.

In Count Seven, Mr. Agrelo alleges that the letters of August 9, 2013 and September 10, 2013, sent by Fein & Meloni, Esqs., and the letter of December 13, 2013, sent by the Meloni Law Firm "repeatedly falsely and maliciously (emphasis provided by Mr. Agrelo) represented the character of the debt because the past due amount of $1000.00 was identified in the statement account enclosed with these letters as an 'Admin Fee' when it was indeed an arbitrary fine levied against AGRELO & FERNANDEZ in punishment for an alleged MARBELLA's covenant violation." As noted previously, I do not and did not prepare the Statements of Account enclosed with the above referenced letters demanding payment, and I rely upon the accuracy of the information provided in those documents as prepared by the Association's management company. The choice of nomenclature used in the preparation of the Statements of Account is not a decision with which I had or have any connection. However, it seems clear from the Complaint that Mr. Agrelo was and is aware of the fact that the amount reflected as an Admin Fee is actually the amount of the fine. As set forth herein, neither Fein & Meloni, Esqs., the Meloni Law Firm nor I acted improperly in any manner in the preparation and mailing of the referenced letters.

Count Eight of the Complaint concerns the letter of August 9, 2013 sent by Fein and Meloni, Esqs. (i.e. the same letter complained of in Counts Five and Six), and asserts that the letter "contained 'false and misleading' statements designed to coerce and intimidate AGRELO & FERNANDEZ by 'false threat' suggesting their property can be foreclosed in the same manner of real property is foreclosed". Mr. Agrelo asserts that such action was not contemplated and was not permitted by law. Mr. Agrelo's conclusion that foreclosure was not contemplated because no such action has yet been filed is not supported, not correct and not logical. In fact, the commencement of legal action remains viable and available to the Association. Mr. Agrelo's allegation that I made

a "false threat" by stating in the letter that "the Association may bring an action to foreclose its lien for unpaid assessments in the same manner that a mortgage of real property is foreclosed" is wrong. I made no threat by merely advising what the Association "may" do. Moreover, in the event that the Association should decide to commence a lien foreclosure lawsuit, §720.3085(1)(c), Florida Statutes, specifically states that an "association may bring an action in its name to foreclose a lien for assessments in the same manner in which a mortgage of real property is foreclosed...". In addition, and contrary to Mr. Agrelo's assertion, the foreclosure of a homeowners' association lien on homestead property is not prevented by either the Florida Homestead Exemption Law nor by the Florida Constitution. Therefore, neither Fein & Meloni, Esqs. nor I acted improperly in any manner in the preparation and mailing of the referenced letter.

Count Nine of the Complaint asserts that the letter of September 10, 2013, sent by Fein & Meloni, Esqs., "would leave an unsophisticated consumer uncertain as to his rights" because it contains a "demand for payment (under the threat of added penalties)" within thirty days and contains language advising Mr. Agrelo of his right to dispute the debt within thirty days. Initially, it must be noted that Mr. Agrelo's statement that the letter of September 10, 2013 contains a "demand for payment (under the threat of added penalties)" within thirty days is untrue. The letter contains no "threat of added penalties", but simply requests payment within thirty days. In addition, the inclusion of notification to Mr. Agrelo of his right to dispute the debt is neither inconsistent nor confusing. The letter offered two options to Mr. Agrelo and he accepted neither. In no manner did Fein & Meloni, Esqs. or I act improperly in the preparation and mailing of the referenced letter.

In summary, none of the assertions made in the Complaint is valid or supported by the contents of the three referenced letters. None of assertions made in the Complaint demonstrate that I have violated any of the Rules Regulating The Florida Bar, and I have not done so.

Should you require anything further from me in connection with this matter, I would be pleased to comply upon receipt of your request.

Very truly yours,

EDO MELONI, ESQ.
For the Firm

cc: Jorge Agrelo
    8272 NW 198th Street
    Hialeah, FL 33015
    G:\wpdocs\Marbella Park HOA\BarResponse3.14.14.wpd