UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 14-CV-21192 - JEM/GOODMAN

**JORGE A. AGRELO and OLGA M. FERNANDEZ**, individuals;

       Plaintiffs,

vs.

**THE MELONI LAW FIRM**, a/k/a **EDOARDO MELONI, P.A**.; **AFFINITY MANAGEMENT SERVICES, LLC**, a limited liability corporation; **MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC**., a Non-Profit Corporation; **EDOARDO MELONI, ESQ.**, an individual; and **ALEXIS MCDONALD**, an individual

       Defendants.

_____/

## AMENDED FDCPA AND FCCPA COMPLAINT

      Plaintiffs, **JORGE A. AGRELO** and **OLGA M. FERNANDEZ** ('Plaintiffs'), by and through undersigned counsel, bring this action against Defendants, **THE MELONI LAW FIRM** a/k/a **EDOARDO MELONI, P.A.** ("Meloni Law"), **AFFINITY MANAGEMENT SERVICES, LLC** ("Affinity"), **MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC**. ("Marbella"), the Attorney **EDOARDO MELONI, ESQ.** ("Meloni") and the collector **ALEXIS MCDONALD** ("McDonald"), for violations of the Fair Debt Collection Practices Act

and the Florida Consumer Collection Practices Act, and as grounds thereof would allege as follows:

## JURISDICTION AND VENUE

1.     This is an action for actual and statutory damages brought by a consumer for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

2.     The FDCPA and the FCCPA are designed *inter alia* to eliminate abusive, deceptive, and unfair practices in consumer debt collection. The FCCPA supplements the FDCPA, and provides Florida residents with even greater protection than the FDCPA affords. Like the FDCPA, the Florida CCPA covers debt collectors. However, unlike the FDCPA, it also covers original creditors

3.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 *et seq.*, Fla. Stat. § 559.55 *et seq.*, and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Moreover, the Court's exercise of pendant, and supplemental jurisdiction under 28 U.S.C. § 1367, is appropriate as the state law claims (FCCPA) arise out of the same conduct as the FDCPA claim; they do not predominate the FDCPA claims; and they do not present novel or complex issues of state law.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside in this district and this cause of action accrued within this district.

## PARTIES AND BACKGROUND ALLEGATIONS

5.     Plaintiffs, Jorge A. Agrelo and Olga M. Fernandez, are, *sui juris*, husband and wife, who at all times relevant hereto live at and hold title to the real property located at 8272 NW 198th Street; Miami, FL 33015.   The said property is the Plaintiffs' homestead property, and they are both members of Defendant Marbella Park Homeowner's Association, Inc.   Both

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Plaintiffs received unlawful collection demands and lien threats against their property from the Defendants – Plaintiff Fernandez, by and through her husband, co-property owner and agent, Plaintiff Agrelo. Although the first two (2) dunning letters sent by Affinity were not directly addressed to Olga M. Fernandez, the statements of accounts detailing the amounts alleged due and enclosed with the said letters referenced her directly.   In *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174 (W.D.N.Y. 1988) the court stated "Given the broad language of the FDCPA, the purpose of the statute, and Congress's intent to make the statute self-enforcing, we find that, at least in this case, the phrase 'with respect to any person' includes more than just the addressee of the offending letters."

6.     At all times relevant hereto, Defendant Meloni Law was and is a corporation doing business at 900 Southwest 40th Avenue; Plantation, Florida 33317, primarily as a homeowner's association law firm and consumer debt collection firm.

7.     At all times relevant hereto, under the "mere business continuation" and the "continuity of the enterprise" doctrines Defendant Meloni Law was and is a successor to Fein & Meloni Law and is fully liable for all the actions, omissions and violations of the FDCPA and/or FCCPA committed by the predecessor company and any of its employees or personal acting on behalf of said company.

8.     At all times relevant hereto, Defendant Meloni was and is an attorney licensed to practice law in the State of Florida and a principal in the Meloni Law firm.

9.     At all times relevant hereto, Defendant McDonald was and is a collector agent that works for Meloni Law and acted on behalf of the Meloni Law with respect to the collection of Plaintiffs' alleged debts.   A copy of the executed retainer agreement between Marbella and Meloni Law is attached as Exhibit "A."

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

10.     At all times relevant hereto, Meloni Law, Meloni and McDonald regularly collect or attempt to collect debts for other parties and they were and are "debt collectors," as said term is defined in 15 U.S.C. § 1692a(6) and in Fla. Stat. § 559.55(6).

11.     At all times relevant hereto, Meloni Law, Meloni and McDonald regularly used the mail and telephone in a business for the purpose of collecting consumer debts.

12.     At all times relevant hereto, Meloni Law, Meloni and McDonald were acting as debt collectors with respect to the collection of Plaintiffs' alleged debt. See *Zerquera v. Centennial Homeowners' Association, Inc.*, 752 So2d 694 (Fla. 3rd DCA 2000).   Representative copies of several public records entitled "CLAIM OF LIEN FOR HOMEOWNERS ASSESSMENTS" prepared and executed by Meloni Law on behalf of Marbella are attached as Exhibit "B." A representative copy of an "AFFIDAVIT OF AMOUNTS DUE" prepared by Meloni Law on behalf of Marbella, executed by the Marbella's president of the Board and notarized by Affinity on November 19, 2013 is attached as Exhibit "C." A representative copy of a dunning letter sent by Meloni Law on behalf of Marbella to another homeowner, which is similar to the collection letters submitted to the Plaintiffs, is attached as Exhibit "D."

13.     At all times relevant hereto, Defendant Affinity was and is a Florida Limited Liability Company, doing business at 1430 Northwest 15th Avenue; Miami, Florida 33125, primarily as a Community Association Management Company.

14.     At all times relevant hereto, Affinity regularly collected or attempted to collect debts for other parties and is a "debt collector" as said term is defined in Fla. Stat. § 559.55(6).

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

15.     At all times relevant hereto, Affinity regularly used the mail and telephone in a business for the purpose of collecting consumer debts.

16.     At all times relevant hereto, Affinity was acting on behalf of Marbella as a debt collector with respect to the collection of Plaintiffs' alleged debt. A copy of the executed agreement between Marbella and Affinity is attached as Exhibit "E."

17.     At all times relevant hereto, Defendant Marbella was and is a duly formed and organized Florida non-profit corporation functioning as a homeowner's association located in Miami-Dade County, Florida, with mailing address in 1430 NW 15th Avenue; Miami, FL 33125. A true and correct copy of the Marbella's governing documents is attached as Exhibit "F." Defendant Marbella, based upon its contractual relationship, consented to and has knowledge, control and authority of the activities of Affinity and Meloni Law's personnel or agents acting on the Association's behalf including but not limited to those activities engaged in the collection of Plaintiffs' alleged debt. Defendant Marbella retained the right to control and exercised such control and actual authority over the actions of its personnel, Affinity's personnel and Meloni Law's personnel or agents acting on behalf of the Association, consequently Marbella is vicariously liable for the actions of Defendants Meloni Law, Affinity and McDonald including but not limited to those activities engaged in the collection of Plaintiffs' alleged debt.

18.     At all times relevant hereto, Plaintiffs and Defendant Marbella were bound by the agreement creating the alleged debt, including but not limited to, Marbella's bylaws, articles of incorporation, rules and regulations and declaration of covenants and restrictions, hereinafter collectively referred to as "governing documents." Defendant Marbella and Plaintiffs are also bound by the Florida laws governing the homeowners' association, specifically, Chapter 720 of the Florida Statutes (known as Florida Homeowners' Association Act).

5

19.     At all times relevant hereto, Marbella is a "creditor" as said term is defined in Fla. Stat. § 559.55(3).   A copy of Marbella's approved 2013 budget where the monthly assessment of $115 for 2013 was established by the Association's Board is attached as Exhibit "G."

20.     At all times relevant hereto, Marbella was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt. Under the broad definition of "debt collector," as defined in Fla. Stat. § 559.55(6), the FCCPA applies to any person or persons, collecting his/her own debts.

21.     At all times relevant hereto, the Plaintiffs, were and are natural persons, and are "consumers" as that term is defined by 15 U.S.C. § 1692(a)(3) and Fla. Stat. § 559.55(2), and are therefore, persons with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by violations of both acts.

22.     At all times relevant hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

23.     At all times relevant hereto, the dunning letters sent by Defendants in connection with the collection of the alleged debt were "communications" as said term is defined in 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

## GENERAL ALLEGATIONS

24.     Defendants sought to collect a debt from Plaintiffs, which was allegedly incurred by Plaintiffs for personal, family or household purposes; more specifically, the debts at issue were allegedly delinquent homeowner's association fees, administrative fees, and attorney's fees in connection with the collection of the said alleged debts. Furthermore, the Association's governing documents provided that violators of the Declaration's covenants could be fined and that

6

said fines would be treated as assessments for purposes of collection, see *Zerquera v. Centennial Homeowners' Association, Inc.*, 752 So2d 694 (Fla. 3rd DCA 2000).

25.     On March 26, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via certified mail. A copy of this letter entitled "Notice of Fine," hereinafter "Affinity's Letter 1," is attached hereto as Exhibit "H." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 as a result of a fine imposed for an alleged violation of Marbella's governing documents. This letter was received by Plaintiffs on April 1, 2013 as shown in Exhibit "I."  Pursuant to the Marbella Declaration, a fine is deemed an individual assessment for collection purposes.

26.     On April 2, 2013, the Law Office of Abdel Jimenez, Esq., in its representation of Plaintiffs, sent a dispute letter, hereinafter "Abdel Letter 1," contesting the fine Affinity had attempted to collect from Plaintiffs. This letter was submitted via certified and first class U.S. mail, and received by Affinity on April 3, 2013, as shown in Exhibit "J." Affinity never responded to Abdel's Letter 1.

27.     On May 16, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via mail. A copy of this letter entitled "Final Warning," hereinafter "Affinity's Letter 2," is attached hereto as Exhibit "K." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 concerning delinquent assessments (consumer transaction) allegedly owed by Plaintiffs.

28.     On June 28, 2013, Plaintiffs were contacted by Affinity on behalf of Marbella via mail. A copy of this letter entitled "Final Warning," hereinafter "Affinity's Letter 3," is attached hereto as Exhibit "L." Affinity, on behalf of Marbella, was attempting to collect the

7

sum of $1,000.00 concerning delinquent assessments (consumer transaction) allegedly owed by Plaintiffs.

29.     On August 9, 2013, Plaintiffs were contacted by Fein & Meloni (hereinafter referred to as "Meloni Law"), via certified mail. A copy of the letter, hereinafter "Fein & Meloni's Letter 1" is attached hereto as Exhibit "M." Meloni Law was attempting to collect the sum of $1,377.50 from Plaintiffs concerning the past due maintenance assessments (consumer transaction) allegedly owed to Marbella as well as attorney's fees. This letter was received by Plaintiffs on August 10, 2013, as shown in Exhibit "N."

30.     On September 2, 2013, Plaintiffs sent a first dispute letter, hereinafter "Plaintiff's Letter 1" to Meloni Law via first class and certified mail in response to Fein & Meloni's Letter 1. A copy of the letter is attached hereto as Exhibit "O." This letter was received by Meloni Law on September 4, 2013, as shown in Exhibit "P."

31.     On September 10, 2013, Plaintiffs were contacted for the second time by Meloni Law via mail. A copy of this letter, hereinafter "Fein & Meloni's Letter 2," is attached hereto as Exhibit "Q."

32.     On October 7, 2013, Plaintiffs sent a second dispute letter, hereinafter "Plaintiffs' Letter 2" to Meloni Law via first class and certified mail in response to Fein & Meloni's Letter 2. A copy of the letter is attached hereto as Exhibit "R." This letter was received by Meloni Law on October 8, 2013, as shown in Exhibit "S."

33.     On December 13, 2013, Plaintiffs were contacted for the third time via certified mail by Meloni Law. A copy of the letter, hereinafter "Meloni Law Letter 1" is attached hereto as Exhibit "T." Meloni Law was and is attempting to collect the sum of $1,312.50 from Plaintiffs. This letter was received by Plaintiffs on December 14, 2013 as shown in Exhibit "U."

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

34.     On January 8, 2014, Plaintiffs sent a third dispute letter, hereinafter "Plaintiffs' Letter 3," to Meloni Law via first class and certified mail in response to Meloni Law Letter 1. A copy of the letter is attached hereto as Exhibit "V." This letter was received by Meloni Law on January 10, 2014 as shown in Exhibit "W."   A copy of Plaintiffs' account statement as of March 21, 2014 is attached as Exhibit "X."

35.     On March 14, 2014, Plaintiffs were contacted via mail by Meloni Law with a response letter to Plaintiffs' complaint to the Florida Bar against Meloni, hereinafter referred to as "Meloni Law Letter 2". A copy of the letter is attached hereto as Exhibit "Y."

**COUNT I**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(2)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

36.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

37.     15 U.S.C. § 1692e(2) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

38.     Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing "the character, amount or legal status of Plaintiffs' debt." In particular, in Fein & Meloni's Letter 1, it falsely represented the character and amount of debt it claimed Plaintiffs owed by including in the claimed sum the amount of $115.00, which corresponded to Marbella's monthly maintenance fee for August. However, that fee was not in

9

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

default at the time that Fein & Meloni's Letter 1 was sent to Plaintiffs and therefore, cannot be collected as a debt.

39.      Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing "the character, amount or legal status of Plaintiffs' debt." In particular, in Fein & Meloni's Letter 2, it falsely represented the character and amount of debt it claimed Plaintiffs owed by including the amount of $115.00, which corresponded to the Marbella's monthly maintenance fee for September. However, that fee was not in default at the time that Fein & Meloni's Letter 2 was sent to Plaintiffs and therefore, could not be collected as a debt.

40.      Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(2) by falsely representing the character and amount of Plaintiffs' debt. In particular, in Meloni's Letter 1, it falsely and maliciously represented the character and amount of debt it claimed Plaintiffs owed by including in the claimed sum late fees in the amount of $50.00 that allegedly corresponded to the Plaintiffs' late payment of Association maintenance assessments for the months of September and November. However, both monthly fees were paid by Plaintiffs prior to becoming delinquent. The September Association fee was paid on September 5, 2013; the copy of the check for this payment was enclosed with Plaintiffs' Letter 2 dated October 7, 2013 as shown in Exhibit "R." In addition, this payment was included in the Account Statement enclosed in Meloni's Letter 1. The November association fee was paid on November 5, 2013. Accordingly, no late fee could be charged for either September or November, and neither payment was ever in default according to the Marbella's governing documents, as misrepresented in Meloni Law's Letter 1. Additionally, the amount of the late fees imposed was unlawfully overcharged because the Agreement creating the debt only authorized $11.50 as the administration fee for late payments

10

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

of maintenance assessment instead of $25, which was included twice in the alleged debt claimed in the Meloni's Letter 1.

41.     In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni, and McDonald and in the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of claimed debt allegedly owed by Plaintiffs. Defendants Meloni Law, Meloni, and McDonald included an unauthorized "Admin Fee" of $1,000.00 levied by the Association on March 26, 2013. The maximum amount of the alleged Admin Fee authorized by the Marbella's governing documents was only $115.00 and not $1,000.00 as was maliciously increased by Defendants Meloni Law, Meloni and McDonald.

### COUNT II
### VIOLATION OF FDCPA: 15 U.S.C. § 1692e(4)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

42.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

43.     15 U.S.C. § 1692e(4) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

44.     Defendants Meloni Law, Meloni and McDonald violated this section in Fein & Meloni's Letter 1 by threatening that the nonpayment of the alleged debt would result in the forced sale of the Plaintiffs' property when such action was not lawful and not intended to be taken.

11

45.     In pertinent part, the letter states as follows:

…you are hereby requested to make payment for all amounts due, including, but not limited to, your past due assessments and our attorney's fees, <u>within forty-five days of this Notice</u>. Please note that in the event that <u>you fail to make full payment for all amounts due</u> to this office by forwarding your check in the appropriate amount made payable to Fein & Meloni, Trust account at our letterhead address<u>, the Association may bring an action to foreclose its lien for unpaid assessments in the same manner that a mortgage for real property is foreclosed. The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association will additionally seek an award of its attorney's fees and costs incurred in such action in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes</u>. (emphasis added)

46.     The letter quoted above violates U.S.C. § 1692e(4) because Meloni Law, Meloni, and McDonald threatened to force the sale of Plaintiffs' property when such action was unlawful. In addition, the claimed sum contained a portion that was not in default in accordance with Marbella's governing documents when it was claimed as past due and when this forced sale action was not actually intended to be taken. Moreover, the inclusion of notice of contractually allowed attorney's fees in the letter was misleading, when such fees may only be incurred in the future and only if the association was found to be the prevailing party in the litigation.

**COUNT III**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(5)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

47.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

48.     15 U.S.C. § 1692e(5) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take

12

> any action that cannot legally be taken or that is not intended to be taken. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

49.     Defendants Meloni Law, Meloni and McDonald violated this section in Fein & Meloni's Letter 1 by threatening to take legal action that could not be taken or that was not intended to be taken. The said letter in highlighted part as cited above violated U.S.C. § 1692e(5) because Meloni Law, Meloni, and McDonald threatened to foreclose the Association's lien against the Plaintiff's property. This action cannot legally be taken because the claimed debt contained amounts (August's Association fee) that cannot be included in the Association's lien because those fees were not in default, as specified by Marbella's governing documents at the time of Fein & Meloni's Letter 1. In addition, this action was not legally authorized by Marbella's governing documents creating the debt in connection with non-default assessment collection. The letter also contained a "false threat" stated for the sole purpose of intimidating Plaintiffs so that they might get the impression that litigation or a lien foreclosure action of their property would be imminent if Plaintiffs failed to make a payment voluntarily within forty five (45) days.

50.     Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692e(5) in Meloni's Letter 1 by using false and malicious statements that were designed to coerce and intimidate Plaintiff. In particular, Defendants Meloni Law and Meloni suggested that it would take legal action that could not be taken or that was not intended to be taken. In pertinent part, the letter states as follows:

> ….Please make your check payable to the Meloni Law Firm Trust account by no later than January 13, 2014. Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding you check in the appropriate amount made payable to The Meloni Law Firm, Trust account at our letterhead address, the Association may record a lien against your property for unpaid amounts.

13

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

51.     The said letter violated U.S.C. § 1692e(5) because Defendants Meloni Law and Meloni maliciously and repeatedly threatened to record a lien against Plaintiffs' property. However, such an action could not be taken because the claimed debt contained unlawful and overcharged administration fees as specified by Marbella's governing documents.

**COUNT IV**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(10)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

52.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

53.     15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54.     In Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive, misleading, and false statements. In pertinent part, this letter provides:

This law firm represents the interest of the above referenced Homeowners Association and is communicating with you on their behalf concerning your past due maintenance assessments owed to the Association. The account status provided to this office indicates that you owe the sum of $1,115.00 for past due assessments, late charges and interest… (emphasis added)

55.     As set forth in Paragraph 38, the alleged debt claimed in Fein & Meloni's Letter 1 included the amount of $115.00, which corresponded to the August maintenance fee that would have been delinquent only following the tenth day of August, as specified in Marbella's

14

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

governing documents. Accordingly, the highlighted language of this letter is in violation of 15 U.S.C. § 1692e(10) because it includes language that is false, deceptive and misleading.

56.     In Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni, and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive and misleading statements. In pertinent part, letter provides the following:

> ...If you notify this office in writing within the thirty (30) day period that the amounts due or any portion thereof is disputed, this office will obtain verification of the amount due and verification will be mailed to you by this office. Please note, however, that <u>such request will in no manner serve to shorten the above referenced forty five (45) day time period for your full payment of past due assessments and attorney's fees.</u>(emphasis added)

57.     The highlighted part of the above statements created confusion to the Plaintiffs about their rights to dispute the alleged debt.

58.     In the Fein & Meloni's Letter 1, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692e(10) by including deceptive and misleading statements that were designed to coerce and frighten Plaintiffs. The letter in the relevant part states:

> The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, <u>the Association will additionally seek an award of its attorney's fees and costs incurred in such action</u> in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes.

59.     Plaintiffs interpreted this letter that originated from a lawyer to mean that there was no chance in prevailing once a lawsuit has been filed. The language contained in the letter left Plaintiffs with the impression that the Association would seek an award of legal fees even if they were not the prevailing party in potential litigation.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

**COUNT V**
**VIOLATION OF FDCPA: 15 U.S.C. 1692f(1)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

60.      The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

61.      15 U.S.C. §1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

62.      In demanding the sum of $1,312.50 in the Meloni Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692f(1) by including two late fees of $25. Neither claimed fee was authorized by the Marbella's governing documents nor permitted by law.

63.      In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in  Meloni's Letter 1, Defendants Meloni Law and Meloni violated U.S.C. § 1692f(1) by including the   amount of $1,000.00, which corresponded to an alleged "Admin. Fee" levied by the Association that was not expressly authorized by the Marbella's governing documents that created the debt, nor permitted by law. The maximum amount of the alleged Admin Fee authorized by Marbella's governing documents was only $115.00 and not $1,000.00 as was maliciously "increased" by Defendants Meloni Law, Meloni and McDonald. Plaintiffs clearly contested this unauthorized fee in Plaintiff's Letter 3.

16

**COUNT VI**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(3)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

64.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

65.     15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector…

66.     In the Fein & Meloni's Letter 1 and 2, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692g(a)(3), when both letters failed to state that the debt will be assumed valid by the debt collector if not disputed within thirty days.

67.     In Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C.   § 1692g(a)(3) by stating: "…*if you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.*" These letters falsely implied that Plaintiffs' dispute of the alleged debts had to be accompanied by documentation or evidence in support of their challenge to the claimed debt.

68.     In the Meloni's Letter 1, Defendant Meloni Law and Meloni violated 15 U.S.C. § 1692g(a)(3) by failing to include in the aforementioned written communications the statements required by Section 15 U.S.C. § 1692g(a)(3).

17

**COUNT VII**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(4)**
**(AS TO MELONI LAW AND MELONI)**

69.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

70.     15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer
in connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial
communication or the consumer has paid the debt, send the
consumer a written notice containing: (4) a statement that if the
consumer notifies the debt collector in writing within the thirty-day
period that the debt, or any portion thereof, is disputed, the debt
collector will obtain verification of the debt or a copy of a judgment
against the consumer and a copy of such verification or judgment
will be mailed to the consumer by the debt collector.

71.     In the Meloni's Letter 1, Defendants Meloni Law, and Meloni violated 15

U.S.C. § 1692g(a)(4) by not including in the aforementioned written communications a statement

providing that if the consumer notifies the debt collector in writing within the thirty-day period that

the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or

a copy of a judgment against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector.

**COUNT VIII**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(5)**
**(AS TO MELONI LAW AND MELONI)**

72.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

73.     15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer
in connection with the collection of any debt, a debt collector shall,

18

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74.     In the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692g(a)(5) by failing to include in the aforementioned written communications a statement providing that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

**COUNT IX**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

75.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

76.     In Fein & Meloni's Letter 2, Defendants Meloni Law, Meloni and McDonald violated 15 U.S.C. § 1692g by providing the Plaintiffs with the same amount of time (within thirty days) to pay the alleged debt as to contest it. However, if Plaintiffs' were to have complied with the Defendants' demands, payment would have had to be remitted before the thirty days expired. By giving this time constraint, Defendants ignored the requirements of subparagraphs (3) and (4) of § 1692g(a), which gives the consumer thirty days after receipt of the notice to dispute the validity of a debt.

77.     In Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692g  by repeatedly and maliciously telling Plaintiffs that the payment must be received during the 30-day period in order to dispute the validity of the debt. This correspondence

19

ignored Plaintiffs' notice of validation rights and created confusion for Plaintiffs about their rights to dispute the alleged debt.

## COUNT X
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW, MARBELLA AND MELONI)

78.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

79.     Fla. Stat. § 559.72(9) provides:

In collecting consumer debts, no person shall: (9) Claim, attempt, or threaten to enforce debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

80.     In demanding the sum of $1,377.50 in Fein & Meloni's Letter 1, Defendants Meloni Law, Marbella and Meloni violated Fla. Stat. § 559.72(9) by claiming an illegitimate debt. Meloni Law, Marbella and Meloni knew that the said claimed sum included a portion of $115.00 that was not in default as explained in the paragraph 38. The language of the letter also threatened to enforce an action to foreclose the Association's lien against Plaintiff's property when Meloni Law, Marbella and Meloni knew that it could not pursue such an action against Plaintiffs.

## COUNT XI
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW, MARBELLA AND MELONI)

81.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

82.     In demanding the sum of $1,377.50 in Fein & Meloni's Letter 2, Defendants Meloni Law, Marbella and Meloni violated Fla. Stat. § 559.72(9) by claiming for the

20

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

second time an illegitimate debt. Meloni Law, Marbella and Meloni knew that the said claimed sum included a portion of $115.00 that was not in default, as specified by the Marbella's governing documents and as explained in the Paragraph 39.

## COUNT XII
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW, MARBELLA AND MELONI)

83.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

84.     In demanding the sum of $1,312.50 in the Meloni's Letter 1, Defendants Meloni Law, Marbella and Meloni violated Fla. Stat. § 559.72(9) claiming that Plaintiffs owed an illegitimate debt for the third time. Meloni Law, Marbella and Meloni knew that the said claimed sum included late fees for the amount of $50 corresponding to the Plaintiffs' late payment of the Association maintenance assessments for the months of September and November, although both fees were paid before the   tenth day of each corresponding month, as explained above. Moreover, in Meloni's Letter 1, Defendants threatened to file a lien against Plaintiffs' property when Meloni law, Marbella and Meloni knew that they did not have a legal right to make such a claim.

## COUNT XIII
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW, MARBELLA AND MELONI)

85.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

86.     In demanding the sum of $1,312.50 in the Meloni's letter 1, Defendants Meloni Law, Marbella and Meloni violated Fla. Stat. § 559.72(9) by claiming an illegitimate debt, Meloni Law, Marbella and Meloni knew that the said claimed sum included overcharged late fees

21

that were unlawful and not authorized by either the Marbella's governing documents or Florida Statutes, as explained above. In addition, Defendants threatened to bring an action to file a lien against Plaintiffs' property when Meloni Law, Marbella and Meloni knew that no such right existed.

**COUNT XIV**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)**
**(AS TO AFFINITY AND MARBELLA)**

87.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

88.     Fla. Stat. § 559.72(9) provides:

> In collecting consumer debts, no person shall: (9) Claim, attempt, or threaten to enforce debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

89.     In demanding the sum of $1,000.00 as stated in the Affinity Letters' 2 and 3, Defendants Affinity and Marbella violated Fla. Stat. § 559.72(9) by claiming an unlawful and illegally enforced "Admin Fee" of $1,000.00 levied by the Association on March 26, 2013. The maximum amount of the alleged "Admin Fee" authorized by Marbella's governing documents was only $115.00 and not $1,000.00, as was maliciously increased up by Affinity and Marbella. In addition, Defendants threatened to enforce an action to foreclose the Association's lien against Plaintiffs' property when Affinity and Marbella knew that legal right did not exist as a result of the illegitimate "Admin Fee" imposed.

22

**COUNT XV**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(15)**
**(AS TO MELONI LAW, MARBELLA AND MELONI)**

90.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

91.     Fla. Stat. § 559.72(15) provides:

In collecting consumer claims, no person shall: (15) Refuse to
provide adequate identification of herself or himself or her or his
employer or other entity whom she or he represents if requested to
do so by a debtor from whom she or he is collecting or attempting to
collect a consumer debt…

92.     In Fein & Meloni's Letter 2 and in Meloni's Letter 1, Meloni Law, Marbella

and Meloni violated Fla. Stat. § 559.72(15) by failing to provide adequate identification of

themselves even after such information was requested by Plaintiffs in Plaintiffs' Letters 1, 2 and 3.

In particular, Plaintiffs requested for Meloni Law and Meloni to provide the appropriate proof that

they were licensed to collect debts in Florida.

**COUNT XVI**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(18)**
**(AS TO AFFINITY AND MARBELLA)**

93.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

94.     Fla. Stat. § 559.72(18) provides:

In collecting consumer claims, no person shall: (18) Communicate
with a debtor if the person knows that the debtor is represented by an
attorney with respect to such debt and has knowledge of, or can
readily ascertain, such attorney's name and address, unless the
debtor's attorney fails to respond within a reasonable period of time
to a communication from the person, unless the debtor's attorney
consents to a direct communication with the debtor, or unless the
debtor initiates the communication…

23

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

95.     In Affinity's Letters 2 and 3, Defendants Affinity and Marbella violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs when they knew that Plaintiffs were represented by an attorney with respect to such claimed debt of $1,000.00. The aforementioned debt was contested by Plaintiffs' attorney Abdel Jimenez, Esq. on April 1, 2013 through the Abdel Letter 1 as shown in the Exhibit "J".

## COUNT XVII
## VIOLATION OF FDCPA: 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)
## (AS TO MELONI LAW, MELONI AND MCDONALD)

96.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

97.     In the Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2) by including the amount of $262.50, corresponding to Attorneys' fee in connection with the law firm's legal services provided to the Association for collecting the alleged debt from the Plaintiffs, as Marbella never actually incurred any collection fees and cost for the Meloni Law's collection services because such legal fees and costs are not obligated of Defendant Marbella under the retainer agreement and past practices between the Association and Meloni Law. Additionally provisions of Florida Law and provisions of Marbella's governing documents under Plaintiffs and Defendant Marbella are bound permit Defendant Marbella to impose and recover only those attorneys' fees that has been truly incurred by them against the Plaintiffs, consequently Melony law was not authorized, nor permitted by law to charge attorneys' fee which have not been incurred and paid by the Association to Meloni Law incident to the collection process.

24

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## COUNT XVIII
## VIOLATION OF FDCPA: 15 U.S.C. § 1692e(11)
## (AS TO MELONI LAW, MELONI AND MCDONALD)

98.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

99.     15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (emphasis added)

100.    In the Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Meloni and McDonald and in the Meloni's Letter 1, Defendants Meloni Law and Meloni violated 15 U.S.C. § 1692e(11) by failing to identify themselves as "debt collectors". The failure to disclose in the initial written communication with the consumer and in subsequent communications "that the communication is from a debt collector" has been well settled in Courts as a "material" violation under the FDCPA.

## COUNT XIX
## VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
## (AS TO MELONI LAW, MARBELLA, MELONI AND MCDONALD)

101.    The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

25

102.     In the Fein & Meloni's Letters 1 and 2, Defendants Meloni Law, Marbella, Meloni and McDonald and in the Meloni's Letter 1, Defendants Meloni Law, Marbella and Meloni violated Fla. Stat. § 559.72(9) by including the amount of $262.50, corresponding to Attorneys' fee in connection with the law firm's legal services provided to Marbella for collecting the alleged debt from the Plaintiffs, as the Association never actually incurred any collection fees and cost for the Meloni Law's collection services because such legal fees and costs are not obligated of Defendant Marbella under the retainer agreement and past practices between the Association and Meloni Law. Defendants knew those "costs" were not actually incurred by Marbella in collecting the delinquent assessment, so they have not an allowable claim for "costs" which Marbella never paid and have no obligation to pay according to the retainer agreement signed with Marbella. The Attorney's fees of $262.50 which were handwritten in the Plaintiffs' statements of account and claimed by Meloni Law [Ex. F, J, and M] with consent and on behalf of the Association weren't simply "pass-through" charges or reimbursement of Association expenses and were allowable only to the extent that the Association may assert them as incurred costs under the governing documents.

## PRAYER FOR RELIEF

WHEREFORE, pray for judgment against Defendants as follows:

## CLAIM FOR FDCPA STATUTORY DAMAGES

a.  The statute provides, in part, that "any debt collector . . . is liable" for additional damages not to exceed $ 1,000. 15 U.S.C. § 1692k(a). In other words, the limitation that the statute imposes is cast not in terms of the Plaintiffs' recovery, but in terms of the Defendants' liability. Thus, in the case of multiple defendants, each may be liable for additional damages of up to $ 1,000.

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

b.   Plaintiffs seek a declaration that Defendants' practices were in violation of the FDCPA.

c.   Plaintiffs seek statutory compensation per each FDCPA violation and per each Defendant.

### CLAIM FOR FCCPA STATUTORY DAMAGES

a.   The FCCPA was drafted to provide stronger consumer protection than the FDCPA, explicitly providing that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla.. Stat. § 559.552.

b.   Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

c.   Plaintiffs claim statutory damages for each violation. The FCCPA allows the consumer to recover up to $1,000 for violations of §559.72, and provides in pertinent part:

> (2) Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

### CLAIM FOR ACTUAL DAMAGES

A debt collector who has violated any provision of the FDCPA is liable for actual damages. 15 U.S.C. § 1692k(a)(1). Plaintiffs pray for actual damages. Plaintiffs claim any further legal and equitable relief that this Court may deem just and equitable and reserve the right to right to amend this pleading at the time of, or prior to trial as necessary in the interest of justice.

REINER & REINER, P.A.

ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## CLAIM FOR ATTORNEY'S FEES

Plaintiffs request reasonable attorneys' fees and costs of suit of litigation thereof as damages and under applicable statutes.

Respectfully submitted,

**REINER & REINER, P.A.**

*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

**/S/ DAVID P. REINER, II**
By:_____

**DAVID P. REINER, II**; Fla. Bar No. 416400

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on June 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

**/S/ DAVID P. REINER, II**
By:_____
**DAVID P. REINER, II**; Fla. Bar No. 416400

28

SERVICE LIST
CASE NO.: 14-CV-21192 - JEM/GOODMAN

*Via CM/ECF*

CRAIG S. HUDSON, ESQ.
Marshall, Dennehey,
Warner, Coleman & Goggin
100 NE Third Avenue, Suite 1100
Ft. Lauderdale, FL 33301
cshudson@mdwcg.com

RACHEL K. BEIGE, ESQ.
RYAN A. FOGG, ESQ.
Cole, Scott & Kissane, P.A.
Attorneys for the Defendant, Marbella Park Homeowner's Association, Inc.
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401

DAVID P. REINER, II, ESQ.
Reiner & Reiner, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, FL 33156

DALE T. GOLDEN, ESQ.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989