UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 14-cv-21192-JEM

**JORGE A. AGRELO and OLGA M. FERNANDEZ**, individuals;

Plaintiffs,

vs.

**THE MELONI LAW FIRM,** a/k/a **EDOARDO MELONI, P.A.; AFFINITY MANAGEMENT SERVICES, LLC**, a limited liability corporation; **MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC**., a Non-Profit Corporation; **EDOARDO MELONI, ESQ.**, an individual; and **ALEXIS MCDONALD**, an individual

Defendants.
_____/

## JOINT PRE-TRIAL STIPULATION

Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs") and Defendants, THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A.;[1] AFFINITY MANAGEMENT SERVICES, LLC, MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC. and EDOARDO MELONI, ESQ. ("Defendants"), pursuant to the Scheduling Order of this Court (ECF-60) and Local Rule 16.1(e), hereby submit this Joint Pretrial Stipulation.

---

[1] The Meloni Law Firm, a/k/a Meloni Law, P.A., and Edoardo Meloni, P.A., will collectively be referred to hereinafter as "Meloni".

**(1)** **Parties Statement of the Case.** Plaintiffs claim the Defendants violated the federal Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act in their attempts to collect fines, late fees and attorney fees from the Plaintiff allegedly due to one of the Defendants, Marbella Park Homeowners' Association, Inc. Defendants deny having violated either law.

**A.** **Plaintiff's Specific Claims:** The Amended Complaint sets forth 32 violations of both the FDCPA and/or the FCCPA as follows: 8 violations of the FCCPA and 24 violations of the FDCPA. All of the violations are grouped in Counts:

> Count I VIOLATION OF FDCPA: 15 U.S.C. § 1692e(2)
> Defendants Meloni and McDonald
> Number of Violations: 4
>
> Count II VIOLATION OF FDCPA: 15 U.S.C. § 1692e(4)
> Defendants Meloni and McDonald
> Number of Violations: 2
>
> Count III VIOLATION OF FDCPA: 15 U.S.C. § 1692e(5)
> Defendants Meloni and McDonald
> Number of Violations: 3
>
> Count IV VIOLATION OF FDCPA: 15 U.S.C. § 1692e(10)
> Defendants Meloni and McDonald
> Number of Violations: 3
>
> Count V VIOLATION OF FDCPA: 15 U.S.C. 1692f(1)
> Defendants Meloni and McDonald
> Number of Violations: 2
>
> Count VI VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(3)
> Defendants Meloni and McDonald
> Number of Violations: 3
>
> Count VII VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(4)
> Defendant Meloni
> Number of Violations: 1
>
> Count VIII VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(5)
> Defendant Meloni

Number of Violations: 1

Count IX VIOLATION OF FDCPA: 15 U.S.C. § 1692g
Defendant Meloni
Number of Violations: 2

Count X VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
Defendant Meloni and Marbella
Number of Violations: 1

Count XI VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
Defendant Meloni and Marbella
Number of Violations: 1

Count XII VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
Defendants Meloni and Marbella
Number of Violations: 1

Count XIII VIOLATION OF FCCPA: FLA. STAT. § 559.12(9)
Defendants Meloni and Marbella
Number of Violations: 1

Count XIV VIOLATION OF FCCPA: FLA. STAT. § 559.12(9)
Defendants Affinity and Marbella
Number of Violations: 1

Count XV VIOLATION OF FCCPA: FLA. STAT. § 559.72(15)
Defendants Meloni and Marbella
Number of Violations: 1

Count XVI VIOLATION OF FCCPA: FLA. STAT. § 559.72(18)
Defendants Affinity and Marbella
Number of Violations: 1

Count XVII VIOLATION OF FDCPA: 15 USC § 1692f(1) & 15 USC § 1692e(2)
Defendants Meloni and McDonald
Number of Violations: 2

Count XVIII VIOLATION OF FDCPA: 15 U.S.C. § 1692e(11)
Defendants Meloni and McDonald
Number of Violations: 1

Count XIX VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
Defendants Meloni, Marbella and McDonald
Number of Violations: 1

Plaintiffs are seeking statutory and actual damages and have requested leave to seek punitive damages based on the aggravating circumstances set forth in their motion (ECF-100). Defendants deny Plaintiffs' entitlement to such damages.

### B.     Defendants' Specific Claims/Defenses:

**Meloni** asserts as an affirmative defense that Plaintiffs' claims for non-economic damages under the FCCPA are barred by the impact rule, as Plaintiffs have failed to allege any physical impact or injury.

**Affinity** hereby states that it has not yet filed its Answer & Affirmative Defenses to the Amended Complaint as no such pleading is due until January 28, 2015.  Affinity shall update this section once all defenses have been raised on its behalf.

**Marbella** has not yet filed its Answer & Affirmative Defenses to the Amended Complaint, as its Motion to Dismiss is still pending.  Nevertheless, and as detailed in both its Motion to Dismiss and Motion for Summary Judgment, Marbella asserts that the alleged financial obligation at issue in this lawsuit did not arise from a consensual transaction that meets the definition of "debt" under the debt collection statutes.  Further, Marbella asserts that Plaintiffs' specific claims against it do not state a violation of the FCCPA.  Finally, even if a violation did occur, Marbella submits its violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Marbella also states that Plaintiffs' statutory damages should be limited to a per-suit (as opposed to per violation or per-Defendant) basis, Plaintiffs' alleged actual damages were untimely disclosed and not casually connected to any contact by Marbella, and Plaintiffs' punitive damages were untimely disclosed and lacking evidence of malicious intent by Marbella.

**(2)** **The Basis Of Federal Jurisdiction**.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., Fla. Stat. §559.55 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 and § 1367.

**(3)** **The Pleadings Raising the Issues**.  The pleadings are not closed.  The issues are currently raised in the Plaintiffs' Amended Complaint (ECF-30)[2] and the MELONI Defendants have filed an Answer and Affirmative Defenses (ECF-39 – *Amended* ECF-51).  AFFINITY's answer to Plaintiffs' Amended Complaint is currently due on January 28, 2015(ECF- 103).  MARBELLA has filed a Motion to Dismiss which remains pending (ECF-40).

**(4)** **Undisposed Motions**. There are currently nine (9) pending motions, not all of which are as yet fully briefed:

> MARBELLA Motion to Dismiss – (ECF-40)
> Response – (ECF-43)
> Reply – (NONE)
>
> MARBELLA Motion for Summary Judgment – (ECF-73)
> Response – (ECF-81, 83)
> Reply – (ECF-95)
>
> MELONI Motion for Judgment on the Pleadings (Partial) – (ECF-75)
> Response – (ECF-79)
> Reply – (ECF-88)
>
> MELONI Motion for Partial Summary Judgment – (ECF-74)
> Response – (ECF-80, 82)
> Reply – (ECF-89)
>
> MARBELLA Motion in Limine – (ECF-98)
> Response (due 1/29/2015)
>
> MELONI Motion in Limine – (ECF-99)
> Response – (due 1/29/2015)
>
> PLAINTIFFS' Amended Motion to Add Punitive Damages Claim – (ECF-100)

---

[2] Plaintiffs have a pending motion for leave to seek punitive damages (amending ECF-30). (ECF-100).

Responses – (due 1/29/2015)

MARBELLA's Motion to Compel
Pending Magistrate Hearing and Ruling

MELONI'S Motion to Extend Pretrial Deadlines – (ECF-104)
AFFINITY'S Joinder – (ECF-105)
PLAINTIFF'S Response in Opposition – (ECF-106)
MELONI'S Reply – (ECF-107)

**(5)** **Statement of Uncontested Facts.**

a. Plaintiffs, Jorge A. Agrelo and Olga M. Fernandez, are, husband and wife, who at all times relevant hereto live at and hold title to the real property located at 8272 NW 198th Street; Miami, FL 33015.  The property is the Plaintiffs' homestead property, and they are both members of Defendant Marbella Park Homeowner's Association, Inc.  Defendant Marbella Park Homeowner's Association, Inc., is a duly formed and organized Florida non-profit corporation functioning as a homeowner's association located in Miami-Dade County, Florida, with mailing address in 1430 NW 15th Avenue; Miami, FL 33125. Affinity Management Services, LLC, is a Florida Limited Liability Company, doing business at 1430 Northwest 15th Avenue; Miami, Florida 33125, primarily as a community association management company. Defendant Edoardo Meloni is an attorney licensed to practice law in the State of Florida and the owner of Edoardo Meloni, P.A. a/k/a The Meloni Law Firm ("MELONI LAW").  On or around February 2001, Edoardo Meloni, P.A. entered in a partnership with Steven A. Fein, P.A. Such general partnership was registered in the Florida Department of State, Division of Corporations on February 27, 2001 as "Fein and Meloni."

b.  Fein and Meloni entered into a retainer agreement with MARBELLA on February 8, 2012 to represent the Association's interest in general litigation, including but not limited to, collection services.

c.  Defendant Edoardo Meloni, Esq. was (and is) a principal in Edoardo Meloni P.A., which in turn was a partner in "Fein and Meloni" until September 30, 2014 when Edoardo Meloni, Esq. and Edoardo Meloni P.A., commenced practice as "The Meloni Law Firm."

d.  "The Meloni Law Firm" is a fictitious name registered with the Florida Department of State, Division of Corporations on September 24, 2013.  Edoardo Meloni, P.A. is the sole shareholder and owner in Defendant "The Meloni Law Firm."

e.  AFFINITY entered into a contract with MARBELLA on or about November 1, 2012 to manage the HOA maintenance services and collection pursuant to the provisions of MARBELLA's governing documents and applicable Florida Law.

f.  On January 29, 2013 Plaintiffs received a letter from AFFINITY, on behalf of MARBELLA, in connection with an alleged violation of the MARBELLA's governing documents. Specifically the notice claimed that unapproved construction has resulted in relocation of the fence and removal of plants.

g.  A letter dated March 4, 2013, was sent by AFFINITY on behalf of MARBELLA to Plaintiffs communicating that a grievance committee would hold a hearing on March 18, 2013, to determine the amount of the fine that would be imposed against Plaintiffs for their failure to remedy the alleged violation referenced in the January 29, 2013 notice.

h.  Plaintiff Agrelo attended the hearing. Richard Woolf was one of the three (3) members of the grievance committee that held the fine hearing on March 18, 2013. AFFINITY's employee David Heit was present at the fine hearing held on March 18, 2013, where Plaintiffs were allegedly fined $1,000.00.

i.  Richard Woolf was an elected Board member of MARBELLA for the 2012-2013 term. He was an officer, the Secretary of the Board.

j.  According to MARBELLA's records filed with the Florida Department of State, Division of Corporations, Richard Woolf was a member of the Board of Directors until March 20, 2013.

k.  AFFINITY sent a letter dated March 26, 2013, advising Plaintiffs that they had been fined by MARBELLA in the amount of $1,000.00, in connection with the alleged violation. This letter was received by Plaintiffs on April 1, 2013.

l.  On April 2, 2013, the Law Office of Abdel Jimenez, Esq., sent a dispute letter to AFFINITY, hereinafter "Abdel Letter 1," contesting the fine AFFINITY had attempted to collect from Plaintiffs. This letter was submitted via certified and first class U.S. mail, and received by AFFINITY on April 3, 2013.

m.  On May 16, 2013, AFFINITY sent a letter on behalf of MARBELLA via mail. This letter is entitled "Final Warning."

n.  On June 28, 2013, AFFINITY sent a letter on behalf of MARBELLA via mail. This letter entitled "Final Warning."

o.  On August 9, 2013, FEIN & MELONI sent a letter on behalf of MARBELLA, accompanied by Plaintiffs Statement of Account detailing the amounts due.

p.  On September 2, 2013, Plaintiffs sent a letter, hereinafter "Plaintiff's Letter 1" to MELONI via first class and certified mail in response to FEIN & MELONI'S Letter 1. This letter was received by Meloni Law on September 4, 2013.

q.  On September 10, 2013, MELONI sent a letter on behalf of MARBELLA, accompanied by a Statement of Account detailing the amounts due.

r.  On October 7, 2013, Plaintiffs sent a second letter, hereinafter "Plaintiffs' Letter 2" to MELONI LAW via first class and certified mail in response to Meloni's September 10, 2013 letter.  This letter was received by MELONI on October 8, 2013.

s.  On December 13, 2013, Meloni sent a letter to Plaintiffs via certified mail. This letter was received by Plaintiffs on December 14, 2013. The letter contained a Statement of Account created by AFFINITY detailing the amounts due on behalf of MARBELLA.

t.  AFFINITY, on behalf of MARBELLA, assessed two (2) late fees of $25 each, on the Plaintiffs' statement dated December 13, 2013 for alleged late payments of Association assessments corresponding to September 2013 and November 2013.

u.  On January 8, 2014, Plaintiffs sent a letter, hereinafter "Plaintiffs' Letter 3," to MELONI. This letter was received by MELONI on January 10, 2014.

v.  The Plaintiffs' statement dated 09/22/14 reflected eight (8) charges of $25 each for alleged late payments of Association assessments corresponding to September 2013, November 2013, March 2014, April 2014, May 2014, June 2014, July 2014 and August 2014 respectively.

**(6)  Issues of Fact to be Litigated.**

The parties believe all fact issues set forth in the Amended Complaint and pending dispositive Motions not otherwise stipulated above remain to be litigated.

(7) **Issues of Law on Which There is Agreement.**  None.

(8) **Disputed Issues of Law.**

a. Whether the "fines" being collected are a "consumer debt" as that term is defined under the FDCPA and the FCCPA.

b. Whether Defendant MARBELLA is vicariously liable for the alleged violations of the FDCPA and FCCPA by AFFINITY and/or MELONI in the attempted collections of alleged debts from the Plaintiffs.

c. Whether Plaintiffs are entitled to statutory damages on a per-suit versus per-violation or per-Defendant basis.

d. Whether Plaintiffs are entitled to actual damages, including non-economic damages related to emotional distress against Defendants.

e. Whether Defendants are entitled to the "bona fide error" defense against a portion or all of the claims as provided by the FDCPA and FCCPA.

f. Whether Plaintiffs are entitled to punitive damages against any or all of the Defendants under the FDCPA or FCCPA.

g. Whether MELONI's letter dated August 9, 2013 falsely represented the character, amount or legal status of Plaintiffs' debt in violation of 15 U.S.C. § 1692e(2).

h. Whether MELONI's letter dated September 10, 2013 falsely represented the character, amount or legal status of Plaintiffs' debt in violation of 15 U.S.C. § 1692e(2).

i. Whether MELONI's letter dated December 13, 2013 falsely represented the character, amount or legal status of Plaintiffs' debt in violation of 15 U.S.C. § 1692e(2).

j. Whether MELONI's letter dated August 9, 2013 represented or implied that nonpayment of Plaintiffs' debt would result in the sale of Plaintiffs' property when

such action was not lawful and not intended to be taken in violation of 15 U.S.C. § 1692e(4).

k.  Whether MELONI's letter dated August 9, 2013 threatened to take action that could not legally be taken or that was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

l.  Whether MELONI's letter dated August 9, 2013 used any false representation or deceptive means to collect or attempt to collect Plaintiffs' debt in violation of 15 U.S.C. § 1692e(10).

m.  Whether MELONI's letter dated August 9, 2013 attempted to collect any amount not expressly authorized by the agreement created the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

n.  Whether MELONI's letter dated September 10, 2103 attempted to collect any amount not expressly authorized by the agreement created the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

o.  Whether MELONI's letter dated December 13, 2013 attempted to collect any amount not expressly authorized by the agreement created the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

p.  Whether MELONI's letter dated August 9, 2013 failed to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

q.  Whether MELONI's letter dated September 10, 2013 failed to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity

of the debt, or any portion thereof, the debt will be assumed to valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

r. Whether MELONI's letter dated December 13, 2013 failed to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

s. Whether MELONI's letter dated December 13, 2013 failed to include a statement that if Plaintiffs notified the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, that MELONI would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by MELONI in violation of 15 U.S.C. § 1692g(a)(4).

t. Whether MELONI's letter dated December 13, 2013 failed to include a statement that upon the Plaintiffs' written request within the thirty-day period, MELONI will provide Plaintiffs with the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. § 1692g(a)(5).

u. Whether MELONI's letter dated September 10, 2013 violated 15 U.S.C. § 1692g by providing the Plaintiffs with the same amount of time to pay the alleged by as to contest it.

v. Whether MELONI's letter dated December 13, 2013 violated 15 U.S.C. § 1692g by telling Plaintiffs that the payment must be received during the 30-day period in order to dispute the validity of the debt.

w. Whether MELONI's letter dated August 9, 2013 claimed, attempted, or threatened to enforce Plaintiffs' debt when MELONI knew the debt was not legitimate, or asserted the existence of some other legal right when MELONI knew the right did not exist in violation of Fla. Stat. § 559.72(9).

x. Whether MELONI's letter dated September 10, 2013 claimed, attempted, or threatened to enforce Plaintiffs' debt when MELONI knew the debt was not legitimate in violation of Fla. Stat. § 559.72(9).

y. Whether MELONI's letter dated December 13, 2013 claimed, attempted, or threatened to enforce Plaintiffs' debt when MELONI knew the debt was not legitimate, or asserted the existence of some other legal right when MELONI knew the right did not exist in violation of Fla. Stat. § 559.72(9).

z. Whether MELONI's letter dated September 10, 2013 refused to provide adequate identification of MELONI after being requested to do so by Plaintiffs in violation of Fla. Stat. § 559.72(15).

aa. Whether MELONI's letter dated December 13, 2013 refused to provide adequate identification of MELONI after being requested to do so by Plaintiffs in violation of Fla. Stat. § 559.72(15).

bb. Whether MELONI's letter dated August 9, 2013 violated 15 U.S.C. § 1692f(1) by including attorney's fees in connection with MELONI's legal services.

cc. Whether MELONI's letter dated August 9, 2013 violated 15 U.S.C. § 1692e(2) by including attorney's fees in connection with MELONI's legal services.

dd. Whether MELONI's letter dated September 10, 2013 violated 15 U.S.C. § 1692f(1) by including attorney's fees in connection with MELONI's legal services.

ee. Whether MELONI's letter dated September 10, 2013 violated 15 U.S.C. § 1692e(2) by including attorney's fees in connection with MELONI's legal services.

ff. Whether MELONI's letter dated December 13, 2013 violated 15 U.S.C. § 1692f(1) by including attorney's fees in connection with MELONI's legal services.

gg. Whether MELONI's letter dated December 13, 2013 violated 15 U.S.C. § 1692e(2) by including attorney's fees in connection with MELONI's legal services.

hh. Whether MELONI's letter dated August 9, 2013 violated 15 U.S.C. § 1692e(11) by failing to identify MELONI as a debt collector.

ii. Whether MELONI's letter dated September 10, 2013 violated 15 U.S.C. § 1692e(11) by failing to identify MELONI as a debt collector.

jj. Whether MELONI's letter dated December 13, 2013 violated 15 U.S.C. § 1692e(11) by failing to identify MELONI as a debt collector.

kk. Whether MELONI's letter dated August 9, 2013 violated Fla. Stat. § 559.72(9) by including attorney's fees in connection with MELONI's legal services.

ll. Whether MELONI's letter dated September 10, 2013 violated Fla. Stat. § 559.72(9) by including attorney's fees in connection with MELONI's legal services.

mm. Whether MELONI's letter dated December 13, 2013 violated Fla. Stat. § 559.72(9) by including attorney's fees in connection with MELONI's legal services.

**(9)** **Trial Exhibit Lists and Objections**. Each party's numbered list of Trial Exhibits are on separate schedules attached hereto along with the objections, if any. Exhibit 1 is Plaintiffs' Exhibit List; Exhibit 2 is MARBELLA's Exhibit List; Exhibit 3 is AFFINITY's Exhibit List; and Exhibit 4 is the MELONI DEFENDANTS' Exhibit List.

**(10)     Trial Witness Lists.**  Each party's numbered list of trial witnesses, designated as present or as witnesses a party may call if the need arises, are attached hereto.  Exhibit 5 is Plaintiffs' Witness List; Exhibit 6 is MARBELLA's Witness List; Exhibit 7 is AFFINITY's Witness List; and Exhibit 8 is the MELONI DEFENDANTS' Witness List.

**(11)     Estimated trial time.**  The parties estimate that the total trial time will be two-to-three days.

**(12)     Attorney's fees awardable.**  Attorney fees are awardable under both the state and federal statutes in this lawsuit:

15 U.S.C.A. § 1692k (3): in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Fla. Stat. § 559.77 (2): Any person who fails to comply with any provision of s. 559.72 is liable for … reasonable attorney's fees incurred by the plaintiff …  If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant.

[*Signatures on following page*]

**16 |** P a g e

Respectfully submitted,

/S/ DAVID P. REINER, II                         /S/ RACHEL K. BEIGE
_____                    _____
DAVID P. REINER, II, ESQ.                     RACHEL K. BEIGE, ESQ.
Florida Bar No. 416400                            Florida Bar No. 16366
dpr@reinerslaw.com                                Rachel.Beige@csklegal.com
Reiner & Reiner, P.A.                              Cole, Scott & Kissane, P.A.
Counsel for Plaintiffs                              Counsel for Marbella Park
9100 So. Dadeland Blvd., Suite 901        1645 Palm Beach Lakes Blvd, 2nd Floor
Miami, FL 33156                                    West Palm Beach, FL 33401

/S/ CRAIG S. HUDSON                         /S/ DALE T. GOLDEN
_____                    _____
CRAIG S. HUDSON, ESQ.                      DALE T. GOLDEN, ESQ.
Florida Bar No. 27940                            Florida Bar No. 94080
cshudson@mdwcg.com                           dgolden@gsgfirm.com
Marshall, Dennehey,                                BENJAMIN W. RASLAVICH, ESQ.
Warner, Coleman & Goggin, PC             Florida Bar No. 102808
100 NE Third Avenue, Suite 1100          braslavich@gsgfirm.com
Ft. Lauderdale, FL 33301                        Golden Scaz Gagain, PLLC
                                                              Counsel for Meloni Defendants
                                                              201 North Armenia Avenue
                                                              Tampa, Florida 33609

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

/S/  **DAVID P. REINER, II**
By:_____
  **DAVID P. REINER, II**; Fla. Bar No. 416400

SERVICE LIST

*Via CM/ECF-EMAIL*

CRAIG S. HUDSON, ESQ.
Marshall, Dennehey,
Warner, Coleman & Goggin, PC
100 NE Third Avenue, Suite 1100
Ft. Lauderdale, FL 33301

RACHEL K. BEIGE, ESQ.
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401

DAVID P. REINER, II, ESQ.
Reiner & Reiner, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, FL 33156

DALE T. GOLDEN, ESQ.
BENJAMIN W. RASLAVICH, ESQ.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609