UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**CASE NO. 14-CV-21192- MARTINEZ/GOODMAN**

JORGE A. AGRELO and OLGA M. FERNANDEZ,
Individuals;

       Plaintiff(s),

vs.

THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A.;
AFFINITY MANAGEMENT SERVICES, LLC., a limited liability
corporation; and MARBELLA PARK HOMEOWNER'S ASSOCIATION,
a Non-Profit corporation; EDOARDO MELONI, ESQ., an individual;
and ALEXIS MCDONALD, an individual,

       Defendants.

_____/

**DEFENDANT AFFINITY
MANAGEMENT SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant AFFINITY MANAGEMENT SERVICES, LLC  (hereafter "AFFINITY"), by
and through its undersigned counsel, respectfully submits this Answer with Affirmative Defenses
to the Amended Complaint of Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ
("Complaint"), averring as follows:

**JURISDICTION AND  VENUE**

1.  Admitted in part and denied in part.  AFFINITY admits that Plaintiffs' have brought
an action against it under Fla. Stat. §559.72 et seq.  The remaining allegations of this paragraph
are denied and AFFINITY leaves Plaintiffs to their proofs.

1

2.   Admitted in part and denied in part.  AFFINITY admits that Fla. Stat. §559.72 et seq. speaks for itself. The remaining allegations of this paragraph are denied and AFFINITY leaves Plaintiffs to their proofs.

3.   Admitted in part and denied in part.  AFFINITY admits that Plaintiffs seek damages in excess of $15,000.00 through the claims he has asserted against AFFINITY pursuant to Florida Statutes, §559.72, *et seq.,* the Florida Consumer Collection Practices Act ("FCCPA"). AFFINITY denies that it violated the FCCPA, denies any liability to Plaintiff and denies that it was the direct or proximate cause of any damage to Plaintiffs.  The remaining allegations of this paragraph are denied and AFFINITY leaves Plaintiffs to their proofs.

4.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation regarding his place of residence and domicile and, therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

## PARTIES AND BACKGROUND ALLEGATIONS

5.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

6.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

7.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

8.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

9.   Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

10.  Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

11.  Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

12.  Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

13.  Admitted in part and denied in part.  AFFINITY admits that it is a Florida limited liability company.  AFFINITY denies the conduct attributed to it by Plaintiffs in the Amended Complaint.  The remaining allegations of this paragraph are denied and AFFINITY leaves Plaintiffs to their proofs.

14.  Denied.

15.  Denied.

16.  Denied.

17. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

18. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

19. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

20. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

21. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

22. Denied.

23. Denied.

## GENERAL ALLEGATIONS

24.  Denied.

25. Admitted in part and denied in part.  AFFINITY admits that its records reflect that on or about March 26, 2013, Affinity sent a letter to Plaintiffs on behalf of Marcella Homeowners Association, Inc. ("MARBELLA").  AFFINITY denies the remaining allegations of this paragraph and a factual basis for these allegations is demanded of Plaintiff.

4

26.  Admitted that the "Abdel Letter 1" speaks for itself. The remaining allegations of this paragraph are hereby denied.

27. Admitted in part and denied in part.  AFFINITY admits that its records reflect that on or about May 16, 2013, Affinity sent a letter to Plaintiffs on behalf of MARBELLA.  AFFINITY denies the remaining allegations of this paragraph and a factual basis for these allegations is demanded of Plaintiff.

28. Admitted in part and denied in part.  AFFINITY admits that its records reflect that on or about June 28, 2013, Affinity sent a letter to Plaintiffs on behalf of MARBELLA.  AFFINITY denies the remaining allegations of this paragraph and a factual basis for these allegations is demanded of Plaintiff.

29. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

30. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

31. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

32. Denied.  AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

33. Denied. AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

34. Denied. AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

35. Denied. AFFINITY is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation therefore, such allegations are denied and AFFINITY leaves Plaintiff to his proofs.

## COUNT I
## VIOLATION OF FDCPA (AS TO MELONI LAW, MELONI AND MCDONALD)

36. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

37. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

38. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

39. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

40. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

41. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT II**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(e)(4)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

42. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

43. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

44. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

45. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

46. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT III**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(e)(5)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

47. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

48. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

49. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

50. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

51. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT IV**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(e)(10)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

52. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

53. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

54. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

55. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

56. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

57. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

58. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

59. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT V**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(f)(1)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

60. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

61. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

62. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

63. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

## COUNT VI
## VIOLATION OF FDCPA: 15 U.S.C. 1692(g)(a)(3)
## (AS TO MELONI LAW, MELONI AND MCDONALD)

64. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

65. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

66. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

67. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

68. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT VII**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(g)(a)(4)**
**(AS TO MELONI LAW AND MELONI)**

69. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

70. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

71. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT VIII**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(g)(a)(5)**
**(AS TO MELONI LAW AND MELONI)**

72. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

73. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

74. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

### COUNT IX
### VIOLATION OF FDCPA: 15 U.S.C. 1692(g)
### (AS TO MELONI LAW, MELONI AND MCDONALD)

75. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

76. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

77. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

### COUNT X
### VIOLATION OF FCCPA: Fla. Stat. 559.72(9)
### (AS TO MELONI LAW, MARBELLA AND MCDONALD)

78. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

79. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

80. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT XI**
**VIOLATION OF FCCPA: Fla. Stat. 559.72(9)**
**<u>(AS TO MELONI LAW, MARBELLA AND MCDONALD)</u>**

81. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

82. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT XII**
**VIOLATION OF FCCPA: Fla. Stat. 559.72(9)**
**<u>(AS TO MELONI LAW, MARBELLA AND MCDONALD)</u>**

83. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

84. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

## COUNT XIII
### VIOLATION OF FCCPA: Fla. Stat. 559.72(9)
### (AS TO MELONI LAW, MARBELLA AND MCDONALD)

85. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

86. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

## COUNT XIV
### VIOLATION OF FCCPA: Fla. Stat. 559.72(9)
### (AFFINITY AND MARBELLA)

87. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

88. Admitted that Fla. Stat. 559.72(9) speaks for itself and is the best evidence of its contents, the remaining allegations contained in this paragraph are hereby denied with strict proof demanded thereof.

89. Denied. A factual basis for these conclusory allegations is demanded of Plaintiff.

**COUNT XV**
**VIOLATION OF FCCPA: Fla. Stat. 559.72(15)**
**(AFFINITY AND MARBELLA)**

90. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

91. Admitted that Fla. Stat. 559.72(15) speaks for itself and is the best evidence of its contents, the remaining allegations contained in this paragraph are hereby denied with strict proof demanded thereof.

92. Denied. A factual basis for these conclusory allegations is demanded of Plaintiff.

**COUNT XVI**
**VIOLATION OF FCCPA: Fla. Stat. 559.72(18)**
**(AFFINITY AND MARBELLA)**

93. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

94. Admitted that Fla. Stat. 559.72(18) speaks for itself and is the best evidence of its contents, the remaining allegations contained in this paragraph are hereby denied with strict proof demanded thereof.

95. Denied. A factual basis for these conclusory allegations is demanded of Plaintiff.

16

**COUNT XVII**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(f)(1) and 15 U.S.C. 1692(e)(2)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

96. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

97. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT XVIII**
**VIOLATION OF FDCPA: 15 U.S.C. 1692(e)(11)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

98. AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

99. The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

100.    The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

**COUNT XIX**
**VIOLATION OF FCCPA: FLA. STAT. 559.72(9)**
**(AS TO MELONI LAW, MELONI AND MCDONALD)**

101.    AFFINITY denies that a response to this paragraph is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of AFFINITY, AFFINITY incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 35 above as if fully set forth herein.

102.    The allegations raised by Plaintiff are directed to Co-Defendants for which no response on behalf of AFFINITY is required, to the extent a response is required, this paragraph is hereby denied.

## ANSWER TO PRAYER FOR RELIEF

WHEREFORE,  AFFINITY  denies that Plaintiffs are entitled to judgment against AFFINITY, actual damages, statutory damages, punitive damages, costs, reasonably attorney fees or any other relief.  To the extent that the WHEREFORE Clause of the Amended Complaint contains conclusions of law, no response is required. To the extent that Plaintiff suggests or alleges that  AFFINITY violated any law or is liable to Plaintiffs,  AFFINITY denies same.

## ANSWER TO CLAIM FOR ATTORNEYS FEES

AFFINITY hereby denied that Plaintiffs are entitled to their attorneys fees and costs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against AFFINITY for which relief can be granted.

18

## SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability by AFFINITY.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which AFFINITY denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against AFFINITY.

## FOURTH AFFIRMATIVE DEFENSE

Even if AFFINITY violated the FCCPA, which it affirmatively denies, Plaintiff did not incur actual damages as a result of the alleged conduct of AFFINITY.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's FCCPA claims should be dismissed or withdrawn because Plaintiff has not presented any facts that would establish a claim under the FCCPA.  *See* Fl. Stat. 559.72(1)-(19).

## SIXTH AFFIRMATIVE DEFENSE

If there was non-compliance by AFFINITY, which is denied, the alleged non-compliance was not frequent, persistent or intentional.

## SEVENTH AFFIRMATIVE DEFENSE

Because all or some of Plaintiff's claims may be barred by the applicable statute of limitations, AFFINITY affirmatively asserts the defense of statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs owe fines to MARBELLA. In the unlikely event that Plaintiffs are awarded any recovery against AFFINITY, AFFINITY is entitled to a set-off of the amount owed by Plaintiff to MARBELLA.

## NINTH AFFIRMATIVE DEFENSE

AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' claims for non-economic damages under the FCCPA are barred by the impact rule, as Plaintiffs have failed to allege any physical impact or injury.

## TENTH AFFIRMATIVE DEFENSE

AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' have failed to allege any cause of action against it under the FCCPA as it was not seeking to collect a debt on behalf of MARBELLA but was seeking to collect a fine, as provided for under MARBELLA's Declaration of Covenants.

## ELEVENTH AFFIRMATIVE DEFENSE

AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' have failed to establish a *prima facie* case against AFFINITY for violation of the FCCPA.  The letters sent by AFFINITY, on behalf of MARBELLA, are not debt collection letters but are letters seeking to impose a fine on behalf of MARBELL pursuant to its Declaration of Covenants.  "Fines are not considered debts…because they are not the product of a consumer transaction."  *Marfut v. City of N. Port,* Fla., 8:08-CV-2006-t-27EAJ, 2009 WL 79011, AT *8 (M.D. Fla. March 25, 2009); *see Durso v. Summer Brook Preserve Homeowners Ass'n,* No. 6:07-CV-2007-IRK-19KRS, 2008 WL 2557558, at *6 (M.D. Fla. 2008)(holding that fines issued by a homeowners association did not create a debt under the FDCPA).

## ELEVENTH AFFIRMATIVE DEFENSE

AFFINITY asserts, without admitting any liability whatsoever, that it was acting on behalf of Co-Defendant, MARBELLA, pursuant to its management agreement and to the extent

it is found liable under the FCCPA (which it denies), MARBELLA is liable to AFFINITY for any damages incurred while acting in its capacity as management company for the HOA.

<b><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></b>

AFFINITY asserts, without admitting any liability whatsoever, that in the event it is deemed liable under Fla. Stat. 559.77(3), it is entitled to the *bona fide* error defense.

<b><u>FOURTEENTH AFFIRMATIVE DEFENSE</u></b>

AFFINITY asserts, without admitting any liability whatsoever, that it is not a debt collector within the meaning of the FCCPA, was not involved in a consumer transaction and was seeking to impose a fine, not collecting a debt; therefore, cannot be liable under the FCCPA and Fla. Stat. 557.72.

WHEREFORE, Defendant, Affinity Property Management, LLC, respectfully requests this Honorable Court deem this Answer proper, dismiss Plaintiffs' Amended Complaint and grant any and all other relief as this Court deems just and equitable.

Marshall, Dennehey, Warner, Coleman & Goggin
100 NE Third Avenue, Suite 1100
Fort Lauderdale, FL   3330
Tel:  (954) 847-4920; Fax: (954) 627-6640

By:   _____/s Craig Hudson_____
Craig S. Hudson , Esq.
Fla. Bar No.  27940
cshudson@mdwcg.com
Jeannie A. Hanrahan, Esq.
Fla. Bar No. 0769711
jahanrahan@mdwcg.com

*Attorneys for Affinity Management Services, LLC.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 28th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     <u>/s/  Craig Hudson    </u>
Craig S. Hudson, Esq.

Jeannie A. Hanrahan, Esq.


<u>**SERVICE LIST**</u>
CASE NO. 14-CV-21192- JEM/GOODMAN
VIA CM/ECF


RACHEL K. BEIGE, ESQ.
RYAN A. FOGG, ESQ.
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401
Ryan.Fogg@csklegal.com


DAVID P. REINER, II, ESQ.
Reiner & Reiner, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, FL 33156
dpr@reinerslaw.com
eservice@reinerslaw.com

DALE T. GOLDEN, ESQ.
BENJAMIN W. RASLAVICH, ESQ.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2
dgolden@gsgfirm.com
braslavich@gsgfirm.com