UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21192-CIV-MARTINEZ /GOODMAN

JORGE A. AGRELO, et al.,

    Plaintiffs,

v.

THE MELONI LAW FIRM, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS

Defendants Affinity Management Services, LLC ("Affinity") and Marbella Park Homeowner's Association ("Marbella") filed separate motions for attorney's fees [ECF Nos. 134; 135] after District Judge Jose E. Martinez granted summary judgment in their favor [ECF No. 118]. Judge Martinez referred [ECF No. 140] these fees motions to the Undersigned for a report and recommendations. The briefing of these motions was initially stayed [ECF Nos. 138; 139] while an appeal was pending. The Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction [ECF No. 142] and the case was reopened thereafter [ECF No. 144]. The Undersigned ordered [ECF No. 145] the parties, at that time, to complete the briefing of the attorney's fees motions. Once briefing was complete, Plaintiffs moved to strike Marbella's reply or, in the alternative, file a sur-

reply. [ECF No. 151]. The Undersigned granted in part [ECF No. 154] Plaintiffs' motion, and Plaintiffs filed a sur-reply [ECF No. 155].

Having reviewed the motions [ECF Nos. 134; 135; 151], the responses [ECF Nos. 146; 147; 152], the replies [ECF Nos. 148; 149; 153], the sur-reply [ECF No. 155], and the pertinent portions of the record, the Undersigned **denies without prejudice** the motions for attorney's fees. However, Affinity and Marbella may refile their motions under the conditions outlined in this Order.

Because Plaintiffs previously moved [ECF Nos. 136; 137] -- without opposition from Affinity or Marbella -- to stay the attorney's fees motions pending resolution of the appeal, which Judge Martinez granted [ECF Nos. 138; 139], and because the substantive entitlement issue in the attorney's fees motions may be informed by the Eleventh Circuit's ruling on the appeal, Affinity and Marbella may refile their motions -- if still appropriate -- within 30 days of the Eleventh Circuit's ruling on Plaintiffs' appeal.

## Analysis

Both Affinity and Marbella filed their respective motions for attorneys' fees [ECF Nos. 134; 135] pursuant to Federal Rule of Civil Procedure 54(d) and the Florida Consumer Collection Practice Act ("FCCPA"), Fla. Stat. § 559, after the District Court granted their summary judgment motion [ECF No. 118]. However, despite the District Court entering an order titled "Final Judgment" in favor of Affinity and Marbella [ECF No. 119], according to the Eleventh Circuit's Order of Dismissal of Plaintiffs' appeal,

2

this "Final Judgment" order and the order granting summary judgment *do not* constitute a "final or immediately appealable" order [ECF No. 142]. The Eleventh Circuit explained that these orders "did not dispose of all claims against all parties, and the district court did not certify the judgment for immediate review pursuant to Rule 54(b) of the Federal Rules of Civil Procedure." [ECF No. 142, p. 2].

Federal Rule 54(d) and Local Rule 7.3 *both* require that motions for attorneys' fees be filed *after* judgment has been entered by the Court. Fed. R. Civ. P. 54(d)(2)(B)(i) (The motion for fees "must . . . be filed no later than 14 days *after* the entry of judgment" (emphasis added)); S.D. Fla. L. R. 7.3(a) ("A motion for an award of attorneys fees . . . shall be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim"). Both the Federal Rule and the Local Rule establish the rules regarding timeliness of attorneys' fees motions, and the Local Rule, in particular, establishes a specific procedure that must be followed before the filing of the actual motion, which is all set in motion by the entry of the final judgment. *See* Local Rule 7.3.[1]

In the present case, the Eleventh Circuit ruled that no final judgment had been entered in this case. [ECF No. 142].[2] Accordingly, just as the appeal was premature and

---

[1] For example, before an attorneys' fees motion is to be filed, Local Rule 7.3(b) requires a movant to serve a draft of such a motion on the opposing party at least 30 days prior to the deadline for filing the motion, and then requires the movant to confer with the opposing party within 21 days of serving the motion.

[2] Plaintiffs moved [ECF No. 143] for certification of final judgment and the District Court granted [ECF No. 158] the motion, entering a certificate of appealability. Plaintiffs

3

brought before the Eleventh Circuit without jurisdiction, so too are both motions filed by Affinity and Marbella. Marbella acknowledged as such in its reply memorandum, stating that the "Final Judgment in this case is not an 'appealable order' for the reasons stated in the Eleventh Circuit's order dismissing Plaintiff's appeal. Without a 'final judgment or order giving rise to the claim' that is appealable, Rule 7.3 timing requirements are not even implicated." [ECF No. 149, p. 3]. The Undersigned agrees with this analysis.

In their sur-reply, Plaintiffs argue that the Eleventh Circuit's determination that the Order granting summary judgment and the "Final Judgment" were not appealable is irrelevant to whether Local Rule 7.3 is triggered. [ECF No. 155]. Local Rule 7.3 states that an attorney's fees motion must be filed within 60 days of the final judgment or order giving rise to the claim, "regardless of the prospect or pendency of supplemental review or appellate proceedings[.]" S.D. Fla. L. R. 7.3(a)(1). Plaintiffs argue that this language indicates that appealability is an entirely separate issue from the ripeness of an attorney's fees motion. However, the language quoted by Plaintiffs merely explains that any intention to appeal or the actually-filed appeal does not toll the time limit for filing a motion for fees. That is not the issue here.

The Eleventh Circuit's ruling concerning the lack of appealability is based on Federal Rule 54(b) [ECF No. 142], which states that "[w]hen an action presents more

---

thereafter noticed [ECF No. 159] their appeal, which is still pending before the Eleventh Circuit.

than one claim for relief . . . or when multiple parties are involved, . . . *any order* or other decision, ***however designated***, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ***does not end the action as to any of the claims*** or parties and may be revised at any time before the entry of a judgment adjudicating all the claims[.]" Fed. R. Civ. P. 54(b) (emphasis added). Both Federal Rule 54(d) and Local Rule 7.3 rely upon this rule to define what actually constitutes a final judgment (and thus triggers the clock for their respective time limitations). Therefore, contrary to Plaintiffs' assertion, the Eleventh Circuit's ruling on the status of the original "Final Judgment" is *highly relevant* to the matter at hand.

The Eleventh Circuit determined that pursuant to Federal Rule 54(b), no final judgment had been entered in this case as of May 20, 2015. [ECF No. 142]. The Undersigned is bound by this reality. Without a final judgment under Federal Rule 54(b), the mechanisms in Federal Rule 54(d) and Local Rule 7.3 cannot be triggered. Thus, when Affinity and Marbella filed their motions for fees on March 30 and March 31, 2015, the motions were premature.

Marbella cites to two cases that it contends support the position that the attorney's fees motions were premature. *See Helman v. Urden Law, et al.*, Case No. 14-cv-60808-Rosenberg, ECF No. 165 (S.D. Fla. Apr. 8, 2015); *Nascembeni v. Quayside Place Partners, LLP*, Case No. 09-cv-23322-MGC, ECF No. 67 (S.D. Fla. Aug. 24, 2010). Plaintiffs dispute this argument. The Undersigned agrees with Plaintiffs that these cases

5

are less than persuasive. Each is a paperless order consisting of a single sentence explanation without providing much in the way of legal analysis. Thus, these two administrative paperless orders in trial court-level cases do not provide sufficient guidance for the Undersigned's ruling.

However, in this instance, the Federal Rule and Local Rule are abundantly clear about the timing of attorney's fees motions: the process begins *after* the entry of final judgment as defined by Federal Rule 54(b). And because the Eleventh Circuit has already provided a ruling as to Federal Rule 54(b) in this case, no further analysis is necessary.

Additionally, "[t]he authority of Judges to regulate the mechanics of fee applications is clear." *Carreras v. PMG Collins, LLC*, No. 12–23150–CIV, 2013 WL 1337151, *2 n. 2 (S.D. Fla. Mar. 29, 2013) (quoting Comments to Local Rule 7.3 from the 1993 revision). Thus, the motions were filed prematurely -- i.e., before a final judgment had been entered.

The Undersigned of course acknowledges that, while these motions were pending, the District Court entered an order granting certification of appealability. [ECF No. 158]. Thus, final judgment **concerning Affinity and Marbella** has *now* officially been entered and Plaintiffs' appeal is presently before the Eleventh Circuit. There is now a judgment, even though it did not exist when the fees motions were filed.

So the motions were filed too early, from a technical perspective, and are subject to a without-prejudice denial for that reason alone.

Beyond that, however, prudence and common sense suggest that the motions should not be ruled upon now.

The fees motions would no longer be viable if the summary judgments were to be reversed. Depending on whether the Eleventh Circuit issues an opinion and, if so, the substance of the opinion, the fees motions might not be viable even if the summary judgments were *affirmed* on appeal. For example, the Eleventh Circuit could use language undermining the defense argument that the claims failed to raise a justiciable issue law or fact while still *affirming* the trial level rulings.

Given the parties' previous request for a stay of the fees motion and the substantive impact of any potential ruling, Affinity and Marbella shall refile their motions, only if appropriate, within 30 days *after* the Eleventh Circuit rules on the appeal.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 26th day of February, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to:</u>
Hon. Jose E. Martinez
All Counsel of Record