UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ,
individuals,

    Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a EDOARDO
MELONI, P.A., et al.,

    Defendants.
_____/

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO MELONI'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and through undersigned counsel, respectfully submit this Notice of Supplemental Authority in support of their Opposition to Defendants THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., and EDOARDO MELONI, ESQ.'s ("Meloni") pending Motion for Judgement on the Pleadings with respect to Counts XV and XVIII and state the following:

**RELEVANT PROCEDURAL HISTORY**

1. On December 1, 2014, Defendant Meloni filed a Motion for Judgment on the Pleadings with respect to Counts XV and XVIII. *See*, ECF-75.

2. On December 18, 2014, Plaintiffs filed their Response in Opposition to Meloni's Motion for Judgment on the Pleadings with respect to Counts XV and XVIII. *See*, ECF-79.

3. On December 29, 2014, Defendant Meloni filed a Reply to Plaintiffs' Response in Opposition to Meloni's Motion for Judgment on the Pleadings with respect to Counts XV and XVIII. *See*, ECF-88.

4. Plaintiffs are now filling this Notice to Supplement Authority in support of their Response in Opposition to Meloni's Motion for Judgment on the Pleadings with respect to Counts XV and XVIII.

## LEGAL STANDARD

Local Rule 7.1(c) authorizes only opposing and reply briefs. The rule is clear that "no further or additional memoranda of law shall be filed without prior leave of Court." Local Rule 7.1(c). Notices of supplemental authority, however, do not fall within the purview of the rule. See, *Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV, 2008 WL 4753726, at *2 n. 2 (S.D. Fla. Oct. 27, 2008); see also *Williams v. Heritage Operating, L.P.*, No. 8:07CV977 T24MSS, 2007 WL 2302131, at *1 (M.D. Fla. Aug. 8, 2007) (analyzing analogous Middle District rule and noting that notices of supplemental authority do not fall within the purview of that rule). "[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011). See also, *Hornor, Townsend & Kent, Inc. v. Hamilton*, CIV.A.1:01 CV 2979 J, 2004 WL 2284503, at *11 (N.D. Ga. Sept. 30, 2004) ("[F]iling notices of supplemental authorities that come to a party's attention after briefing is complete is a well-established practice…[and] such practice is helpful to the Court, which of course always endeavors to apply current authority in resolving the issues before it.").

## COURT DECISIONS AND ORDERS OFFERED AS SUPPLEMENTAL AUTHORITY

1. Attached as Exhibit "A" is a Court Order in the case of *Engvoldsen v. The Bank of New York Mellon,* Case No. 1:15-cv-00069-LGW-BKE (S.D. Ga. Dec. 11, 2015).

At page twelve (12) of this Order the Georgia Southern District Court states:

> [A] motion for judgment on the pleadings is to be filed "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and "[p]leadings are considered `closed' when <u>all defendants have filed answers to the complaint</u>," *Jordan v. Def. Fin. & Accounting Servs.*, No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). <u>As the Government filed its Motion at a time when the Bank and Bayview had not yet filed an answer to the Complaint, and instead had submitted a Motion to Dismiss that remained pending, the Government's Motion was premature</u>. (emphasis added)

2. <u>Attached as Exhibit "B" is a Court Order in the case of *May v. Tucker*, Case No. 2:15-cv-00053-LGW-RSB (S.D. Ga. Jan. 22, 2016)</u>

At pages fifteen (15) and sixteen (16) of this Order the Georgia Southern District Court states:

> A defendant may challenge the legal sufficiency of a complaint in a motion for judgment on the pleadings filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). "Pleadings are considered `closed' when <u>all defendants have filed answers to the complaint</u>." *Jordan v. Def. Fin. & Accounting Servs.,* No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). <u>The Tucker Defendants' Motion is premature</u>. <u>As of the date of this Order, Darlene Waters and Twin Oaks still have not filed a responsive pleading</u>. As the Tucker Defendants filed the instant Motion long before the close of the pleading period, the Motion is DENIED as improper at this time. (emphasis added)

3. <u>Attached as Exhibit "C" is the Court decision in *Lillian B. v. Gwinnett County School District*, Case No. 15-12159 (11th Cir. Nov. 19, 2015)</u>

In pertinent part, pages 2-4 of this decision, the Court of Appeals for the Eleventh Circuit states:

> The question presented in this appeal is whether a district court may grant a Rule 12(c) motion made before the pleadings are closed. <u>The first five words of Rule 12(c) make clear that the answer is no</u>…Because a party may not move for judgment on the pleadings until the pleadings are closed, the district court should have denied the District's Rule 12(c) motion as procedurally premature…The District contends that, even if the motion was premature under Rule 12(c), the district court "has inherent authority to manage its own docket 'so as to achieve

the orderly and expeditious disposition of cases.'…Maybe so, but <u>the district court's inherent authority does not authorize it to disregard express limitations or conditions contained in the Federal Rules of Civil Procedure</u>. (emphasis added)

4. <u>Attached as Exhibit "D" is the Court decision in *Miljkovic v. Shafritz and Dinkin, P.A.*, Case No. 14–13715 (11th Cir. Jun. 30, 2015)</u>

In pertinent part, pages 13-17 of this decision, the Court of Appeals for the Eleventh Circuit states:

> Congress amended 15 U.S.C. § 1692e(11) of the Act, which prohibits initial written communications to the consumer that fail to disclose that they are from a debt collector, to exclude formal pleadings "made in connection with a legal action" from the requirements of that subsection. § 1692e(11); see *Sayyed*, 485 F.3d at 231. In so doing, Congress expressly exempted formal pleadings—<u>and formal pleadings alone</u>—from a "sole, particularized requirement of the FDCPA." *Sayyed*, 485 F.3d at 231…Congress did not otherwise constrain the Act's general applicability to lawyers using litigation to collect debts…A debt collector may violate § 1692e by threatening "to take any action that cannot legally be taken," using "any false representation or deceptive means, to obtain information concerning a consumer," or <u>by failing to disclose in an initial written communication "with the consumer" that the communication is from a debt collector</u>. See id. § 1692e(5), (10), (11). As such, <u>§ 1692e is naturally read to bar "any" prohibited representation</u>, regardless of to whom it is directed, <u>so long as it is made "in connection with the collection of any debt."</u> *See id*. § 1692e. (emphasis added)

5. <u>Attached as Exhibit "E" is a Court Order filed in *Pearson v. Convergent Outsourcing, Inc.,* Case No. 8:15-cv-01424-EAK-TBM (M.D. Fla. Sept. 21, 2015).</u>

At pages five (5) and six (6) of this Order the Florida Middle District Court states:

> The FDCPA explicitly provides the necessary language to provide notice to a consumer of his or her rights and obligations. If a debt collector truly does not desire to mislead a consumer as to his or her rights and obligations, it follows that <u>the debt collector need only use the exact statutory language provided by Congress in the FDCPA</u>. (emphasis added).

6. <u>Attached as Exhibit "F" is the Court decision in *Bishop v. Ross Earle & Bonan, P.A.*, Case No. 15-12585 (11th Cir. Mar. 25, 2016)</u>

In *Bishop* the collector (law firm representing a HOA) properly informed the debtor that she had thirty days to dispute the debt, but it neglected to inform her that she must dispute the debt "in

writing." Plaintiff complained because Defendants' letter purportedly waived this requirement by permitting a less demanding means of communication than permitted by the statute. The trial Court (S.D. Fla.) dismissed the complaint averring that the "Plaintiff's position does not have a "quotient of reasonableness" and then concluded that the letter satisfied section 1692g(a)(4) even though it did not track the section verbatim. The Eleventh Court reversed and held.

> We reject the notion that § 1692g gives debt collectors discretion to omit the "in writing" requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing. 15 U.S.C. § 1692g(a)…Nothing in the statute suggests that debt collectors have discretion to relax these requirements. In any event, the FDCPA already specifies a remedy for violations of § 1692g. Section 1692k imposes civil liability on "any debt collector who fails to comply with any provision" of the FDCPA. 15 U.S.C. § 1692k(a). The term "any provision" clearly includes § 1692g; there is nothing elsewhere in the statute to suggest an exemption. This Court will not judicially fashion a "waiver remedy" for violations of § 1692g when the FDCPA identifies civil liability as the remedy for noncompliance…The "initial communication" alleged in this case states a claim under § 1692e because it misstates the law, omits a material term required by § 1692g(a), and misrepresents consumer rights under the FDCPA. *See* 15 U.S.C. § 1692g. (emphasis added)

7. Attached as Exhibit "G" is the Court decision in *Janetos v. Fulton Friedman & Gullace, LLP*, Case No. 15-1859 (7th. Cir. Apr. 7, 2016)

At page twelve (12) of this decision, the Court of Appeals for the Seventh Circuit states:

> In enacting § 1692g(a)(2), Congress determined that a debt collector must include in its § 1692g(a) notice "the name of the creditor to whom the debt is owed." With that specific disclosure requirement, Congress decided that the failure to make the disclosure is a failure the Act is meant to penalize. The undisputed facts show such a failure here. Since § 1692g(a)(2) clearly requires the disclosure, we decline to offer debt collectors a free pass to violate that provision on the theory that the disclosure Congress required is not important enough. There is also no need for individual inquiry about the materiality to any given recipient. Cf. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (declining to establish a materiality requirement for violations of § 1692e(11), which requires debt collectors to disclose their status as debt collectors, because the "statute expressly prohibits this exact omission") (emphasis in original), abrogated on other grounds, *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016). (emphasis added).

**WHEREFORE**, Plaintiffs respectfully request that this Court consider these supplemental authorities, which were not available before the filing of the last brief served by Plaintiffs in Opposition to Meloni's Motion for Judgment on the Pleadings with respect to Counts XV and XVIII.

DATED: June 27,2016,

Respectfully submitted,

By: _____/s/ DAVID P. REINER, II_____

**DAVID P. REINER, II**; Fla. Bar No. 416400
REINER & REINER, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com
*Counsel for Plaintiffs*.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2016, I electronically served this on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, BY EMAIL or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____/s/ DAVID P. REINER, II_____

**DAVID P. REINER, II**; Fla. Bar No. 416400
REINER & REINER, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

## SERVICE LIST

### CASE NO.: 14-CV-21192 - JEM/GOODMAN

*Via CM/ECF-EMAIL*

**Craig S. Hudson, Esq.**
Marshall, Dennehey, Warner, Coleman & Goggin, PC
100 NE Third Avenue, Suite 1100
Ft. Lauderdale, FL 33301
Phone: (954) 847-4920
Fax: (954) 627-6640
cshudson@mdwcg.com
[*Counsel for Defendant Affinity*]

**Rachel K. Beige, Esq.**
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401
Phone: (561) 383-9200
Fax: (561) 683-8977
rachel.beige@csklegal.com
[*Counsel for Defendant Marbella*]

**Dale T. Golden, Esq.**
**Benjamin W. Raslavich, Esq.**
Golden Scaz Gagain, PLLC.
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
[*Counsel(s) for Defendant Meloni*]