# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE   A.   AGRELO   and   OLGA   M.
FERNANDEZ, individuals,
      Plaintiffs,

vs.

THE  MELONI  LAW  FIRM,  a/k/a  EDOARDO
MELONI, P.A., *et al.*,
      Defendants.
_____/

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT AFFINITY'S
## ANSWER AND AFFIRMATIVE DEFENSES (ECF-115)

Pursuant to the Court's inherent powers and Fed. R. Civ. P. 12(f), Plaintiffs JORGE A.

AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and through undersigned counsel,

hereby move the Honorable Court to strike Defendant AFFINITY MANAGEMENT SERVICES

LLC's ("Affinity" or "Defendant") Answer and Affirmative Defenses, and in support state:

## RELEVANT PROCEDURAL HISTORY

Plaintiffs initiated this case by filing their original complaint on April, 3, 2014, (ECF-1)

alleging two (2) causes of action against Affinity for violations of the Florida Consumer

Collection Practices Act ("FCCPA"), Fla. Stat. §559.55, *et seq.* (2013). On June 4, 2014, –after

getting consent to amend– Plaintiffs filed an amended –operative– complaint (ECF-30)

("Complaint").  Affinity filed a motion to dismiss (ECF-38) that was denied by the Court. *See*,

ECF-103.  On January 28, 2015, well after the discovery closed, Affinity filed its Answer to the

Amended Complaint (ECF-115).   Just several hours later and before Plaintiffs could even

address Defendant's responsive pleading, the Court entered an Order (ECF-118) granting

Defendants MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC. ("Marbella") and Affinity's joined motion for summary judgment. Accordingly, a final Judgment (ECF-119) was entered the same day disposing all claims against the Defendants. Plaintiffs appealed. *See,* ECF-159. On November 9, 2016, the Eleventh Circuit reversed the trial court's decision as to Affinity (ECF-166) and ordered to remand for reinstatement of the Amended Complaint. Therefore, Plaintiffs are filling this motion for the first time to address Affinity's affirmative defenses, and to address their answer post appeal.[1]

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are properly granted when, on the face of the pleadings, they are patently frivolous, or insufficient as a matter of law. *See, e.g.*, *Muschong v. Millennium Phys. Group*, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014). Rule 12(f) gives courts substantial discretion to strike improper affirmative defenses "in order to avoid unnecessary time and money in litigating invalid and spurious issues." *See*, *Allapattah Services, Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005); *Fed. Deposit Ins. Corp. v. Bristol Home Mortg. Lending, LLC,* No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009) (recognizing the importance of eliminating insufficient defenses at the earliest possible stage of the proceedings).

Further, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain

---

1    Additionally and significantly, Affinity filed their Answer and Defenses after the discovery cut-off period had expired, effectively foreclosing Plaintiffs' ability to discover the basis for these answers and defenses. Unless a new discovery window is opened, Affinity's actions have greatly prejudiced Plaintiffs' ability to prosecute their case.

statement" of the asserted defense. *See, Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); *Holtzman v. B/E Aerospace, Inc.*, No. 07-8055 1,2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests") (brackets omitted) (quoting *Twombly*, 550 U.S. at 556 n.3). *See also, Castillo v. Roche Laboratories Inc.*, 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (collecting cases and observing that "[w]hile no Circuit Courts of Appeals have addressed whether this heightened pleading standard applies to affirmative defenses, a majority of lower courts have found that it does"). Moreover, sanctions under the Court's inherent authority may include monetary penalties, adverse inferences, and the striking of claims or defenses. *See, e.g. Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1280 (M.D. Fla. 2009); *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1338 (S.D. Fla. 2007).

## B.  AFFINITY'S ANSWER IS LEGALLY INSUFFICIENT AND IMPROPER.

Affinity's Answer to the Complaint is full of impermissible averments or refusals to plead, inappropriate responses and legally improper allegations that taint virtually all of Affinity's pleadings.  By the time that Affinity filed their Answer, it had ample time (10 months) to glean and allege sufficient facts to provide fair notice to Plaintiffs of its actual defenses and allegations.   Additionally,  most  of  Affinity's  defenses  asserted  in  its  Answer  are  more

appropriate for motion practice, but Affinity failed to raise them in any of its two (2) motions to dismiss. *See*, ECF-20 & 38.   Under these exceptional circumstances and considering that Affinity's violations of the Rules controlling the responsive pleadings are in substance rather than form, Plaintiffs request that this Court deny any attempt by Affinity to amend or replead its answers and defenses.

     1.  <u>Affinity's "documents speak for themselves" responses are improper and should be deemed an admission.</u>

The Fed. R. Civ. P. 8 is very clear in permitting only three alternatives by which a responding party may address each of the allegations in a complaint: either an admission <u>or</u> a denial <u>or</u> an assertion in the form set out in Rule 8(b)(5).   A response simply stating that "the document speaks for itself" (*See, e.g.*, ECF-115-¶26) is not proper under the rule.   Defendants may not respond to an allegation in a complaint by stating that "the document speaks for itself" because the documents do not speak[2]; rather, they represent factual information from which legal consequences follow.   Despite this violation of the Rule 8 by Affinity, its response at paragraph 26 is ambiguous at best. Plaintiffs argue in that paragraph that, (i) Affinity received a letter from Plaintiffs' counsel Abdel Jimenez on April 3, 2013, as shown in Exhibit "J" of the Complaint; (ii) the letter at matter disputed an alleged "fine" that Affinity attempted to collect from Plaintiffs, and (iii) Affinity never responded to such letter. Affinity, in turn, states that the "Abdel Letter 1" speaks for itself and then, denies the remaining allegations of the paragraph. Whereas

---

[2]   In an especially memorable passage, Judge Shadur in Illinois made the point quite eloquently: "[I]nstead of providing forthright responses to the specific allegations, [the defendant] asserts that the documents speak for themselves. This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)–but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that are permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents." *Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc*., 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000).

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

the allegations in that paragraph relate entirely to Jimenez's letter, Affinity failed to explain what the remaining allegations it purportedly denies are. Fed. R. Civ. Rule 8(b) provides that any allegation in the complaint requiring a response is deemed admitted if no response is provided. Accordingly, Plaintiffs request to the Court that the Affinity's responses "the document speaks for itself", and specifically the one asserted at paragraph 26, are deemed admissions for the remainder of the litigation.

> 2. <u>Affinity's denials and claims lack of knowledge in the same response is improper and should be deemed a denial.</u>

Affinity's Answer to the Complaint includes numerous responses where it denies the Plaintiffs' allegations and immediately thereafter, it claims lack of knowledge (*See, e.g.* ECF-115-¶¶ 5-13). This is a pervasive violation of Fed. R. Civ. P. 8(b). Plaintiffs request therefore that these responses are deemed simple denials by the Court for the remainder of the litigation.

> 3. <u>Affinity's claims of strict proof by Plaintiffs is improper under Rule 8.</u>

Affinity's Answer to the Complaint contains various responses where it claims strict proof by Plaintiffs (*See, e.g.* ECF-115-¶¶88, 91, 94), nevertheless, the concept of "strict proof," is nowhere to be found in the Rules, or in any other set of pleading rules. Consequently, any such demand is "impermissible" and Plaintiffs request it should be stricken from Affinity's Answer.

## C. AFFINITY'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN BECAUSE THEY ARE FACTUALLY BASELESS AND LEGALLY INSUFFICIENT.

Affinity has alleged in its Answer to the Complaint 14 separate Affirmative Defenses, all of which are improperly pled, insufficient as a matter of law, or scandalous. This vexatious method of pleading everything, "including the kitchen sink," displays a lack of care, deliberation and professionalism on the part of counsel engaging in such conduct, which fairly invites reaction by the Court. Affinity's counsel's extravagance has put Plaintiffs' counsel, and now this

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

Court, to the burden of scrutinizing each of the Affirmative Defenses to determine whether they are subject to a motion to strike under Rule 12(f) standard set forth above. Additionally, as a general averment, Plaintiffs argue that under the statutory construction doctrine, *unius est exclusio*, the Florida Legislature's "*bona-fide* error" defense to the FCCPA (§ 559.77(3)), and no other within the FCCPA, creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. *See*, *Howlett v. Rose*, 496 U.S. 356, 375 (1990). In view of that, any affirmative defense in a FCCPA lawsuit other than "*bona-fide* error" is procedurally improper.  That said, and in abundance of caution, Plaintiffs will analyze each Affinity's Affirmative Defenses in turn.

### Affinity's First Affirmative Defense states:

> Plaintiff has failed to plead a claim against AFFINITY for which relief can be granted.

Response: This  defense is wholly void of substance, indeed, this is a bare-bone, conclusory allegation, which is no more than a recitation of the standard for dismissal under Rule 12(b)(6) without even citing the Rule; therefore, it utterly fails to notify Plaintiffs regarding what claim in the Complaint Plaintiffs have allegedly failed to state and how. *See, Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response). Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about.  Further, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See, In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988). This court also reasoned in *Wiemer v. Felberbaum & Associates, P.A.*, No. 07-80934-CIV, 2008

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

WL 299016 (S.D. Fla. Feb. 1, 2008) that when a defendant's assertion is actually (i) a denial rather than an affirmative defense, which was (ii) already denied in the answer to the complaint, the court will strike the alleged affirmative defense for being redundant. By the same token, this court held in *Compare Certain Interested Underwriters at Lloyd's v. Axa Equitable Life Ins. Co.*, 2013 U.S. Dist. LEXIS 104990, at *11-13 (S.D. Fla. July 26, 2013) that "[f]irst affirmative defense −failure to state a claim− is patently frivolous" and it "must be the subject of a motion to dismiss, not the basis of an affirmative defense". In light of the foregoing, this Defense should be stricken.

### Affinity's Second Affirmative Defense states:

> Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability by AFFINITY.

Response: This is not an Affirmative Defense but merely a statement that Affinity believes it has excuses for breaking the law.  It is also insufficient as it fails to mention the conduct of Plaintiffs or "others" upon which Defendant somehow relied to its detriment. "[w]here affirmative defenses are no more than bare bones conclusory allegations, [they] must be stricken." *Morrison* 434 F. Sup. 2d. 1314, 1318 (S.D. Fla. 2005). *See also*, *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about. Even assuming *arguendo*, that this defense is properly pled, it is irrelevant to the issue of whether Affinity violated the FCCPA. An action under the FCCPA does not depend on whether the Plaintiffs' alleged debt is valid or not, since the right to bring a suit under the Act arises from Collector's conduct in collecting the debt and whether the conduct involves unscrupulous debt collection practices.  *See*, *Abby v. Paige*, 10-23589-CIV, 2013 WL 141145, at

*8-9 (S.D. Fla. Jan. 11, 2013) (Holding that plaintiff was entitled to compensation… "[r]egardless of whether Plaintiff owed these amounts"). Affinity is only responsible for its own acts or omissions and it is irrelevant to assert Plaintiffs' own fault, an allegation that may be appropriate in a State tort case but has no bearing on this litigation. Based on the evidence in the record and Affinity's admissions, Plaintiffs were the recipients of two collection letters sent by Affinity dated May 16, 2013 (ECF-30-11) and June 28, 2013 (ECF-30-12), as such, Defendant is liable for any violation of the FCCPA as the result of sending said dunning notices. Therefore, Defendant's Second Affirmative Defense should be stricken.

### Affinity's Third Affirmative Defense states:

> Any violation of the law or damage suffered by Plaintiff, which AFFINITY denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against AFFINITY.

Response:  Nothing in the FCCPA exempts "persons" from compliance or from liability based on the reasons for a consumer's delinquency or he/her conduct in avoiding payment. Further, Defendant's allegations are not developed, are unsubstantiated and are redundant. For purposes of deciding a Rule 12(f) motion, "redundant" has been defined as including allegations or claims that are needlessly repetitive. This defense is also vague, poorly worded and is "insufficient" under the standard set forth in Rule 12(f).  Plaintiffs have been left to guess as to which alleged conduct it refers to, and as such, Plaintiffs are unable to understand what this defense stands for.  Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about.  In sum, this Affirmative Defense is insufficient, scandalous, redundant and should be stricken. *See*, *Tsavaris v. Pfizer, Inc.*, Case No. 1:15-cv-28126-KMM, 2015 WL 5656126, at *4 (S. D. Fla. Sept. 25, 2015) (striking affirmative defenses which were bare-bone conclusions of law without any supporting facts because they failed to

give the plaintiff "fair notice" of the defenses defendant intended to raise and develop in the case).

### Affinity's Fourth Affirmative Defense states:

> Even if AFFINITY violated the FCCPA, which it affirmatively denies, Plaintiff did not incur actual damages as a result of the alleged conduct of AFFINITY.

Response: This is not a defense, much less an Affirmative Defense. It fails to allege any facts in support and it is simply a denial of Plaintiffs' actual damages suffered as the result of the Affinity's alleged FCCPA violations – which they deny.  Accordingly, it is not properly pled according to the generally recognized affirmative defenses contained in Fed. R. Civ. P. 8(c). Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about. Denials of the Plaintiffs' pleadings, or allegations that the Plaintiffs cannot prove the elements of their claims are not Affirmative Defenses. *See*, *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."), *See also*, *Pujals*, 777 F. Supp. 2d at 1328. As such, Defendant's Fourth Affirmative Defense should be stricken.

### Affinity's Fifth Affirmative Defense states:

> Plaintiff's FCCPA claims should be dismissed or withdrawn because Plaintiff has not presented any facts that would establish a claim under the FCCPA. See Fl. Stat. 559.72(1)-(19).

Response: This defense is duplicative of the First Affirmative Defense, and it is also deficient, "because it merely points out a defect in [Plaintiff's] case." *Oriole Gardens Condo. Ass'n I v. Aspen Specialty Ins. Co.*, No. 11-62281-CV, 2012 WL 864629, at *1 (S.D. Fla. Mar. 13, 2012).  Here, Affinity is merely denying the truth of Plaintiffs' factual allegations rather than asserting a true Affirmative Defense. "[A]ffirmative defenses are subject to the general pleading

requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations."' *Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA*, 2005 WL 975773, *11 (S.D. Fla. 2005). Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about. Defendant's allegation asserted in the Fifth Affirmative Defense is a conclusory and an "insufficient" defense within the meaning of Fed. R. Civ. P. 12(f). As such, this defense should be stricken.

> **Affinity's Sixth Affirmative Defense states:**

> If there was non-compliance by AFFINITY, which is denied, the alleged non-compliance was not frequent, persistent or intentional.

Response: The non-intentional conduct defense asserted by Affinity is conclusory and it does not meet the plausibility standard or provide notice to Plaintiffs.  This Defense should be stricken for these fundamental reasons: (i) the frequency, persistence or intentionality of the FCCPA's violations are only factors in the liability stage of the proceedings and need not be pled to state a *prima facie* case [3], (ii) this defense is redundant with the "*bona fide* [4]," allegation asserted by Affinity in the Eleventh Affirmative Defense, and (iii) this defense is clearly invalid as a matter of law because the FCCPA does not ordinarily require proof of intentional violation and, as a result, it is described as a strict liability statute. *See*, *Gannon v. IC Systems, Inc.*, 2009 WL 2075244 (S.D. Fla. July 13, 2009) ([t]he Court is aware that compliance with the FDCPA

---

[3]    *See*, Fla. Stat. 559.77(2) "…In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional"(emphasis added).

[4]    *See*, Fla. Stat. § 559.77(3) "A person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."(emphasis added).

(and therefore the FCCPA) is generally one of strict liability, in that a violation cannot be avoided based upon lack of intent). Here, whether Affinity acted in good faith and without malice has no effect on the violations alleged, since once the collection letters at issue were sent to Plaintiffs, the damage was done. Affinity's violation of the FCCPA make it liable to Plaintiffs for actual and statutory damages. *See*, *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of strict liability, known as the '*bona fid*e error' defense"). Further, reading a *scienter* requirement into portions of the FCCPA, which does not specify that intent is required, would render such Act superfluous and meaningless. *See, United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989) ("[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"). Accordingly, this defense should be stricken as a matter of law.

> ### Affinity's Seventh Affirmative Defense states:
>
> Because all or some of Plaintiff's claims may be barred by the applicable statute of limitations, AFFINITY affirmatively asserts the defense of statute of limitations.

Response: It is clear that Affinity is merely tossing this defense into the case like a fish hook without bait. For the FCCPA's claims raised in the Complaint as to Affinity, the statute of limitations is two (2) years. *See*, Fla. Stat. § 559.77(4). Affinity's collection letters at bar were dated May 16, 2013 (ECF-30-11) and June 28, 2013 (ECF-30-12) while Plaintiffs' original complaint was filed on April 3, 2014–well within the permitted time frame. *See*, *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (the statute of limitations for an FDCPA violation begins running as of the date the collection letter is mailed). Additionally, when Affinity refers to Plaintiff, in singular, it is unclear which of the two Plaintiffs, Affinity is talking about.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

In order to be minimally suitable, a defense of limitations should be asserted by alleging the number of years between the accrual of the claim and the commencement of the action. Affinity has not even tried to do so. *See*, *Castillo v. Roche Laboratories Inc*., 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010)(noting that with regard to plaintiffs statute of limitations defense, defendant "fails to provide any facts," and instead, merely "alleg[es] that the affirmative defense exists"). Defendant's Seventh Affirmative Defense should be stricken as patently frivolous in violation of Fed. R. Civ. P. 11(b)(2). *See e.g., Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (noting that legal claims are <u>frivolous in egregious circumstances</u> such as when a party ignores the plain language of a statute of limitations.) (quoting *United States v. Milam,* 855 F.2d 739, 743 (11th Cir.1988))(emphasis added).

### Affinity's Eighth Affirmative Defense states:

> Plaintiffs owe fines to MARBELLA. In the unlikely event that Plaintiffs are awarded any recovery against AFFINITY, AFFINITY is entitled to a set-off of the amount owed by Plaintiff to MARBELLA.

<u>Response:</u> The allegations that Affinity made bear no relation to the generally recognized affirmative defenses contained in Fed. R. Civ. P. 8(c). Even assuming *arguendo*, that this defense would have been properly pled, it should be still stricken because it is invalid as a matter of law. Courts have refused to permit set-off as a defense to a claim under the FCCPA, because it would reduce the deterrent effect of statutory damages and the incentives for an obligor to sue over statutory violations. The Eleventh Circuit recently held that a "person" may not violate consumer protection laws and setoff resulting damages with money owed by the consumer. *See*, *Brook v. Chase Bank USA*, 566 Fed. Appx. 787 (11th Cir. May 14, 2014) (*per curiam*). The panel in this leading case reasoned that "the FCCPA is a penal statute designed to deter bad collections practice, and if a collector can simply setoff an FCCPA award against the outstanding debt, there

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

would be little to no incentive to comply with the FCCPA". Further, the court was concerned that allowing a debt collector a setoff in this circumstance would "reward" its illegal actions by giving them a "shortcut in the collection process". *See also*, *In re Runyan*, 530 B.R. 801, 803 (M.D. Fla. 2015). As articulated above, Defendant's Eighth Affirmative Defense should be stricken.

**Affinity's Ninth Affirmative Defense states:**

> AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' claims for non-economic damages under the FCCPA are barred by the impact rule, as Plaintiffs have failed to allege any physical impact or injury.

Response: Again, this so-called Affirmative Defense did not allege any facts or raise any arguments demonstrating how it is applicable. This is ultimately a denial of Plaintiffs' rights to recover and it is not properly asserted as an Affirmative Defense. *See*, *Pujals*, 777 F. Supp. 2d at 1328. Even assuming *arguendo*, that this defense would have been properly pled, it should be still stricken because it is insufficient as a matter of law. Here, the impact rule asserted by Affinity is a common law requirement that physical contact must occur to allow damages for negligent infliction of emotional distress.

Notably, this defense is misplaced and inapplicable in the context of FCCPA and FDCPA cases. Actual damages for emotional distress are allowable under the FDCPA, *See, e.g. Minnifleld v. Johnson & Freedman, LLC*, 448 Fed. App'x 914, 916 (11th Cir.2011); *Fini v. Dish Network L.L.C.*, 955 F.Supp.2d 1288, 1299 (M.D.Fla.2013) (finding the same under the FCCPA) [5], and the analysis is not subject to state laws that might bar recovery for emotional

---

[5]  *See also*, *Ghaffari v. Collins Tower Association* Case No. 13-cv-21037 (S.D. Fla. Jan. 27, 2016) (awarding $3,000 in actual damages for emotional distress arising from FDCPA violations); In *Barker v. Tomlinson*, No. 8:05–CV–1390–T–27EAJ, 2006 WL 1679645 (M.D. Fla. June 7, 2006), the plaintiff received $10,000 in actual damages. In *Mesa v. Insta–Service Air*

distress related injury absent proof of physical bodily contact or malicious intent. *See, Crespo v. Brachfeld Law Grp.*, 11–60569–CIV, 2011 WL 4527804, at *5 (S.D. Fla. Sept. 28, 2011) ("Courts interpreting the FDCPA have allowed recovery for actual damages related to emotional distress without pleading an intentional infliction of emotional distress claim."). *See also, Laufman v. Phillips & Burns, Inc.*, No. 8:07-cv-2171-T-23MSS, 2008 U.S. Dist. LEXIS 4304, 2008 WL 190604, at 2 (M.D. Fla. Jan. 22, 2008) (denying defendant's motion for summary judgment on plaintiff's emotional distress damages under the FDCPA because plaintiff had established via affidavit that he suffered emotional distress). In *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) this Court explained:

> In FDCPA cases, numerous courts have determined that state law evidentiary requirements for establishing damages are inapplicable: Violation of any provision of the FDCPA entitles the consumer to an award of actual damages, statutory damages up to $1,000, costs and attorney's fees. 15 U.S.C. § 1692k(a). <u>With respect to actual damages, which may include compensation for emotional distress, state law requirements that must be proven to establish negligent or intentional infliction of emotional distress are inapplicable</u>. (citations omitted)(emphasis added).

In sum, Defendant's Ninth Affirmative Defense should be stricken by the Court because it is clearly invalid as a matter of law.

---

*Conditioning Corp.*, Case No. 03–20421 CA 11, 2011 WL 5395524 (Fla. 11th Cir. Ct. Aug. 2, 2011), a jury awarded $150,000 in compensatory damages. In *Beasley v. Anderson, Randolf, Price LLC*, Case No. 16-2007–CA–005308, 2010 WL 6708036 (Fla. 4th Cir. Ct. April 19, 2010), a jury awarded $75,000 for mental anguish, inconvenience, or loss of capacity for the enjoyment of life after the defendant repeatedly called the plaintiff's cell phone to collect a debt, even after being told that it was a work phone number, after receiving a cease and desist letter, and after learning the plaintiff was represented by an attorney. See also, *Campbell v. Bradley Fin. Grp.*, No. CIV.A. 13–604–CG–N, 2014 WL 3350054 (S.D. Ala. July 9, 2014)($15,000 in emotional distress damages); *Goodin v. Bank of America, N.A.*, --- F.Supp.3d---, 2015 WL 3866872 (M.D. Fla. June 23, 2015)(awarding $50,000/each to husband and wife for compensatory damages, based mainly on emotional distress as proved by the consumers' testimony of anxiety, frustration, and sleeplessness).

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

**<u>Affinity's Tenth Affirmative Defense states:</u>**

> AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' have failed to allege any cause of action against it under the FCCPA as it was not seeking to collect a debt on behalf of MARBELLA but was seeking to collect a fine, as provided for under MARBELLA's Declaration of Covenants.

<u>Response:</u> This Defense lacks any factual allegations whatsoever and should be stricken for that reason. It provides nothing more than labels and conclusions, and therefore fails to meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It simply points out purported defects in the Complaint and it is, consequently, not an Affirmative Defense. *See*, *In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988); *Pujals*, 777 F. Supp. 2d at 1328. This Defense is also redundant with the First and Fifth Affirmative Defenses. Further, the "fine is not a debt" argument was already rejected by the Eleventh Circuit in the course of this litigation. *See*, ECF-166. As a result it cannot be re-litigated again pursuant to the law-of-the-case doctrine. *See, Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011). In light of the foregoing, this Defense should be stricken.

**<u>Affinity's Eleventh Affirmative Defense states in part:</u>**

> AFFINITY asserts, without admitting any liability whatsoever, that Plaintiffs' have failed to establish a *prima facie* case against AFFINITY for violation of the FCCPA. The letters sent by AFFINITY, on behalf of MARBELLA, are not debt collection letters but are letters seeking to impose a fine on behalf of MARBELLA pursuant to its Declaration of Covenants. "Fines are not considered debts…because they are not the product of a consumer transaction."...

This defense is redundant with the First, Fifth and Tenth Affirmative Defenses, further, it is also poorly worded and in apparent conflict with the allegations raised in the Tenth Defense where Affinity stated that it was attempting to <u>collect</u> a fine and now it says, it was merely seeking to <u>impose</u> a fine. As explained before, an Affirmative Defense is established when a

defendant admits to the essential facts of the complaint, "but sets forth other facts in justification or avoidance." *See*, *In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). This defense involves unsubstantiated and bare-bones conclusions, which are proper of motion practice. As such, this defense should be stricken as redundant, immaterial, and impertinent according to Fed. R. Civ. P. 12(f). Furthermore, the arguments contended by Affinity here were already resolved by the Circuit Court (ECF-166) on appeal; thus, "Under the law-of-the-case doctrine, [the resolution of] an issue decided at one stage of a case is binding at later stages of the same case." *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1313 (11th Cir.2000). The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. *See*, *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir.1991).

<u>**Affinity's Twelfth Affirmative Defense (named mistakenly as Eleventh) states:**</u>

> AFFINITY asserts, without admitting any liability whatsoever, that it was acting on behalf of Co-Defendant, MARBELLA, pursuant to its management agreement and to the extent it is found liable under the FCCPA (which it denies), MARBELLA is liable to AFFINITY for any damages incurred while acting in its capacity as management company for the HOA.

<u>Response:</u> This so-called defense is flatly misplaced and out of context, any liability dispute between Affinity and Co-Defendant Marbella is not part of the Plaintiffs' Complaint or the pleadings and should be resolved between them. This assertion does not allege the elements of any recognizable Affirmative Defense and fails to assert which of Plaintiffs' claims it is raised against. Rather, this defense suggests an upcoming litigation between Affinity and Marbella, which has no relation whatsoever to the Plaintiffs' allegations against Affinity. When the allegations are irrelevant to the asserted claims, they should be stricken. *See*, *Halifax Paving Inc. v. U.S. Fire Ins. Co.*, 2006 WL 3708090 at *2 (M.D. Fla. Dec. 14, 2006). *See also*, *Morrison*, 434 F. Supp. 2d at 1318 ("A court must not tolerate shotgun pleading of affirmative defenses,

and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."). Plaintiffs are entirely unable to prepare a response to such an ambiguous statement in the clothing of an Affirmative Defense. This defense should be summarily stricken as frivolous.

**Affinity's Thirteenth Affirmative Defense states:**

> AFFINITY asserts, without admitting any liability whatsoever, that in the event it is deemed liable under Fla. Stat. 559.77(3), it is entitled to the *bona fide* error defense.

Response: This defense should be stricken as it was NOT pled with sufficient particularity under Fed. R. Civ. P. 9(b). Because the defense at issue deals with an alleged mistake–a *bona fide* error in the statutory parlance–Affinity is obligated to comply with both Fed. R. Civ. P. 8 and 9(b). The standard under Rule 9(b) requires parties to state the circumstances of a mistake with "particularity", which means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Res. Corp.*, 128 F. 3d 1074, 1078 (7th Cir. 1997). "An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations". *Turner v. Smith, Dean & Assoc.*, No. 8:10-CV-1665-JDW-AEP, 2011 WL 589473, at *2 (M.D. Fla. Feb. 10, 2011).

The *bona fide* error defense is the only defense available to Affinity under the FCCPA, and must be plead with specificity as to the 3 elements required. *Se*e, *Owen v. I.C. Sys., Inc.*, 629 F.3d at 1271 (11th Cir. 2011)("a debt collector bears a three-part burden of showing that its FDCPA violation (1) was 'not intentional'; (2) was a '*bona fide* error'; and (3) occurred despite the maintenance of procedures 'reasonably adapted to avoid any such error.'"). However, Affinity merely restate the language of the statute, and it is therefore insufficient under Fed. R. Civ. P. 9(b). *See*, *Aluia v. Dyck-O'Neal, Inc.*, 2015 WL 4349090, *2 (M.D. Fla. July 14, 2015)

(granting plaintiff's motion to strike *bona fide* error defense); *Schmidt v. Synergetic Comms. Inc*., 2015 WL 997828, *2 (M.D. Fla. 2015) (granting plaintiff's motion to strike *bona fide* error defense).

On a related note, Plaintiffs observe that in the matter of *Prescott v. Seterus, Inc*., 2015 WL 7769235 (11th Cir. Dec. 3, 2015) the panel held that Defendant's violations of the FDCPA/FCCPA did not result from any factual or clerical error and that pursuant to the ruling in *Jerman v. Carlisle, McNellie, Rini, Kramer*, 130 S. Ct. 1605 (2010), the *bona fide* error defense did not apply to Defendant in that case. Here, the lack of basic facts in this defense as pled by Affinity, especially where it is asserted after the discovery cut-off deadline, is a defect in substance that should not be allowed to be amended, but, in the event that this Court permits Affinity to replead it, Affinity is foreclosed from asserting that any violation resulted from a flawed legal interpretation of the FCCPA or the Marbella's docs.

Plaintiffs highlight that the "*bona fide* error" defense does not apply in this case since Affinity is charged with violation of the Fla. Stat. § 559.72 (9) & (18) by communicating with Plaintiffs when it knew that Plaintiffs were represented by an attorney and by collecting illegitimate debts that were not permitted by the agreement creating such claim. *See,* ECF-30-¶¶87-89, 93-95. These violations may have resulted from a "mistaken interpretation of the legal requirements of the "FCCPA" or from a mistaken interpretation of the contract (Marbella's governing documents) itself. Either way, these violations clearly did not result from a factual or clerical error. Mistakes of law are not a defense. *See*, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 582-583 (U.S. 2010). Plaintiffs remind counsel for Defendant that sanctions are appropriate pursuant to Rule 11 when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced

as a reasonable argument to change existing law. *See*, *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996).

Finally, the record in this case, with which this Court is intimately familiar, gave no hint that a *bona fide* error defense would be forthcoming. It would be highly prejudicial to Plaintiffs to allow Affinity to assert this new affirmative defense on the eve of trial, when Plaintiffs have no opportunity to conduct discovery on this issue. Indeed, it will increase the expense of this litigation and delay its final resolution. A party is prejudiced "if an added claim would require [it] 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court.'" *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999)).

**Affinity's Fourteenth Affirmative Defense states:**

> AFFINITY asserts, without admitting any liability whatsoever, that it is not a debt collector within the meaning of the FCCPA, was not involved in a consumer transaction and was seeking to impose a fine, not collecting a debt; therefore, cannot be liable under the FCCPA and Fla. Stat. 557.72.

Response: A denial of the claim is not an Affirmative Defense.  A proper Affirmative Defenses admits the allegations of the complaint and raises matters outside of the scope of Plaintiffs' *prima facie* case as legal excuses. Affinity's unsupported allegations are not an affirmative defense, but rather an issue that should be raised by motion practice. The portion of this defense pertaining to the fact that Affinity was not involved in a consumer transaction and was seeking to impose a fine, instead of collecting a debt, is redundant with the Affirmative Defenses Tenth and Eleventh. Even more importantly, all issues raised in this defense were rejected by the Eleventh Circuit. *See*, ECF-166. This defense should be therefore stricken as a matter of law because the law-of-the-case doctrine makes the findings of fact and conclusions of

law of an appellate court binding in all subsequent proceedings in the same case either in the trial

court or on appeal. *See, U.S. v. Amedeo*, 487 F.3d 823, 829-830 (11th Cir.2007).

## **<u>CONCLUSION</u>**

Affinity should not be able to assert a laundry-list of unsubstantiated defenses hoping to

find, at a later date, some facts that might support them where it is impossible to determine if

they are even plausible on their face. Affinity's Affirmative Defenses are nothing more than

formulaic, boilerplate recitation of law, containing only conclusory allegations and mere denials.

"In litigation, neither the meritless…nor the frivolous, nor the vexatious should progress in

safety and for free." *Odyssey Marine Exploration, Inc. v. The Unidentified Shipwrecked Vessel*,

No. 8:07-cv-614-T-23MAP (M.D. Fla. Sept. 25, 2013). *See also, In re Gleason*, 492 Fed. Appx.

86, 87-88 (11th Cir. 2012) ("When an attorney files inappropriate and unprofessional documents,

a court may impose sanctions based on its "inherent power to oversee attorneys practicing before

it."

**WHEREFORE**, Plaintiffs respectfully request this Court enter an order (i) granting the

relief requested in the above sections B(1), (2) and (3); (ii) striking Affinity's Affirmative

Defenses, finding them either, insufficient as a matter of law or lacking of sufficient facts upon

which they rely; (iii)  denying Affinity a "leave to replead" upon consideration that it had plenty

of time (10 months) to discover and prepare these defenses; (iv) award Plaintiffs their attorney's

fees and costs incurred in bringing this motion pursuant to this Court's inherent powers; and (v)

granting such other relief as this Court deems just and proper against Affinity for filing a

frivolous responsive pleading.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel certifies that in accordance with Local Rule 7.1(a)(3), he has that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by email ('cshudson@mdwcg.com'; 'dgolden@gsgfirm.com'; 'rachel.beige@csklegal.com') on Wednesday and Thursday, however, only Meloni's counsel responded, and they offered no position on this motion.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2016, I electronically served the above-captioned Motion on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400