## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals,

      Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A., et al.,

      Defendants.

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO
## SUPPLEMENT PLAINTIFFS' RESPONSES (ECF-79) AND (ECF-80)
## IN LIGHT OF THE APPELLATE DECISION OR, IN THE ALTERNATIVE
## FOR AN ORDER DENYING THE MOTIONS WITH LEAVE TO REFILE
## IF AND WHEN APPROPRIATE IN LIGHT OF THE APPELLATE DECISION

Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and

through undersigned counsel, hereby move the Court pursuant to its inherent authority and Fed.

R. Civ. P., and in light of the Eleventh Circuit decision in this case, for entry of an order granting

the above-captioned Motion and as grounds state:

### RELEVANT PROCEDURAL HISTORY

1.      On June 4, 2014, Plaintiffs filed an amended–operative–complaint ("Complaint" )

for alleged violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.*

("FCCPA") as to THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., and

EDOARDO MELONI, ESQ.'s ("Meloni"), MARBELLA PARK HOMEOWNERS'

ASSOCIATION, INC.'s ("Marbella") and AFFINITY MANAGEMENT SERVICES, LLC,

("Affinity")(collectively "Defendants").  Plaintiffs also sued Meloni for violations of the Fair

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") acting as an agent for Marbella in the collection of the Plaintiffs' alleged debt. *See*, ECF-30, generally.

2.      On June 17, 2014, Affinity filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction (ECF-38). On June 18, 2014, Marbella filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and, in the alternative, Motion to Dismiss (ECF-40). Both Motions were fully briefed and while the Affinity's Motion was denied, (ECF-103) Marbella's Motion was never decided.

3.      On October 8, 2014, this Court entered a scheduling order requiring the parties to file all dispositive motions by December 1, 2014 and all pretrial motions by January 12, 2015. *See*, ECF-60.

4.      On December 1, 2014, before filing an answer to the Complaint, Marbella filed a Motion for Summary Judgment. *See*, ECF-73. Likewise, the same day Meloni filed both a Motion for Partial Summary Judgment (ECF-74) and a Motion for Judgment on the Pleadings (ECF-75), which as of today are still pending to be decided. Meloni's motions were briefed in opposition by Plaintiffs on December 18, 2014. *See*, ECF-79 & 80.

5.      On December 16, 2014, Affinity filed a Notice of Joinder in Marbella's Motion for Summary Judgment. *See*, ECF-76.

6.      On January 15, 2015, Meloni docketed a Motion for Extension of Time regarding pretrial deadlines. In pertinent part, Meloni stated: "Neither Marbella nor Affinity has answered Plaintiffs' Amended Complaint and, as such, the pleadings are not yet closed."(emphasis added). *See*, ECF-104-¶8. Plaintiffs request this Court take Judicial Notice of this Meloni's position.[1]

---

[1] The Court may take judicial notice of the docket and those pleadings filed in the court record by all parties, including Plaintiff. *See*, *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53-54

7.      On January 28, 2015, Affinity filed its Answer to the Complaint. *See*, ECF-115.

8.      On January 29, 2015, the Court entered an Order granting Defendants Marbella and Affinity's joined Motion for Summary Judgment, and accordingly a final Judgment was filed the same day disposing all claims against them. *See*, ECF-118, 119.

9.      Plaintiffs appealed the Court's Order on September 14, 2015 (ECF-159) after the Court certified its Judgment as appealable pursuant to Fed.R.Civ.P. 54(b).

10.      On November 9, 2016, the Eleventh Circuit reversed the Court's January 29 Order as to Affinity and vacated it as to Marbella remanding the case for further proceedings. *See*, ECF-166. Marbella has yet to answer the Complaint.

11.      Following the remand, Plaintiffs have or are filing two motions, one to strike Affinity's Answer and another one for reconsideration of orders denying leave to amend, and renewal of motion for leave to amend the Complaint. Both motions are or will be pending briefing by the parties and consequentially they are as yet unresolved.

## LEGAL STANDARD

A district court has the inherent authority to manage its docket, which includes the power to stay ruling on dispositive motions when an answer to the Complaints has not been filed. "We recognize that district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (quoting *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996)). The district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991). *See also*, *Abdullah v. City of Jacksonville*, 242 Fed. Appx. 661, 662 (11th Cir.2007) (district courts have

_____

(11th Cir. 2006); *see also, Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004).

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

broad discretion to manage their caseloads). Every court has "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); accord *United States v. Western Electric Co., Inc.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995)("a trial court has inherent power to control the sequence in which it hears matters on it calendar…"). The district court has a "range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005).

## ARGUMENT

### A.  Introduction

The FDCPA is a strict liability statute so the consumer need not show that the violation was intentional.  *See*, *Pollack v. Bay Area Credit Serv., L.L.C.*, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2008); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir.2010). The FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See*, *Bianchi v. Bronson & Migliaccio, LLP*, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011). Unlike the FDCPA, the FCCPA narrows liability by adding a requirement for knowledge of falsity as to claims made. Fla. Stat. § 559.72(9). *See e.g.*, *Reese v. JPMorgan Chase & Co.*, 2009 WL 3346783, at *14 (S.D. Fla. 2009) (requiring actual knowledge by the debt collector that the debt is not legitimate).  All joint claims alleged in the Complaint as to Marbella and Meloni are related to violations of Fla. Stat. § 559.72(9). It is settle law that actual knowledge required by the FCCPA is not a question of law but a fact issue and a court or even the jury can rely on purely circumstantial evidence for a finding of actual knowledge. *See, Colonial Stores, Inc. v.*

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

*FTC*, 450 F.2d 733, 744–45 (5th Cir. 1971) (noting the necessity of proving actual knowledge through circumstantial evidence "since the only direct evidence of a state of mind must come from the testimony of the individuals who have broken the law")

    B. <u>Appellate court's finding of facts and conclusions of law are relevant to the issues addressed in Meloni's pending motions.</u>

    It is well settled that the law-of-the-case doctrine makes the findings of fact and conclusions of law of an appellate court binding in all subsequent proceedings in the same case either in the trial court or on appeal. *See*, e.g., *U.S. v. Amedeo*, 487 F.3d 823, 829-830 (11th Cir.2007).  Plaintiffs note that several findings of facts and allegations set forth in the panel decision (ECF-166) are relevant to the resolution of the issues presented by Meloni in their pending dispositive motions. Plaintiffs request that the Court grant them an opportunity to develop/argue those findings of facts and inferences via either supplementing their response to the motions at hand or through response if Meloni were ordered to file renewed dispositive motions. By way of an example, the court of appeal asserted in its Mandate (ECF-166-p.6) that "*Marbella identified no specific provision of the governing documents that the homeowners had violated*". Therefore, without identifiable violations of the Marbella's governing documents, no "fine" could have been legally imposed,[2] no demand letters legally threatening to legally foreclose could have been sent, and no attorney's fees should or could have legally been incurred for the collection of an invalid "debt".  Meloni in its motion for summary judgment (ECF-74) at page 6 states:

        It is well settled that "Florida law authorizes attorneys' fees when collecting unpaid [homeowners' association] assessments" and "[n]o rule restricts attorney's fees to only situations where an attorney has filed suit."

---

[2]   *See, Herssein Law Group v. Reed Elsevier*, No. 14-11945 (11th Cir. Feb 23, 2015)("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached.").

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

> *Malowney v. Zacur, Graham & Costis, P.A.*, 8:11-CV-634-T-30EAJ, 2011
> WL 1655572, at *2 (M.D. Fla. May 2, 2011)(Moody, J.)(relying on Fla.
> Stat. §
> 720.3085(1)(a)).

Notwithstanding, in light of the aforementioned appeal panel's finding, it is clear now that Meloni's argument and case law miss the mark because it was not collecting "unpaid [homeowners' association] assessments" but an illegitimate debt composed by a fabricated fine and assessments that were already paid by the time of the collection letters. *See, Eisenberg v. Shendell & Associates, P.A.*, No. 10-CV-62149-JIC, 2011 WL 1233253 (S.D. Fla. Mar. 31, 201)(holding that "Plaintiffs' claims are not predicated on Defendants' efforts to seek attorneys' fees for their efforts to collect a debt. Rather, Plaintiffs' claims are predicated on Defendants' efforts to seek interest, attorneys' fees, and costs for the collection of an invalid debt"). In short, by not having a chance to address and discuss the new findings of fact, allegations and the inferences to be drawn from them as asserted by the Eleventh Circuit, Plaintiffs will be prejudiced and the Court itself might be misled.

C.  <u>Actual knowledge required by the FCCPA is not a question of law but a fact issue; therefore until the pleadings are closed and discovery is really complete, the factual record is incomplete, which would render summary judgment and judgment on the pleadings inappropriate.</u>

As illustrated in the above "relevant procedural history" section, by the time Plaintiffs responded both the Meloni's Motion for Judgment on the Pleadings and for Summary Judgment, the record neither Affinity nor Marbella had filed their answers and defenses. A cursory review of Meloni's motion for summary judgment reveals that it overtly relies on numerous fact-intensive arguments. In that respect, Meloni asserted that it had no actual knowledge about the sums collected from Plaintiffs. Rather, it stated that it puts its reliance on the purported account

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

ledger (amounts due and sources of "debt") provided by Marbella and Affinity. In Meloni's words.

> Fein & Meloni and MELONI <u>relied upon Affinity and Marbella to provide "Statements of Account" which accurately stated the amounts owed by Plaintiffs</u> to Marbella. *Ibid*. at ¶¶ 14, 22 and 30… (emphasis added)

ECF-74-¶ 8

> MELONI <u>relied upon Affinity and Marbella</u> to provide a Statement of Account <u>accurately stating the amount Plaintiffs owed Marbella</u>… (emphasis added)

ECF-74 at p.12.

> MELONI <u>relied upon Affinity and Marbella to provide accurate account information for Plaintiffs</u>… (emphasis added)

ECF-74 at p.15.

Clearly, any admission or other statement of fact, or even law, that Marbella and even Affinity might assert in their Answers to the Complaint would serve to help resolve the required "actual knowledge" as to Meloni's collection misconduct in violation of the section 559.72(9) of the FCCPA. *See, Avenue CLO Fund, Ltd. v. Bank of Am., N.A*., 723 F.3d 1287, 1297 (11th Cir. 2013) (recognizing that actual knowledge may be established through inference); *United States v. Santos*, 553 U.S. 507, 521 (2008) ("[Knowledge] will be provable (as knowledge must almost always be proved) by circumstantial evidence."). Plaintiffs assert that a determination of the truth of the above assertions made by Meloni would affect the outcome of the suit under the governing law.  Even more important, Meloni's legal arguments rest largely on assertions that it relied on co-Defendants' representations (now determined to be largely false). It is a longstanding principle that questions of facts are not properly resolved upon a partial or false factual record. Accordingly, this Court ruling on the merits of Meloni's motion for summary judgment absent

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

closed pleadings and a clearer factual record on remand as to Meloni's co-Defendants upon whose actions Meloni relies for support, would be problematic unless Plaintiffs and the Court are given the benefit of proper answers and defenses asserted or raised by all Defendants.

    D. <u>Meloni's Motion for Judgment on the Pleadings (ECF-75) should be denied as premature.</u>

[A] motion for judgment on the pleadings is to be filed "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and "[p]leadings are considered 'closed' when <u>all defendants have filed answers to the complaint</u>," *Jordan v. Def. Fin. & Accounting Servs.*, No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). "Rule 7(a) defines 'pleadings' to include both the complaint and the answer…" *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). A motion for judgment on the pleadings would be premature if it is filed before all defendants have filed answers to the complaint or when motion to dismiss are pending to be ruled. This issue has been long settled by most courts within this circuit. For example in *Engvoldsen v. The Bank of New York Mellon,* No. 1:15-cv-00069-LGW-BKE (S.D. Ga. Dec. 11, 2015) the court explained:

> [A] motion for judgment on the pleadings is to be filed "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and "[p]leadings are considered 'closed' when all defendants have filed answers to the complaint," *Jordan v. Def. Fin. & Accounting Servs.*, No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). <u>As the Government filed its Motion at a time when the Bank and Bayview had not yet filed an answer to the Complaint, and instead had submitted a Motion to Dismiss that remained pending, the Government's Motion was premature.</u> (emphasis added)

Likewise, more recently, the Court in *May v. Tucker*, No. 2:15-cv-00053-LGW-RSB (S.D. Ga. Jan. 22, 2016) explained:

— 8 —

A defendant may challenge the legal sufficiency of a complaint in a motion for judgment on the pleadings filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). "Pleadings are considered `closed' when <u>all defendants have filed answers to the complaint</u>*." Jordan v. Def. Fin. & Accounting Servs*., No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (alteration in original) (quoting *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n.3, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)). The Tucker Defendants' Motion is premature. <u>As of the date of this Order, Darlene Waters and Twin Oaks still have not filed a responsive pleading. As the Tucker Defendants filed the instant Motion long before the close of the pleading period, the Motion is DENIED as improper at this time</u>. (emphasis added)

Presented with the very same question the Court of Appeals for the Eleventh Circuit in

*Lillian B. v. Gwinnett County School District*, No. 15-12159 (11th Cir. Nov. 19, 2015) reasoned:

[T]he question presented in this appeal is whether a district court may grant a Rule 12(c) motion made before the pleadings are closed. The first five words of Rule 12(c) make clear that the answer is no.

[¶] Because a party may not move for judgment on the pleadings until the pleadings are closed, the district court should have denied the District's Rule 12(c) <u>motion as procedurally premature.</u>

[¶] The District contends that, even if the motion was premature under Rule 12(c), the district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'…Maybe so, but <u>the district court's inherent authority does not authorize it to disregard express limitations or conditions contained in the Federal Rules of Civil Procedure</u>. As the Supreme Court has explained, those rules are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255, 108 S. Ct. 2369, 2373-74 (1988).

[¶] But, argues the District, if a complaint is deficient on its face, why force a defendant to file an answer before the district court may dismiss the complaint under Rule 12(c)? The short answer is because that's what Rule 12(c) unambiguously requires. The slightly less-short answer is that the District's reading of Rule 12(c) would render Rule 12(b) (6) superfluous, and superfluity is "disfavored by our canons of statutory (or here rule) interpretation." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1191 (11th Cir. 2013)

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

[¶] Other federal courts of appeals to consider the issue have adopted essentially the same position for essentially the same reason. See, e.g., *Doe v. United States*, 419 F.3d 1058, 1061-62 (9th Cir. 2005); *Healthcare Ass'n of New York State, Inc. v. Pataki*, 471 F.3d 87, 94 (2d Cir. 2006). (emphasis added.

Plaintiffs also point to *Perez v. Wells Fargo N.A.*, in which the Eleventh Circuit explained that, "[w]hen a defendant fails to answer, Rule 12(c) precludes a judgment on the pleadings because the pleadings have not yet closed, and competing pleadings do not exist." 774 F.3d 1329, 1337 (11th Cir. 2014). As said before, in the present case the pleadings were open when Meloni filed the Motion for Judgment on the Pleadings – relying heavily on its assertions of what its co-Defendants knew or didn't know.  Even as of today, Marbella has not filed an answer to the Complaint, as <u>was clearly raised by Meloni in its motion to extend Pretrial Deadlines. *See*, ECF-104¶ 8.</u>

Additionally, if Marbella pleads by denial or by affirmative defense so as to put in question a material allegation of the Meloni's Answer to the Complaint, judgment on the pleadings would be error. *See, Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (a motion on the pleadings has to be denied "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact.").  A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. *See, Jones v. NordicTrack, Inc.*, 236 F.3d 658, 659 (11th Cir. 2000) (per curiam) ("Judgment on the pleadings is appropriate when no issues of material fact *are raised in the pleadings*...")(emphasis added); *See also, Ortega v. Christian,* 85 F.3d 1521, 1524 (11th Cir. 1996). A motion under Rule 12(c) may be granted only if ***all material issues can be resolved <u>on the pleadings</u> by the district court***; otherwise, a summary judgment motion or a full trial is necessary. It is undisputed that the Marbella's responsive pleading to the

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

Complaint could introduce various factual assertions that would be material to Plaintiffs' claims against Meloni. Especially after the Eleventh Circuit issued its findings and opinion. Under these circumstances, a ruling on the substance of the pleadings considering only Meloni's Answer in isolation is improper.  Plaintiffs allege and claim that Meloni was acting as a collection agent on behalf of Marbella when attempted to collect the alleged debt.

E.  <u>Summary judgment is appropriate only when the movant can prove on the record that there is no genuine issue of material fact and that is almost impossible when responsive pleadings have not been filed.</u>

Fed. R. Civ. P. 56(a) governs the motions for summary judgment placing the initial burden on the moving party to show conclusively the absence of any genuine issue of material fact and requiring the court to draw every possible inference in favor of the party against whom a summary judgment is sought. *See, Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See, Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).  Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment.  *See also, Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citations omitted). It is black-letter law that a Court reviewing a summary judgment motion may, even apart from its authority under Rule 56(f), "exercise its discretion under Rule 56" to "postpone consideration of the motion." Charles A. Wright et al., *Federal Practice and Procedure* § 2728 (2004). The Court's "discretion to postpone consideration of the motion for summary judgment" stems from a recognition that the "principles governing summary judgment procedure should be applied in a common sense manner to the realities of the litigation at hand." *Williams v. Howard Johnson's*, 323 F.2d 102, 106 (4th Cir. 1963).

Along these lines, Courts have found numerous reasons to hold that a summary judgment is premature, including no answer on file for defendant. *See e.g., United States v. Forfeiture*

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

*Prop., All Appurtenances and Improvements, Located at 1604 Oceola Wichita Falls*, 803 F. Supp. 1194, 1199 (N.D. Tex. 1992) (motion for summary judgment is premature when no answer has been filed in the case). The court in *Stuart Inc. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277 (D. Neb. 1951) reasoned:

> …a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of material fact. (emphasis added).

Thus, in *Stuart*, because no answer had been filed, the court could not determine that there was no genuine issue of fact surrounding the plaintiff's claim. *Id*. Rather, such a determination would have to wait until the answer was filed. *Id. See also, First Am. Bank, N.A. v. United Equity Corp*, 89 F.R.D. 81, 87 (D.D.C. 1981) (stating that in view of fact that defendant had not yet answered plaintiff's complaint a decision on the plaintiff's motion for summary judgment would potentially overlook material issues of fact, thus postponement of consideration of motion for summary judgement was proper); *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 * 2 (E.D. Va. 2005) (unpublished opinion) (denying plaintiff's motion for summary judgment where defendant had not yet filed an answer and noting that courts approach motions for summary judgment where no answer has been filed with extreme caution.); *Pestube Systems, Inc. v. HomeTeam Pest Defense*, LLC., 2006 WL 1441014, 7 (D. Ariz. 2006)(same). If material issues of fact exist or if the Court determines that it <u>does not have sufficient facts to enable it to apply the law to the facts before it, then summary judgment is inappropriate.</u> *See, Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

In applying this principle to the present case, it is clear that Meloni's motion for summary judgment, while not "technically" premature, raises issues that at the very least require an answer

by Co-defendant Marbella, who is the Principal in the relationship with its collection agent, and probably at revised answer by middleman Affinity (revised to conform with the Eleventh Circuit ruling). Even the limited authority on this issue, the holding in *Pestube* is instructive to the present case. The proper course of action is to deny the Meloni's dispositive motion without prejudice considering the significance of a lack of at least Marbella's responsive pleading.

F.   Plaintiffs will be prejudiced if they are not allowed to develop current applicable and controlling authorities before the court.

As mentioned earlier, the Meloni's two Motions were briefed two years ago, consequently, an important number of new controlling decisions have been issued since then. The parties in this litigation and the Court itself are presumably interested in applying current authority to resolving the issues in controversy. A notice of supplemental authority is commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period, but this mechanism is limited only to cite the case without any further argumentation or any analysis on how the cases are relevant to the instant matter. *See, e.g. Girard v. Aztec RV Resort, Inc.,* No. 10-62298-CIV, 2011 WL 4345443, at *2-3 (S.D. Fla. Sept. 16, 2011)(holding that legal argumentation is not permitted in a notice of supplemental authority); *Pellegrino v. Koeckritz Dev. of Boca Raton, LLC,* No. 08-80164-CIV, 2008 WL 4753726, at *2 n. 2 (S.D. Fla. Oct. 27, 2008)(same).

Plaintiffs assert that it would be impractical and time consuming for the Court to review an important number of cases brought in through "supplementary notice" in order to be guided as to new decisions on point relevant to the issues in dispute in this case.  By way of an example, the District Court for the Middle District of Florida resolved some issues in the matters of *Williams v. Educational Credit Mgmt. Corp.,* Case No. 8:14-cv-1254-T-36TBM. (M.D. Fla. Feb. 26, 2015) but germane here is its conclusion that "actual knowledge" required under § 559.72(9)

can be satisfied when the debtor notifies the debt collector or creditor about the errors in the amounts being collected, but it nonetheless continues its collections attempts.

G.  <u>The Court's ruling on Plaintiffs' motions filed after remand might deem moot the Meloni's pending dispositive motions.</u>

Another element that this Court should consider when addressing this Motion is the fact that as mentioned prior, Plaintiffs are concurrently filing two additional motions, one to strike Affinity's Answer to the Complaint and another one for reconsideration of orders denying leave to amend and/or renewal of motion for leave to amend the Complaint.  Should the later motion is decided in favor of the Plaintiffs, they will amend the Complaint rendering Meloni's dispositive motions moot. Similarly, if Affinity is permitted to assert or even replead the *bona fide* error defense under the FCCPA, Plaintiffs will request the Court to reopen discovery because they have had not reasonable opportunity for discovery upon this new defense. Under these circumstances a new case management and scheduling order would be necessary. Consequently, denying the motions at bar without prejudice would not unduly delay a trial date.

H.  <u>Denying Meloni's Motions will not unduly prejudice Meloni</u>

The Court should consider whether denying the dispositive motions without prejudice would unduly affect Meloni or present a clear tactical disadvantage. The answer is no.  Meloni can file duplicate motions or new motions on the very same issues at a later date that complies with any subsequent scheduling order issued by the Court once Marbella answers the Complaint and when Affinity —if permitted— amends its Answer, or when all defendants respond to an amended pleading.  Consequently, Meloni will suffer no harm or prejudice if the dispositive motions are denied with an opportunity to re-file them at a later date.

## CONCLUSION

Pursuant to the Fed. R. Civ. P and the Court's inherent power to manage its docket, Plaintiffs respectfully request that the Court, in the interest of justice, deny Meloni's dispositive motions (ECF-74, 75) without prejudice to refiling later, or, in the alternative to leave to supplement Plaintiffs' responses to Meloni's pending dispositive motions after Marbella answers the Complaint. The interests of justice and judicial economy support the granting of this Motion, since the Court will have the opportunity to examine the totality of the circumstances, the recent controlling authorities and the allegations and findings of fact set forth in the Eleventh Circuit decision.  It will also expedite and streamline the litigation, giving greater certainty to the parties and the Court itself, which is tasked with fairly evaluating the facts surrounding the underlying controversies.

Notably, a ruling made today upon an incomplete factual record would overlook material issues of fact rendering the judgment improper under the governing law.  Additionally, should Plaintiffs be permitted to amend their Complaint as requested by separate motion, Meloni's motions at issue would or should be otherwise procedurally denied as moot. These factors clearly weigh in favor of denying Meloni's pending dispositive motions without prejudice. Plaintiffs also request for such other and further relief this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel certifies that in accordance with Local Rule 7.1(a)(3), he has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by email ('cshudson@mdwcg.com';  'dgolden@gsgfirm.com'; 'rachel.beige@csklegal.com') on Wednesday and Thursday, however, only Meloni's counsel responded, and they offered no position on this motion.

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 22, 2016, I electronically served the above-captioned Motion on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400