**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Miami Division

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals,

      Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A., et al.,

      Defendants.

_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OF ORDER(S) DENYING LEAVE TO AMEND, AND RENEWAL OF MOTION FOR**
**LEAVE TO AMEND COMPLAINT TO INCLUDE DEMAND FOR PUNITIVE**
**DAMAGES, AND MEMORANDUM OF LAW IN SUPPORT**

      Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and

through undersigned counsel, move the Court, pursuant to its inherent authority and Fed. R. Civ.

P. 54(b), 15(a)(2) and 16(b), for entry of an order granting the above-captioned motion and as

grounds therefore state:

**RELEVANT PROCEDURAL HISTORY**

      1.      On April 3, 2014, Plaintiffs filed their original Complaint for alleged violations of

the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq*. ("FCCPA") as to THE

MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., and EDOARDO MELONI, ESQ.'s

("Meloni"), MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC.'s ("Marbella") and

AFFINITY MANAGEMENT SERVICES, LLC, ("Affinity") (collectively "Defendants").

Plaintiffs also sued Meloni for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

1692, *et seq*. ("FDCPA") acting as an agent for Marbella in the collection of the Plaintiffs' alleged debt. *See*, ECF-1. On June 4, 2014 – after getting consent to amend– Plaintiffs filed an amended complaint ("Complaint"). *See*, ECF-30.

2.   On June 17, 2014, Affinity filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction (ECF-38). On June 18, 2014, Marbella filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and, in the alternative, Motion to Dismiss (ECF-40).  Both motions were fully briefed.

3.   On December 1, 2014, Marbella filed a motion for summary judgment (ECF-73), which was joined by Affinity on December 16, 2014 (ECF-76).

4.   On December 18, 2014, after the close of discovery, Plaintiffs filed a motion for leave to amend the Complaint to add a demand for punitive damages, (ECF-77) which was corrected [1] on December 23, 2014. *See*, ECF-86.  Plaintiffs' motion was *sua sponte* stricken by the Court on January 9, 2015, because it was not double-spaced.  *See*, ECF-97.  Plaintiffs filed an amended motion (properly formatted) three (3) days later on January 12, 2015.  *See*, ECF-100.

5.   On January 15, 2015, the Court denied Affinity's motion to dismiss. *See*, ECF-103.

6.   On January 23, 2015, before any Defendant had briefed Plaintiffs' Amended Motion for Leave to Amend (ECF-100), the Court *sua sponte* denied it on untimeliness grounds. *See*, ECF-112.

7.   After briefing was complete on Marbella's summary motion (joined) (ECF-73 & ECF-76), on January 29, 2015, judgment was entered by the Court (ECF-118 & 119) in favor of

---

[1] Corrections were merely form (fixing page references), rather than substantive.

Marbella and, through joinder, Affinity.  Plaintiffs timely appealed the judgment on September 14, 2015 (ECF-159) after the Court certified it as final and appealable.

8.      On November 9, 2016, the Eleventh Circuit reversed the Court's January 29, 2015 Order & Final Judgment as to Affinity and vacated it as to Marbella, remanding the case for further proceedings. *See*, ECF-166. Following the remand, Plaintiffs now file this Motion.

## **LEGAL STANDARD**

The January 9, 2015 (ECF-97) and January 23, 2015 (ECF-112) Orders denying leave to amend were neither final nor appealable orders.  Therefore, pursuant to Federal Rule of Civil Procedure 54(b), the Court may revisit them at any time before the entry of a final judgment. *See,* Fed. R. Civ. P. 54(b); *Coty Inc. v. C Lenu, Inc., Case* No. 10-21812-CIV-HUCK/O'SULLIVAN, 2011 U.S. Dist. LEXIS 14813, at *7 (S.D. Fla. Feb. 15, 2011) ("A district court, in its discretion, can modify or vacate a non-final order at any point prior to the entry of a final judgment."). While Rule 54(b) does not specify a standard for reconsideration, "the Advisory Committee Notes make clear that 'interlocutory judgments…are left subject to the complete power of the court rendering them to afford such relief as justice requires.'" *Grupo Televisa v. Telemundo Communs. Group, Inc.*, Case. No. 04-20073-CIV, 2007 U.S. Dist. LEXIS 95914, at *3 (S.D. Fla. Oct. 11, 2007) (quoting Fed. R. Civ. P. 54(b), advisory committee's note). Under Rule 54(B), a court has plenary authority at any time, without regard to Rule 59 and Rule 60, to revise interlocutory orders.  *See, Balfour-Guthrie Inv. Co. v. Geiger, 20 Wash.* 579, 580, 56 P. 370 (1899) (when a judgment is not final, the trial judge retains jurisdiction to vacate any previous order improvidently made); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

of the district judge").  The Plaintiffs request the Court do so now that the pressure of scheduling order deadlines has eased.

Generally, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). There are three major grounds that generally justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d, at 1369. Plaintiffs move under the third prong; specifically, to correct clear error or prevent a manifest injustice. *See, Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009) (the need to correct clear error or prevent manifest injustice is a ground for granting motion for reconsideration).

## LEGAL ARGUMENT

**A. Plaintiffs were deprived of due process where their efforts to amend their claims (to add demand for punitive damages) were denied on purely technical grounds and similar technical violations were waived with respect to various Defendants' submissions.**

The essence of due process is the requirement of notice and an opportunity to respond. *See, Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). It is a long-standing tenet that, with the exception of the lack of subject-matter jurisdiction, no other defense or legal argument should be raised by a Court *sua sponte* on behalf of any party in litigation.  Here, the grounds asserted by the Court to strike/deny both the Plaintiffs' motion and amended motion, were procedural technical grounds, not even raised by the Defendants.  No prejudice was offered or argued.  The Plaintiffs' amended motion for leave to amend (ECF-100) was not even briefed.  Federal courts are supposed to be a neutral system with a defendant as the party pointing out the weaknesses of

a plaintiff's claim.  If the Court raises arguments on the defendant's behalf, the system is no longer neutral, and the Court becomes the defendant's *de facto* representative.

The Supreme Court has cautioned that the federal system is an adversarial system of justice. If the system functions normally, "courts are generally limited to addressing the claims and arguments advanced by the parties." *See, Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance…distinguishes our adversary system of justice from the inquisitorial one". *United States v. Burke*, 504 U.S. 229, 246 (1992). In *Wood v. Milyard*, 132 S. Ct. 1826, 1829 (2012), the Supreme Court also held that the judicial neutrality and appearance of impartiality is essential to our system of justice, it advances the adversary and party presentation principles underlying the American judicial system, by requiring issues to be presented by the parties to the court.  Party identification of the issues is at the core of this system[2] and the adversary process is no more starkly challenged than when a court decides an issue not raised, for it actually decides something other than what the parties asked it to decide.

Even more fundamentally, any interest that a court generally possesses in the quick resolution of litigation ordinarily does not outweigh the benefits derived from adhering to the adversarial process, and requiring that a defendant either raise the defense or waive it. *See, Eriline Co. S.A. v. Johnso*n, 440 F.3d 648, 655 (4th Cir. 2006); *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1239 (11th Cir. 2010).  In *Rakip v. Paradise Awnings Corp.* 10-20004-CIV,

---

[2]  *See, e.g*., Neal Devins, *Asking the Right Questions:  How the Courts Honored the Separation of Powers by Reconsidering* Miranda, 149 U. Pa. L. Rev. 251, 252 (2000) ("[A] central tenet of our adversarial system is that (save for jurisdictional issues) the parties to a case–not the judges deciding the case–raise the legal arguments."); Rosemary Krimbel, Note, *Rehearing* Sua Sponte *in the U.S. Supreme Court:  A Procedure for Judicial Policymaking*, 65 CHI.-KENT L. REV. 919, 941 (1989) ("This control of the issues by the litigants is central to our adversarial system of law.").

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

2010 WL 4553675 at *2 (S.D. Fla. 2010) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) the Court held:

> The premise of our adversarial system is that courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them... The onus is upon the parties to formulate arguments.

Here, the Court raised the issue of untimeliness (ECF-112) *sua sponte* without giving the Defendants an opportunity to explain the prejudice or Plaintiffs an opportunity to defend the timeliness issue.  A claim or demand for punitive damages is subject to being stricken if it is not supported by sufficient factual allegations – which in this case as in most, are gleaned in discovery.  In essence, due process, at a minimum, requires that a party have an opportunity to be heard before the imposition of an unfavorable ruling in a judicial proceeding.

In *Garcia v. Swire Pac. Holdings, Inc.*, No. 09-CV-23839, 2010 WL 2822140, at *1 (S.D. Fla. July 16, 2010)  Judge Huck stated: "Although untimely, the Court will not dismiss the amended complaint with prejudice because it was filed late, and will consider all of the Plaintiff's claims on the merits. The Plaintiff, however, files untimely pleadings at his own peril." See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (district court has inherent power to control its docket).  Accordingly, even though this Court is permitted to raise these (timeliness) issues *sua sponte*, Plaintiffs respectfully submit that it should not have decided such issues without first requesting regular or supplemental briefs and argument from the parties.

Finally, even if the Court had assumed that the Plaintiffs could not have shown "anything different or additional" if they had had the opportunity to argue the issues, due process cautions that they should have been given the chance.  For these reasons, Plaintiffs request the Court reconsider allowing the amendment.

**B. Plaintiffs undertook every reasonable effort to comply with the Court's Scheduling Order, the local rules and Fed. R. Civ. P 15**

As articulated above, the original Plaintiffs' motion for leave to amend the Complaint was stricken by the Court because it was not double-spaced filed, but one-and-half spaced (ECF-97), and when Plaintiffs re-filed it properly styled, it was then denied by the Court as untimely (ECF-112). The Supreme Court and the Eleventh Circuit Court have both emphasized that "leave to amend must be granted absent a specific, <u>significant reason for denial"</u>. *See*, *Spanish Broadcasting System, Inc. v. Clear Channel Communications, Inc*., 376 F.3d 1065, 1077 (11th Cir. 2004)(emphasis added); *see also*, *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 623 (11th Cir. 1983); *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971). "Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (the policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the trial court's discretion).

Similarly, the Eleventh Circuit has articulated several valid reasons to deny a motion for leave to amend, including undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *See, Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013). In reality, a motion that was inadvertently mis-formatted, does not appear to be a <u>significant reason</u> supporting a denial under the Rule 15 standard. The Eleventh Circuit has a strong policy of resolving issues on the merits, rather than on the basis of inconsequential procedural technicalities. *See*, *Rosenbaum v. Becker Poliakoff, P.A.* Case No.08-CV-81004-MARRA/JOHNSON (S.D. Fla. April 28, 2010); *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (*per curiam*); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

(*per curiam*). Likewise, the Supreme Court expressly held that such formal technicalities are not a proper basis for denying a motion for leave to amend and it has identified Rule 15 as establishing a "liberal standard" such that courts should "freely" allow amendment.[3]

Similarly, the majority of Courts ruling upon a motion under Rule 15 have held that it should not be decided on the basis of a single missed deadline. ***Here, Plaintiffs' untimeliness was the first and only missed deadline during this litigation***; thus, they were called out on the first strike. A single mistake does not show a lack of reasonable diligence or promptness to the level of justifying the denial of Plaintiffs' motion for this sole reason. *See, Morroni v. Gunderson*, 169 F.R.D. 168, 171 (M.D. Fla 1996) ("[B]ecause of the Eleventh Circuit's strong policy of resolving issues on the merits…the Court has judicial discretion to overlook Plaintiff's untimeliness.") And lest there be any doubt – Plaintiffs intended no disrespect to, or disregard for, the Court authority to set deadlines or manage its docket. Plaintiffs moved to amend when they had the facts through discovery to do so.

### C. Plaintiffs' motion for leave to amend might be untimely, but not unduely untimely.

Where the court-ordered deadline for amending pleadings has passed, Rule 16(b) governs a party's ability to file amended pleadings. A party who seeks to file amended pleadings after the court-ordered deadline passes must show good cause for modifying the court's scheduling order. Fed. R. Civ. P. 16(b)(4) (requiring good cause and the judge's consent). In contrast to Rule 15(a)'s liberal preference for amendment, the Rule 16 inquiry focuses on the diligence of the party seeking to modify the scheduling order. Discovery of new information after the deadline for amended pleadings passes is a potential basis for good cause to modify the scheduling

---

[3] *See, Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities").

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

order. *See, e.g. Fru-Con Const. Corp. v. Sacramento Mun. Util.Dist.*, No. Civ. S-05-583 LKK/GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information learned through discovery is common and well established" under Rule 16). In denying Plaintiffs' motion for leave to amend the Court's paperless Order (ECF-112) states in pertinent part:

> This Court's Scheduling Order [ECF No. 34] established August 21, 2014 as the deadline for the parties to file motions to amend the complaint. Plaintiffs fail to demonstrate good cause to modify that deadline to allow for the proposed amended pleading. Further, Plaintiffs concede that the conclusive facts upon which they base their amendment were evident as far back as October 28, 2014 and November 7, 2014 [ECF No. 100 at 5], however their motion seeking leave to amend the complaint to include a claim for punitive damages on the basis of that evidence was not filed until January 12, 2015.

The Court's perception of defects in Plaintiffs' filing and Motion to Amend are - imprecise. For example, the Court's assertion that Plaintiffs' motion to amend was filed on January 12, 2015, is misleading. The motion to amend was filed on December 18, 2014 (ECF-77). Additionally, even when the Court rightly asserted that the evidence supporting Plaintiffs' amendment came to light only during discovery, which closed on November 7, 2014, it was not till December 3, 2014, when Plaintiffs obtained the Defendants' depositions transcripts from the Reporter. The Court was duly alerted about this situation (ECF-100 at p.1 & 7). Therefore, the 15 days that elapsed since the receipt of the depositions testimonies and the filing of the motion might support, at most, a finding of "delay," but not "undue delay" or "dilatory" action.

The docket also demonstrates that during the intervening time frame, Plaintiffs were not only reviewing discovery, preparing and filing their Motion to Amend, but also scrambling to respond to / oppose three (3) separate dispositive motions filed by Defendants (ECF-73, 74 &

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

75). See, ECF-79, 80, 81, 82 & 83.4  Plaintiffs' conduct during this period demonstrates nothing but diligent and judicious prosecution of their case.  As to delay, "[t]he mere passage of time is not enough to deny a motion to amend…" *Burns v. Winnebago Industries, Inc*., 2012 WL 4839271 at *2 (11th Cir. 2012) (citing *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1256-57 (11ᵗʰ Cir. 1998)); accord *Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578-79 (11th Cir. 1991). "'[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.'" *Portelos v. City of New York,* No. 12-CV-3141, 2015 WL 5475494 (E.D.N.Y. Sept. 15, 2015) (alteration in original) (quoting *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). The Eleventh Circuit cases upholding denials of leave to amend based on undue delay involve delays measured in years and/or extending well beyond key deadlines[5].

Most Eleventh Circuit courts have held that 2 weeks or more of delay is not undue under Rule 16. *See, e.g. Rants v, WHPacific Inc.*, No. C10-5273 RBL, 2010 WL 4622164, at *2 (W.D. Wash. Nov. 4, 2010) (motion filed less than two weeks after learning new information); *Navarro*

---

[4]   Importantly, an amendment to merely add a demand for punitive damages) a measure of damages) would not have had any effect on the timing of dispositive motions

[5]   *See, e.g., Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co*., 470 F.3d 1036, 1040-41 (11th Cir. 2006) ("years" after complaint filed, and after several dispositive motions and certified questions were resolved, and during interlocutory appeal); *Andrx Pharmaceuticals, Inc. v. Elan Corp*., 421 F.3d 1227, 1237 (11th Cir. 2005) (over a year after complaint filed); *Carruthers v. BSA Advertising, Inc*., 357 F.3d 1213, 1214, 1218 (11ᵗʰ Cir. 2004) (over a year and a half after complaint filed, and six months after the deadline for amendments); *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1275 (11th Cir. 2001) (well over a year after complaint filed, and long after the deadline for amendments); *Brewer-Giorgio v. Producers Video, Inc*., 216 F.3d 1281, 1284 (11th Cir. 2000) (over a year after complaint filed, and eight months after the deadline for amendments); *Jennings v. BIC Corp*., 181 F.3d 1250, 1258 (11th Cir. 1999) (almost three years after complaint filed, and five months after the deadline for amendments); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11ᵗʰ Cir. 1999) (over three years after complaint filed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (over five years after complaint filed, and after discovery ended and dispositive motions filed); *Hester*, 941 F.2d at 1578-79 (over two years after complaint filed).

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

*v. Eskanos & Adler*, No. C 06-2231 WHA, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (motion filed two weeks after learning new information); *Aldan v. World Corp.*, 267 F.R.D. 358 (D. N. Mar. I. 2010) (a delay of one-and-a-half months still diligent when delay included winter holidays); *Story v. Midland Funding LLC,* No. 3:15-cv-0194-AC (D. Or. Oct. 7, 2016)("three-month delay reflects attempts to conserve judicial resources and promote settlement").

In summation, Plaintiffs here sought leave to amend promptly after discovery of facts which support a punitive damages amendment - after the Defendants were deposed.  Plaintiffs could not have reasonably discovered the evidence necessary to amend any sooner. In light of these circumstances, Plaintiffs should not have been penalized without fair discussion of the circumstances due to undue delay or dilatory tactics and the Court should reconsider the Order of the Motion.

### D. Plaintiffs have been deprived of their due process rights where the Court has seemingly selectively enforced their rules and deadlines as to them only.

The Court has not evenly enforced its rules and time limits as to all litigants in this case. Plaintiffs' motion for leave to amend (ECF-86) was *sua sponte* stricken (ECF-97) because it was not double-spaced as required by the Court's Scheduling Order. *See*, ECF-34.   Yet the Defendants' motions, ECF-20 (Affinity Motion to Dismiss), ECF-66 (Affinity Motion Telephonic Appearance) and ECF-90 (Affinity Motion for Extension) were all less than double-spaced in violation of the same Court's rule but they were not stricken or even noted/noticed by the Court.  More important, it appears to be a fairly routine court practice ***not to strike*** fillings for spacing issues without at least some warning.  For example in the matters of *Frasca v. NCL (Bahamas) Ltd*., Case No. 12-20662-CIV-GOODMAN, Document 165 n.5 (S.D. Fla. Feb. 2 2014 Magistrate Judge Goodman explained.

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

> The Court notes that NCL's response violates the Court's Scheduling Order, which requires all filings to be double-spaced. [ECF No. 36, p. 10]. <u>For the sake of efficiency, the Court will not strike NCL's response. However, the parties are advised that the Court will strike any future filings that are not double-spaced</u>. (emphasis added).

Likewise, the denial of Plaintiffs' motion (ECF-100) based on untimeliness appears incongruous where the docket is replete with Defendants' late filings which have not seemingly been noticed by the Court, let alone stricken.  For instance, the summon issued as to Affinity was served on April 4, 2014 and the Answer was due on April 25, 2014, Affinity missed that deadline and on May 6, 2014, just late filed (11 days late) a motion for extension of time to file Answer.  This has been a theme in this litigation, Affinity has been repeatedly filing untimely motions, joinders, discovery responses etc., and the Court has given them free passes together with one warning ("deadlines … are not merely suggestive and, absent good cause, any subsequent untimely filings will be stricken by this Court…"). *See*, ECF-58.  But despite this warning, Affinity continued to skirt the Court's rules and scheduled deadlines without consequence.

In ECF-60 the Court set December 1, 2014 as the deadline for filing "All *Daubert*, summary judgment, and other dispositive motions."  Affinity filed nothing.  On December 16, 2014 (15 days late), Affinity filed a Notice of Joinder to Co-Defendant Marbella's motion for summary judgement (ECF-76).  Likewise, the Court set January 12, 2015, as the due date to file "all Pretrial Motions and Memoranda of Law" (ECF-60), but again, Affinity disregarded Court's Order and filed two more motions on January 16, 2015 (ECF-105) and January 27, 2015 (ECF-114).  The Court has seemingly tolerated Affinity's pattern of disregard for its rules, orders and deadlines.  Additionally, Plaintiffs' Complaint (ECF-30) was filed on June 4, 2014, so the Defendants' Answers were due on June 18, 2014.  Edoardo Meloni Esq.'s Answer was filed on September 23, 2014 (97 days late). *See*, ECF-51.  Similarly, Meloni's motion to extend pre-trial

deadlines (ECF-104) was untimely filed (3 days late), and the Court granted it in part (ECF 113) without mention of any lack of good cause for that belated motion. Finally, Marbella's violation of the Court's rules and time limits was met with a warning and a pass. *See*, ECF-59.  In all of the above examples the Defendants gave no compelling explanation or good cause, Defendants made no proffers of diligent efforts to meet such deadlines, there was no acknowledgement, let alone attempt to explain, these delays.

It is fundamentally unfair to strike or deny Plaintiffs' motion to amend (ECF-100)– which only sought to amend add a statutory punitive damages demand when Plaintiff have been the only party who has otherwise complied with the Court's deadlines. "That all may drink with confidence from their waters, the rivers of justice must not only be clean and pure, <u>they must appear so to all reasonable men and women</u>." *United States v. Alabama*, 828 F.2d 1532 (11th Cir.1987) (emphasis added).

<u>**PLAINTIFFS' RENEWAL OF MOTION FOR LEAVE TO AMEND COMPLAINT**</u>

Plaintiffs, for the sake of brevity, will not repeat the arguments and authorities set forth in their prior amended motion for leave to amend (ECF-100) but incorporate them herein.  That Motion presented significant (sufficient) evidence and allegation of Defendants' gross misconduct in support of a claim for punitive damages.  The Federal Rules only require a short and plain statement of claim (punitive damages) showing that plaintiff is entitled to relief.  The added pleading requirements in §768.72, Florida Statutes do not apply. *See*, *Tutor Time Child Care Systems, Inc. v. Franks Inv. Group, Inc.*, 966 F. Supp. at 1188 (S.D. Fla. 1997); *Blount v. Sterling Healthcare Group, Inc.*, 934 F. Supp. 1365, 1375 (S.D. Fla. 1996); *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1025 n.30 (S.D. Fla. 1992); *Kingston Square Tenants v. Tuskegee Gardens*, 792 F. Supp. 1566, 1579 (S.D. Fla. 1992); *In re Sahlen & Assoc., Inc. Secs. Litig.*, 773

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

F. Supp. 342, 375 (S.D. Fla. 1991); *Jones v. Wal-Mart Stores, Inc.*, No. 90-14113-CIV-PAINE, 1991 WL 236503, at *2 (S.D. Fla. Apr. 25, 1991); *Wisconsin Inv. Bd.*, 761 F. Supp. at 1573 (S.D. Fla. 1991); *Amerifirst Bank v. Bomar*, 757 F. Supp. 1365, 1378 (S.D. Fla. 1991); *Citron v. Armstrong World Indus., Inc.*, 721 F. Supp. 1259, 1262 (S.D. Fla. 1989); *Slip N' Slide Record v. TVT Records, LLC*, Case No. 1:05-cv-21113 (S.D. Fla. Oct. 24, 2006).

### A.  Compliance with Local Rule 15.1.

In compliance with the above local rule, Plaintiffs are attaching to this motion the "Second Verified Amended Compliant" as the Exhibit 1.  It is worth noting that in addition to the claim for punitive damage, Plaintiffs have rephrased or reworded some statements and allegations in the amended pleading, additionally, some causes of action have been streamlined. The changes are mostly cosmetic and not substantive, there are no new Defendants joined or causes of action added.

### CONCLUSION

Given the liberal standard of Rule 15, a denial of Plaintiffs' request to amend the Complaint is inappropriate.  Defendants obviously would have their Rule 50 arguments to raise at the appropriate time in response to the punitive damages claim and this amendment adds nothing to the parties' discovery burdens, and does not hinder Defendants' ability to prepare for trial.  There simply is no prejudice to Defendants in allowing this amendment.  Some defendants have not even filed a responsive pleading.  Additionally, and in any event, in light of the Eleventh Circuit decision (ECF-166) reversing the Court's January 29, 2015 Order as to Affinity and vacating it as to Marbella, following the remand, this Court will have to issue a new pre-trial scheduling order which should allay its concerns about affecting the trial schedule.

**WHEREFORE**, based on the foregoing points and authorities, Plaintiffs, respectfully request this Court enter an Order: (i) vacating its prior Orders denying Plaintiffs' leave to amend filed on January 9, 2015 (ECF-97) and January 23, 2015 (ECF-112); (ii) grant Plaintiffs' renewed motion for leave to amend the Complaint and, (iii) entering such other and further relief as may be deemed just and proper by the Court.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel certifies that in accordance with Local Rule 7.1(a)(3), he has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by email ('cshudson@mdwcg.com'; 'dgolden@gsgfirm.com'; 'rachel.beige@csklegal.com') on Wednesday and Thursday last week, however, only Meloni's counsel and Affinity's counsel responded, and they offered no position on this Motion.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 28, 2016, I electronically served the above-captioned Motion on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

/s/ DAVID P. REINER, II
By: _____
**DAVID P. REINER, II**; FBN 416400

*W:\700\77500-Agrelo\Post Appeal Motions\Motion Reconsider Leave Amend Punitive.docx*