## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 14-CV-21192-JEM/GOODMAN

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals;

        Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A.; AFFINITY
MANAGEMENT SERVICES, LLC, a limited
liability corporation; MARBELLA PARK
HOMEOWNER'S ASSOCIATION, INC., a
Non-Profit Corporation; and EDOARDO
MELONI, ESQ., an individual.

        Defendants.

_____/

## <u>VERIFIED SECOND AMENDED COMPLAINT</u>
## <u>JURY DEMAND</u>

**COME NOW**, JORGE A. AGRELO and OLGA M. FERNANDEZ (hereinafter, "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendants, THE MELONI LAW FIRM a/k/a EDOARDO MELONI, P.A. (hereinafter, "Meloni Law"), AFFINITY MANAGEMENT SERVICES, LLC (hereinafter, "Affinity"), MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC. (hereinafter, "Marbella"), and EDOARDO MELONI, ESQ., individually (hereinafter, "Edoardo Meloni") for violations of the Florida Consumer Collection Practices Act (hereinafter, "FCCPA"), Fla. Stat. § 559.55, *et seq*. (2013). Plaintiffs also sue Meloni Law and Edoardo Meloni for violations of the Fair Debt Collection Practice Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692, *et seq*. and as grounds thereof would allege as follows:

## INTRODUCTION AND PRELIMINARY STATEMENT

1.      This is an action for actual, punitive and statutory damages brought by individual consumers for Defendants' multiple violations of the FDCPA and the FCCPA.

2.      The FDCPA and the FCCPA are designed *inter alia* to eliminate abusive, deceptive, and unfair practices in consumer debt collection. The FCCPA supplements the FDCPA, and provides Florida residents with even greater protection than the FDCPA affords. Although the FCCPA is modeled after the FDCPA, the two statutes are not identical in all respects. Unlike the FDCPA, the FCCPA's proscriptions are "not limited to debt collectors." *See, Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002). The FCCPA also requires consumer collection agencies to register as such in accordance with § 559.555 before engaging in debt collection activity within the State of Florida. Fla. Stat. § 559.553.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the forgoing state law claims (FCCPA) pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside in this district, Defendants transact business in this District and the conduct complained of occurred in this District.

## PARTIES AND GENERAL ALLEGATIONS

5.      Plaintiffs, Jorge A. Agrelo and Olga M. Fernandez are husband and wife who at all times material to the allegations of this complaint lived at and held title to the real

property located at 8272 NW 198th. Street, Miami, FL 33015 and by virtue of their ownership, they became members of the homeowner's association (Marbella).

6.       At all times material to the allegations of this complaint, "Fein and Meloni" a/k/a "Fein & Meloni" or "Fein & Meloni, Esq." (hereinafter, "Fein & Meloni") was a law firm doing business at 900 SW 40th Ave. Plantation, Florida 33317, engaged in the business of collecting consumer debts for themselves and other parties. Fein & Meloni was a partnership of professional associations formed by Edoardo Meloni, P.A and Steven A. Fein, P.A that was incorporated in the State of Florida on February 27, 2001. Fein & Meloni was not licensed or registered as a consumer collection agency in the State of Florida. Fein & Meloni was demanded to close out its practice of law when on or around September 3, 2013, The Supreme Court of Florida entered an Order of Disbarment disbarring Steven A. Fein from the practice of law. *See, The Florida Bar v. Fein*, No. SC12-2546, 2013 WL 4778490 (Fla. Sept. 3, 2013).

7.       At all times material to the allegations of this complaint, The Meloni Law Firm, a/k/a Edoardo Meloni, P.A was a law firm doing business at 900 SW 40th Ave. Plantation, Florida 33317, engaged in the business of collecting consumer debts for themselves and other parties. Edoardo Meloni, P.A., is a "professional association" that was incorporated in the State of Florida on November 2, 2000. "The Meloni Law Firm" is a fictitious name owned by Edoardo Meloni, P.A., and was filed with the State of Florida on September 24, 2013. Defendant Meloni Law was not licensed or registered as a consumer collection agency in the State of Florida.

8.       Under the "mere continuation of business" and the "continuity of the enterprise" doctrines and theories, Defendant Meloni Law was and is a successor to Fein & Meloni by expressly or impliedly assuming obligations of the predecessor company Fein & Meloni and accordingly, Meloni Law is fully liable for any act or omission in violation of the prohibitions or

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

requirements of the FDCPA and the FCCPA committed by its predecessor company Fein & Meloni and any of its employees or personal acting on behalf of Fein & Meloni. *See, Centimark Corp. v. A to Z Coatings & Sons, Inc. and A to Z Coatings, Inc.*, 2007 U.S. Dist. LEXIS 93805 (M.D. Fla. 2007); *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640 (5th Cir. 2002)(applying Florida law and finding that a mere continuation of business will be found where one corporation is absorbed by another, as evidenced by an identity of assets, location, management, personnel, and stockholders").

9.     Defendant Edoardo Meloni is an attorney licensed to practice law in the State of Florida and a principal in both Fein & Meloni and Meloni Law. Edoardo Meloni is member of the Florida Bar (FBN 836842). Edoardo Meloni was a partner in Fein & Meloni until September 30, 2013, when he commenced practices as Meloni Law. Edoardo Meloni is engaged in the business of collecting consumer debts for itself and other parties.

10.     At all times material to the allegations of this complaint, Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni were agents acting within the scope of their duties to collect or attempt to collect alleged debts from Plaintiffs on behalf of Marbella that has vested them with that authority. A true and correct copy of the executed retainer agreement between Marbella and Meloni Law's predecessor company Fein & Meloni is attached as Exhibit "A," along with related public records of the State of Florida Division of Corporations.

11.     At all times material to the allegations of this complaint, Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni regularly collected or attempted to collect directly or indirectly debts for themselves and other parties and they were "debt collectors," as said term is defined in 15 U.S.C. § 1692a(6) and in Fla. Stat. § 559.55(6)(2013).

12.     At all times material to the allegations of this complaint, Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni regularly used the mail and telephone in a business for the purpose of collecting consumer debts for themselves and other parties. Collection communications in the form of "claim of liens," "foreclosure complaints" or dunning letters sent by Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni against Plaintiffs' similarly situated homeowners are attached as Exhibit "B". Likewise, true and correct copies of some "affidavits of amounts due" prepared and filed by Edoardo Meloni against several homeowners living in the Marbella community are attached as Exhibit "C".

13.     At all times material to the allegations of this complaint, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni were subject to the provisions of Fla. Stat. § 559.72(2013) because said section applies to "any person" who "directly or indirectly" collect or attempt to collect a debt as defined in Fla. Stat. § 559.55(1)(2013).

14.     At all times material to the allegations of this complaint, Defendant Affinity was a Florida Limited Liability Company, doing business at 1430 NW 15th. Ave. Miami, Florida 33125, primarily as a licensed Community Association Management ("CAM") Firm. Attached hereto as Exhibit "D" are captures of The Department of Business and Professional Regulation's web site (last visited on December 10, 2016) reflecting the two professional licenses held by Affinity.

15.     At all times material to the allegations of this complaint, Defendant Affinity was subject to the provisions of Fla. Stat. § 559.72(2013) because said section applies to "any person" who "directly or indirectly" collect or attempt to collect a debt as defined in Fla. Stat. § 559.55(1)(2013).

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

16.     At all times material to the allegations of this complaint, Affinity was an agent acting within the scope of its duties to collect or attempt to collect an alleged debt from Plaintiffs on behalf of Marbella that has vested Affinity with that authority. A true and correct copy of the executed agreement between Marbella and Affinity is attached as Exhibit "E".

17.     At all times material to the allegations of this complaint, Defendant Marbella was a duly formed and organized Florida Not for Profit Corporation filed with the State of Florida on March 7, 1988. Marbella was a homeowner's association located in Miami-Dade County, Florida, with mailing address in 1430 NW 15th Avenue, Miami, FL 33125.

18.     At all times material to the allegations of this complaint, Defendant Marbella, based upon its contractual relationship, consented to and had knowledge, control and authority of the activities that its agents Affinity, Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni performed within of the agent's duties, and done in furtherance of the association's business. Consequently Marbella was vicariously liable for the actions of Affinity, Meloni Law, its predecessor company Fein & Meloni and Edoardo Meloni including but not limited to those activities engaged in the collection or attempts to collect the Plaintiffs' alleged debts. *See, Scott v. Fla. Health Sciences Ctr., Inc*., No. 8:08-CV-1270-T-24EAJ, 2008 WL 4613083, at *1 (M.D. Fla. Oct. 16, 2008); *Bacelli v. MFP, Inc*., 729 F. Supp. 2d 1328, 1338 (M.D. Fla. 2010).

19.     Plaintiffs and Marbella itself were bound by the Association's governing documents, which included the HOA's Bylaws, Articles of Incorporation (including amendments thereto) Declaration of Covenants and Restrictions for Marbella Park (and additions thereto), among other documents (collectively, the "governing documents"). The governing documents required HOA members to pay an annual assessment, due in monthly installments that are due the

first day of the month. The governing documents also empowered Marbella to fine members for violating its Declaration of Covenants and Restrictions (a part of the governing documents). The maximum amount of a fine depended on the number of times the member previously had committed a similar offense, limiting the first fine to a payment equivalent to one month of the annual assessment (in this case, $115). Likewise, the governing documents provide that any assessment which is not paid within ten (10) days of its due date shall be delinquent, and the Owner owing said assessment shall pay to the Association a late fee of ten percent (10%) of the amount of the assessment. A true and correct copy of Marbella's governing documents is attached as Exhibit "F," along with Marbella's annual reports filed with the Florida Department of State, Division of Corporations for the years 2012 and 2013. Additionally, a true and correct copy of Marbella's approved 2013 budget and payments coupons submitted to Plaintiffs are attached as Exhibit "G."

20.     Plaintiffs' debts were allegedly delinquent, in default, or considered to be in default, at the time each Defendant collected or attempted to collect them.

21.     At all times material to the allegations of this complaint, Defendant Marbella was subject to the provisions of Fla. Stat. § 559.72(2013) because said section applies to "any person" who "directly or indirectly" collect or attempt to collect a debt as defined in Fla. Stat. § 559.55(1)(2013).

22.     At all times material to the allegations of this complaint, the Plaintiffs were natural persons, and are "consumers" or "debtors" as that term is defined by 15 U.S.C. § 1692(a)(3) and Fla. Stat. § 559.55(2)(2013), and are therefore, persons with standing to bring a claim under the FDCPA and the FCCPA by virtue of being directly affected by violations of both Acts.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

23. At all times material to the allegations of this complaint, each Defendant collected or attempted to collect directly or indirectly alleged debts from Plaintiffs, which was allegedly incurred by Plaintiffs for personal, family or household purposes. Specifically, the debts at issue were allegedly delinquent homeowner's association fees, fines, late fees, and attorney's fees for collection. The sums claimed by each Defendant were "debts" as said term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1)(2013). *See, e.g., Porras v. Vial Fotheringham LLP*, No. 3:13-cv-00699-BR, 2015 WL 2449486, at *12 (D. Ore. May 21, 2015) (holding that "the FDCPA definition of "debt" speaks in broad terms by including "*any* obligation… arising out of a transaction." *See* 15 U.S.C. § 1692a(5) (emphasis added). When, as here, the late fees, attorneys' fees, and collection costs are all associated with an obligation that arises directly out of a transaction (*i.e.*, the payment of HOA assessments associated with the purchase of a home), the fees and costs similarly arise out of a "transaction" under the FDCPA.)

24. The letters sent by each Defendant in connection with the collection of the alleged debts from Plaintiffs are "direct or indirect" written "communications" as said term is defined in 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5)(2013). *See, Mangiaracina v. Orange Lake Country Club, Inc*., No. 8:14-CV-1166-T-36MAP, 2015 WL 685778 at *4 (M.D. Fla. Feb. 18, 2015); *Kelliher v. Target Nat'l Bank*, 826 F. Supp. 2d 1324, 1329–30 (M.D. Fla. 2011).

## FACTUAL ALLEGATIONS

25. On or around January 29, 2013, Affinity on behalf of Marbella sent to the Plaintiffs a "Notice of Violation" of an "undisclosed" Association's rule. Plaintiffs disputed that violation and in turn Affinity submitted a notice of a grievance hearing scheduled for March 18, 2013. Plaintiffs attended the fine hearing and as admitted by Marbella, they presented *"argument and evidence as to why a fine should not be imposed."* In contrast, the grievance committee offered

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

nothing, not even a scintilla of evidence in support of the alleged offense, rather, Plaintiffs were told that in order to sustain a finding of violation, the Board's allegations alone were sufficient. On March 26, 2013, Affinity sent a "Notice of Fine" to the Plaintiffs communicating that the Board had decided ―despite any evidence― to fine them in the amount of $1,000.00 for an alleged violation of a ***never-identified*** restrictive covenant. True and correct copies of the abovementioned communications and relevant Board meeting minutes are attached as Exhibit "H." The notice of fine was received by Plaintiffs on April 1, 2013, as shown in the Exhibit "I."

26.     On April 2, 2013, the Law Office of Abdel Jimenez, Esq., in its representation of Plaintiffs, sent a dispute letter, hereinafter "Abdel's Letter," contesting the fine imposed by Marbella. This letter was submitted via certified and first class U.S. mail, and received by Affinity on April 3, 2013, as shown in the Exhibit "J." Affinity never responded to that letter.

27.     Notwithstanding having knowledge that Plaintiffs were represented by an attorney, Affinity sent the first collection letter at issue on May 16, 2013. A true and correct copy of this letter, hereinafter "Affinity's Letter 1," is attached hereto as Exhibit "K." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 related to the fine ―characterized as delinquent assessment― allegedly owed by Plaintiffs. Affinity warned the Plaintiffs of the consequences if they failed to pay, threatening to file and foreclose upon a lien against their home, to seek a personal judgment, to seize their property, to garnish their wages, and to file a legal action to collect "delinquent assessments, late fees, interest, attorney's fees and other costs of collection."

28.     On June 28, 2013, Plaintiffs were contacted for the second time by Affinity on behalf of Marbella via a collection notice, which mirrored the form and threatening language of its prior debt-collection attempt ―again seeking to collect what it characterized as delinquent

assessments. A true and correct copy of this letter, hereinafter "Affinity's Letter 2," is attached hereto as Exhibit "L." Affinity, on behalf of Marbella, was attempting to collect the sum of $1,000.00 related to the alleged fine imposed against Plaintiffs.

29.     After Marbella received no payment, it had Meloni Law's predecessor company Fein & Meloni send another payment demand letter to the Plaintiffs on August 9, 2013. A true and correct copy of that notice, hereinafter "Fein & Meloni's Letter 1" is attached hereto as Exhibit "M". Fein & Meloni notified the Plaintiffs that they owed Marbella a total of $1,115.00 for "past due maintenance assessments." The amount was comprised of $1,000.00 for the fine imposed by the Marbella Board and an additional $115.00 for the monthly association fee for August. Meloni also demanded $262.50 for legal services in connection with the collection effort. Meloni warned the Plaintiffs that if they failed to pay, Marbella could foreclose on their property or sue them personally. This letter was received by Plaintiffs on August 10, 2013, as shown in Exhibit "N."

30.     The Plaintiffs responded to Meloni Law's predecessor company Fein & Meloni, disputing the "debt" via a letter, hereinafter "Plaintiffs' Letter 1," dated September 2, 2013. A true and correct copy of that letter is attached hereto as Exhibit "O." This letter was received by Fein & Meloni on September 4, 2013, as shown in the Exhibit "P." The Plaintiffs contended, *inter alia*, that they paid the August assessment on time, attaching evidence reflecting the payment. They further made several requests under the FDCPA, including a demand for proof that Fein & Meloni was licensed to collect debts in Florida.

31.     In response, Meloni's law predecessor company Fein & Meloni sent another collection letter on Marbella's behalf dated September 10, 2013. A true and correct copy of that letter, hereinafter "Fein & Meloni's Letter 2," is attached hereto as Exhibit "Q." Fein & Meloni

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

demanded Plaintiffs to pay $1,000.00 for the fine that was assessed to their account, it also attached an account statement reflecting a $262.50 attorney's fee and an unpaid September assessment.

32.     Plaintiffs again disputed the charges via a written communication, hereinafter "Plaintiffs' Letter 2," dated October 7, 2013. A true and correct copy of that notice is attached hereto as Exhibit "R." This letter was received by Fein & Meloni on October 8, 2013, as shown in the Exhibit "S." Concerning the $1,000.00 charge, Plaintiffs acknowledged that Marbella had fined them for allegedly violating the governing documents, but they challenged the validity of the fine. Regarding the September monthly maintenance fee, Plaintiffs maintained that they had timely paid this fee and submitted evidence of their timely payment. The Plaintiffs again lodged several FDCPA requests, once more demanding evidence that the collector was licensed to collect debts in Florida.

33.     On December 13, 2013, Plaintiffs were the subject of a new payment demand by Meloni Law. A true and correct copy of this dunning letter, hereinafter "Meloni Law's Letter 1" is attached hereto as Exhibit "T." This letter was received by Plaintiffs on December 14, 2013 as shown in the Exhibit "U." Meloni Law demanded –under threaten of lien foreclosing– $1,312.50, representing the $1,000.00 fine, two $25.00 late fees assessed on September 11 and November 11, and $262.50 for attorney's fees. Similar to the other letters, the attorney's collection charges were added by Meloni Law in handwriting to the Plaintiffs' account statement.

34.     Plaintiffs again responded, disputing the validity of the $1,000.00 fine and $25.00 late fees. They also challenged the amount of both the fine and the late fees, explaining that Marbella's governing documents capped the fine at $115.00 and the late fees at $11.50. And for the third time, they demanded evidence that Meloni Law was a licensed debt collector. Plaintiffs' dispute letter dated January 8, 2014, hereinafter "Plaintiffs' Letter 3," is attached hereto

as Exhibit "V." This letter was received by Meloni Law on January 10, 2014 as shown in the Exhibit "W," but it was not reacted back. Instead, Marbella continued accessing on Plaintiffs' account the same overstated and unauthorized charges, which had been long challenged by the Plaintiffs throughout. A true and correct copy of Plaintiffs' account ledger as of September 22, 2014, is attached as Exhibit "X."

35.     On or about February 17, 2014, Plaintiffs filed a plaint with The Florida Bar against Defendant Edoardo Meloni for Legal Malpractice. On or about March 14, 2014, Plaintiffs were contacted via mail by Edoardo Meloni responding said complaint. A true and correct copy of this letter is attached hereto as Exhibit "Y." The Plaintiffs, by themselves and through their attorneys, made every effort pre-litigation for over a year to resolve the issues surrounding this Complaint prior to seeking court action. Finally, looking for another cost-effective option to litigation, Plaintiffs submitted to each Defendant a pre-suit mediation offer dated February 19, 2014, which was flatly ignored by each Defendant. A true and correct copy of this pre-suit mediation offer is attached as Exhibit "Z."

**COUNT I**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(2)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

36.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

37.     15 U.S.C. § 1692e(2) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

– 12 –

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

38.    Defendant Meloni Law, its predecessor company Fein & Meloni and, Defendant Edoardo Meloni violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' debt. Specifically, in Fein & Meloni's Letter 1, Defendants, under threat of lien foreclosure, misrepresented to Plaintiffs that they owed sums they did not owe, were not obligated to pay, or that Defendants did not have a legal right to collect. The letter at hand claimed the amount of $115.00, which corresponded to Marbella's monthly maintenance fee for August. However, that fee was paid at the time the dunning letter was sent and Meloni was not authorized by Marbella to collect such an assessment. Additionally, Plaintiffs were required to pay attorney's fees without any legal basis supporting them. *See, e.g., Williams v. Edelman*, 408 F. Supp. 2d 1261 (S.D. Fla. 2005) ("the FDCPA prohibits misrepresentations pertaining to both valid and invalid debts.")

39.    Defendant Meloni Law, its predecessor company Fein & Meloni and, Defendant Edoardo Meloni violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' debt. In particular, in Fein & Meloni's Letter 2, Defendants misrepresented to Plaintiffs that they owed sums they did not owe, were not obligated to pay, or that Defendants did not have a legal right to collect. The letter at hand claimed the amount of $115.00, which corresponded to Marbella's monthly maintenance fee for September. However, that fee was paid at the time the dunning letter was sent and Meloni was not authorized by Marbella to collect such an assessment. Additionally, Plaintiffs were required to pay attorney's fees without any legal basis supporting them.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

40.     Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' debt. Specifically, in Meloni's Letter 1, Defendants, under threat of lien foreclosure, misrepresented to Plaintiffs that they owed sums they did not owe, were not obligated to pay, or that Defendants did not have a legal right to collect. The letter at hand claimed two (2) late fees of $25.00 each, for alleged late payments by Plaintiffs of the September and November maintenance assessments. However, both monthly fees were paid by Plaintiffs within the 10 days grace period set forth in Marbella's governing documents. Accordingly, no late fee could be charged for either September or November, and neither payment was ever delinquent as misrepresented in Meloni Law's Letter 1. Additionally, the amount of the late fees attempted to collect was unlawfully overstated because the agreement creating the debt only authorized $11.50 as the administration fee for late payments of maintenance assessment instead of the $25 as claimed by Defendants. Finally, Plaintiffs were required to pay attorney's fees without any legal basis supporting them.

41.     In Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni and, in Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(2) by misrepresenting the amount of the claimed debt allegedly owed by Plaintiffs. Specifically, Defendants included in the balance claimed an unlawful fine of $1,000.00 levied by Marbella. In addition to the invalidity of said fine, the amount of it was also illicitly overstated as a matter of contract.

**COUNT II**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(4)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

42.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

– 14 –

43.     15 U.S.C. § 1692e(4) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

44.     Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni violated this section of the FDCPA in the Fein & Meloni's Letter 1 by threatening that the nonpayment of the alleged debt would result in the forced sale of the Plaintiffs' property when such action was not lawful and not intended to be taken.

45.     In pertinent part, the letter states as follows:

[¶]…you are hereby requested to make payment for all amounts due, including, but not limited to, your past due assessments and our attorney's fees, within forty-five days of this Notice. Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding your check in the appropriate amount made payable to Fein & Meloni, Trust account at our letterhead address, the Association may bring an action to foreclose its lien for unpaid assessments in the same manner that a mortgage for real property is foreclosed. The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association will additionally seek an award of its attorney's fees and costs incurred in such action in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes. (emphasis added).

46.     Defendants threatened Plaintiffs with foreclosure and/or a civil lawsuit when they were not legally entitled to do so because the debt was invalid and Meloni Law and its predecessor company Fein & Meloni were not licensed to collect debts in Florida. *See, e.g.* *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-98 (11th Cir. 2010) (threat of filing suit

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

without collection license violates § 1692e). Moreover, the inclusion of notice of contractually allowed attorney's fees in the letter was misleading, when such fees may only be incurred in the future and only if Marbella were found to be the prevailing party in the litigation.

**COUNT III**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(5)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

47.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

48.     15 U.S.C. § 1692e(5) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

49.     Defendant Meloni Law, its predecessor company Fein & Meloni and, Defendant Edoardo Meloni violated this section of the FDCPA in the Fein & Meloni's Letter 1 by threatening to take legal action –namely, to commence legal proceedings– that could not be taken or that was not intended to be taken because the underlying debt was invalid and Meloni Law and its predecessor company Fein & Meloni were not licensed to collect debts in Florida. *See, e.g. LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-98 (11th Cir. 2010) (threat of filing suit without collection license violates § 1692e). The letter also contained a "false threat" stated for the sole purpose of intimidating Plaintiffs so that they might get the impression that litigation or a lien foreclosure action of their property would be imminent if Plaintiffs failed to make a payment voluntarily within forty five (45) days. *See, e.g., Calvert v. Alessi & Koenig, LLC*, 2:11-Cv-00333-Lrh-Pal (D. Nev. Feb 12, 2013)([t]he FDCPA explicitly disapproves of threats to foreclose when

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

there is no "present intention" to do so-in other words, when the threats operate as tools of debt collection rather than of security-interest enforcement.)

50.     Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(5) in Meloni's Letter 1 by using false and malicious statements that were designed to coerce and intimidate Plaintiff. In particular, Defendants suggested they would take legal action that could not be taken or that was not intended to be taken. In pertinent part, the letter states as follows:

> [¶]…Please note that in the event that you fail to make full payment for all amounts due to this office by forwarding you check in the appropriate amount made payable to The Meloni Law Firm, Trust account at our letterhead address, <u>the Association may record a lien against your property for unpaid amounts</u>. (emphasis added)

51.     The said letter violated U.S.C. § 1692e(5) because Defendants Meloni Law and Edoardo Meloni maliciously and repeatedly threatened to record a lien against Plaintiffs' property. However, such an action could not be taken because the claimed debt contained invalid and overstated late fees and unauthorized attorney's fees.

**COUNT IV**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(10)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

52.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

53.     15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

54.     In the Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni, and in Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(10) by including deceptive, misleading, and false statements. In pertinent part, these letters provide:

> [¶]…if you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.
> [¶] In the event you are unable to provide additional proof of payment, please submit the balance due…

55.     By including the above statements Defendants might have deceived the least sophisticated debtor into thinking that it has to dispute the alleged debt in writing by providing supporting documentation. *See generally, Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1274 (S.D. Fla. 2006) (finding that consumer who received dunning letter which required dispute to be "in writing" stated a valid claim under §1692g and §1692e(10)).

56.     In the Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni violated 15 U.S.C. § 1692e(10) when Defendants failed to disclose that only the Law firm, as a debt collector, had the right to assume the debt was valid. Defendants' demand letters misstate the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA. Defendant's dunning notices would be deceptive to the least sophisticated consumer with regard to his/her legal rights and therefore violates of 15 U.S.C. § 1692g(a) as well as 15 U.S.C. § 1692e(10). *See, Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, 11-80894-CIV, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011); *see also, Narvaez v. Specialized Loan Servicing, LLC,* Case No. 8:15-cv-19-T-24 TBM (M.D. Fla. Apr. 20, 2015).

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

57.     In the Fein & Meloni's Letter 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni, and in Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(10) by implying that the Plaintiffs had less than the full thirty-day validation period to dispute their debts.

58.     In the Fein & Meloni's Letter 1, Defendant Meloni Law, its predecessor company Fein & Meloni and, Defendant Edoardo Meloni violated 15 U.S.C. § 1692e(10) by including deceptive and misleading statements that were designed to coerce and frighten Plaintiffs. The letter in part states:

> [¶] The Association may also bring an action to recover a money judgment against you for those unpaid assessments. In that event, the Association will additionally seek an award of its attorney's fees and costs incurred in such action in accordance with the provision of both the Association's governing documents as well as the relevant portions of the Florida Statutes. (emphasis added).

59.     A least sophisticated –and even an educated– consumer would have very likely interpreted the highlighted language, in the stationary of a law firm and signed by an attorney to mean that there was no chance in prevailing once action (lawsuit) was pursued and that the Association will seek an award of legal fees and costs incurred in the imminent litigation regardless whether or not, it obtains a favorable judgment. *See, Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp.2d 1361 (M.D. Fla. 2002).

**COUNT V**
**VIOLATION OF FDCPA: 15 U.S.C. 1692f(1)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

60.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

61.     15 U.S.C. §1692f(1) provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

62.     In Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692f(1) by demanding two late fees of $25 each. Neither claimed fee was authorized by Marbella's governing documents nor permitted by applicable law.

63.     In the Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni, and in Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated U.S.C. § 1692f(1) by claiming $1,000.00, which corresponded to an invalid "fine" levied against the Plaintiffs for an "unidentified" violation of Marbella's governing documents. Additionality, the amount of said fine was illegally overstated as a matter of contract.

### COUNT VI
### VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(3)
### (AGAINST MELONI LAW AND EDOARDO MELONI)

64.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

65.     15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid <u>by the debt collector</u>…(emphasis added)

66.      In the Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and, Defendant Edoardo Meloni violated 15 U.S.C. § 1692g(a)(3), when both letters failed to state that the debt will be assumed valid <u>by the debt collector</u> if not disputed within thirty days. As a result, the least sophisticated debtor might misconstrue the debt to be valid by parties other than the debt collector, such as courts or credit reporting agencies.

67.      In the Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni, and in Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692g(a)(3) by stating: "…*if you dispute the amount due we would appreciate your providing this office with any documentation or evidence that you have in support of your contention that the amounts due are not correct.*" Likewise the Fein & Meloni's Letter 2 states in part: "*In the event you are unable to provide additional proof of payment, please submit the balance due…*" The above statements falsely implied that Plaintiffs' dispute of the alleged debts had to be in <u>writing</u> and <u>accompanied by documentation or evidence in support</u> of their challenge to the alleged debt. *See, e.g. Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

68.      In Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692g(a)(3) by failing to include in the aforementioned written communications the statements required by this section of the FDCPA.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

**COUNT VII**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(4)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

69.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

70.     15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer
in connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial
communication or the consumer has paid the debt, send the
consumer a written notice containing:

(4) a statement that if the consumer notifies the debt collector in
writing within the thirty-day period that the debt, or any portion
thereof, is disputed, the debt collector will obtain verification of the
debt or a copy of a judgment against the consumer and a copy of
such verification or judgment will be mailed to the consumer by the
debt collector.

71.     In Meloni's Letter 1, Defendants Meloni Law, and Edoardo Meloni

violated 15 U.S.C. § 1692g(a)(4) when the letter at hand did not include the notices altogether

required by this section of the FDCPA, nor did the Defendants provide such notices in writing

within five days after the Plaintiffs received the letter.

**COUNT VIII**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(5)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

72.     The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

73.     15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer
in connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

communication or the consumer has paid the debt, send the consumer a written notice containing:

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74.     In Meloni's Letter 1, Defendants Meloni Law, and Edoardo Meloni violated 15 U.S.C. § 1692g(a)(5) when the letter at hand did not include the notices altogether required by this section of the FDCPA, nor did the Defendants provide such notices in writing within five days after the Plaintiff received the letter.

**COUNT IX**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692g**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

75.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

76.     In the Fein & Meloni's Letter 2, Defendant Meloni Law, its predecessor company Fein & Meloni and Defendant Edoardo Meloni violated 15 U.S.C. § 1692g by providing the Plaintiffs with the same (or even less) amount of time (within thirty days) to pay the alleged debt as to contest it. However, if Plaintiffs' were to have complied with the Defendants' demands, payment would have had to be remitted before the thirty days expired. By giving this time constraint, Defendants ignored the requirements of subparagraphs (3) and (4) of § 1692g(a), which gives the consumer thirty days after receipt of the notice to dispute the validity of a debt.

77.     In Meloni's Letter 1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692g by repeatedly and maliciously telling Plaintiffs that the payment must be received during the 30-day period in order to dispute the validity of the debt. This correspondence ignored Plaintiffs' notice of validation rights and created confusion for Plaintiffs

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

about their rights to dispute the alleged debt. Additionally, the letter at hand violated this section of the FDCPA by making a threat of filing a lien against Plaintiffs' home during the 30-day statutory contest period in a manner that overshadowed the notice of validation rights.

**COUNT X**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)(2013)**
**(AGAINST MELONI LAW, EDOARDO MELONI AND MARBELLA)**

78.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

79.     Fla. Stat. § 559.72(9)(2013) provides:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

80.     In the Fein & Meloni's Letter 1, Defendant Meloni Law, its predecessor company Fein & Meloni, Defendants Edoardo Meloni and Marbella violated Fla. Stat. § 559.72(9)(2013) by claiming an illegitimate debt. Defendants knew that the underlying debt included the August assessment that was paid, plus an illegal fine and unlawful attorney's fees. The language of the letter also threatened Plaintiffs with foreclosure and/or civil lawsuit when Defendants knew that they could not pursue such an action because the alleged debt was invalid on its face. Additionally, Meloni Law and its predecessor company Fein & Meloni were not licensed to collect debts in Florida. Finally, because the letter failed to indicate that only the debt collector would assume the debt to be valid if Plaintiff failed to dispute it within thirty days, the Defendants have asserted the existence of a legal right despite knowing that the right does not

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

exist. *See, Narvaez v. Specialized Loan Servicing, LLC,* Case No. 8:15-cv-19-T-24 TBM (M.D. Fla. Apr. 20, 2015).

## COUNT XI
### VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)(2013)
### (AGAINST MELONI LAW, EDOARDO MELONI AND MARBELLA)

81.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

82.     In the Fein & Meloni's Letter 2, Defendant Meloni Law, its predecessor company Fein & Meloni, Defendants Edoardo Meloni and Marbella violated Fla. Stat. § 559.72(9)(2013) by claiming for the second time an invalid debt. Defendants knew that the underlying debt included the September assessment that was paid, plus an illegal fine and unlawful attorney's fees. Additionally, Meloni Law and its predecessor company Fein & Meloni were not licensed to collect debts in Florida. Finally, because the letter failed to indicate that <u>only the debt collector</u> would assume the debt to be valid if Plaintiff failed to dispute it within thirty days, the Defendants have asserted the existence of a legal right despite knowing that the right does not exist.

## COUNT XII
### VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)(2013)
### (AGAINST MELONI LAW, EDOARDO MELONI AND MARBELLA)

83.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

84.     In Meloni's Letter 1, Defendants Meloni Law, Edoardo Meloni and Marbella violated Fla. Stat. § 559.72(9)(2013) by claiming that Plaintiffs owed an invalid debt for the third time. Defendants knew that the underlying debt included two invalid and overcharged late fees of $25 each, corresponding to the Plaintiffs' alleged late payment of September and

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

November assessments. Moreover, Defendants threatened to file a lien against Plaintiffs' property when Defendants knew that they did not have a legal right to make such a claim. Finally, Meloni Law and its predecessor company Fein & Meloni were not licensed to collect debts in Florida.

**COUNT XIII**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)(2013)**
**(AGAINST AFFINITY AND MARBELLA)**

85.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

86.     In the Affinity's Letters 1 and 2, Defendants Affinity and Marbella violated the Fla. Stat. § 559.72(9)(2013) by knowingly claiming an invalid fine of $1,000.00 levied against the Plaintiffs. Additionally, the maximum amount of the said fine as authorized by Marbella's governing documents was capped at $115.00 instead of the $1,000.00, as it was maliciously overstated by Affinity and Marbella. Also, Defendants threatened to enforce an action to foreclose the Association's lien against Plaintiffs' property when Affinity and Marbella knew that legal right did not exist as a result of the invalid debt attempted to be collected. Finally, Affinity included a notice of contractually allowed attorney's fees and collection costs when such fees may only be incurred in the future and only if Marbella were found to be the prevailing party in the litigation.

**COUNT XIV**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(15)(2013)**
**(AGAINST MELONI LAW AND MARBELLA)**

87.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

88.     Fla. Stat. § 559.72(15)(2013) provides:

In collecting consumer claims, no person shall:

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt…

89.     In the Fein & Meloni's Letter 2 and in Meloni's Letter 1, Defendant Meloni Law, its predecessor company Fein & Meloni, and Defendant Marbella violated Fla. Stat. § 559.72(15)(2013) by failing to provide adequate identification of themselves as authorized debt collectors even after such information was requested by Plaintiffs in Plaintiffs' Letters 1, 2 and 3. In particular, Plaintiffs demanded to Meloni Law and its predecessor company Fein & Meloni to provide the appropriate proof that they were licensed or registered as collection agencies authorized to collect debts in Florida.

**COUNT XV**
**VIOLATION OF FCCPA: FLA. STAT. § 559.72(18)(2013)**
**(AGAINST AFFINITY AND MARBELLA)**

90.     The allegations contained in paragraphs 1 through 35 are re-alleged herein as though fully set forth.

91.     Fla. Stat. § 559.72(18)(2013) provides:

In collecting consumer claims, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication…

92.     In the Affinity's Letters 1 and 2, Defendants Affinity and Marbella violated provisions of Fla. Stat. § 559.72(18)(2013) by intentionally communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

debt. Specifically, Defendants Affinity and Marbella received actual notice and possessed actual

knowledge of attorney's Abdel Jimenez, Esq.'s representation of Plaintiffs with regard to the debt

and attorney's contact information from the Abdel's Letter as shown in the Exhibit "J".

**COUNT XVI**
**VIOLATION OF FDCPA: 15 U.S.C. § 1692e(11)**
**(AGAINST MELONI LAW AND EDOARDO MELONI)**

93.      The allegations contained in paragraphs 1 through 35 are re-alleged herein

as though fully set forth.

94.      15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any
debt. Without limiting the general application of the foregoing, the
following conduct is a violation of this section:

(11) The failure to disclose in the initial written communication with
the consumer and, in addition, if the initial communication with the
consumer is oral, in that initial oral communication, <u>that the debt
collector</u> is attempting to collect a debt and that any information
obtained will be used for that purpose, and the <u>failure to disclose in
subsequent communications that the communication is from a debt
collector</u>, except that this paragraph shall not apply to a formal
pleading made in connection with a legal action. (emphasis added).

95.      In Fein & Meloni's Letters 1 and 2, Defendant Meloni Law, its

predecessor company Fein & Meloni and Defendant Edoardo Meloni, and in Meloni's Letter

1, Defendants Meloni Law and Edoardo Meloni violated 15 U.S.C. § 1692e(11) by failing to

identify themselves as debt collectors and failing to state that the written communications are from

a debt collector. The failure to disclose in the initial written communication with the consumer and

in subsequent communications "that the communication is from a debt collector" has been well

settled in courts as a "material" violation under the FDCPA. *See, e.g. Edwards v. Niagara Credit*

*Sols., Inc.,* 584 F.3d 1350, 1351 (11th Cir. 2009) ("The [FDCPA] specifically requires that a debt

— 28 —

collector disclose in all communications with a debtor that the message is from a debt collector."

(citing 15 U.S.C. § 1692e(11))).

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, each Plaintiff respectfully requests this Court to enter:

a. A judgment against each Defendant declaring that the Defendant violated the FCCPA;

b. A judgment against Defendants Meloni Law and Edoardo Meloni declaring that they violated the FDCPA;

c. A judgment against each Defendant for maximum statutory damages under the FCCPA, as provided under Fla. Stat. § 559.77(2)(2013);

d. A judgment against Defendants Meloni Law and Edoardo Meloni for maximum statutory damages under the FDCPA, as provided under 15 U.S.C. §1692k. The FDCPA and FCCPA statutory damages are measured on a "per defendant" and "per plaintiff" basis. *See, e.g., Tacoronte v. Tate & Kirlin Associates*, Case No.6:13-cv-331-Orl-37DAB, (M.D Fla. Nov. 8, 2013);

e. An injunction prohibiting each Defendant and its agents and/or employees from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA and the FDCPA, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein;

f. A judgment against each Defendant for punitive damages in an amount to be determined at trial pursuant to Fla. Stat. § 559.77(2)(2013). Defendants actions as alleged herein were willful, wanton and a reckless disregard of Plaintiffs' rights;

g. A judgment against each Defendant for actual damages suffered by each Plaintiff in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2)(2013). As an actual and proximate result of the acts and omissions of each Defendant, and its employees as averred in this Complaint, Plaintiffs have suffered actual damages and injuries, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which they should be compensated in an amount to be established by a jury at trial.

h. An award for costs and reasonable attorneys' fees incurred in this action pursuant to 15 U.S.C. §1692k(a)(3) and Fla. Stat. § 559.77(2)(2013) or otherwise provided under the law;

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

    i.   An award for any pre-judgment and post-judgment interest on all sums collected as may be allowed under the law;

    j.   And for such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.

Dated: December 28, 2016.

Respectfully submitted:

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com


By:   /S/ David P. Reiner, II
     **DAVID P. REINER, II**; FBN 416400


## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on December 28, 2016, I electronically served the foregoing document on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, BY EMAIL or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*


**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com


By:   /S/ David P. Reiner, II
     **DAVID P. REINER, II**; FBN 416400

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

# SERVICE LIST

## CASE NO.: 14-CV-21192 - JEM/GOODMAN

*Via CM/ECF-EMAIL*

**Craig S. Hudson, Esq.**
Marshall, Dennehey, Warner, Coleman & Goggin, PC
100 NE Third Avenue, Suite 1100
Ft. Lauderdale, FL 33301
Phone: (954) 847-4920
Fax: (954) 627-6640
cshudson@mdwcg.com
[*Counsel for Defendant Affinity*]

**Rachel K. Beige, Esq.**
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd, 2nd Floor
West Palm Beach, FL 33401
Phone: (561) 383-9200
Fax: (561) 683-8977
rachel.beige@csklegal.com
[*Counsel for Defendant Marbella*]

**Dale T. Golden, Esq.**
Golden Scaz Gagain, PLLC.
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
[*Counsel for Defendants Meloni Law and Edoardo Meloni*]

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA       )
                               )
COUNTY OF MIAMI DADE  )

Plaintiffs Jorge A. Agrelo and Olga M. Fernandez, having first been duly sworn and upon oath, depose and say as follows:

1. We are the Plaintiffs in this civil proceeding.

2. We have read the above-entitled civil Complaint prepared by our attorney(s) and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.

3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendants(s), or create needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. We have file this civil Complaint in good faith and solely for the purpose set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by our attorney(s) where appropriate, we have not altered, changed, modified or fabricated any exhibits.

_____
          Notary Public

_____
          Jorge A. Agrelo

Subscribed and sworn to before me this 19th day of _December_, 2016.

My Commission Expires: Oct 23rd, 2018

                                             Olga M. Fernandez

Jorge Agrelo   FLDL# A264-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
                             Exp. 05/21/21.
Proof of I.D.:
Olga Fernandez FLDL# F655-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
          Exp. 04/06/22.

EMMA A ORJUELA
Notary Public - State of Florida
My Comm. Expires Oct 23, 2018
Commission # FF 171220

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989