**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals;

    Plaintiffs,

vs.

Case No.: 1:14-cv-21192

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A.; AFFINITY
MANAGEMENT SERVICES, LLC, a
limited liability corporation; MARBELLA
PARK HOMEOWNER'S ASSOCIATION,
INC., a Non-Profit Corporation;
EDOARDO MELONI, ESQ., an individual;
and ALEXIS MCDONALD, an individual,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSES
AND IN LIGHT OF THE APPELLATE DECISION OR, IN THE ALTERANTIVE FOR
AN ORDER DENYING THE MOTIONS WITH LEAVE TO REFILE IF AND WHEN
<u>APPROPRIATE IN LIGHT OF THE APPELLATE DECISION</u>**

COMES NOW, Defendants THE MELONI LAW FIRM, a/k/a EDOARDO MELONI,

P.A., and EDOARDO MELONI, ESQ. (hereinafter "MELONI"), by and through their

undersigned counsel, and hereby file this Response in Opposition to Plaintiffs' Motion for Leave

to Supplement Plaintiffs' Responses and in light of the Appellate Decision or, in the Alternative

for an Order Denying the Motion with Leave to Refiled if and when Appropriate in Light of the

Appellate Decision (hereinafter "Motion for Leave"), and state the following in support thereof:

    **I.**    **Factual Background / Procedural History.**

Plaintiffs bring this action against MELONI and others for alleged violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer

Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"). *See,* DE 30, generally. All of Plaintiffs claims against MELONI stem from Plaintiffs' receipt of three (3) letters from MELONI. *See,* DE 30 at ¶¶ 36 – 73, 75 – 86, 90 – 92, 96 – 102. These letters are dated August 9, 2013, September 10, 2013, and December 13, 2013, respectively. *See,* DE 30-13; 30-17; 30-20.

Plaintiffs' commenced this action by filing their Complaint on April 3, 2014. *See,* DE 1. MELONI filed its Answer on April 25, 2014. *See,* DE 13. On June 4, 2014, Plaintiffs filed their Amended Complaint. *See,* DE 30.[1] On June 6, 2014, the parties completed, and Plaintiffs submitted, the Rule 16.1 Scheduling Report. *See,* DE 30. In the Scheduling Report, the parties proposed October 14, 2014 as the discovery deadline. *Ibid.* at ¶ III(i). On June 11, 2014, the Court entered its scheduling order establishing October 15, 2014, as the deadline to amend pleadings. *See,* DE 34 at p. 4.

On October 1, 2014, Plaintiffs filed an unopposed motion to extend the discovery deadline. *See,* DE 57. The Court granted the Motion and extended the discovery deadline to November 26, 2014. *See,* DE 60.

On October 28, 2014, Plaintiffs took the Rule 30(b)(6) deposition of MELONI. On November 7, 2014, Plaintiffs took the Rule 30(b)(6) depositions of Defendants Marbella and Affinity.

On December 1, 2014, MELONI filed its Motion for Partial Summary Judgment (DE 73) and Motion for Judgment on the Pleadings (DE 75). Plaintiffs filed responses to both motions on December 18, 2014. *See,* DE 79 and 80. In responding to MELONI's Motion for Partial Summary Judgment, Plaintiffs did not argue that additional discovery was necessary. *See,* DE 80.

---

[1] Defendants did not opposed Plaintiff motion for leave to file the Amended Complaint. *See*, DE 24.

On January 29, 2015, the Court granted the Motion(s) for Summary Judgment of co-Defendants, MARBELLA PARK HOMEOWNER'S ASSOCIATION, INC. and AFFINITY MANAGEMENT SERVICES, LLC. *See,* DE 118 and 119.

On September 14, 2015, Plaintiffs timely appealed the Court's dispositive orders. On November 9, 2016, the Eleventh Circuit reversed the Court's January 29, 2015 Order & Final Judgment as to Affinity and vacated it as to Marbella, remanding the case for further proceedings. *See*, DE 166.

On December 28, 2016, following the remand, Plaintiffs' filed the subject Motion for Leave. *See,* DE 170.  In their Motion, Plaintiffs assert that the Court deny MELONI's Motion for Judgment on the Pleadings as premature. With respect to MELONI's Motion for Partial Summary Judgment, Plaintiffs erroneously claim the Eleventh Circuit made a finding as a matter of law that the debt at issue was illegitimate, that additional discovery is necessary, that summary judgment cannot be granted until all Defendants have filed an answer, and that additional briefing is necessary based on allegedly new "controlling" case law.

II. **Legal Arguments.**

   a. **The Court can rule on MELONI's Motion for Judgment on the Pleadings regardless of whether the Pleadings are Closed.[2]**

MELONI is not aware of binding case law on the issue of whether this Court can rule on MELONI's Motion for Judgment on the Pleadings in light of the fact one Defendant has yet to file an answer. Plaintiffs rely on *Lillian B. v. Gwinnett County School Dist.,* 631 Fed. Appx. 851, 852 (11th Cir. 2015) (unpublished) as controlling authority on the issue. However, in that case there was only a single defendant. That defendant filed a motion for judgment on the pleadings

---

[2] To be clear, Plaintiffs did not raise this argument in their response to MELONI's Motion for Judgment on the Pleadings.

without filing an answer to the complaint. The Court ruled the motion was premature since "[t]he District hadn't filed an answer when it moved for judgment on the pleadings." *Id.*, 631 Fed. Appx. at 853.

Subsequently, the District Court for the Northern District of Georgia recognized the distinction between a defendant that has not answered the complaint filing a motion for judgment on the pleadings and a defendant that has filed an answer in a case in which a co-defendant has not filed an answer. In *S.W. v. Clayton County Pub. Sch.*, 185 F. Supp. 3d 1366, 1374 (N.D. Ga. 2016), the court distinguished *Lillian B.* on the basis that the case involved multiple defendants and the pleadings were closed with respect to the moving defendant. The court stated: "With respect to the CCPS Defendants, all pleadings are closed, and both the letter and spirit of Rule 12(c) have been satisfied." *Id.* In the instant case, the pleadings are closed with respect to the distinct claims being made against MELONI based on MELONI's distinct actions in attempting to collect the obligation at issue. As such, the Motion for Judgment on the Pleadings is ripe and should be determined by the Court.

Alternatively, the Court should simply reserve ruling until all Defendants have answered the Complaint. Affinity Management Services, LLC, has answered the Complaint. It is MELONI's understanding that Marbella Park Homeowners' Association, Inc., will be filing its answer no later than January 16, 2017. Given these facts, it makes no sense to deny MELONI's motion as it would force MELONI to needlessly incur additional costs to file a motion that would likely remain unchanged.

### b. The Eleventh Circuit made no finding with respect to the validity of the underlying debt.

Despite Plaintiffs' assertion to the contrary, the Eleventh Circuit did not establish controlling law in this case with respect to the validity of the underlying debt. In their Motion,

Plaintiffs erroneously assert the Eleventh Circuit made a "finding" that Defendants were "not collecting 'unpaid [homeowners' association] assessments' but an illegitimate debt composed by [sic] a fabricated fine and assessments that were already paid by the time of the collection letters." *See*, DE 169 at p. 6. As this Court is aware, the issues before the Eleventh Circuit were: 1) whether the "fine" levied by the Association was a "debt" as defined by the FDCPA/FCCPA; 2) whether Marbella needed to be a "debt collector" to fall under the purview of the FCCPA; and 3) whether Marbella could be vicariously liable for the actions of Affinity or MELONI. The legitimacy of the fine was never determined by this Court on the motions presented and was not considered by the Eleventh Circuit as part of the appeal.

In support of their position that the Eleventh Circuit made the aforementioned "finding[] of fact", Plaintiffs apparently rely the Court's summary of the facts, including the statement that co-Defendant Marbella sent the Plaintiffs a notice that Plaintiffs had violated the bylaws and the notice "identified no specific provision of the governing documents that the homeowners had violated, Marbella contended that they improperly performed unapproved construction, relocated a fence, and removed plants." *Agrelo v. Affinity Mgmt. Services, LLC*, 841 F.3d 944, 947 (11th Cir. 2016). The fact the statement is contained in the "Factual Background" section of the Court's Opinion demonstrates it was not a legal issue the Court determined—or even considered. As the legitimacy of the debt was not before the Eleventh Circuit, it conducted no analysis of that issue, much less issue a ruling on it. Instead, the ruling of the Court was limited to the specific issues before it, i.e. whether this Court erred in ruling the "fine" was not a "debt", that Marbella did not fall under the purview of the FCCPA, and that Marbella could not be vicariously liable for the actions of its agents.

### c. Plaintiffs should not be permitted to conduct additional discovery.

Plaintiffs claim that the Court should not rule on MELONI's Motion for Partial Summary Judgment until "discovery is really complete." *See,* DE 169 at p. 6. As indicated above, the parties proposed October 14, 2014 as the discovery deadline in their joint scheduling report. On June 11, 2014, the Court entered its scheduling order establishing October 15, 2014, as the deadline to amend pleadings. *See,* DE 34 at p. 4.  Upon request of the Plaintiffs, Defendants agreed to an extension of the discovery deadline, and the Court subsequently extended the deadline to November 26, 2014. *See,* DE 60. As such, Plaintiffs had ample time to conduct any discovery they deemed relevant. Simply stated, there is no legal or factual basis upon which this Court could determine under Rules 16 and 15 that the discovery deadline should be extended (again).

### d. MELONI's Motion for Partial Summary Judgment establishes the absence of a genuine issue of material fact regardless of whether one Co-Defendant has yet to answer the Complaint.

Despite Plaintiffs' acknowledgement that MELONI's Motion for Partial Summary Judgment is "not 'technically' premature," Plaintiffs argue that MELONI'S Motion for Partial Summary Judgment cannot be granted until Co-Defendant Marbella files its answer to the Complaint. *See,* DE 170 at p. 13. However, Plaintiffs fail to cite to any binding case law to support their position that a genuine issue of material fact necessarily exists until all co-defendants file their respective responsive pleadings.  Instead, Plaintiffs rely on *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 278 (D. Neb. 1951) for the proposition that summary judgment was precluded "because no answer had been filed, the court could not determine that there was no issue of fact surrounding plaintiff's claim." *See,* DE 170 at p. 12. However, in that case the plaintiff had filed the subject motion for summary judgment prior to the only defendant

filing its answer. *Id.* The *Stuart* court found that "without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer [] [a]nd it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment." *Id.* at 280.

Plaintiffs further allege that "the holding in *Pestube* [*v. HomeTeam Pest Def., LLC*] is instructive to the present case" as *Pestube* held "that courts [should] approach motions for summary judgment where no answer had been filed with extreme caution." *See,* DE 170 at 12-13. However, *Pestube* involved the defendant's motion to dismiss two of the four counts which was ultimately granted by the court. *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC.*, 2006 WL 1441014, 7 (D. Ariz. 2006). In fact, the only mention of summary judgment in *Pestube* was the court's denial of plaintiff's sealed partial summary judgment motion because it was based on one of the counts that was dismissed by the court. *Id.* at 6.

Unlike the defendants in *Stuart* and *Pestube*, MELONI has long-since filed its answer to the Complaint, the pleadings are closed, and discovery is complete with respect to the distinct claims being made against MELONI. As such, this Court can rule on MELONI's Motion for Partial Summary Judgment regardless of whether Co-Defendant Marbella has filed its answer to Plaintiffs' Complaint.

### e. Plaintiffs' alleged new "controlling" case law does not require supplemental briefings.

Plaintiffs allege that "an important number of new controlling decisions have been issued" in the two years since they filed their Response(s) asserting that they will be prejudiced if they "are not allowed to develop current applicable and controlling authorities before the court [sic]." *See,* DE 170 at 130. However, it is not atypical that new relevant case law is issued during the pendency of motions and this Court has found that providing notice of supplemental

authority was proper rather than providing full supplemental briefings. Specifically, this Court has found that:

> Turning to the practice of making supplemental filings with this Court, such supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument.

*Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011).

Moreover, as this Court has also previously recognized, permitting new briefing every time a party believes a new opinion relevant to the issues in the case is released, would allow for unending briefing. Instead, the Court permits a party to provide notice to the Court of a decision, a practice that rightly relies on this Court to determine the relevance and applicability of the case without further argument from the parties. To permit additional briefing and/or argument violates that practice. On this issue, this Court has held:

> "Even the most superficial review of the notice[ ] reveal[s] that [it] contain[s] legal arguments." *Girard,* 2011 WL 4345443, at *3. Plaintiffs' attempt to couch their two pages of additional argument as permissible "brief statements" is unpersuasive. A brief statement, if allowed, is just that-brief. Two pages of quotations and Plaintiffs' gloss as to the meaning of these cases do not constitute "brief statements." Moreover, because Plaintiffs' Notice contains legal argument, it has, for all intents and purposes, prompted additional rounds of briefing. [*See* ECF Nos. 52; 56]. This is the precise situation that the Local Rules and the applicable case law authority are trying to prevent. Consequently, because Plaintiffs' Notice contains a surfeit of legal arguments, this part of the Notice must be stricken.

*Barron v. Snyder's-Lance, Inc.*, 13-62496-CIV, 2014 WL 2686060, at *2 (S.D. Fla. June 13, 2014).

In the instant case, Plaintiffs' Motion for Leave requests supplemental briefings of both Plaintiffs' Response to MELONI'S Motion for Judgment on the Pleadings and MELONI's Motion for Partial Summary Judgment. Although Plaintiffs allege that "it would be impractical and time consuming for the Court to review an important number of cases brought through 'supplemental notice'" (see, DE 170 at p. 13), Plaintiffs have already filed a Notice of Supplemental Authority in Support of their Opposition to MELONI's Motion for Judgment on the Pleadings (DE 164). In that filing, Plaintiffs cite seven (7) cases purported to have arisen since filing their initial Response. Plaintiffs' Notice of Supplemental Authority effectively remedies any purported prejudice to Plaintiffs as it directs this Court's attention to legal authority allegedly not available to the Plaintiffs at the time of filing their initial Response. As such, permitting Plaintiffs to provide any supplemental briefings would only serve as a basis for Plaintiffs to make additional legal arguments, a remedy this Court has specifically declined to permit.

With regards to Plaintiffs' Response to MELONI's Motion for Partial Summary Judgment, Plaintiffs have failed to identify any specific "new controlling decisions" that would impact their prior position. Plaintiffs cite *Williams v. Educ. Credit Mgmt. Corp.* as such a case, however it is not relevant to the case at issue *See,* DE 170 at p. 13-14. In *Williams*, the court in addressing Plaintiff § 559.72(9) claim found:

> Plaintiff's allegations establish that several different parties informed or attempted to inform ECMC on no less than half a dozen separate occasions that Plaintiff did not own the debt, and permit the Court to reasonably infer that, at some point, ECMC gained actual knowledge that Plaintiff was not the owner of the debt. *Accord Martorella v. Deutsche Bank Nat'l Trust Co.,* 931

> F.Supp.2d 1218, 1227 (S.D.Fla.2013) (finding knowledge adequately alleged where plaintiff asserted that she notified defendant of its error but defendant nevertheless proceeded with its debt collection activities).

*Williams v. Educ. Mgmt. Corp.*, 88 F. Supp. 3d 1338, 1347-1348 (M.D. Fla. 2015). Plaintiffs claim Williams stands for the proposition that a debtor can demonstrate "actual knowledge", a necessary element of a § 559.72(9) claim, merely by offering evidence that the debtor told defendant he did not owe the debt. No such finding exists in *Williams* or this Court's *Martorella* decision, which *Williams* cites and which pre-dates Plaintiffs' initial Response(s) by one (1) year and nine (9) months.[3] To be clear, neither *Williams* nor *Martorella* hold that the mere indication by the debtor that the debt is not owed establishes "actual knowledge" under § 559.72(9). Moreover, both cases were decided in the context of a motion to dismiss, meaning a different legal standard applied that the standard the Court applies to MELONI's Motion for Partial Summary Judgment. Simply stated, the law in Florida is clear that the fact a debtor disputes the validity of a debt is insufficient to demonstrate a debt collector's "actual knowledge" that a debt is illegitimate. *See, Bryant v. Credit Adjustments, Inc.*, 2011 WL 902009 (S.D. Fla. Mar. 14, 2011)(Cohn, J.); *Schauer v. Morse Operations, Inc.,* 5 So. 3d 2, 5-6 (Fla. 4th DCA 2009), reh'g denied (Apr. 16, 2009).

Plaintiffs' fail to identify any "new controlling decision" which would have any impact on this Court's determination of MELONI's Motion for Partial Summary Judgment. Perhaps more importantly, to the extent any such case law does exist, Plaintiffs are free to file a notice of supplemental authority.

---

[3] *Martorella* was decided March 18, 2013 while Plaintiffs' Responses were filed on December 18, 2014.

### III. Conclusion.

There is no legally binding authority to support Plaintiffs' position that MELONI's Motion for Judgment on the Pleadings is not ripe until the co-Defendants have filed an answer to the Complaint. In this case, the pleadings are closed with respect to the distinct claims being made against MELONI and co-Defendant Marbella's outstanding response to Plaintiffs' Complaint plays no role in that determination. Similarly, MELONI's Motion for Partial Summary Judgment is not premature simply because one of the multiple Co-Defendants has yet to file its answer.

Additionally, nothing in the Opinion of the Eleventh Circuit supports Plaintiffs' request for supplemental pleadings as the Eleventh Circuit did not make any conclusions with respect to the validity of the underlying debt in this matter. As a result, Plaintiffs' have failed to provide any basis for re-extending the Court's discovery deadline previously agreed upon by the parties and already extended once by the Court.

Finally, the existence of alleged "new controlling" case law does not support Plaintiffs' request for supplemental pleadings. Instead, Plaintiffs' Notice of Supplemental Authority (DE 164), previously filed on June 27, 2016, serves to negate any alleged prejudice suffered by Plaintiffs related to Plaintiffs' response to MELONI's Motion for Judgment on the Pleadings. Likewise, although no relevant cases were identified by Plaintiffs, to the extent new controlling case law exists related to MELONI's Motion for Partial Summary Judgment, Plaintiffs' are free to file a notice of supplemental authority.

WHEREFORE Defendant respectfully requests an order from this honorable Court DENYING Plaintiff's Motion for Leave.

>Respectfully submitted by:
>
>  /s/ Dale T. Golden
> DALE T. GOLDEN, ESQ.
> Florida Bar No.: 0094080
> JOSEPH C. PROULX, ESQ.
> Florida Bar No.: 0056830
> **GOLDEN SCAZ GAGAIN, PLLC**
> 201 North Armenia Avenue
> Tampa, Florida 33609-2303
> P: (813) 251-5500; F: (813) 251-3675
> dgolden@gsgfirm.com
> jproulx@gsgfirm.com
> Counsel for MELONI Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>  /s/ Dale T. Golden
> DALE T. GOLDEN, ESQ.
> Florida Bar No.: 0094080