UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ,
individuals,

    Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a EDOARDO
MELONI, P.A., et al.,

    Defendants.
_____/

**PLAINTIFFS' REPLY TO
DEFENDANTS' RESPONSE(S) (ECF-179, 180 & 181)
TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF
ORDERS DENYING LEAVE TO AMEND, AND RENEWAL OF
MOTION FOR LEAVE TO AMEND COMPLAINT(ECF-170)**

Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and through undersigned counsel, hereby file their Reply to Meloni, and through joinder, Affinity and Marbella's (collectively "Defendants") Responses ("Response") (ECF-179, 180 & 181) in opposition to the Plaintiffs' Motion, (ECF-170) and state:

**PRELIMINARY STATEMENT**

As the Motion's title states, Plaintiffs are seeking alternative reliefs, (i) to vacate the prior orders denying Plaintiffs' leave to amend; and/or (ii) renewed leave to amend. The Court might, therefore, reaffirm its prior holdings or even decide to not address the matters surrounding such rulings and still grant Plaintiffs' Renewed Motion to Amend their Complaint.

The Defendants' Response is relevant more for what it does not say than for what it says. Excluding the unnecessary repetition of the factual background, the few paragraphs of legal

argument do not address the alternative relief requested at all. Likewise, the merits of the Plaintiffs' *statutory claim* for punitive damages went largely unrebutted. Additionally, nowhere in the Response, do Defendants speak to or refute the issues raised by Plaintiffs regarding the inadvertent misstatement in the Court's orders concerning the actual date when the Motion to Amend was filed and the date when the depositions transcripts were available. Rather, Defendants only argue that "Plaintiffs' burden to show good cause for seeking leave to amend...exists independent of whether Defendants raised the issue in response." Assuming, *arguendo*, that Plaintiffs did not meet that burden, and absent an unreasonable burden on the Court's schedule, (we actually have no schedule) the Court should grant Plaintiffs' Motion by default.

## ARGUMENT

### A. The Unopposed "Renewed" Motion For Leave To Amend Should Be Granted.

As plainly conceded by Defendants (*See*, ECF-169 ¶6), the pleadings are still open since Marbella has yet to file an answer to the Complaint and Affinity, just a few days ago, sought to amend its responsive pleadings. *See*, ECF-174 & 175. Additionally, in light of the 11th Circuit decision in this case, the pertinent filings in the record, including but not limited to, pretrial stipulations, unresolved motions, and parties' pleadings (including Plaintiffs') have to be revisited or amended to some degree. Further, should either Marbella plead (or if Affinity is allowed to re-plead in their answer or amended answer) any affirmative defense (e.g. the *bona fide* error under the FCCPA), Plaintiffs have not had a fair opportunity to address these potential defenses during the already-closed discovery window. Plaintiffs will request that the Court re-open and extend discovery for at least that purpose. Once the pleadings are ultimately closed, Plaintiffs will have the right, and certainly will seek judgment on the pleadings as to all Defendants pursuant to Fed. R. Civ. P. 12(c).

At this pleadings juncture, it is clear that a trial cannot be scheduled and is therefore is not imminent. Moreover, considering that this case has been effectively stayed for almost two (2) years after two (2) consecutive appellate forays, the dates set forth in the operative scheduling order (ECF-60) have all passed. It is then inevitable that the Court issue a new scheduling order, resetting all established pretrial deadlines. Plaintiffs' proposed amendment could (and should in all fairness) be timely under a new scheduling order issued by the Court. *See also, e.g., U.S. ex rel. Barys v. Vitas Healthcare Corporation*, 1:04-cv-21431-AJ (S.D. Fla. July 25, 2007)(holding that "since the defendants have yet to file a responsive pleading in this case, Rule 15, in itself, is not an obstacle to the plaintiffs' motion to amend"). Finally, Defendants have not argued any prejudice due to the proposed amendment and Plaintiffs decline to offer any for them.

### B.  The Motion For Reconsideration Has Merit And Should Be Granted.

A motion for reconsideration permits a court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *See*, *Compania de Elaborados de Café v. Cardinal Capital Management, Inc*., 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)("Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party… or where there is manifest injustice"). Plaintiffs' Motion for Reconsideration is based on four arguments:

> (i) Plaintiffs filed their original motion for leave to amend on December 18, 2014, (*See*, ECF-77) and not on January 12, 2015, as stated in the Order. *See*, ECF-112. Defendants concede this fact. *See*, ECF-179 at p.2.
>
> (ii) The Court may have missed the fact that the Defendants' deposition transcripts, upon which their amendment relied, were not available to them until December 3, 2014. Plaintiffs did attempt to alert the Court to this issue. *See*, ECF-100 at p.1. Defendants ignored this issue.
>
> (iii) The Court overlooked the context and timeframe when the Plaintiffs' motions for leave to amend was filed.

(iv) The standard, spirit and purpose of the Federal pleadings rules, together with the standards for alleging punitive damages claims (sufficient evidence adduced in discovery) should have cautioned against denying this type of motion to amend.

In their motion to amend (ECF-77), Plaintiffs stated: discovery has now concluded with the last of the Defendants' corporate representatives deposed on November 7, 2014 and Defendant deposition transcripts completed on December 3, 2014. Plaintiffs' findings in the discovery process, specifically when Defendants were deposed on October 28 and November 7, 2014, were critical to their decision to plead for punitive damages. Yet, it was not until December 3, 2014, when the Defendants' depositions transcripts were actually made available (*See*, Exhibit 1 attached herein) that the motion for leave to amend (ECF No. 77, 77-1) was completed. The motion to amend relied upon deposition testimony as the threshold factual basis for the requested relief. The Defendants' depositions revealed new information and categorically confirmed suspicions about the extent of their willful misconduct.

It is patently unfair (unjust) for Plaintiffs to be penalized for attempting to sequence discovery (waiting to depose Defendants) until admission, interrogatories and documents requests were completed. Under these circumstances, there can be no doubt that Plaintiffs were actively pursuing this matter with diligence as they sought to amend within 15 days after getting, and putting into context, all the evidence collected during discovery which only closed on November 26, 2014. *See*, ECF-60. Further, as pointed out in the Motion to Reconsider/Amend, Plaintiffs were, at the same time, working on responses to three (3) different Defendants' dispositive motions and a belated notice of joinder filed by Affinity. *See*, ECF-73, 74, 75 and 76. In total, Plaintiffs filed the same day as their motion for leave to amend, eight (8) documents including hundreds of pages in exhibits. *See*, ECF-77, 78, 79, 80, 81, 82, 82 and 84.

In *Emess Capital, LLC vs. Scott Rothstein and TD Bank, N.A*, No: 10-60882-CIV-Lenard/O'Sullivan (S.D. Fla. May 2, 2012) this Court identified several reasons that satisfied the "good cause" requirement under Rule 16 and granted Plaintiffs' leave to amend nearly 4 months after the deadline to do so. The Court, in *Emess,* found that "waiting for ruling on [TD Bank's] Motion to Dismiss constitutes good cause for failing to comply with the Court's deadline for amendment of pleadings". Judge Lenard also cited some cases where other courts have found "good cause" under Rule 16 when a party failed to comply with a scheduling order because that party was waiting for a ruling on a motion *Id* at n.6. She also reasoned that the new information discovered when Defendants were deposed was highly relevant to the proposed amendment and that evidence could not have been discovered in the exercise of reasonable diligence prior to the due date to amend the pleadings.

The same is true here, Affinity and Marbella's motions to dismiss (ECF-38, 40) were decided well after the deadline to amend the pleadings and when discovery was closed. *See*, ECF-103, 118. In fact, Marbella's motion to dismiss was never resolved but only technically mooted when its subsequent motion for summary judgment was granted on January 29, 2015. The second prong argued by the Court in *Emess* is also right on point with this case and in line with the majority of authorities presented with the same question. *See e.g.*, *Virciglio v. Work Train Staffing LLC.*, No. 15-10421 (11th Cir. 2016)(finding no abuse of discretion where district court consented to Plaintiff's amendment when he satisfied good cause for the two weeks delay because he did not learn until defendant's deposition the facts in support of the proposed amendment); *Permatex, Inc. v. Loctite Corp.*, 03 Civ. 943(LAK)(GWG), 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (finding diligence when plaintiffs moved to amend almost two months after deposition brought new information to light). Another case cited in *Emess* is also instructive here. *See, Carefusion*

*213, LLC v. Professional Disposables, Inc.*, Case No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010). The Court in *Carefusion* explained:

> The Court finds that Plaintiff made a reasonable decision to take the Rule 30(b)(6) deposition of Defendant PDI to put that document into context and to discover more facts that would allow it to determine whether it had a factual and legal basis to bring the fraud and negligent misrepresentation claims. The Court cannot fault Plaintiff for waiting to file the motion until it had the opportunity to depose PDI's corporate representative in order to make a more informed decision about whether to bring these additional claims.

Here, as in *Carefusion*, the Court cannot fault Plaintiffs for waiting to seek leave to amend until all Defendants were deposed, the deposition transcripts where available and discovery was closed; thus, all evidence and facts could be properly analyzed, correlated and put into context. The prejudice, or rather lack thereof, may have been clearer if the Motion was fully briefed rather than *sua sponte* denied.  Plaintiffs are simple consumers tasked by a statute to police a federal consumer protection scheme and should be treated accordingly.

    **A.  Defendants cannot credibly argue that the Court acting *sua sponte* and selectively did not err by striking/denying Plaintiffs' attempts to amend their pleadings.**

Defendants assert at p.5 that their (Meloni's) response to Plaintiffs' original/corrected motion to amend raised the lack of "good cause" issue under Rule 16(b). *See*, ECF-94. This is correct, but, in the same statement Defendants rightly conceded that their opposition memoranda was addressed at Plaintiffs' original/corrected motion for leave to amend (ECF-77/86), which the Court struck for not being styled in double-spaced without any discussion upon the lack of good cause requisite. Defendants next argue that the Rule 16(b) argument asserted in their prior response "applied equally to Plaintiffs' later-filed *Amended* Motion for Leave to Seek Punitive Damage [ECF-100]." This is simply wrong. In addition to having fixed the formatting technicality raised – also *sua sponte*– by the Court, the "good cause" argument under Rule 16(b) was substantially expanded and further supported in the amended leave to amend. Compare ECF-77/86 with ECF-

100. Thus, Defendant's prior argument as to the noncompliance with Rule 16(b) was mooted by Plaintiffs' later amended motion for leave to amend, and if there is any doubt left, the Defendants' argument was ignored in the language of the paperless order denying Plaintiffs' motion where the Court gave no indication whatsoever that any argument advanced by Defendants had been considered in its ruling. *See*, ECF-112. The only possible reading of the order is that the Court made the decision to deny leave for its own technical reasons.

Plaintiffs submit that if the Court had raised the "good cause" issue on its own, it would have, at a minimum, ordered supplemental briefs. The lack of an opportunity to present their views on the determinative issue is inconsistent with fundamental principles of due process and justice. This very same process was rejected by the U.S. Supreme Court. *See, Nelson v. Adams USA, Inc*., 529 U.S. 460, 471 (2000)(One cannot assume that a party, who has a vested interest in the outcome of the matter, will not be able to shed additional light on the issue and assist the court in analyzing it completely). Plaintiffs come seeking justice and simply want to be heard.

Defendants next argues that their own similar shortcomings do not relief Plaintiffs to abide by the controlling law. Two wrongs do not make a right. Agreed, but at some point all of the wrongs committed by the Defendants (and forgiven) become an insurmountable mountain for the Plaintiffs. That is not fair or right.

**B. A second bite at the apple is not possible where Plaintiffs had no first bite.**

In a last-ditch effort, Defendants state that "[e]ach and every argument raised in Plaintiffs' Motion for Reconsideration was available to Plaintiffs before they filed their Motion to Amend." This is simply incorrect. The Rules require that Motions be made, responses filed, and then the movant(s) get to reply. The arguments raised in Plaintiffs' Motion for Reconsideration are that

reply.  Said differently, Plaintiffs are **not** seeking "a second bite at the apple" because they were **not** given the first full bite.

### C. Defendants Are Not In A "Safe" Position To Argue That Plaintiffs Have Not Been Diligent In Seeking To Amend Their Pleadings.

Defendants assert in their opposition brief at pp.5-6 that Plaintiffs have not been diligent in seeking amendment and, consequently, that Rule 16(b) had not been satisfied.  Magistrate Judge Jonathan Goodman, in *LaTele Television C.A. v. Telemundo Communications Group, LLC*, Case No. 12-22539-CIV-GOODMAN, ECF No. 469 (S.D. Fla. Mar. 26, 2015) cogently stated:

> [¶] Better known as Bo Diddley, Ellas McDaniel wrote and recorded the classic blues song "Before You Accuse Me"…Diddley's song provided some classic advice: "<u>Before you accuse me, take a look at yourself</u>…"

This song is relevant here because, individual Defendant Edoardo Meloni, Esq., filed his answer and affirmative defenses on September 23, 2014, which was <u>97 days</u> late, did not even attempt to show "good cause" as required by Rule 16(b), and no one batted an eye.  *See,* ECF-51.  Likewise, Affinity recently sought to amend its answer and affirmative defenses but it did not attempt to demonstrate there is some 'good cause' as to why the Court should allow such an amendment. *See*, ECF-174 & 175. Affinity's request for leave to amend was asserted via a Response memorandum rather than through a motion[1].  *See*, ECF-184 at p.9.  Consequently, Plaintiffs cannot credibly be accused of not satisfying the "good cause" requirement under Rule 16(b) when Defendants have not even try to abide by the same Rule themselves. *See, Barapind v. Enomoto*, 360 F.3d 1061, 1077 (9th Cir. 2004) ("one cannot ignore the principal of reciprocity:

---

1   Affinity's misrepresentation stealth motion for leave to amend its responsive pleadings as a Response to Plaintiffs' Motion to Strike its Answer and Affirmative Defenses violates Section 3(L)(1) of the Court's CM/ECF Administrative Procedures, which makes the party filing a document responsible for designating the appropriate docket entry title and relief requested.

what goes around comes around"), *aff'd* in part, *rev'd* in part and remanded, 400 F.3d 744 (9th Cir. 2005).

## CONCLUSION

The preference in this Circuit is to allow pleading amendments. In *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), the court found "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. None of the factors that may militate against granting leave to amend are present in this case. The record shows that in spite of their diligence, Plaintiffs did not have the information necessary to assert a viable claim for punitive damages until after the amendment deadline expired. Plaintiffs moved swiftly to file these papers once the discovery stage closed and all evidence collected, digested and woven into a motion and amended complaint. There was no undue delay in Plaintiffs' requesting leave to amend. Plaintiffs are not seeking this amendment in bad faith or with a dilatory motive and Defendants have not alleged any prejudice.

Additionally, the current stage of the proceedings in light of the recent pivotal opinion issued by the Eleventh Circuit (ECF-166) and considering that some Defendants have not filed yet a responsive pleadings or are attempting to amend their pleadings fully support the granting of the "unopposed" Plaintiffs' renewed leave to amend. In sum, the interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiffs' proposed amended complaint.

WHEREFORE, for any or all of the reasons set forth in the Motion, Plaintiffs request the Court allow and order the Plaintiffs to file their Second Amended Complaint forthwith.

Respectfully submitted:

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com


By:   /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2017, I electronically served the foregoing document on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF, BY EMAIL or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com


By:   /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400