UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-21192

JORGE A. AGRELO and OLGA M. FERNANDEZ,

    Plaintiffs,

v.

THE MELONI LAW FIRM a/k/a EDOARDO MELONI,
P.A.; AFFINITY MANAGEMENT SERVICES, LLC;
MARBELLA PARK HOMEOWNERS' ASSOCIATION,
INC.; EDOARDO MELONI; and ALEXIS McDONALD;

    Defendants.
_____/

## DEFENDANT MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, co-Defendant, MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC. (hereinafter "Defendant" or "Marbella"), by and through the undersigned counsel, files its Answer and Affirmative Defenses in Response to Plaintiffs' Amended Complaint [ECF No. 30], and states as follows:

### JURISDICTION AND VENUE

1.    Defendant admits that Plaintiffs' Amended Complaint purports to bring a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, however, Defendant denies that it violated the FDCPA, the FCCPA, or otherwise acted wrongfully. Defendant further denies that the Plaintiff is entitled to an award of any of the damages requested.

2.    Admitted to the extent any regulation or law speaks for itself, but otherwise denied.

3.    Paragraph 3 contains jurisdictional statements to which no answer is required. To the extent an answer is required, the Defendant states that Plaintiffs purport to bring claims under

the referenced statutes and seek supplemental jurisdiction under 28 U.S.C. § 1367, which confers subject matter jurisdiction on this Court; however, it is denied that Defendant violated any of the referenced statutes or otherwise acted wrongfully. The Defendant otherwise denies any and all allegations contained in Paragraph 3.

4. Admitted that Plaintiffs allege venue is proper in the Southern District of Florida, but denied that Plaintiffs are entitled to the relief they seek.

## PARTIES AND BACKGROUND ALLEGATIONS

5. Admitted that Plaintiffs are members of Marbella Park Homeowners' Association, Inc. and admitted that the case of *Riveria v. MAG Collections, Inc.*, 682 F.Supp. 174 (W.D.N.Y 1988) speaks for itself. Defendant denies that it violated the FDCPA, the FCCPA, or otherwise acted wrongfully. As to the remaining allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies them.

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them

7. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them

8. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them

9. Defendant admits Plaintiffs purport to attach as Exhibit A to the Amended Complaint the "executed retainer agreement between Marbella and Meloni Law." As to the remaining allegations in this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies them.

10. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

11. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

12. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

13. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

14. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

15. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

16. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

17. Admitted that Defendant is a duly formed Florida non-profit corporation functioning as a homeowners' association and admitted to the extent the referenced Exhibit speaks for itself. The Defendant otherwise denies any and all allegations contained in this Paragraph.

18. Admitted to the extent the referenced "governing documents" and Florida laws speak for themselves, but otherwise denied.

19. Admitted to the extent Fla Stat. § 559.55(6) and the referenced Exhibit speaks for itself, but otherwise denied.

20. Admitted to the extent Fla Stat. § 559.55(6) speaks for itself, but otherwise denied.

21. Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

22. Admitted to the extent any regulation or law speaks for itself, but otherwise denied.

23. Admitted to the extent any regulation or law speaks for itself, but otherwise denied.

## GENERAL ALLEGATIONS

24. Denied.

25. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

26. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

27. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

28. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

29. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

30. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

31. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

32. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

33. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

34. Admitted to the extent the referenced Exhibits speak for themselves, but otherwise denied.

35. Admitted to the extent the referenced Exhibit speaks for itself, but otherwise denied.

## COUNT I: VIOLATION OF FDCPA: 15 U.S.C. § 1692e(2)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

36. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

37. This paragraph contains a quotation from 15 U.S.C. § 1692e(2) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

38. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

39. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

40. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

41. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT II: VIOLATION OF FDCPA: 15 U.S.C. § 1692e(4)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

42. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

43. This paragraph contains a quotation from 15 U.S.C. § 1692e(4) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

44. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

45. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

46. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT III: VIOLATION OF FDCPA: 15 U.S.C. § 1692e(5)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

47. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

48. This paragraph contains a quotation from 15 U.S.C. § 1692e(5) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

49. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

50. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

51. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT IV: VIOLATION OF FDCPA: 15 U.S.C. § 1692e(10)
### (<u>AS TO MELONI LAW, MELONI, AND MCDONALD</u>)

52. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

53. This paragraph contains a quotation from 15 U.S.C. § 1692e(10) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

54. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

55. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

56. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

57. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

58. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

59. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT V: VIOLATION OF FDCPA: 15 U.S.C. § 1692f(1)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

60. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

61. This paragraph contains a quotation from 15 U.S.C. § 1692f(1) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

62. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

63. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

## COUNT VI: VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(3)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

64. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

65. This paragraph contains a quotation from 15 U.S.C. § 1692g(a)(3) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

66. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

67. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

68. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

## COUNT VII: VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(4)
### (AS TO MELONI LAW AND MELONI)

69.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

70.     This paragraph contains a quotation from 15 U.S.C. § 1692g(a)(4) to which no response is required.  To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

71.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT VIII: VIOLATION OF FDCPA: 15 U.S.C. § 1692g(a)(5)
### (AS TO MELONI LAW AND MELONI)

72.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

73.     This paragraph contains a quotation from 15 U.S.C. § 1692g(a)(5) to which no response is required.  To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

74.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT IX: VIOLATION OF FDCPA: 15 U.S.C. § 1692g
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

75.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

76. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

77. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT X: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
### (AS TO MELONI LAW, MELONI, AND MCDONALD)

78. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

79. This paragraph contains a quotation from Fla. Stat. § 559.72(9) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

80. This Count does not apply to Defendant Marbella and accordingly no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

### COUNT XI: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
### (AS TO MELONI LAW, MARBELLA, AND MELONI)

81. Defendant adopts its answers to paragraphs 1-35.

82. Denied.

### COUNT XII: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)
### (AS TO MELONI LAW, MARBELLA, AND MELONI)

83. Defendant adopts its answers to paragraphs 1-35.

84. Denied.

### COUNT XIII: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)

**(AS TO MELONI LAW, MARBELLA, AND MELONI)**

85. Defendant adopts its answers to paragraphs 1-35.

86. Denied.

**COUNT XIV: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)**
**(AS TO AFFINITY AND MARBELLA)**

87. Defendant adopts its answers to paragraphs 1-35.

88. This paragraph contains a quotation from Fla. Stat. § 559.72(9) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

89. Denied.

**COUNT XV: VIOLATION OF FCCPA: FLA. STAT. § 559.72(15)**
**(AS TO MELONI LAW, MARBELLA, AND MELONI)**

90. Defendant adopts its answers to paragraphs 1-35.

91. This paragraph contains a quotation from Fla. Stat. § 559.72(15) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

92. Denied.

**COUNT XVI: VIOLATION OF FCCPA: FLA. STAT. § 559.72(18)**
**(AS TO AFFINITY AND MARBELLA)**

93. Defendant adopts its answers to paragraphs 1-35.

94. This paragraph contains a quotation from Fla. Stat. § 559.72(18) to which no response is required. To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

95. Denied.

**COUNT XVII: VIOLATION OF FDCPA: 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)**

**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

96.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

97.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**COUNT XVIII: VIOLATION OF FDCPA: 15 U.S.C. § 1692e(11)**
**(AS TO MELONI LAW, MELONI, AND MCDONALD)**

98.     This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant adopts its answers to paragraphs 1-35.

99.     This paragraph contains a quotation from 15 U.S.C. § 1692e(11) to which no response is required.  To the extent a response is required, admitted that the statute speaks for itself, but otherwise denied.

100.    This Count does not apply to Defendant Marbella and accordingly no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**COUNT XIX: VIOLATION OF FCCPA: FLA. STAT. § 559.72(9)**
**(AS TO MELONI LAW, MARBELLA, MELONI, AND MCDONALD)**

101.    Defendant adopts its answers to paragraphs 1-35.

102.    Denied.

**PRAYER FOR RELIEF**

Denied.

**CLAIM FOR FDCPA STATUTORY DAMAGES**

(a) Denied.

(b) Denied.

(c) Denied.

### CLAIM FOR FCCPA STATUTORY DAMAGES

(a) Denied.

(b) Denied.

(c) Denied.

### CLAIM FOR ACTUAL DAMAGES

Denied.

### CLAIM FOR ATTORNEY FEES

Denied.

### **GENERAL DENIAL**

The Defendant denies any and all allegations that are not specifically admitted herein.  The Defendant denies any and all allegations contained in the WHEREFORE clause following Paragraph 102.

### **AFFIRMATIVE DEFNESES**

#### First Affirmative Defense

1.       Without admitting any liability whatsoever, Defendant asserts Plaintiffs' claims for non-economic damages under the FCCPA are barred by the impact rule, as Plaintiffs have failed to allege any physical impact or injury.

#### Second Affirmative Defense

2.       Without admitting any liability whatsoever, Defendant asserts Plaintiffs did not incur actual damages as a result of Defendant Marbella's alleged conduct.

#### Third Affirmative Defense

3. To the extent that a violation of law is established, such violation was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures put in place by a professional management company and experienced Florida counsel that were reasonably adapted to avoid such error.

<u>Fourth Affirmative Defense</u>

4. Any alleged violation of the law or damage allegedly suffered by Plaintiffs was due to Plaintiffs' affirmative actions and/or omissions and does not give rise to any liability of Defendant Marbella.

<u>Fifth Affirmative Defense</u>

5. Any alleged violation of the law or damage allegedly suffered by Plaintiffs was due to a third party's affirmative actions and/or omissions and does not give rise to any liability of Defendant Marbella.

<u>Sixth Affirmative Defense</u>

6. Any alleged contact or communication with Plaintiffs by Defendant Marbella conformed to applicable laws.

<u>Seventh Affirmative Defense</u>

7. Plaintiffs have failed to state a claim against Defendant Marbella upon which relief may be granted.

<u>Eighth Affirmative Defense</u>

8. Plaintiffs' claims are barred by the doctrine of unclean hands.

<u>Ninth Affirmative Defense</u>

9. To the extent Plaintiffs are indebted to Defendant Marbella, any amount Plaintiffs are entitled to recover should be set off or reduced accordingly.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

### Tenth Affirmative Defense

10. The causes of action set forth in the Amended Complaint are barred in whole or in part to the extent necessitated, required and/or mandated by applicable law, including the Florida Condominium Act, Chapter 718 of the Florida Statutes, and the Florida Homeowner's Association Act, Chapter 720 of the Florida Statutes.

### Eleventh Affirmative Defense

11. The causes of action set forth in the Complaint are barred in whole or in part because a condominium assessment is not a "debt" under the Florida Consumer Collections Practices Act ("FCCPA").

### Twelfth Affirmative Defense

12. The causes of action set forth in the Amended Complaint are barred in whole or in part since Defendant Marbella cannot be held vicariously liable for any alleged violations committed by its agents.

### Thirteenth Affirmative Defense

13. The causes of action set forth in the Amended Complaint are barred in whole or in part for lack of actual malice.

### Fourteenth Affirmative Defense

14. The causes of action set forth in the Amended Complaint are barred in whole or in part for lack of a "consumer."

### Fifteenth Affirmative Defense

15. The causes of action set forth in the Complaint are barred in whole or in part for lack of subject matter jurisdiction.

### Sixteenth Affirmative Defense

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

16.     The causes of action set forth in the Complaint are barred in whole or in part for lack of standing.

Seventeenth Affirmative Defense

17.     The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of limitations.

DATED: January 20, 2017.

        Respectfully submitted,

        COLE, SCOTT & KISSANE, P.A.
        222 Lakeview Avenue, Suite 10
        West Palm Beach, Florida 33401

        By: /s/ Joseph F. Valdivia
            RACHEL K. BEIGE
            FBN: 016366
            JOSEPH F. VALDIVIA
            FBN: 107878

CASE NO.: 1:14-cv-21192

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

    COLE, SCOTT & KISSANE, P.A.
*Attorneys for Defendant, Marbella Park Homeowners Association, Inc.*
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977


By: /s/ Joseph F. Valdivia
    RACHEL K. BEIGE
    FBN: 016366
    JOSEPH F. VALDIVIA
    FBN: 107878


**SERVICE LIST**

David P. Reiner, II
Reiner & Reiner, P A
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156
E-Mail:  dpr@reinerslaw.com

Dale T. Golden, Esq.
Benjamin W. Raslavich, Esq.
Joseph C. Proulx, Esq.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
E-Mail: dgolden@gsgfirm.com

Craig S. Hudson, Esq.
Jean A. Hanrahan, Esq.
Marshall, Dennehey,Warner, Coleman & Goggin
100 NE Third Avenue, Suite 1100
Fort Lauderdale, FL 3330