UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ,
individuals,

    Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a EDOARDO
MELONI, P.A., et al.,

    Defendants.

_____/

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' RESPONSES (ECF-79) AND (ECF-80) IN LIGHT OF THE APPELLATE DECISION OR, IN THE ALTERNATIVE FOR AN ORDER DENYING THE MOTIONS WITH LEAVE TO REFILE IF AND WHEN APPROPRIATE IN LIGHT OF THE APPELLATE DECISION (ECF-169)**

    Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and through undersigned counsel, hereby file their Reply to THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., ("MELONI LAW") and EDOARDO MELONI, ESQ's (collectively "Meloni," or "Defendants") Response ("Response") (ECF-186) in opposition to ECF-169, and state:

**LEGAL ARGUMENT**

    **A.**    **The Court Should Not Accept Another Late Filing (Response) By Defendants When They Did Not Even Bother To Articulate Good Cause.**

    According to S.D. Fla. L.R. 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." The Plaintiffs' Motion to Supplement (DE 169) was filed on December 22, 2016, and Defendants' Response was due on January 5, 2017. Defendants' did not file a Response on January 5, 2017. Instead,

MELONI LAW filed a late motion for extension of time on January 6, 2017. *See*, ECF-176. Despite the fact that Rule 6(b), Fed. R. Civ. P. sets a high burden for the Court in deciding to allow a late filed motion for extension, MELONI LAW's motion (ECF-176) was granted, out of hand (ECF-185). Further, the extension request did not include the Defendant EDOARDO MELONI, ESQ. ("Edoardo Meloni"). Consequently, the motion for extension of time to respond was untimely by one (1) day and the Response itself as filed by Meloni (including Edoardo Meloni) was equally late by twelve (12) days.

Under Rule 6 of the Federal Rules of Civil Procedure, a court may, for good cause, extend the specified time that a party may or must act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). *See*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'") (Emphasis in original). As the Seventh Circuit noted, even a delay of a few hours may preclude relief in the absence of the requisite showing of excusable neglect. *See, Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664-65 (7th Cir. 2012) ("[I]t does not take a reference to Cinderella to show that midnight marks the end of one day and the start of another…Courts used to say that a single day's delay can cost a litigant valuable rights. With e-filing, one hour's or even a minute's delay can cost a litigant valuable rights."

Further, the Court may not itself move to extend the deadline for Defendants. *See, Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir.2008) ("After the…deadline had expired, the district court was not empowered, under the plain terms of Rule 6(b)(1), to extend that deadline on its own motion. Rather, the court was only empowered to grant such an extension

under Rule 6(b)(2), upon a motion being made by the [defendants] that was supported by a showing of excusable neglect.") *See also*, *Rounds v. Michigan, State of,* Case No. 2:11-CV-12810 (E.D. Mich. July 6, 2012) (disregarding plaintiff's response brief when no motion to extend deadline had been filed) (quoting *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005)). Pursuant to these authorities, the Court should disregard the content of Meloni's Response.

Here, counsel for the Meloni Defendants offered no reason for its belated filings, and this has been a pattern during this litigation, for example, the docket record reveals that the Edoardo Meloni's Answer to the Plaintiffs' Amended Complaint was late by 97 days at the time when it was filed. *See*, ECF-51. In like fashion, Defendants amended its pleadings well after the time to do so had expired. *See*, ECF-52. Similarly, Meloni's motion to extend pre-trial deadlines (ECF-104) was untimely filed (3 days). In any of these situations, Meloni has not even attempted to explain their tardiness, let alone to show good cause, it failed to do so then, fails to do so now and more important it fails to explain why. "[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint v. NationsBank Corp.,* No. 8:94-cv-995-T-23TBM, 8:94-cv-2094-T-23TGW, 208 F.R.D. 639, 642 (M.D. Fla. May 31, 2002) (footnote omitted).

Meloni and their counsel are sophisticated litigants, thus it is unlikely that their repeated procedural transgressions in this case could have been caused by circumstances beyond their control. In fact, no such circumstances are demonstrated in the record. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d at 1167 (9th Cir. 1994). Under these premises and pursuant to this Court's inherent authority, Plaintiffs request that the Meloni's Response be disregarded. Allowing another untimely filling by these Defendants now will encourage nothing

more than future unexplained and careless disregard of deadlines. The Court should acknowledge and disapprove the Defendants' recurrent untimely filings in this case. "The notion that a filing deadline can be complied with by filing sometime after the deadline falls due is, to say the least, a surprising notion, and it is a notion without limiting principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline…but if the concept of a filing deadline is to have any content the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985).

### B. The Motion For Judgment On The Pleadings Filed By Meloni Should Be Denied As Premature

It is truly breathtaking to see how easily Meloni argues the pleadings indistinctly closed or open according to exigencies of the moment.   On December 1, 2014, Meloni filed a motion for judgment on the pleadings stating that the pleadings were closed. *See*, ECF-74. Shortly thereafter, On January 15, 2015, Meloni filed a Motion for Extension of Time regarding pretrial deadlines on the basis that "Neither Marbella nor Affinity has answered Plaintiffs' Amended Complaint and, as such, the pleadings are not yet closed." *See*, ECF-104-¶8.  That Motion was granted in relevant part based on these averments. See ECF-113.  Now, in their response, Meloni fleas back to its December 1, 2014 position: "the pleadings are closed."  "The purpose of judicial estoppel is 'to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.'" *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citations omitted).

Meloni's Response argues that the pleadings are closed with respect to the claims being made against them despite the fact that the other two co-defendants had not filed a responsive pleading when its dispositive motions were filed. In fact, at the time of writing these lines, Marbella only just filed its Answer to the Amended Complaint (ECF-188; *filed January 20, 20*17)

despite Meloni's prognostication that it would be filed "no later than January 16, 2017" (*See*, ECF-186 at p.4).  That Answer remarkably realleged all of the affirmative defenses from Affinity's Answer which Plaintiff has just moved to strike! Likewise, co-defendant Affinity moved to amend its pleadings just some days ago in response to that Motion to Strike.  *See*, ECF-174, 175.  As of today, the pleadings are clearly not closed.  Accordingly, any Rule 12(c) motion filed is premature and should be denied.  Plaintiffs' Motion cited a mountain of case law on this point.  *See*, ECF-169 at pp.8-10.  Just to reiterate, the "[p]leadings are considered 'closed' when **_all defendants_** have filed answers to the complaint," *Jordan v. Def. Fin. & Accounting Servs.,* No. 8:14-CV-958-T-33TGW, 2014 WL 3887748, at *1 (M.D. Fla. Aug. 7, 2014) (emphasis added). *See also*, *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 WL 4194842 (S.D. Fla. Sept. 9, 2008)); *May v. Tucker*, No. 2:15-cv-00053-LGW-RSB (S.D. Ga. Jan. 22, 2016); *Engvoldsen v. The Bank of New York Mellon*, No. 1:15-cv-00069-LGW-BKE (S.D. Ga. Dec. 11, 2015); *Fitzer v. Am. Inst. Baking*, CV 209-169 (S.D. Ga. Aug. 9, 2016).

In all of the cases mentioned above, there were multiple defendants, some of whom filed answers, but for purposes of a motion for judgment on the pleadings, the Rules require that the pleadings be closed as to all parties.  For example in *Engvoldsen,* the court explained:

> As the Government filed its Motion at a time when the Bank and Bayview had not yet filed an answer to the Complaint, and instead had submitted a Motion to Dismiss that remained pending, the Government's Motion was premature.

In same fashion, the *Fitzer* court said:

> As AIBI and Hatfield filed their Motion at a time when AIB had not yet filed an answer to the Complaint, and instead had submitted a Motion to Dismiss that remained pending, dkt. no. 8, their Motion was premature.

Likewise, the *May* court held:

> The Tucker Defendants' Motion is premature. As of the date of this Order, Darlene Waters and Twin Oaks still have not filed a responsive pleading. As the Tucker Defendants filed the instant Motion long before the close of the pleading period, the Motion is DENIED as improper at this time.

Even though these three orders were issued by the same district court (S.D. Ga), they all cite the *Gelsomino* ruling from this Court. Inexplicably, despite Plaintiffs' reliance on these cases in their Motion, Defendants do not address any of these decisions in their Response and neither have they discussed any of the other out-of-circuit authorities cited by such cases. *See e.g. Zurich Ins. Co. v. London Mkt. Insurers*, No. 97 C 1802, 1997 U.S. Dist. LEXIS 14858, at *5-6 (N.D. Ill. Sept. 16, 1997) ("In this action, the pleadings have not yet closed. Two defendants…have pending motions to dismiss and so have not answered yet. Because they have not yet answered it is clear from the record that pleadings have not yet closed…Therefore, the motion for judgment on the pleadings will be denied because it is premature."); *Signature Combs, Inc. v. U.S.*, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn 2003)(same).

Finally, if Meloni was so certain that the pleadings were closed for purposes of their motion for judgment on the pleadings at the time they answered the Amended Complaint on June 18, 2014, why did it take them six (6) months (till December 1, 2014) to file the motion. In reality, Meloni's filing appears to be an "overflow" motion intended to circumvent Local Rules L.R. 7.1(b)(4), (c)(2) (limiting page limits for memoranda and forbidding partial motions for summary judgment). Meloni filed its motion for judgment on the pleadings (ECF-75) the same day and just after its twenty-page motion for partial summary judgment (ECF-74).

**C. Plaintiffs Have Every Right To Develop The Appellate Court's Conclusions Relevant To The Issues Addressed In Meloni's Pending Motions.**

As pointed out in the Plaintiffs' Motion, there are several findings, inferences, arguments and allegations set forth in the panel decision (ECF-166) that are relevant to the resolution of the

issues presented by Meloni in their pending dispositive motions. By way of an example, the Eleventh Circuit rightly found on the record that: "Marbella identified no specific provision of the governing documents that the homeowners had violated." Plaintiffs are not trying to portray this statement of fact as a legal conclusion about the illegality of the fine. Plaintiffs are just applying the settle law in this circuit to that finding of fact. "[I]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached" *Herssein Law Group v. Reed Elsevier*, No. 14-11945 (11th Cir. Feb 23, 2015).

While the law of the case doctrine encompasses only those issues previously determined, the law is clear that "it comprehends things decided by necessary implication as well as those decided explicitly." *Dickinson v. Auto Center Manufacturing Co.*, 733 F.2d 1092, 1098 (5th Cir. 1983). Without an identified violation of the governing documents which would give rise to the alleged fine, such a fine is unsupportable, unenforceable, uncollectable and invalid as a matter of law. In this case, Meloni, acting as an agent for Marbella, attempted to collect an illegal fine, therefore, the matters addressed by the 11th Circuit have import and application by implication to the ultimate decision of this Court as to the violations of the FDCPA/FCCPA alleged in the complaint against the Defendants.

>  **D.  Meloni's Pending Dispositive Motions Cannot Establish The Absence Of A Genuine Issue Of Material Fact On A Record That Is Not Fully Developed.**

The Plaintiffs' Motion at p.6 argues that Meloni's motion for summary judgment relies on fact intensive arguments. The foundation of Meloni's position in this litigation is that they largely relied upon co-defendants' representations (now determined to be largely false) about the origin character and the amounts being collected from Plaintiffs. Defendants contend, "Plaintiffs fail to cite to any binding case law to support their position that a genuine issue of material fact

necessarily exists [sic] until all codefendants file their respective responsive pleadings." Assuming, *arguendo*, that Plaintiffs had not cited any authority, which they did, it is obvious that if Meloni is pointing the finger at Marbella to discharge its "actual knowledge" burden, Marbella's answer to the Complaint might raise some issues of material fact in dispute. Meloni's dispositive motions do not address the admissions or denials in Marbella's Answer & Affirmative Defenses because it ***was not filed*** when Meloni filed those motions.

Clearly, an analysis or acknowledgment of any admission, affirmative defense, or other statement of fact, or even law, that Marbella and even Affinity has now, or might assert, in their Answers (or amended Answers) to the Amended Complaint are necessary for resolving the required "actual knowledge" element of Meloni's conduct in violation of the section 559.72(9) of the FCCPA.

### E. Plaintiffs Is Entitled To Re-Open Discovery If Any Co-Defendant Asserts In Its Pleadings A Defensive That Was Not Raised Prior To The Close of Discovery.

If either has Marbella has pled or if Affinity is allowed to replead in an amended answer, any affirmative defenses (*e.g.* the bona fide error under the FCCPA), which Plaintiffs have not had a fair opportunity to seek discovery on, they will necessarily need to request that the Court re-open and extend discovery for at least that limited purpose. Meloni provides no authority or even rational explanation as to why the Plaintiffs should not have that right. *See e.g., Kahama VI, LLC v. Hjh LLC*, Case No. 8:11-cv-2029-T-30TBM (M.D. Fla. April 24, 2013)(Holding that "[T]he Court cannot rule on this affirmative defense at this time because the record was not developed on this issue…As such, Kahama's motion to reopen discovery is granted as to this affirmative defense…Kahama may address [such] issues…in a new motion for summary judgment on the Defendants' affirmative defense at the close of the new discovery period.)

### F.     New "controlling" case law would be better developed through supplemental briefings.

Considering that this case has been effectively stayed for almost two years after two consecutive appellate forays, Plaintiffs submit that controlling case law which has issued in the intervening period since they filed their Response(s) should be incorporated and applied to Meloni's motions through supplemental briefs.  The filing of notices of supplemental authority is *not* the most effective mechanism for addressing and applying changed legal interpretations to the facts and circumstances of this case.  Meloni's Response implicitly reaffirmed this proposition when it attempted to distinguish case law cited by Plaintiffs as a "sample" of the recent controlling authorities. This is neither the time nor the place to rebut Defendants' argument regarding this particular authority since this Motion and this Reply merely seek permission of the Court to supplement their responses.

## CONCLUSION

Defendants have demonstrated a pattern of disregard for the Court's rules and deadlines and their recent belated Response is more of the same.  Meloni's Response was untimely, MELONI LAW's motion for extension of time to file a Response (though perfunctorily granted) was untimely and did not include the individual Meloni Defendant and, whereas Defendants have not demonstrated excusable neglect under Fed.R.Civ.P. 6(b)(1)(B) for their failure to either abide by this Court's rules or seek permission to file out of time, the improper filing should be disregarded.

**WHEREFORE:** Plaintiffs request that the Court (i) disregard the content of Defendants' Response; (ii) enter an order denying Meloni's pending dispositive motions without prejudice or allowing Plaintiffs to file supplemental briefs to their Reponses to Meloni's dispositive motions; and (iii) enter an order granting Plaintiffs their attorney's fees and costs incurred in connection

with this Reply to the untimely and improper Defendants' Response, and for such other relief as the Court may award.

    Respectfully submitted:

    **REINER & REINER, P.A.**
    *Counsel for Plaintiffs*
    9100 So. Dadeland Blvd., Suite 901
    Miami, Florida 33156-7815
    Tel: (305) 670-8282; Fax: (305) 670-8989
    dpr@reinerslaw.com

    By: /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400

# CERTIFICATE OF SERVICE

    *I HEREBY CERTIFY that on January 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

    **REINER & REINER, P.A.**
    *Counsel for Plaintiffs*
    9100 So. Dadeland Blvd., Suite 901
    Miami, Florida 33156-7815
    Tel: (305) 670-8282; Fax: (305) 670-8989
    dpr@reinerslaw.com

    By: /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400

W:\700\77500-Agrelo\77500Reply-Motion-Deny-MSJ-MSP.docx