UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-21192

JORGE A. AGRELO and OLGA M. FERNANDEZ,

    Plaintiffs,

v.

THE MELONI LAW FIRM a/k/a EDOARDO MELONI, P.A.; AFFINITY MANAGEMENT SERVICES, LLC; MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC.; EDOARDO MELONI; and ALEXIS McDONALD;

    Defendants.
_____/

**DEFENDANT MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR DEFAULT**

COMES NOW, co-Defendant, MARBELLA PARK HOMEOWNERS' ASSOCIATION, INC. (hereinafter "Defendant" or "Marbella"), by and through the undersigned counsel, files its Response in Opposition to Plaintiffs' Motion for the Record to Strike Defendant Marbella Park Homeowners' Association, Inc's Answer and Affirmative Defenses [ECF No. 188], as Untimely and Motion for Default Against Defendant [ECF No. 192] (hereinafter "Plaintiffs' Motion"), and states as follows:

**INTRODUCTION**

Initially, Plaintiffs' Motion should be denied because Plaintiffs' Counsel has failed to confer with Defense Counsel prior to filing the Motion. Plaintiffs' Counsel also failed to include the mandatory certification pertaining to the required pre-filing conference. *See generally,*

Plaintiffs' Motion. Pursuant to Local Rule 7.1(3),[1] neither a motion to strike nor a motion for default can be filed without counsel for movant "confer[ring] (orally or in writing), or mak[ing a] reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." *See* Local Rule 7.1(3). Plaintiffs' failure to comply with the requirements of Local Rule 7.1(3) allow the Court to "deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *See id.* In this case, particularly due to Plaintiff's egregious behavior preceding the filing of this frivolous Motion, the Court should not only deny Plaintiffs' Motion but should also award Defendant Marbella all expenses and attorney's fees incurred in responding to this Motion.

## FACTUAL BACKGROUND

1. On December 8, 2016, the Eleventh Circuit Court of Appeals issued its Mandate [ECF No. 166], reversing in part, vacating in part, and remanding for further proceedings. The Eleventh Circuit explicitly declined to rule on "the question of whether Marbella can be vicariously liable for violations of its agents," and remanded this issue for the Court to decide under Florida Law. *See* Mandate at 18. Notably, all claims against Defendant Marbella are dependent on the Court finding that Marbella can be held vicariously liable for the actions of its co-defendants. *See*

---

[1] The only motions exempt from the pre-filing conference requirement of Local Rule 7.1(3) are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award."

*id.* As such, all claims against Marbella remain subject to dismissal once the Court rules on this issue that was remanded.[2]

2.	While all claims against Marbella remain subject to dismissal under Defendant's previously filed Motion for Summary, Defendant also has a pending[3] Motion to Dismiss [ECF No. 40].

3.	Notwithstanding Defendant's pending Motion to Dismiss, Plaintiff moved for a clerk's entry of default against Marbella on December 29, 2016. *See* Motion for Clerk's Entry of Default [ECF No. 172]. In the Motion for Default, Plaintiffs asserted nearly identical arguments as are now raised in Section A of Plaintiffs' Motion. Notwithstanding these arguments, the Clerk denied this Motion for Clerk's Entry of Default on December 30, 2016 noting that Defendant has filed a responsive pleading.

4.	Undeterred by the Order denying the Motion for Clerk's Entry of Default, Plaintiffs' Counsel sent an email to the undersigned noting he was "going to take another stab at this default issue" by "filing a motion for the Court to enter default since the clerk would not." *See* January 11, 2017 at 11:54am Email from David Reiner [**Exhibit A**]. However, in an alleged effort to comply with the pre-filing conference requirement of Local Rule 7.1(3), Plaintiffs' Counsel also stated "I would rather that Marbella simply withdraw their motion to dismiss and file their answer and affirmative defenses because I really just want to move the case forward." *See id.*

---

[2] If the Court would like additional briefing on this remanded issue, Defendant requests the Court enter an order allowing the Parties the opportunity to file supplemental briefing as to why Marbella should not be held vicariously liable under Florida agency law.

[3] Despite Plaintiff claims that Defendant's Motion to Dismiss has been mooted, none of the three Orders [ECF No. 118; 119, and 154] cited by Plaintiff addressed Defendant's Motion to Dismiss, mooted Defendant's Motion to Dismiss, or otherwise ordered Defendant to Answer. Moreover, as explicitly found by the Clerk in Denying Plaintiff's First Motion for Entry of Default [ECF No. 172], Defendant Marbella has a pending Motion to Dismiss. *See* December 30, 2016 Order [ECF No. 173] (Finding a responsive pleading has been filed.).

5. After some discussion between Plaintiffs' Counsel and the undersigned, Plaintiffs' Counsel offered to "file our motion for default and . . . withdraw it should Marbella file its answer and affirmative defenses prior to the court ruling on it." *See* January 11, 2017 at 3:39pm Email from David Reiner [**Exhibit B**].

6. Instead of Plaintiffs filing and then withdrawing a motion for default, the undersigned requested Plaintiffs give Defendant until January 20, 2017 to file their answer and affirmative defenses. *See* January 11, 2017 at 4:34pm Email from Joseph Valdivia [**Exhibit C**]. Plaintiffs' Counsel responded that "client is okay with holding until Jan 20." *See* January 11, 2017 at 5:37pm Email from David Reiner [**Exhibit D**].

7. Pursuant to its agreement with Plaintiffs, Defendant filed its Answer and Affirmative Defenses on January 20, 2017. *See* Answer and Affirmative Defenses [ECF No. 188].

8. Seemingly, the required pre-filing conference of Local Rule 7.1(3) had effectuated its purpose by preventing unnecessary motion practice and conserving judicial resources.

9. However, Plaintiffs have now filed a frivolous motion — for which no good faith conferral occurred — to strike Defendant's Answer and Affirmative Defenses and to enter default against Defendant. In this Motion, Plaintiffs rely on the absurd and entirely unsupported argument that a motion to dismiss does not qualify as a responsive pleading if it is directed towards an amended complaint. *See* Motion to Strike at 3–4. As detailed below, a motion to dismiss an amended complaint does toll the deadline to file an answer — a position that is confirmed by the *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378 (Fed. Cir. 2007) case cited by Plaintiff.

10. Plaintiffs also argue that Defendant's Answer and Affirmative Defenses was untimely and was filed based on Defendant's "desire to delay and derail this litigation at all costs, without regard to the Rules, the law, or this Court's authority." This argument conveniently

ignores Defendant's pending Motion to Dismiss, the Clerk's prior Order Denying Plaintiff's First Motion for Entry of Default, and the agreement between the Parties that Defendant would file its Answer and Affirmative Defenses by January 20, 2017.

11.     Therefore, the Court should deny Plaintiff's Motion, award Defendant all expenses and attorney's fees incurred in responding to this Motion, and grant any other relief this Court deems just and proper.

## MEMORANDUM OF LAW

### A. The Tolling Provisions of Rule 12(a)(4)(A) Control the Deadline for Defendant's Answer and Affirmative Defenses

Plaintiffs argue that "[p]ursuant to Fed. R. Civ. P. 15(a)(3) Defendant's response to the Amended Complaint was due by **June 18, 2014.**" *See* Motion ¶ 6 (emphasis added).  Accordingly, Plaintiffs assert Defendant's Answer and Affirmative Defenses was filed two a half years late.  *See id.* at 4–6.  To support this argument, Plaintiff cites to a single case from the Federal Circuit Court of Appeals.  *See id.* at 3–4 citing *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007) decision clarified on reh'g, 495 F.3d 1378 (Fed. Cir. 2007).  This case is easily distinguishable[4] and pertained to whether a counterclaim, initially raised in the answer to an original complaint, "remained extant at least until the deadline for filing an amended answer," when an answer had been filed to the original complaint but a motion to dismiss had been filed in response to the amended complaint.  *See Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007).  Although the court held the deadline for filing an answer to the amended complaint was not tolled in this particular — and distinguishable — circumstance, the

---

[4] In this case the appellate court was deciding if defendant's counterclaim, which was asserted in the answer to the original complaint — but was not reasserted in response to the amended complaint, survived when the court granted defendant's motion to dismiss the amended complaint.  Moreover, the court explicitly held that its ruling only applied in the limited instances where a defendant had either answered the original complaint or was in default to the original complaint.

court did not hold that the tolling provisions of Rule 12(a)(4)(A) never applied to responses to amended pleadings. *See id.*

Moreover, after rehearing, the Federal Circuit Court of Appeals issued an order clarifying its ruling in which it explicitly stated it "did not and do[es] not hold that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings. *See Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007). The court went on to explain that "[i]t is only when the deadline for answering the original complaint has lapsed — and thus when a defendant has either answered or become subject to entry of default — that the fixed period of 10 days in Rule 15(a)'s second prong determines the deadline for answering an amended pleading." *See id.* at 1380. Here, Defendant filed a motion to dismiss the original complaint that remains pending. *See* Defendant's Motion to Dismiss [ECF No. 40]; *see also infra* at 6–7. Accordingly, Defendant has not "either answered or become subject to entry of default" and thus the tolling provisions of Rule 12(a)(4)(A) clearly apply.

The Court should therefore reject Plaintiff's frivolous argument that Rule 15 controlled Defendant's deadline to respond to the complaint. The Court should also reject Plaintiffs' conclusion that "Defendant's response to the Amended Complaint was due by June 18, 2014." *See* Motion at ¶ 6. After concluding that Rule 12 controls Defendant's deadline to respond to Plaintiffs' Amended Complaint, the Court must only determine if Defendant filed a motion that triggered the tolling provisions of Rule 12(a)(4)(A). Since Defendant has filed a motion that triggers the tolling provisions of Rule 12(a)(4)(A), the Court can deny Plaintiffs' Motion.

**B. Defendant's Answer and Affirmative Defenses was Not Untimely Because Defendant's Pending Motion to Dismiss Tolled Defendant's Deadline to File its Answer and Affirmative Defenses**

According to Rule 12(a)(4)(A), a motion to dismiss tolls the deadline to respond to a complaint until "the court denies the motion or postpones its disposition until trial" at which point a "responsive pleading must be served within 14 days after **notice** of the court's action." *See* Fed. R. Civ. P. 12(a)(4)(A) (emphasis added). Here, the court has never denied or postposed its disposition of Defendant's Motion to Dismiss. *See generally,* Civil Docket for Case #: 1:14-cv-21192-JEM. Additionally, even if the Court did take action to deny or postpone Defendant's Motion to Dismiss, it has never provided notice of this action. Accordingly, Defendant's duty to respond has not been triggered and its Answer and Affirmative Defenses are still not due.

Notwithstanding, Plaintiffs argue that under Rule 12(a)(4)(A) Defendant's answer was due by December 22, 2016. *See* Motion at 4. To support this argument Plaintiffs cite to "ECF-118, 119, 154" to support that Defendant's Motion to Dismiss has been "mooted." *See id.* at ¶ 8. However, none of the cited orders even mention Defendant's Motion to Dismiss nor do they moot anything. *See* Order Granting Motion for Summary Judgment [ECF No. 118]; Final Judgment [ECF No. 119]; and Endorsed Order Denying Motion to Strike and Granting Motion to File Sur-Reply [ECF No. 154]. Alternatively, Plaintiffs argue the Eleventh Circuit's Mandate triggered Defendant's duty to respond to the Amended Complaint. *See* Motion at 4. However, the Eleventh Circuit's Mandate dealt exclusively with Defendant's Motion for Summary Judgment and it remanded for the district court to rule on Defendant's alternative argument pertaining to vicarious liability under Florida agency law. *See* Mandate [ECF No. 166]. Nowhere in the Mandate is Defendant's pending Motion to Dismiss referenced and the Mandate also provides no notice that Defendant is now required to answer despite having a pending motion to dismiss. Moreover,

Plaintiffs even acknowledged the pendency of Defendant's Motion to Dismiss on January 11, 2017 when they requested that "Marbella simply withdraw their motion to dismiss." *See* January 11, 2017 at 11:54am Email from David Reiner. Since Defendant has a pending motion to dismiss its Answer and Affirmative Defenses are not untimely. Therefore, the Court can deny Plaintiffs' Motion.

Moreover, even if the Defendant's Motion to Dismiss was somehow denied or postponed — which it was not — Defendant never received notice and thus the 14-day timeline to respond has never been triggered. *See generally,* Civil Docket for Case #: 1:14-cv-21192-JEM. In fact, the prior orders in this case make clear that the Court provides unambiguous notice when a Defendant's obligation to answer is triggered. *See e.g.* January 15, 2015 Order denying Co-Defendant Affinity's Motion to Dismiss (Stating "Affinity shall file an Answer to the Complaint on or before 1/28/2015. Signed by Judge Jose E. Martinez on 1/15/2015."). Furthermore, the lack of any notice regarding a potential denial or postponement of Defendant's Motion to Dismiss is strongly supported by the Clerk's finding that Defendant has a pending motion to dismiss. *See* Order by Clerk of Non-Entry of Default [ECF No. 173]. Since Defendant's 14-day timeline to respond has not been triggered, Defendant's Answer and Affirmative Defenses were not untimely and thus the Court must deny Plaintiffs' Motion.

**C. Even If the Court Were to Find Defendant's Answer and Affirmative Defenses Were Untimely, the Court Should Still Deny Plaintiff's Motion Under the Principles of Equitable Estoppel Based on Plaintiff's Bad Faith Conduct**

"[E]quitable estoppel is intended to ensure fairness between the parties. See, e.g., OSRecovery, Inc. v. One Groupe Int'l, Inc., 462 F.3d 87, 93 n.3 (2d Cir. 2006). "[A] party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely on

it; 2) and the other party reasonably relies upon it; 3) to her detriment." Id. (quoting Kosakow v. New Rochelle Radiology Ass'ns, 274 F.3d 706, 725 (2d Cir. 2001)).

In this case, Plaintiffs made clear representations to Defendant that it would not move for default if Defendant would file its Answer and Affirmative Defenses. *See* Ex. A; Ex. B; Ex. C; and Ex. D. Defendant reasonably relied on Plaintiffs' representations and complied with Plaintiffs' request when it filed its Answer and Affirmative Defenses. *See* Answer and Affirmative Defenses [ECF No. 188]. If the Court were to now allow Plaintiffs to strike the Answer and Affirmative Defenses prepared and filed by Defendant pursuant to an agreement with Plaintiffs, it would be extremely detrimental to Defendant. Similarly, if the Court were to allow Plaintiffs to strike Defendant's Answer and Affirmative Defenses that were filed in accordance to an agreement made during a Local Rule 7.1(3) conferral, it would frustrate the purposes of Local Rule 7.1(3) conferrals and waste scarce judicial resources.

Accordingly, under the principles of equitable estoppel, the Court should deny Plaintiffs' Motion even if it were to find that Defendant's Answer and Affirmative Defenses were untimely.

## CONCLUSION

WHEREFORE, Defendant respectfully request this Court enter an Order Denying Plaintiff's Motion, Awarding Defendant all expenses and attorney's fees incurred in responding to this Motion, and Granting any other relief this Court deems just and proper.


DATED: February 24, 2017.

                    Respectfully submitted,

                    COLE, SCOTT & KISSANE, P.A.
                    222 Lakeview Avenue, Suite 10
                    West Palm Beach, Florida 33401

CASE NO.: 1:14-cv-21192

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

      COLE, SCOTT & KISSANE, P.A.
*Attorneys for Defendant, Marbella Park Homeowners Association, Inc.*
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: /s/ Joseph F. Valdivia
      RACHEL K. BEIGE
      FBN: 016366
      JOSEPH F. VALDIVIA
      FBN: 107878

**SERVICE LIST**

David P. Reiner, II
Reiner & Reiner, P A
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156
E-Mail:  dpr@reinerslaw.com

Dale T. Golden, Esq.
Benjamin W. Raslavich, Esq.
Joseph C. Proulx, Esq.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
E-Mail: dgolden@gsgfirm.com

Craig S. Hudson, Esq.
Jean A. Hanrahan, Esq.
Marshall, Dennehey,Warner, Coleman & Goggin
100 NE Third Avenue, Suite 1100
Fort Lauderdale, FL 3330