UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals,

    Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A., et al.,

    Defendants.
_____/

CORRECTED

**PLAINTIFFS' REPLY TO DEFENDANT MARBELLA'S OPPOSITION (ECF-198) TO PLAINTIFFS' MOTION FOR THE RECORD (ECF-192) TO STRIKE DEFENDANT MARBELLA'S ANSWER AND AFFIRMATIVE DEFENSES (ECF-188), AS UNTIMELY**

Plaintiffs Jorge A. Agrelo and Olga M. Fernandez ("Plaintiffs"), by and through undersigned counsel, hereby file their reply to Marbella Park Homeowners' Association, Inc's ("Marbella") opposition ("Response") to the above-captioned Plaintiffs' Motion and state:

### I.  LEGAL ARGUMENTS.

**A.  Pre-Filling Conferring Not Required, But Plaintiffs Still Complied With The Spirit And Purpose Of Local Rule 7.1**

Marbella starts its Response saying that Plaintiffs' motion should be denied because it was submitted in violation of S.D.L.R. 7.1(a)(3). The pre-filing conference requirement set forth in the Local Rule is intended to give the parties an opportunity to resolve issues raised without Court intervention. The certification is intended to be a *prima facie* showing for the Court that counsel are conferring. The Local Rule exempts certain motions such as motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss…etc., where, as here, it is clearly of no benefit to confer. This is a motion to strike pleadings as untimely under the Rules. Marbella's opposition is presumed. If Plaintiffs' argument is sound, there is nothing that Marbella could do to

cure. A pre-filing conference would be a futile act. In fact, Plaintiffs' prior motions to strike Defendants' witnesses list as untimely (ECF-49 & 50) did not require such a conference and the Court addressed them on the merits as should be done here.

Notwithstanding, on December 29, 2016, Plaintiffs filed a Request for Entry of Default Against Marbella Park Homeowners Association Inc. (ECF-172), which the Clerk denied out of hand (ECF-173) but which raised the exact same issues of Marbella's failure to timely file pleadings. This motion (ECF-192) was filed more than a month later. Plaintiff did confer with counsel for Marbella regarding an unfiled Motion for Court's Default, however, clearly all that Marbella could agree to was to file its answer and affirmative defenses late —which did not cure the untimeliness issue under the Rules. Perhaps Marbella might have filed a motion for leave to file answer and affirmative defenses out of time —but it is not Plaintiffs' counsel's place to give legal advice to the Defendant

Accordingly, any surprise claimed by Marbella related to Plaintiffs' filing this motion is not supported by the record or facts. At a minimum, Plaintiffs complied with the spirit and purpose of the Rule as best they could. At most, Marbella can only claim that the certification block was missing. This Court has discretion, and a significant history, including in this case, to overlook *de minimis* procedural violations where, as here, the spirit and purpose of the Rule was met, or there was some ambiguity as to the procedure or there is no history of failing to confer or include certifications.[1]

---

[1] *See, e.g.*, *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013) (Seltzer, Mag. J.) (declining to deny motion to compel due to counsel's violation of the conferral requirement because "he did meet the spirit and purpose" of the Rule); *Lawrence v. VB Project, LLC*, 2014 U.S. Dist. LEXIS 128018 (S.D. Fla. Sept. 12, 2014)( holding that "because Defendant complied with the spirit, albeit perhaps not the letter, of Local Rule 7.1(a)(3), the Court will not deny Defendant's Motion on this ground.").

> **B.  The Motion To Dismiss Was Superseded/Mooted The Moment Marbella Filed Its Motion For Summary Judgment And The Court Granted It. The Court Of Appeals Reversing Summary Judgment Does Not Resurrect The Motion To Dismiss.**

Not surprisingly, in its Response Marbella has failed to offer any facts upon which the Court could find excusable neglect for its untimely filling. Instead and without citing any authority or case law, it offers only that: the Court's Summary Judgment Order and Final Judgment (ECF-118, 119) did not moot its "unruled" motion to dismiss (ECF-40) and as a result "Defendant's duty to respond has not been triggered and its Answer and Affirmative Defenses are still not due." *But see, Abdullah v. City of Jacksonville*, 242 F. App'x 661, 662 (11th Cir. 2007) (affirming district court's denial of motion to dismiss as moot after granting motion for summary judgment); *Feliciano v. City of Miami Beach*, 847 F.Supp.2d 1359 (S.D. Fla. 2012) (holding that "as the Defendant City of Miami Beach's Motion for Summary Judgment is granted in its entirety, the Defendant City of Miami Beach's Motion to Dismiss is denied as moot").

The jurisdictional challenge in DEFENDANT'S, MARBELLA HOMEOWNER'S ASSOCIATION, INC., NOTICE OF JOINDER OF CO-DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND, IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF-40) became moot the moment this Court exercised jurisdiction by granting summary judgment in Marbella's favor. The substantive argument in Marbella's motion to dismiss, that the alleged fine is not a debt was resolved by the US Court of Appeals. Marbella has been aware of these issues since the Opinion and Mandate were issued and has done nothing to preserve or buttress their position (e.g., Renewed Motion to Dismiss) or to advance the case (e.g., Motion for Leave to File Answer Out of Time). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210,

1216 (11th Cir. 2009). If there is still any doubt about the status of Marbella's motion to dismiss (ECF-40), this Court's subsequent Order (ECF-158) certifying its Judgment as final and immediately appealable states:

> [¶] It is undisputed that there is nothing left to decide in this case as to Marbella...
> [¶] The Judgment & Order at issue effectively resolved all claims pled in Plaintiffs' operative complaint against Defendants Affinity and Marbella...[¶] The Court's Summary Judgment Order (ECF No. 118) and Final Judgment (ECF No.119) entirely dispose of the claims against Defendants Marbella…

It is almost impossible for the Court to be any clearer. Marbella's only argument in support of its theory that its motion to dismiss is still "pending" appears to be the order by the Clerk of Non-Entry of Default. *See*, ECF-173. This argument has absolutely no merit. Just as the Clerk is not authorized to look beyond docket entries in deciding whether to enter a Clerk's default, the Clerk is not authorized to make a determination for a party whether a docketed motion is moot or not. Marbella's attempt to portray this "finding by the Clerk" as if were the Court's ruling is flawed.

### C. There Is No Marbella Filing Which The Court Can Use To Resolve The Vicariously Liability Issue.

Marbella next argues at p.7 that "the Eleventh Circuit's Mandate…remanded for the district court to rule on <u>Defendant's alternative argument pertaining to vicarious liability</u> under Florida agency law." However, there are no motions or filings by Marbella challenging Plaintiffs' allegations pertaining to the vicariously liability's claim raised in the Complaint. Marbella conceded this in its appeal brief at p.32. *See*, Exhibit "A."

> <u>Marbella did not dispute the allegations of vicarious liability in its Motion for Summary Judgment</u>, as vicarious liability is not reached if, as a matter of law, the FDCPA and FCCPA do not govern. (emphasis added).

Additionally, Marbella's motion to dismiss only tangentially mentions "vicarious liability" and not as a basis for its motion (ECF-40, at p.3). It goes without saying that a Court cannot grant

summary judgment except on the grounds expressly presented in the motion and it is undisputed that Marbella did not move for summary Judgment (nor to dismiss) with regard to the vicarious liability issue. *See*, ECF-40 & 73. "Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Indep. Towers of Wash. v. Wash.,* 350 F.3d 925, 929 (9th Cir. 2003). "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc).

Thus, even when the Eleventh Circuit vacated the summary judgment as to the vicariously liability matter, the record remains devoid of any filing by Marbella upon which the Court can resolve this issue. In a buried footnote (n.2) in its Response Marbella states: "If the Court would like additional briefing on this remanded issue…Defendant requests…the opportunity to file supplemental briefing as to why Marbella should not be held vicariously liable…" This makes no sense. Marbella cannot provide an "additional" or "supplemental" briefing on an issue it has never substantively raised or addressed before. "A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000).

    **D.**    **Marbella's Inaction Or Misunderstanding Of The Rules Does Not Constitute Excusable Neglect.**

On remand, Marbella had the right to file a motion asking the Court to enter a new scheduling order and to file a renewed motion to dismiss. Alternatively, Marbella could have filed a motion for emergency hearing pursuant to S.D.L.R. 7.1(d) seeking clarification regarding the current posture of the case. Marbella did not do either, instead it simply filed (untimely) its Answer & Affirmative Defenses and now it attempts to find fault with the Court. *See*, ECF-198 at p.8,

where Defendant states, "even if the Defendant's Motion to Dismiss was somehow denied…Defendant never received notice…"

Defendant's Response also states at p.7 "[n]owhere in the Mandate is Defendant's pending Motion to Dismiss referenced and the Mandate also provides no notice that Defendant is now required to answer." This argument undermines rather than supports Defendant's position. As pointed out above, the motion to dismiss became moot when the Court accepted jurisdiction and granted Marbella's summary judgment —all remaining issues in the motion being disposed of by the US Court of Appeals' ruling. Moreover, if Marbella was in doubt as to the effect of the Appellate Court's decision upon the procedural posture of the case, it could have moved the Appellate Court for a clarification before the issuance of the Mandate. In sum, Marbella cannot blame the Courts for its own inaction or misunderstanding of the significance of the Mandate. The Magistrate Goodman noted in *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1880346, at *1 (S.D. Fla. Apr. 24, 2015) that "[k]nowledge is of two kinds. We know a subject ourselves, or we know where we can find information on it." Defendant's self-inflicted wounds could have been avoided by approaching either this Court or the Court of Appeals.

At any rate, as was made clear by the Supreme Court, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 392 (1993). It is easy to see why this is so. If a simple mistake made by counsel were to excuse an untimely filing, "it [would be] hard to fathom the kind of neglect that we would not deem excusable." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000). It is also well established in the Eleventh Circuit that mistakes of law do not constitute "excusable neglect." See, *Advanced Estimating Sys. Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("[t]oday, we follow the other circuits and hold, as a matter of law, that

an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.")

### E. Even If Its Late Filed Answer And Affirmative Defenses Were Allowed To Survive, Marbella Should Be Sanctioned For The Shotgun Filing Of Frivolous And Meritless Affirmative Defenses.

In the Motion (ECF-192-pp.10-13), Plaintiffs asserted that Marbella, incredibly, re-alleged all of the groundless and boilerplate affirmative defenses from co-defendant Affinity's Answer - which Plaintiffs had already moved to strike (*see*, ECF-167, 184). Affinity had already agreed to withdraw most of them acknowledging that they were without merit (*see*, ECF-174). Marbella does not say anything in its Response concerning this issue. There is no excuse for reasserting these baseless defenses given the certainty that Plaintiffs would have to move to strike them as well.

### F. Equitable Estoppel Has No Application Here Where Marbella's Counsel Has Simply Misrepresented Plaintiffs' Attorney's Messages.

Finally, the Response at p.8 argues that the instant motion should be denied under the principles of equitable estoppel based on a liberal reading of some emails exchanged between counsels. Plaintiffs initially agreed to file their motion for Court's Default and to "withdraw it should Marbella file its answer and affirmative defenses prior to the Court ruling on it." Then, Marbella requested Plaintiffs hold off filing that motion until January 20, 2017, so that counsel could confer with their client. Plaintiffs agreed and honored that request. *See*, ECF-198-4. Thereafter, Marbella, without filing a motion for leave or any other excusatory motion, filed its untimely Answer in violation of Rule 6(b)(1)(B).

Plaintiffs simply do not understand how they acted in bad faith. Clearly, either Defendant's counsel misjudged the Plaintiffs' agreement not to file a motion for default to be a blanket waiver of any future motion to strike or they simply did not understand that they are required to file a

motion for leave to late file their Answer and Affirmative Defenses (to which Plaintiffs would respond). Plaintiffs always intended to either file a motion for Court's Default or a motion to strike a late filed Answer & Affirmative Defenses.

As the Florida Supreme Court has held, the evidence required to sustain a claim of equitable estoppel must meet a high standard. *See*, *Jarrard v. Associates Discount Corp.*, 99 So. 2d 272, 277 (Fla. 1957) (Before an estoppel can be raised there must be certainty and the facts necessary to constitute it *cannot be taken by argument or inference, nor supplied by intendment. They must be clearly and satisfactorily proved*) (emphasis added). Defendant has simply failed to meet this burden. The only offering is counsel's alleged misunderstanding of what Plaintiffs were offering.

Further, equitable estoppel is not a proper shield where the evidence establishes no detrimental change in position by the party claiming the estoppel. Here, Marbella's position has not detrimentally changed due to any alleged representation by Plaintiffs because Defendant was already in violation of the Rules having failed to timely file an Answer.

## II. CONCLUSION

Marbella's contention that its motion to dismiss, superseded by its motion for summary judgment, which was granted by this Court and rejected by the US Court of Appeals survives to forever toll the deadline to respond the Complaint is simply a nonstarter. Marbella should have withdrawn its motion to dismiss when it decided to abandon the jurisdictional challenge and seek summary judgment. Any apparent confusion over the posture of these proceedings was created by the Defendant itself. Marbella's decision to sit back and wait for the Court to tell them what to do was foolhardy. Marbella's belated Answer was not presented by a motion for enlargement of time explaining excusable neglect pursuant to Rule 6(b)(1)(B). The Court should not *sua sponte* move to extend the deadlines for this Defendant when it has previously refused to do so for the Plaintiffs.

*See, e.g.* ECF-112. Plaintiffs stand by the arguments previously set forth in their Motion and respectfully request the Court grant their motion.

Dated: March 4, 2017.

                                  Respectfully submitted:

                                  **REINER & REINER, P.A.**
                                  *Counsel for Plaintiffs*
                                  9100 So. Dadeland Blvd., Suite 901
                                  Miami, Florida 33156-7815
                                  Tel: (305) 670-8282; Fax: (305) 670-8989
                                  dpr@reinerslaw.com

                                  By:  /s/ David P. Reiner, II
                                         **DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  **REINER & REINER, P.A.**
                                  *Counsel for Plaintiffs*
                                  9100 So. Dadeland Blvd., Suite 901
                                  Miami, Florida 33156-7815
                                  Tel: (305) 670-8282; Fax: (305) 670-8989
                                  dpr@reinerslaw.com

                                  By:  /s/ David P. Reiner, II
                                         **DAVID P. REINER, II**; FBN 416400