UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ,
individuals,

 Plaintiffs,

v.

THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., et al.,

 Defendants.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT MARBELLA'S OPPOSITION (ECF-210)
TO PLAINTIFFS' RULE 11 MOTION (ECF-208)**

  Plaintiffs Jorge A. Agrelo and Olga M. Fernandez (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby file their reply to Marbella Park Homeowners' Association, Inc's (hereinafter "Marbella" or "Defendant") opposition (hereinafter "Response" or "Opposition") to the above-captioned Plaintiffs' Motion and state:

  **A.** **Marbella's Response Should Be Stricken Because It Was "Unsigned"**

  Plaintiffs initially note that the Defendant's Opposition was "signed" with the name of a law firm, rather than by one attorney of record in the attorney's name, as required by Fed. R. Civ. P. 11(a) and Rule 3J(1) of the S.D. Fla. Admin. Procedures. On May 10, 2017, Plaintiffs notified Marbella's counsel of this shortcoming, but to date, it has not been corrected. *See*, **Exhibit 1** attached hereto. Rule 11 directs the Court to strike any unsigned paper if, as here, the omission is left uncorrected after the attorney has been warned. *See, e.g, Patrick Collins, Inc. v. John Does 1-6,* No. 0:11-cv-60568, DE 30 (S.D. Fla. Nov. 9, 2011). Plaintiffs hereby alert the Court (and opposing counsel again) that the Defendant's opposition (ECF-198) to the Plaintiffs' motion to strike (ECF-192) is improperly "signed" by the law firm and not an attorney.

**B.     The Alleged Lack Of The Rule 7.1 Conference Is Plainly False.**

Incredibly, Marbella's falsely claims at p.5 that Plaintiffs' Rule 11 Motion "does not include any certification, or any other statement, evidencing or showing that they had made any attempt to comply with this fundamental rule [S.D.L.R 7.1(a)(3)]." Plaintiffs not only included the proper certification, but also identified with specificity the pre-filing emails exchanged between counsel. *See*, ECF-208 at p.22 and ECF-208-3.  This false statement is even more egregious where the Defendant refers to those email discussions throughout its own Response. *See e.g.*, ECF-210-¶8, 9.

**C.     Marbella's Counsel Never Reached Out Counsel For The Plaintiffs**

At p.3, Marbella's Motion states: "[i]n response to the Plaintiffs' Counsel's Safe Harbor correspondence, <u>the undersigned attempted to reach out to Plaintiffs' counsel</u> in good faith to resolve the issues put forth in the proposed Rule 11 Motion." As pointed out above, the Response was unsigned; thus, Plaintiffs do not know whom "the undersigned" term refers to.  In reality, no attorney representing Marbella contacted or attempted to contact undersigned counsel, by any means, in relation to the safe harbor correspondence.  When the 21-day safe harbor period had expired, it was the Plaintiffs' counsel who approached via email the attorneys for Marbella (Rachel Beige and Joseph (Joey) Valdivia) in compliance with the local rule pre-filing requirements. *See*, ECF-208-3 (email dated Mon, Apr 17, 2017: "<u>As required by local rules</u>, I am contacting you to see if you would be willing…). In response, Ms. Beige advised that "Unfortunately, Joey is no longer with our firm and <u>I don't recall receiving the original Rule 11 motion.</u>" It is obvious that the Rule 11 Motion served by Plaintiffs on March 17, 2017, was simply ignored by Marbella's counsel.  The record is devoid of, and Marbella cannot possibly point to, any communication sent

by its attorneys between March 17, 2017 (when the sanction Motion was served) and April 17, 2017 (when Plaintiffs sent the first pre-filling email).

D.  **Marbella's Misrepresentations Of The Facts**

Marbella's Motion at p.3 argues that Plaintiffs' email dated April 20, 2017, "requested, *for the first time*, that Defendant "at the very least file a notice of withdrawal" to remove the affirmative defenses in their entirety." This statement is simply wrong.  Plaintiffs "safe harbor" letter submitted together with the draft sanction Motion on March 17, 2017, is clear and unambiguous. *See,* ECF-210-1 at p.1.

> To the extent you agree with any or all of the arguments made in the Motion we would request that you withdraw those denials and defenses which have no basis in law or fact in this case. Thank you.

But even if Plaintiffs' had not advised Marbella about how to cure, the safe harbor provisions of Rule 11 are available to a litigant who "withdraws" the offending paper. F.R.C.P. 11(c).  Attorneys who practice in Federal Courts are charged with knowledge of the Federal Rules of Civil Procedure.  It should not be the burden of the Plaintiffs' counsel to instruct Defense counsel how to remedy a Rule 11 violation.

E.  **Marbella Was Clearly On Notice Of Plaintiffs' Position Regarding Defendants Raising Baseless, Frivolous Affirmative Defenses.**

On December 22, 2016, Plaintiffs filed a motion to strike baseless affirmative defenses raised by co-Defendant Affinity. *See*, ECF-167.  Affinity rightly withdrew 12 out of 14 affirmative defenses conceding that they were without merit. *See,* ECF-174. Either purposely ignoring, or completely oblivious to, that motion practice, on January 20, 2017, Marbella filed its Answer re-alleging all of the groundless Affirmative Defenses from Affinity's Answer.  *See,* ECF-188. Shortly thereafter, Plaintiffs put Marbella on notice once again.  *See,* ECF-189 at p.5.  On February

10, 2017, Plaintiffs devoted 2½ pages in their motion to strike Marbella's Answer to the issue of their frivolous affirmative defenses. *See*, ECF-192-pp.10-12.  Plaintiffs again raised these issues on March 4, 2017. *See*, ECF-202 at p.7.  Then, on March 17, 2017, Plaintiffs, out of shear frustration, served the Rule 11 Motion – together with a safe harbor letter – as required by the Rule. *See*, ECF-210-1.  At that point, Marbella knew or should have known that the price of poker had just gone up yet they decided not to act.[1] On April 17, 2017, Plaintiffs initiated their pre-filling discussions with counsel for Marbella – which took a week, but reached no agreement. Additionally, as noted by the Eleventh Circuit "the existence of Rule 11 itself constitutes a form of notice since the rule imposes an affirmative duty on an attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Donaldson v. Clark*, 819 F.2d at 1560 (11th Cir. 1987) (en banc). Consequently, attorneys cannot claim that they "had no notice or knowledge of the standards of conduct that the rule itself provides." *Id*.

Here, Marbella deliberately ignored numerous warnings concerning their frivolous defenses. Indeed, Defendant had every opportunity to avoid the filling of the instant Motion - a simple notice of withdrawal, as suggested by Plaintiffs during the pre-filing conferences would have been sufficient. *See*, ECF-208-3 (email dated Apr 20, 2017).

> We are just asking that you at the very least file a notice of withdrawal (see, e.g., ECF No. 52) removing from your responsive pleadings the frivolous Affirmative Defenses as largely discussed in the Motion for Sanctions.

Marbella contends now that its message dated April 24, 2017, should have been followed up by Plaintiffs.  During the pre-filling discussions, Plaintiffs were clear about the relief requested, including the reimbursement of their incurred attorney's fees related to the present Motion. *See*,

---

1  This is really not a game.  This is a 2014 consumer protection case which has been strategically driven into the weeds by the Defendants.  All Plaintiffs have been asking for these last 4 years is justice.

ECF-208-3 (emails dated April 17, 2017 and April 20, 2017). Instead, Defendant conditioned the correction or withdrawal of the challenged filling to the Plaintiffs' withdrawal of their motion to strike for the timeliness issue. *See*, ECF-208-3 (email dated April 24, 2017).

> [i]f this will address the issue in <u>finality</u>, I am willing to discuss with my client submitting an Amended Answer. <u>I am not willing to leave the timing issue open and I am not willing to pay $1312</u>. (emphasis added).

It was Marbella who terminated the discussions when they rejected the relief requested by Plaintiffs. At that point, there was nothing else to discuss and the Local Rule 7.1 does not require the parties to continue to discuss a Rule 11 Motions merits indefinitely when, as here, it would be futile. This is a Rule 11 Motion where Marbella, as the offending party, is not in a position to demand, place conditions or negotiate anything other than to promptly withdraw or correct its groundless defense averments and thereby escape sanctions. Defendant also argues that Plaintiffs' counsel wrongly demanded reasonable attorneys' fees pertaining to the instant Motion, "which had not yet been filed." Marbella's counsel should have known that Plaintiffs were required to discuss all of the requested relief raised in the Motion. *See, Miller v. Relationserve, Inc.*, No. 05-61944-CIV, 2006 WL 5849318, at *4 (S.D. Fla. Dec. 1, 2006) (noting that a Rule 11 motion did not comply with Local Rule 7.1, adding that "it can be argued that the spirit of the Rule was met," pointing out that, "on the other hand, Plaintiff certainly was not aware of the amount of fees being sought" and opining that "perhaps if Defendants conferred with opposing counsel regarding the amount of fees sought, the parties might have been able to reach an agreement on the issue").

F.   **Sanctions Are Warranted Under Fed. R. Civ. P. 11**

It is emblematic of Marbella's conduct in this case that, after an appeal to the Eleventh Circuit Court of Appeals and a written opinion by Judges Rosenbaum, Pryor and Schlesinger, that they should asserted in the Eleventh Affirmative Defense that "[t]he causes of action set forth in

— 5 —
REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282

the Complaint are barred in whole or in part because <u>a condominium assessment is not a "debt" under the Florida Consumer Collections Practices Act ("FCCPA")</u>." But *see*, ECF-208-1 where Defendant stated exactly the contrary: "It is clear that fines are not consumer debts. <u>By contrast, regular monthly homeowner assessments are considered debts</u>…" On appeal, the panel conclusively resolved that both, HOA assessments and fines are debts under the FCCPA. *See*, ECF-166-pp.16-17.

> <u>[t]he central question is whether a contractual obligation to pay HOA assessments creates a "debt" under the FCCPA. We hold that it does</u>…When a home buyer must contractually agree to pay homeowners' assessments in order to purchase a home, that home buyer takes on "debts" for those assessments under the FCCPA….<u>Because the governing documents contain a provision calling for the fine levied against the homeowners to be "deemed an individual assessment," the contractual language renders the fine in this case a "debt" subject to the FCCPA</u>. (emphasis added)

It is clear that Marbella lacked any good or colorable basis for asserting and continuing to pursue this defense. At the risk of sounding repetitive, Plaintiffs emphasize that this issue was not a collateral dispute but the "central" question on appeal.  There is no excuse therefore for Marbella to attempt to re-litigate this argument again in the guise of an affirmative defense.  *See. Allapattah Servs., Inc.*, 372 F. Supp. 2d at 1375 ("I conclude that Exxon and its attorneys knew, or should have known, that assertion of these affirmative defenses were legally and factually frivolous given Exxon's prior representations and the affirmance by the Eleventh Circuit.").

If the "fine is not a debt" rearguement were not enough, the new statute of limitations defense[2], raised as their Seventeenth Affirmative Defense is as or more frivolous. The initial collection letter at issue was dated on May 16, 2013; thus, the FCCPA two-year statute of limitations did not expire until <u>May 16, 2015</u>. A simple calculation reveals that the original

---

[2]  This defense has not been argued in either of Marbella's prior motions to dismiss, nor in its motion for summary judgment. *See,* ECF-21, 40 and 73.

Complaint, filed on April 3, 2014, was over 13 months ahead of the expiration date under the governing law. *See, Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d 1240, 1245 (M.D. Fla. 2016)("Under the FCCPA, a debtor must commence a civil action within two years after the date the alleged violation." (citing Fla. Stat. § 559.77(4))). This defense averment was so entirely frivolous that the absence of factual or legal inquiry is obvious and this is even more alarming when Plaintiffs had fervently challenged the same argument by Affinity. *See*, ECF-184-pp.6-7. Marbella's Response says nothing as to this matter and the case law[3] cited by Plaintiffs was unaddressed, unrefuted.

Marbella's Fourteenth Affirmative Defense asserts that the Complaint is barred because the Plaintiffs were not "consumers." Defendant decides to ignore, one more time, the plain ruling of the appeal panel that held: "[b]ecause we hold that the HOA fine at issue is a "debt," the homeowners are necessarily "consumers" under the statute." *See,* ECF-166-p.18-n.12. Any reasonable lawyer would have known, upon even the most casual investigation that this argument was groundless. Rather than fulfill their duty of candor to this Court, however, Marbella knowingly, frivolously asserted these defenses even after it was warned not to do so. Rule 11 expressly prohibits this conduct.

Similarly, the Fifteenth Affirmative Defense argues (without any basis) that the Court lacks subject matter jurisdiction in this case. In its Sixteenth Affirmative Defense Marbella simply states that Plaintiffs have no standing to sue. Unsurprisingly, in its Response Marbella did not bother to elaborate any fact or legal reasoning in support of these positions. The refusal to withdraw these

---

[3] *See,* ECF-208-p.18 quoting *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (noting that legal claims are frivolous in egregious circumstances such as when a party ignores the plain language of a statute of limitations.)

utterly frivolous defenses and to allow this case to resolve on the merits of Plaintiff's claims has needlessly multiplied these proceedings to the detriment of the Plaintiffs.

### G. Rule 11 Sanctions Do Not Require A Finding That A Party Acted In Bad Faith

Marbella and its counsel state that they "were not –and are not– acting in bad faith." This standard has been rejected by this Court in *Williams v. R.W. Cannon, Inc.*, 2008 U.S. Dist. LEXIS 82916 (S.D. Fla. Sept. 24, 2008):

> Defendants state that their failure to fix their frivolous denials in their Amended Answer was inadvertent, but <u>this argument is geared to the imposition of section 1927 sanctions, which incorporates a willfulness requirement, and not Rule 11 sanctions, which do not require proof that the assertion of a frivolous position was committed out of bad faith</u>. See *Byrne v. Nezhat*, 261 F.3d 1075, 1105- 06 (11th Cir. 2001)… (emphasis added).

Even if Marbella's counsel filed the Answer in good faith, "[n]o amount of good faith is sufficient to overcome an attorney's duty to investigate the law before filing a document." *In re Thomason*, 161 B.R. at 284 (Bankr. N.D. Fla. 1993) "[t]he objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances.'" *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Raising affirmative defenses which are facially inapplicable or which are clearly contradicted by the law of the case, is sanctionable conduct.

### H. The Motion For Sanction Is Not Premature And It Stands Separately From The Plaintiffs' Prior Motion To Strike.

Finally, Marbella argues that Plaintiffs' sanctions Motion is premature. To the contrary, the Adv. Committee Notes to Rule 11 provide that:

> [¶]Ordinarily <u>the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely</u>…
> [¶]Given the "safe harbor" provisions discussed below, <u>a party cannot delay serving its Rule 11 motion until conclusion of the case</u> (or judicial rejection of the offending contention) (emphasis added)

In accordance with the above direction, and in an attempt to discourage litigants from unnecessarily delaying in bringing Rule 11 sanctions, federal courts have consistently ruled that parties must request Rule 11 sanctions "as soon as practicable after discovery of a Rule 11 violation". *Kaplan v. Zenner*, 956 F.2d 149, 151-52 (7th Cir. 1992). *See also*, *Gwynn v. Walker*, 532 F.3d 1304, 1309 (11th Cir.2008). Plaintiffs filed its Rule 11 Motion prior to a ruling on their motion to strike precisely because any further delay may have rendered its Motion stale. *See e.g., Peer*, 606 F.3d at 1313 (motion untimely where court had already rejected the offensive pleading at the time party moved for sanctions.)  The presumption favors early filing and the timeliness of a Rule 11 motion rests within the judge's discretion. Moreover, there are circumstances –such as here– where promptly bringing to the Court's attention a served sanctions motion is not only allowed and proper, but promotes efficiency and judicial economy. The Court has several motions currently pending, and putting Plaintiffs' Rule 11 Motion promptly before the Court serves to clarify the Court's options.

Moreover, the motion to strike was filed as to the entire pleading on procedural grounds (untimely). *See*, ECF-192. Conversely, the instant sanction Motion discusses the improper defenses and baseless factual denials; thus, obviously, that sort of conduct does not require a determination of the timeliness issue to be the addressed by the Court.  Marbella's contention that Plaintiffs should have waited for the Court to rule their motion to strike and (presumably) enter default judgment as to Defendant rings hollow.  A party may not bring a motion for sanctions unless there is some action the offending party may take to withdraw the improper pleading. Accordingly, the Rule 11 does not provide parties with the discretion to simply postpone the filing of the motion until the sanctionable paper is ruled, nor when judgment is entered in their favor.

*See, Walker*, 532 F.3d at 1308.  Plaintiffs are merely attempting to clean the record for the forthcoming dispositive motions and trial.

## CONCLUSION

Clearly, Marbella's decision in its Answer to feign ignorance of facts largely known, and to reassert previously rejected arguments, has multiplied these proceedings and caused additional expense to the Plaintiffs and wasted the Court's time.  Defense counsel crossed the line between zealous advocacy and misconduct.  Not once.  Not innocently.  Not trivially.

Sanctions are warranted to control the integrity of the judicial process and the conduct of the parties before this Court. For any or all of the above reasons, Plaintiffs respectfully request the Court to strike Marbella's improper answers and affirmative defenses and order Marbella to pay all costs and attorneys' fees incurred by the Plaintiffs in prosecuting this Motion.

Respectfully submitted:

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com

By:  /s/ David P. Reiner, II
     **DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

    *I HEREBY CERTIFY that on May 16, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

    **REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com


By:  /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400