UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ, individuals,

    Plaintiffs,

vs.

THE MELONI LAW FIRM, A/K/A EDOARDO MELONI, P.A., et al.,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO
STRIKE DEFENDANTS' IMPROPER FILINGS
ECF Nos. 108-8, 256, 267 AND 268 & FOR SANCTIONS**

Plaintiffs Jorge A. Agrelo and Olga M. Fernandez ("Plaintiffs"), by and through undersigned counsel, and pursuant to the Court's inherent power, 28 U.S.C. §1927, Fed. R. Civ. P. 37(c)(1) and the Local Rules 7.1(a)(3) and 7.1(c), hereby file this Motion to Strike Improper Filings by Defendants The Meloni Law Firm, a/k/a Edoardo Meloni, P.A., and Edoardo Meloni, Esq.'s (collectively "Meloni Defendants" or "Defendants") and state:

### I.    INTRODUCTION

This Motion seeks to strike the Meloni Defendants' filings, ECF Nos. 108-8, 256, 267 and 268, for violations of the Local Rules 7.1(a)(3), 7.1(c) and relevant Scheduling Orders issued by this Court during the course of this litigation. Additionally, Plaintiffs seek sanctions for Defendants' misrepresentations to the Court about the parties' conferrals prior to the filing of "Defendants' Motion To Strike Plaintiffs' Expert Witness" (ECF No. 256) and for other misstatements and record distortion as set forth below.

## II. ARGUMENT

There is no doubt that the Meloni Defendants, like any other party, have the right to seek any relief they believe appropriate from the Court. However, when their actions violate the Rules, the Court should take action - especially where Defendants actions prejudice the non-movant party. Here, what should have been simple motion positing an "alleged" untimely disclosure of a witness, explodes into necessary (but unnecessary) motion practice solely based on the Defendants' complete disregard for the Federal and Local Rules and willful misrepresentation of the facts surrounding their "compliance" with the Rules.

### a. A Post-Filing "Notice" Cannot Cure A Pre-Filing Requirement

The Meloni Defendants filed a motion to strike Plaintiffs' expert witness but Defendants' counsel failed to confer with Plaintiffs' counsel prior to filing that Motion and failed to include the mandatory certification pertaining to the required pre-filing conference.[1] In their response to the motion, the Plaintiffs, as would be expected, highlighted the Defendants' violation of the Local Rules 7.1(a)(3). *See,* ECF No.265 at 1-4. On August 1, 2018, and just a day following the filing of the Plaintiffs' response, the Meloni Defendants' lead counsel contacted undersigned by email stating:

> Upon reviewing your Reply to our Motion to Strike, I discovered we did not comply with LR 7.1 prior to filing the Motion. Joe Proulx from my office drafted the Motion. I expected he would confer with you and believe, he had the same expectation of me. Regardless, I apologize for the oversight. We will be filing a notice of striking the Motion we filed…Regardless, please advise me of your position relative to this matter. (emphasis added)

See attached email dated Wednesday, August 1, 2018 3:47 PM.

In response, Plaintiffs' counsel replied:

---

1 The mandatory pre-filing conference may have resulted in the Defendants abandoning their motion but we will never know. The parties' positions are now hardened.

> Dale I don't know what you are asking.  <u>If there was a misunderstanding about who was conferring, that should have resolved itself when you or Joe added the certification – which was missing</u>.  You don't need my permission or even a conference to withdraw your motion to strike.  If you are asking what would happen if you were to withdraw the motion, let's have that discussion when you withdraw it and are seeking to file another motion. (emphasis added)

See attached email dated Wednesday, August 1, 2018 5:28:19 PM.

Notwithstanding having indicated their intention to withdraw their motion, the Meloni Defendants did not do so.  Instead, they filed <u>two (2) Replies</u>: one on August 2, 2018, in the guise of a *Notice of Filing* titled "DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL CERTIFICATE OF GOOD FAITH AS TO DEFENDANTS' MOTION TO STRIKE" ("the Notice"), and another (three (3) days later) titled "DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS" ("the Reply"). *See,* ECF Nos. 267 and 268, respectively. In the *Notice of Filing* (clearly in reply to Plaintiffs' Response) Defendants certify their compliance with the requirements set forth in Local Rule 7.1(a)(3) and suggested that only the conferring certification was missing. *See,* ECF No. 267 at 1.

> Please take notice that Defendants hereby Supplement their previously filed Motion to Strike Plaintiff's Expert Witness (DE256) by <u>affirmatively certifying compliance with their good faith conferral obligations under Local Rule 7.1(a)(3). Plaintiffs' counsel has indicated Plaintiffs oppose the relief sought in the Motion.</u>
>
> The movants hereby advise the Court the Motion to Strike <u>was filed without the good faith certification</u> due to a miscommunication in defense counsel's office. (emphasis added).

In reality, Plaintiffs were never consulted about the Defendants' motion to strike ***prior to the filing of that motion***. The purpose of the conferral Rule is clear and unambiguous:  the parties must talk through issues (such as the proper interpretation of a scheduling order) ***prior to*** engaging in motion practice - and certify compliance.  Defendants admittedly did not do this in this instance but instead attempted a *post hoc* remedy which absolutely defeats the purpose of the Rule.  The

following email, send by undersigned counsel in the same email exchange sequence, couldn't have been any clearer.

> Dale- You just stated "*We will be filing a notice of striking the Motion we filed.*" Great! That notice does not need my approval. Our position regarding the witness disclosure is clear from our response to your Motion. File your reply.
>
> I am still uncertain what you are asking me to confer about. Please <u>don't represent that we conferred about anything since I have no idea what you are proposing and it is getting less clear with each email from you</u>. (emphasis added)
>
> See attached email dated Wednesday, August 01, 2018 8:22 PM.

The record is devoid of any *pre-filing* communications and Defendants' counsel conceded that there was no conferral whatsoever prior to the filing of their motion to strike (*"I expected he would confer with you and believe, he had the same expectation of me."*). Certifying compliance with Local Rule 7.1(a)(3), a Rule which requires "<u>Pre-filing</u> Conferences" ("[p]rior to filing any <u>motion</u> in a civil case…") flouts the meaning, intent and authority of the Rules. The fact that the Defendants' seasoned attorneys seem to have no problem certifying that a pre-filing conference took place (when they are actually trying to shoehorn in a post-filing conference) demonstrates a contempt for the Rules.

> Please take notice that Defendants hereby Supplement their previously filed Motion to Strike Plaintiff's Expert Witness (DE256) by <u>affirmatively certifying compliance with their good faith conferral obligations under Local Rule 7.1(a)(3)</u>.
>
> While there is no question, the defense failed to comply with the Rule [7.1(a)(3)]… As the record in this case now shows, <u>the failure to comply with the Local Rule</u> was inadvertent…(emphasis added).
>
> Compare ECF Nos. 267 at 1 with 268 at 3.

Again, Defendants' counsel made affirmative misrepresentations to the Court, which do not comport with their duties of candor as officers of this Court. *See*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) ("Every lawyer is an officer of the court, [and] he always has

a duty of candor to the tribunal."). Defendants' counsel misrepresented that: (1) the Plaintiffs had opposed their motion before it was filed, when that was false; (2) there was a "good faith" conferral between opposing parties in compliance with Local Rule 7.1(a)(3), when that was also untrue and Defendants' counsel was specifically advised by Plaintiffs' counsel not to represent such a position (Please <u>don't represent that we conferred about anything…</u>); and (3) Defendants' counsel misrepresented that the alleged miscommunication between defense counsels was the reason for not including the certification pertaining to the required pre-filing conference.

### b. <u>Continued Misrepresentations By Defendants</u>

In their Response to the motion to Strike (ECF-266 at 5-6) the Plaintiffs state:

> [t]he Scheduling Order ECF No. 34 set September 10, 2014, as the deadline for the Parties to exchange written lists containing the names and addresses of all witnesses intended to be called at trial, the order further said that "only those witnesses listed shall be permitted to testify." Meloni Defendants never filed their witness list, instead, months later on January 20, 2015, they produced and offered a list with three (3) witnesses they intend to call at trial as an exhibit of the pretrial stipulation filed by the parties. See, ECF No. 108-8.

The Defendants' Second Reply (ECF No. 268) mischaracterized this argument as an "untrue claim" and also stated: "[w]hile these claims seem serious, they are also meritless." Not surprisingly, the Defendants could not point to a single docket entry (none exists), other than Exhibit 8 of the Pretrial Stipulation (ECF No. 108-8), where they claim compliance with the September 10, 2014 deadline set forth in the Scheduling Order ECF No. 34. The Plaintiffs' Response also raised the Defendants' failure to file a proper Certificate of Interested Persons and <u>Corporate Disclosure Statement</u> as required by ECF Nos. 4 and 242:

> The Order expressly states, in part: "[t]he Plaintiffs, Defendants …SHALL FILE a Certificate of Interested Persons and Disclosure Statement. Meloni Defendants have not filed yet the Certificate of Interested Persons and Disclosure Statement as required by the Court. *Plaintiffs have had to conduct discovery to learn the structure of the Defendants' businesses*.

Defendants contended in their Second Reply that "the docket in this case proves Defendants filed a Certificate of Interested Persons *more than four (4) years ago* (DE 36)". This, *again*, is less than the whole true. While it is correct that ECF No. 36 is a Certificate of Interested Persons, it failed to identify (1) any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation as required by Fed. R. Civ. P. 7.1. So listing "The Meloni Law Firm" which is simply a fictitious name owed by a corporation, fails to comply.

Of more concern here, the Revised Scheduling Order ECF 242 explicitly required the parties to file (1) an (updated) Certificate of Interested Persons and Corporate Disclosure Statement and (2) the Witness Lists. There is no excuse for a party not following these clearly written directions in this Court's Order. Defendants' self-serving interpretation that those Court directions were optional for them finds no support in either the text of the Order or any authority or case law. To the contrary, during the pendency of this litigation, this Court has twice cautioned that "the deadlines contained in [its] Order[s] Setting Civil Trial Date and Pretrial Schedule…*are not merely suggestive*." Here, refusing to strike Defendants' witnesses would render the Scheduling Orders and aforesaid admonitions utterly meaningless. But Defendants went even further by asserting in their Second Reply at 4:

> Apparently, Plaintiffs mistakenly believe Defendants were required to file another witness list and another Certificate of Interested Persons upon the case being re-opened after appeal. However, as the Court knows, no such obligation is upon MELONI… Defendants have no intention of adding witnesses, and the Certificate of Interested Persons remains accurate. (emphasis added)

The 4-year old Certificate of Interested Persons (ECF No.34) *is not accurate at all*. For example, listed attorneys Benjamin W. Raslavich, Esq. and Ryan A. Fogg, Esq. no longer work for their corresponding law firms. See, e.g., ECF No. 165 (Order withdrawing the attorney

Benjamin W. Raslavich filed on <u>June 2016</u>). In addition, there are other attorneys who have appeared as this case has progressed, which are not included in the Defendants' Certificate *See e.g.,* ECF Nos. 178, 209 (Notices of Appearance). In fact, the attorney Joseph C. Proulx,[2] who is currently primarily representing the Meloni Defendants, appears nowhere in the Defendants' allegedly "accurate" Certificate of Interested Persons. More importantly, the Revised Scheduling Order (ECF 242) states: "[a]t a minimum, this list should include <u>the parties and any counsel that have appeared in this case</u>." In any event, the Meloni Defendants have continually violated the Court's Order (ECF No.4) which states in part: "[t]hroughout the pendency of this action, the parties shall be under <u>a continuing duty to amend, correct, and update the Certificate</u>." (emphasis added).

Defendants' and their counsel have an ethical obligation to be forthcoming, even about their mistakes. In that sense, they should have acknowledged these violations of the Scheduling Orders raised by the Plaintiffs and attempted to correct them. Instead, they simply made excuses or tried to cover up the violations by distorting the record and misstating the text of the Court's Orders.

### c. <u>A Notice Of Filing Is Not A Notice Of Filing If Nothing Is Filed.</u>

Local Rule 5.1(d) –Notices of Filing; Form and Content– states in relevant part:

> The title of a notice of filing shall include…a description of the <u>document being filed</u>. A notice of filing shall identify by title the pleading, motion or other paper <u>to which the document filed</u> pertains…(emphasis added)

It seems common sense, but a "Notice of Filing" is not a *notice of filing* if no document or thing is filed along with it. Significantly, the Meloni Defendants filed a "Notice of Filing" but they

---

[2] As noted by the Clerk, Mr. Prolux did not file a Notice of Attorney Appearance in violation of the CM/ECF Administrative Procedures and Local Rules. *See,* ECF No. 177. Nevertheless, the record shows that he appeared for first time in this case on January 6, 2017. *See,* ECF No. 176.

did not attach any document or thing or Exhibit to it. *See*, ECF No. 267. The "Notice of Filing" simply addressed (*replied to*) an issue raised in Plaintiffs' Response to the motion to strike. Accordingly, the Defendants' Notice is nothing less than the Reply directed at Plaintiffs' Response. Using a "Notice of Filing" to address issues raised in a Response defeats the purpose of the Rule requiring that there be one motion, one response, and one reply. Local Rule 7.1(c), provides:

> The movant may, within seven (7) days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing. (emphasis added)

Shortly after Defendants filed their "Notice of Filing" addressing an issue raised in Plaintiffs' Response to the motion to strike (ECF No. 267), on August 6, 2018, Defendants filed a Second Reply (ECF No. 268). The Defendants did not seek leave of the Court to file the Second Reply and it should be stricken. Defendants could and should have filed any improper *post hoc* declaration or "good faith" certification in their Reply - it should have been served with that filing as set forth in the Local Rules. The Court has discretion to strike filings that do not comply with Local Rules. In fact, this Court has exercised that discretion previously against a Plaintiffs' motion

— 8 —
REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

that was not double-spaced. *See*, ECF No. 97.³ *See also*, ECF No.56.⁴

### d. Defendants Should Not Be Allowed To Call Any Witness At Trial In Light Of Their Clear Violation Of The Court Scheduling Orders

As discussed before, Defendants produced for first time a list of witnesses they intended to call at trial as an Exhibit of the Pretrial Stipulation. *See*, ECF 108-8. Hence, even if that Exhibit were construed by the Court to be the Defendants' witness list required by its Scheduling Order ECF No. 34, it was late by **132 days**. Defendants got another bite at the apple when the Court issued its Order Revising Scheduling Order and reset the deadline for the parties to file their respective witness lists to June 29, 2018. *See*, ECF No. 247. Defendants, once again, disregarded their deadline but raised an alarm about the Plaintiffs' ***compliance with*** the same deadline.

Both Court Scheduling Orders, ECF Nos. 34 and 247, explicitly admonished the parties that "only those witnesses listed shall be permitted to testify." What is more, when Co-Defendant Marbella filed its witness list only 1-day late, this Court gave them a free pass but held:

> The Court does…caution Defendant Marbella Park Homeowners Assoc. Inc. that the deadlines contained in this Courts Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (D.E. No. 34) are not merely suggestive and, absent good cause, any subsequent untimely filings will be stricken by this Court. (emphasis added)

---

3  *See,* "PAPERLESS ORDER striking [86] Corrected (Correcting ECF 77 - as to Proffer Page Citations) Plaintiff's Motion for Leave to Seek Punitive Damages for failure to comply with this Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge [ECF No. 34], which requires that "[e]very motion filed in this case shall... be double-spaced in Times New Roman 12 point typeface." Signed by Judge Jose E. Martinez on 1/9/2015. (jht)"

4  See, "ENDORSED ORDER striking Plaintiff's [55] Motion to Compel All Discovery From Defendant for failure to follow the discovery procedures established by the [34] trial scheduling order. Signed by Magistrate Judge Jonathan Goodman on 10/1/2014. (tr00)"

The Meloni Defendants knew [5] that their witness list was due the same time everyone else's was due, September 10, 2014, but they decided not to seek permission of the Court to file it out of time. Rather, they provided that list surreptitiously as an exhibit of the Pretrial Stipulation. This is nothing but a game to these Defendants.[6]

Litigation must not be allowed to degenerate into a game of cat and mouse. Lawyers have an obligation of candor to each other and to the judicial system, which includes a duty to seek permission of the Court *via* a proper motion to file an untimely papers instead of just filling them to see if the missed deadline goes unnoticed. Fed. R. Civ. P. 6 (b) is bright lined and it states in relevant part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect.

---

5   Defendants have never brought to the Court's attention any alleged question or confusion with respect to the witness list deadline.

6   Defendants have been playing this game throughout this litigation. Defendant Edoardo Meloni filed his Answer and Affirmative Defenses to Plaintiffs' amended Complaint on September 23, 2014 (97 days late) but he did not seek, nor was he granted, leave to file that responsive pleading out of time pursuant to Fed. R. Civ. P. 6(b)(1)(B). See, ECF No. 51. When Plaintiffs challenged this untimely filing, the defense counsel contended:

> Plaintiffs' silence with respect to the belated answer [ECF 51] created a belief in MELONI that Plaintiffs had no issue with the filing of that Answer.

See, ECF No. 238 at 5.

Under Fed. R. Civ. P. 6, Edoardo Meloni should have moved for an extension or leave to late file his Answer and to at least attempt to demonstrate "excusable neglect" for the delay. Under the same rational, Defendants should not have been able to file their untimely witness list –in the guise of an Exhibit to the Pretrial Stipulation– without first asking permission of the Court and consulting with the Plaintiffs regarding their position on a motion for leave to late file such a list. In another instance, on January 15, 2015 Defendants filed a motion for extension of time regarding pretrial deadlines only after the deadline for motion practice passed on January 12, 2015. See, ECF Nos. 60, 104 and 106 at p.1.

See, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any post deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'"). Further, a Court may not itself move to extend the deadline for Defendants. *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir.2008) ("After the . . . deadline had expired, the district Court was not empowered, under the plain terms of Rule 6(b)(1), to extend that deadline on its own motion. Rather, the Court is only empowered to grant such an extension under Rule 6(b)(2), upon a motion being made by the plaintiffs that was supported by a showing of excusable neglect."). *See also, Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C.Cir.2005) (abuse of discretion to entertain late filing when no motion to extend deadline had been filed).

### e. Defendants' Have Offered No Excuse To Justify Violations Of Local Rules

As pointed out previously, the only excuse offered by Defendants for their non-compliance with Local Rule 7.1(a)(3) is a "*miscommunication between attorneys in defense counsel's office.*" *See,* ECF No. 268 at 3. More specifically, Mr. Golden indicated to the undersigned: "*I expected he would confer with you and believe, he had the same expectation of me.*" Even if that pretext could be asserted as the basis for the lack of conferral between the parties *prior to* the filing of the motion, that issue should have resolved itself when Defendants prepared to add the required certification – which was missing. The required certification is the sworn proof that the conferral actually took place. Leaving off the conferral statement after the miscommunication about who was to confer creates and inference of intentional misrepresentation - a contumacious disregard for the Rules.

S.D. Fla. L. R. 7.1(a)(3) is quite clear, the certificate of conferral should state "with

specificity (including the date, time, and manner of each effort)" the efforts made by the movant to confer with "all parties or non-parties who may be affected by the relief sought in the motion." "Failure to comply with the requirements of this Rule provides the Court sufficient grounds to deny the Motion without reaching the merits." *Boston v. Allstate Prop. & Cas. Ins. Co., No*. 15-CIV20962, 2015 WL 13134478, at *3 (S.D. Fla. July 9, 2015) (Graham, J.) (internal citation and quotations omitted). The "miscommunication" excuse asserted by Defendants does not justify the missing conferral certification in the motion to strike.

Finally, even if the Court finds that the Defendants' non-compliance was somehow still inadvertent, the Court should strike said filing based on its prior strict enforcement of the Rules against the Plaintiffs. *Again see*, ECF No. 56 and 97.

f. **Sanctions Are Warranted Based On Defendants' Misrepresentations To The Court**

"The confidence of judges to rely with certainty upon the word of attorneys forms the very bedrock of our judicial system…The privilege of practicing law does not come without the concomitant responsibilities of truth, candor and honesty. Lawyering involves a public trust and requires an unswerving allegiance to honesty and integrity." [7] This broad and overriding duty to be truthful, often described as a duty of candor, is critical and derives from lawyers' larger duty to protect the integrity of the judicial process and can provide a basis for sanctioning a lawyer even if the lawyer's dishonesty arguably does not amount to a violation of pertinent ethics rules. In addition to this broad duty of candor, counsels are bound by Federal Rule of Civil Procedure 11 and the Florida Rules of Professional Conduct. Likewise, pursuant to ABA Model Rule 8.4(c) [8]

---

7  *In re Morse*, 160 N.H. 538, 548-49 (2010)(quotations and citations omitted).

8  MODEL RULES OF PROF'L CONDUCT r. 8.4(c) (AM. BAR ASS'N 2015). Needless to say, conduct may be deceitful even in the absence of affirmative acts by the lawyer.

(and its counterpart in most states), "it is professional misconduct for a lawyer to…engage in conduct involving dishonesty, fraud, deceit or <u>misrepresentation</u>."(emphasis added). The Comment to Rule 8.4 states: "A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation."

Violations of the ethical and professional rules for attorneys can occur not only by affirmatively misleading statements, but they can also occur as a result of intentional omissions that mislead the Court through silence. It also may be immaterial whether the affirmative misrepresentation is substantive or merely procedural. Stated differently, even the slightest accommodation of deceit or lack of candor in any respect quickly erodes the validity of the process and cannot be condoned.

Defendants' misrepresentations, the clear violations to the applicable Rules and defiance of the Court's Orders have the effect of multiplying these proceedings. 28 U.S.C. § 1927 provides that a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously…to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Although Section 1927 does not define "vexatiously," the Eleventh Circuit has held that "vexatious" is akin to "bad faith." *Schwartz v. Million Air, Inc*., 341 F.3d 1220, 1225 (11th Cir. 2003). "Bad faith exists when…a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Allapattah Servs., Inc. v. Exxon Corp*., 372 F. Supp. 2d at 1373 (S.D. Fla. 2005). Likewise, this Court "possesses inherent powers to sanction litigants for bad-faith litigation conduct. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1980).

Plaintiffs also seek sanctions under Fed. R. Civ. P. Rule 37(c)(1) for Defendants' failure to comply with the Scheduling Orders. The Rule provides that "[i]n addition to or in lieu of

(excluding the evidence), the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). These potential sanctions include requiring payment of reasonable attorney's fees and expenses caused by the failure to comply, informing a jury of the failure to comply, or a specific order regarding the evidence under Rule 37(b)(2)(A-C).

### III. CONCLUSION

Plaintiffs have never wanted this case to be anything more than a search for truth and justice for consumers who have been unjustly alternately threatened and ignored. The allegations against these Defendants are serious and their violations of the law seem to have been institutionalized. Defendants' counsel has repeatedly stated that they have defended hundreds if not thousands of debt collectors in federal proceedings such as this. They should know better than to attempt to flout the Rules, as they have clearly done in this case.

**WHEREFORE**, Plaintiffs respectfully request the Court (i) strike the Defendants' filings ECF Nos. 108-8, 256, 267 and 268 for flagrant violations of the Local Rules 7.1(a)(3), 7.1(c) and the relevant Scheduling Orders and for their misrepresentations and lack of candor to the Court as set forth herein; and (ii) enter appropriate sanctions under either the Court's inherent authority or 28 U.S.C. §1927 against Defendants. Plaintiffs further request reimbursement for the attorney's fees and costs incurred by them for having to bring these issues before the Court.

        **REINER & REINER, P.A.**
        *Counsel for Plaintiffs*
        9100 So. Dadeland Blvd., Suite 901
        Miami, Florida 33156-7815
        Tel: (305) 670-8282; Fax: (305) 670-8989
        dpr@reinerslaw.com; eservice@reinerslaw.com

        By: /s/ David P. Reiner, II
        **DAVID P. REINER, II**; FBN 416400

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Undersigned counsel certifies that in accordance with Local Rule 7.1(a)(3), he has, in good faith, attempted to confer with Defendants' counsel in an effort to resolve by agreement the issues to be raised in this motion, but to no avail. Counsel for Meloni Defendants has not agreed to the relief requested.  Specifically, the undersigned sent an email to defense counsels on August 7, 2018 requesting Defendants' position concerning the instant motion and counsel for Meloni Defendants responded: *"We did not file a "second reply" as you contend. I'm not going to debate you on the other issues you raise."* See enclosed attachment, emails dated Tuesday, August 7, 2018 10:31 AM and Tuesday, August 7, 2018 10:48 AM.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com


By:  /s/ David P. Reiner, II
    **DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2018, I electronically served this Motion To Strike Meloni Defendants' Improper Filings ECF Nos. 108-8, 256, 267 and 268 and For Sanctions on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, BY EMAIL or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282
Fax: (305) 670-8989
dpr@reinerslaw.com

By: /s/ David P. Reiner, II
**DAVID P. REINER, II**; FBN 416400

## SERVICE LIST

Joseph C. Proulx, Esq.
jproulx@gsgfirm.com
Dale T. Golden
dgolden@gsgfirm.com
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
*Counsel for Meloni Defendants*