UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO and OLGA M. FERNANDEZ, individuals,

    Plaintiffs,

vs.

THE MELONI LAW FIRM, A/K/A EDOARDO MELONI, P.A., et al.,

    Defendants.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE (ECF No. 269)**

Plaintiffs JORGE A. AGRELO and OLGA M. FERNANDEZ ("Plaintiffs"), by and through undersigned counsel, hereby file their Reply to THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., and EDOARDO MELONI, ESQ's (collectively "Meloni" or "Defendants") Response ("Response") (ECF No. 280) in opposition to the above-captioned Plaintiffs' Motion, and state:

### I.    ARGUMENT

  a. **Meloni's Response Is Rife With Misrepresentations**

Not surprisingly, Meloni opened its Response complaining:

> Plaintiffs' "Motion to Strike" is actually an <u>unauthorized sur-reply brief</u> directed at Meloni's Motion to Strike Plaintiffs' late-disclosed expert…This fact is demonstrated not only <u>by the substance of Plaintiffs' Motion</u>[…]Section II(b) of Plaintiffs' motion to strike contains <u>arguments entirely directed at an issue raised in Meloni's Reply Brief;</u> it is therefore a sur-reply argument…(emphasis added)

This is ridiculous. Plaintiffs' Motion is clear: ("This Motion seeks to strike the Meloni Defendants' filings […] for <u>violations of the Local Rules 7.1(a)(3), 7.1(c) and relevant</u>

— 1 —

Scheduling Orders…"). Plaintiffs' Motion only raises fatal procedural defects and misstatements in various Defendants' filings (ECF Nos. 108-8, 256, 267 and 268). There is not a single word in that Motion (ECF No. 269) directed to the merits or the ***substance*** of Meloni' motion to strike Plaintiffs' expert. If a party is moving to have a court issue an order striking some opposing party's filings and for sanctions, the motion must necessarily discuss the very violations and misstatements at issue in those papers, which are the subject of the motion. Specifically, the Motion at Section II(b) simply addresses Meloni's misrepresentations and record distortions. What is more, if the Motion was actually a sur-reply, as argued by Meloni, then the Response was an unauthorized sur-reply to the Plaintiffs' sur-reply. Defenants' counsel's contention herein is circular and absurd. Ironically, as established below, it is Defendants, who are improperly briefing for third time their motion to strike Plaintiffs' expert.

Meloni next states at p.9:

> To understand the lack of legal and factual underpinning as to the Motion to Strike Meloni's witness list, one should first review the list itself. Upon review, it is easy to see that **the only** individual listed on Meloni's Witness List is Mr. Meloni himself. *See*, DE 108-8.[…] Plaintiffs must demonstrate they were prejudiced by Meloni's purported failure to properly file a witness list which lists **only** the party. (emphasis added)

It is particularly difficult to understand how Defendants' counsel, an officer of the Court, can so blatantly misstate facts. In the belated disclosure of their witness list, Meloni did not only list himself but also included the corporate representatives of Marbella Park Homeowner's Association, Inc. and Affinity Management Services, LLC. *See*, ECF No. 108-8. Defendants' counsel fails to explain how three (3) witnesses are equal to one (1) witness. *See, Anderson v. Smithfield Foods, Inc.,* 353 F.3d at 916 (11th Cir. 2003) (sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts"). Meloni continues to prevaricate at p.3:

— 2 —

> The motion under attack did not include any reference to a conferral taking place so it clearly did not misrepresent anything about a conferral taking place…

There is no need to highlight any part of this statement, it is all deceitful. Defendants know that the Plaintiffs never attacked Meloni's motion (DE 256) for misrepresentations about a conferral taking place. The record actually shows the opposite. *See,* ECF No. 269 at p.2 ("The Meloni Defendants filed a motion to strike Plaintiffs' expert witness but Defendants' counsel failed to confer with Plaintiffs' counsel prior to filing that Motion and failed to include the mandatory certification pertaining to the required pre-filing conference"). The misrepresentation issue was brought by the Plaintiffs as to the **subsequent** Notice of filing (ECF No. 267) where Defendants sought to "[s]upplement their previously filed Motion to Strike Plaintiff's Expert Witness (DE256) by affirmatively certifying compliance with their good faith conferral obligations under Local Rule 7.1(a)(3)." Meloni then continues: "…given the overall context of the communications, the Notice was accurate and allowed the Court the opportunity to have the substantive information sought by the conferral rule –whether the requested relief is opposed by the other party." This is, once again, nonsensical. The Notice was filed following the Plaintiffs' opposition brief to the Meloni's motion to strike; hence it is quite obvious that the Court, at that point in the time, already knew that the motion was opposed. *See,* ECF No. 266 (**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION**…) Additionally, the Notice upholds, unambiguously, compliance with the conferral *pre-filing* "obligations under Local Rule 7.1(a)(3)." Importantly, Meloni cites no authority, as none exists, where a *post-filling* certification cures a missing *pre-filling* conferring requirement. Pre-filing is definitional! In short, there is no reason whatsoever for Defendants to file such a Notice and it just proves their intention to deceive the Court and excuse their clear violation of the Rules.

— 3 —

Meloni next refers to the email sequence attached in Plaintiffs' motion and mistakenly concludes:

> The complete email exchange demonstrates that Plaintiffs' counsel indicated Plaintiffs' opposition to the relief sought. So, the arguments now raised that no such position was provided to Meloni are inaccurate.

This is utterly incorrect. *See*, ECF No. 269 at p.3 which states: "[i]n reality, Plaintiffs were never consulted about the Defendants' motion to strike ***prior to the filing of that motion***" (emphasis in original). Meloni wants to twist the argument by pointing to some later written emails in an attempt to prove that the Plaintiffs would have opposed the relief sought in the motion before it was filed. Indeed, roughly two thirds of the Response amounts, in some degree, to either factual misrepresentations or half trues. Plaintiffs' should not be required to police every misstatement or incorrect allegation made by defense counsel. Courts around the country have consistently held that misrepresentations of facts cannot be taken lightly. A baseless factual contention poses a greater threat to justice than a baseless legal contention. The evidentiary foundation upon which an attorney rests his assertions of fact is, for the most part, exclusively within the control of the attorney and his client. In order to function, the court must repose trust in the attorneys who come before it to make factual representations supported by evidence. In contrast, a misstatement of law is much more easily remedied, by the adverse party's research, or the court's own research. *See e.g., Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1224 (7th Cir. 1995)("A misleading statement of facts increases the opponent's work, our work, and the risk of error"); *Markowitz Co. v. Toledo Metropolitan Housing Authority*, 608 F.2d 699, 704 (6th Cir. 1979) (Counsel's professional duty "requires scrupulous accuracy in referring to the record.").

### b. How Many Violations of Court Orders Should the Meloni Defendants be Allowed?

When the Court enters dates (that, by the way, the parties had substantial input in determining) in a case management order under Federal Rule of Civil Procedure 16, it is to help ensure the orderly proceeding of the matter within a very busy district court. Counsel **must calendar and meet dates**. The relevant rule is noteworthy and easy to recite, if counsel is going to miss a deadline, then counsel should file a motion seeking an extension before the deadline has passed. In a case where the deadline already expired counsel *has to file a motion* seeking permission of the court that can be granted as long as counsel's failure to act was due to excusable neglect. *See,* Fed. R. Civ. P. 6. *See*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'"). "The old adage that 'it is better to ask for forgiveness than permission' does not apply in federal court." *Magallanes v. Colvin, Case* No. 14-1217-EFM, 2016 WL 4733862, at *2 (D. Kan. Sept. 12, 2016). Here, the record shows that Meloni have made a mockery of the Court's deadlines and orders throughout this litigation and have done so on a massive scale. Some examples:

- Edoardo Meloni's Answer to the Complaint was late by **97 days**. *See*, ECF Nos. 34 & 51.
- The Meloni Law Firm amended its Answer to the Complaint **97 days** after the deadline to do so. *See*, ECF Nos. 34 & 52.
- Meloni filed a motion for extension of time regarding pretrial deadlines **3 days** after the date to file all Pretrial Motions and Memoranda of Law. *See,* ECF Nos. 60 & 104.
- Meloni filed its witness list **133 days** late. *See*, ECF Nos. 34 & 108-8.
- The Meloni Law Firm filed a motion for extension of time to respond to Plaintiffs' motion for leave to supplement **a days after** such a response was due. *See*, ECF No. 176.
- Edoardo Meloni filed a response to Plaintiffs' motion for leave to supplement **12 days** after it was due. *See*, ECF No. 189 at pp. 1-2.

— 5 —

- Meloni **missed the deadline** to submit the Certificates of Interested Parties and Corporate Disclosure Statements. *See,* ECF No. 242.
- Meloni again **missed the new (reset) deadline** for filing its witness list. *See*, ECF No. 247.
- Edoardo Meloni, just a few days ago, served an **untimely** response to some written discovery requests. *See*, ECF No. 274 at pp.6-7.

In all of these situations, Meloni has not even attempted to explain its tardiness, let alone to show excusable neglect or good cause to modify the Scheduling Orders, it failed to do so then, fails to do so now and more important it fails to explain why. "[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint v. NationsBank Corp.*, No. 8:94-cv-995-T-23TBM, 8:94-cv-2094-T-23TGW, 208 F.R.D. 639, 642 (M.D. Fla. May 31, 2002) (footnote omitted). Notably, the docket shows not a single motion filed by Meloni where it has sought a leave of Court to file any of its numerous untimely papers. Perhaps more importantly, Meloni did not even try to advise – let alone to confer with – undersigned counsel regarding any of these late filings. It is clear therefore that defense counsel was either hoping that its untimeliness would not be discovered or banking on the possibility that it could ask for forgiveness later rather than be denied permission up front. Counsel for Defendants treats court ordered deadlines as nothing more than mere suggestions, which, if the feeling strikes, it can choose to accept. Ultimately, if any of its untimeliness is brought to the Court's attention, as happened here, defense counsel has one more play in his bag of tricks, accusing the opposing party of over-litigating the case. *See,* Response at pp.11-13. The Court should not condone such behavior.

Most relevant here, the deadlines to file the parties' witness lists set forth in Court's Scheduling Orders (ECF Nos. 34 & 247) were largely missed by Meloni with no reason whatsoever. Defendants offer three (3) excuses, one more baseless than the others. Meloni first argues:

— 6 —

> Plaintiffs seek to strike Meloni's Witness List (DE 108-8) by arguing that Meloni did not comply with a ***recent order*** of the Court setting forth a deadline[…] That is true because, prior to the appellate proceedings involving the co-defendants, Meloni long ago <u>complied with the obligation to put the Plaintiffs on notice of the witnesses Meloni might call at trial</u>.

It is true that Defendants "put the Plaintiffs on notice of the witnesses [they] might call at trial" when the pre-trial stipulation was filed, however that notice came ***133 days late***. The seminal argument in Plaintiffs' motion to strike – as previously stated in the pre-filing conferral discussions[1]– is that Meloni did not **timely** file their witness list. The Scheduling Order ECF No.34 unmistakably set September 10, 2014, as the deadline for the Parties to exchange their witness list. To be clear, **this is not a situation where the offending party is attempting to justify its tardiness, has showed any hint of regret or asks for a forgiveness**. Here, Meloni stubbornly, defiantly and unreasonably continues denying its late witnesses disclosure without any logic or factual basis.

Second, Meloni asserts – again, without any legal support– that since its belated witness list included Defendant Edoardo Meloni, then it should not be stricken. Defendants' original theory finds no support in the language of the Court's Scheduling Orders (ECF Nos. 34 & 247). Rather those orders explicitly commanded the parties to "exchange written lists containing the names and addresses of <u>all witnesses</u> intended to be called at trial and only <u>those witnesses listed</u> shall be permitted to testify." Meloni next suggest that Plaintiffs consented to its late witnesses disclosure since the Pre-trial Stipulation was "jointly" filed. This argument fails for two reasons. The patries enclosing their witnesses lists as exhibits to the Joint Pre-trial Stipulation was a requirement set forth in the Scheduling Order and Local Rule 16.1(e)(10). *See,* ECF No.34 at

---

[1]   *See*, ECF 269-1, email dated Tuesday, August 7, 2018 10:31 AM ("…your clients' witness list was due the same time everyone else's was due, September 10, 2014. You guys did not file one. You did for the first time produce one for the joint pretrial stipulation, but that is not really the same since it was untimely.")

— 7 —

REINER & REINER, P.A.
ONE DATRAN CENTER ✦ 9100 SOUTH DADELAND BLVD ✦ SUITE 901 ✦ MIAMI ✦ FLORIDA ✦ 33156 ✦ TEL: 305 670-8282 ✦ FAX: 305 670-8989

p.1-2 ("The stipulation shall conform to Local Rule 16.1(e)"…"[t]e Court <u>will not accept unilateral pretrial stipulations</u>, and will strike *sua sponte* any such submissions") (emphasis added). More importantly, assuming *arguendo* that the filing of the required Joint Stipulation is deemed an "implicit" consent by the Plaintiffs as to the ill-late-filed Meloni's witness list, it does not satisfy the requirement of Rule 6(b)(1)(B)("When an act may or must be done within a specified time, the court may, for good cause, extend the time: ***<u>on motion</u>*** made after the time has expired…") At best, the Plaintiffs' assumed acquiescence could have only served as the ground for Meloni to file an "unopposed" motion for leave to file their witness list beyond date provided in Scheduling Order, but still, such a motion was file.

Finally, Defendants argue that their witnesses should not be stricken because the Plaintiffs are not prejudiced. Here, the Plaintiffs are not required to prove prejudice nor is the Court is tasked with resolving a "prejudice" argument, ***which should have been raised in a never-filed motion for leave to file its witness list out of time.*** In any event, "lack of prejudice alone is not sufficient cause to override the procedures imposed by the Local Rules." *Allen-Johnson v. Miami-Dade Cty.,* No. 10-23627-CIV, 2012 WL 160070, at *2 (S.D. Fla. Jan. 18, 2012).

    c. <u>Meloni' Response Is An Unauthorized Second Sur-Reply Brief In Support To Its Motion To Strike Plaintiffs' Expert Witness</u>

Astoundingly, Meloni devoted a whole section (almost 2 pages) in its Response to rehashing the same arguments and authorities made in either its Motion to Strike Plaintiffs' Expert (ECF No. 256), its first Reply memoranda disguised as a Notice of Filing (ECF No. 267) and in its second Reply brief (ECF No. 268). This is in fact the ***third time*** Defendants have filed a brief or memorandum in support of ECF-256 following the Plaintiffs' opposition - in clear violation of Local Rule 7.1(c). Those reiterated arguments and recycled authorities were not

argued in response to or directed to rebut any position advanced in Plaintiffs' Motion. Meloni itself acknowledges this shortcoming in the Response at p.7

> At the risk of facing an argument by Plaintiffs that Meloni hasn't addressed the substantive issues…Meloni offers this brief argument and otherwise relies on the arguments made in the Motion to Strike (DE 256).

This is just another example of Defendants' misconduct. Here, Plaintiffs have moved to strike Meloni's Reply (ECF No. 267) as an unauthorized sur-reply and in the opposition filed by Meloni, it knowingly includes, once again, the same sur-reply argument Plaintiffs sought to strike. To reiterate, the instant Motion has nothing to do with the relief requested by Meloni's motion to strike Plaintiffs' expert. There was no reason whatsoever for Defendants to desperately argue matters in the Response that have no bearing on the motion they are currently opposing. Plaintiffs refuse to bite and will not respond to any arguments that were not raised in response to their Motion.

   d. **Striking Meloni's Filings Is Warranted**

In light of Meloni's calculated strategy to mislead the Court and to needlessly confuse and multiply matters, the Plaintiffs summarize the relief sought in their Motion (ECF No. 269). Meloni's motion to strike Plaintiffs' expert (ECF No.256) should be summarily denied since defense counsel failed to confer with undersigned counsel ***prior to filing*** that motion and failed to include the mandatory certification pertaining to the required pre-filing conference. Defendants offered a "miscommunication" argument (which is spurious at best and outright deceitful at worst) as the reason for their violation of Local Rule 7.1(a)(3).  But even if the Court were to entertain such an non-credible excuse, Meloni fails to explain why that mishap was not spotted at the time of entering the conferring certification block, which was missing as well.  In fact, the 15 days elapsed between the preparation and filing of Meloni's motion appears long

enough for resolving any communication issue in Defendants' counsel's office. *See*, metadata information of the motion revealing the date of it.



Notably, when the lacking of conferral issue was raised in Plaintiffs' opposition to Meloni's motion, defense counsel reacted back via an email acknowledging the violation of the relevant Local Rule and asking for Plaintiffs' "post-hoc" position concerning its client's motion. Obviously, counsel for the Plaintiffs replied that their position was clear from their 11-page opposition memoranda already filed and explicitly told counsel for Defendants: "[p]lease don't represent that we conferred about anything since I have no idea what you are proposing and it is getting less clear with each email from you." *See*, ECF No. 269 at p.4. Despite undersigned's admonition, Meloni filed a Reply brief in the guise of a Notice of filing where it **certifies** compliance with its **pre-filing** "conferral obligations under Local Rule 7.1(a)(3)." This is not the first time, Defendants attempt to misrepresent Plaintiffs' pre-filing conferral position. *See,* ECF No. 226.

In sum, the Plaintiffs request the Court to enter an order striking the self-styled Notice of filing (ECF No. 267) and the subsequent unauthorized sur-reply brief (ECF No. 268) filed by Meloni for violations of the relevant Local Rules. The Plaintiffs also request the court to strike the untimely Meloni's witness list enclosed as an exhibit to the Joint Pre-trial Stipulation (ECF No. 108-8). Finally, the Plaintiffs demand that Defendants and their counsel be sanctioned – as deterrence – for the clear misrepresentations to the Court surrounding the subject filings as discussed in the instant motion and further stated herein.

— 10 —

Respectfully submitted this September 18, 2018

                                            **REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282
Fax: (305) 670-8989
dpr@reinerslaw.com

By: /s/ David P. Reiner, II
**DAVID P. REINER, II**; FBN 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2018, I electronically served this Reply in Support to Plaintiffs' Motion to Strike (ECF No. 269) on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, BY EMAIL or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282
Fax: (305) 670-8989
dpr@reinerslaw.com

By:  /s/ David P. Reiner, II
**DAVID P. REINER, II**; FBN 416400

## SERVICE LIST

Joseph C. Proulx, Esq.
jproulx@gsgfirm.com
Dale T. Golden
dgolden@gsgfirm.com
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
*Counsel for Meloni Defendants*