| | |
|---|---|
| **From:** | Dale Golden |
| **To:** | DPR |
| **Cc:** | Jeff Albinson |
| **Subject:** | RE: Agrelo v Meloni |
| **Date:** | Tuesday, September 04, 2018 9:18:00 AM |
| **Attachments:** | RE Remaining Discovery Issues - Proposed Stipulations.msg |
| | RE Activity in Case 114-cv-21192-JEM Agrelo et al v. The Meloni Law Firm et al Stipulation.msg |
| | image002.png |
| | image003.jpg |
| | image005.gif |
| | image006.png |
| | image001.jpg |

To place blame on our office for this alleged failure would be, at the very least, disingenuous. As I indicated at the hearing and in every communication we've had since that time, we continue to be willing to work with you to resolve any concerns you have relative to the issues you raised at the hearing in support of you arguments the discovery was necessary. In fact, I sent you the attached emails on this issue. We cannot "resolve" any issues without your cooperation and willingness to compromise.

We will oppose any request for another extension, as we are continuing to attempt to resolve these issues in good faith. We hope you will try to work with us in good faith, as well.

Thanks.

## Dale T. Golden, Esq.

_____

### LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

**From:** DPR <dpr@reinerslaw.com>
**Sent:** Tuesday, September 4, 2018 9:14 AM
**To:** Dale Golden <DGolden@gsgfirm.com>
**Cc:** Liane Brooks <LBrooks@gsgfirm.com>
**Subject:** RE: Agrelo v Meloni

Dale-  as I told Jeff last week, we are moving for an extension of the deadlines based on your failure to timely resolve all outstanding discovery issues – and now the failure to timely serve discovery responses – without motion or leave.  Please advise as to your position on an extension of the deadlines.

Thank you.

Very truly yours,

DPR

_____

**David P. Reiner, II, Esq.**
Reiner & Reiner, P.A.
dpr@reinerslaw.com
www.reinerslaw.com

One Datran Center  |  9100 South Dadeland Blvd.|  Suite 901
Miami | Florida 33156 Tel.: 305.670.8282  Fax: 305.670.8989

**From:** Dale Golden <DGolden@gsgfirm.com>
**Sent:** Tuesday, September 4, 2018 8:37 AM
**To:** DPR <dpr@reinerslaw.com>
**Cc:** Dale Golden <DGolden@gsgfirm.com>; Liane Brooks <LBrooks@gsgfirm.com>
**Subject:** Agrelo v Meloni

Mr. Reiner,

Attached is the response to the 2nd Request for Admissions. The response slipped through the cracks while I was out of the country last week. As the requests were served prior to the recent discovery hearing during which Magistrate Judge Goodman severely narrowed the scope of permissible discovery, we have objected to many of the Requests. We continue to be willing to work with you to resolve any concerns you have relative to authenticity of documents and other issues discussed at the hearing.

Thank you.

Dale T. Golden, Esquire

Judicial Advocacy Award Recipient

201 North Armenia Avenue
Tampa, Florida 33609
(813)251-3632
(813)251-3675 (f)
dgolden@gsgfirm.com

<u>LEGAL NOTICE</u>

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

| | |
|---|---|
| **From:** | Dale Golden |
| **To:** | DPR; Joseph Proulx; Jeff Albinson |
| **Subject:** | RE: Remaining Discovery Issues - Proposed Stipulations |
| **Date:** | Friday, August 24, 2018 2:25:00 PM |
| **Attachments:** | image001.png |
| | image003.jpg |
| | image005.png |
| | image006.jpg |
| | image007.png |
| | image002.jpg |

I wanted to add one additional thought. While you have sued Mr. Meloni and his firm under state and federal debt collection laws, it appears to me it is your belief he is somehow held to a higher standard under those statutes due to the fact he is a lawyer. My belief is based on your insistence that Mr. Meloni admit to the interpretation of contract clauses or provide other legal opinions regarding various issues in this case, as well as other arguments you have made in this case. I am unaware of any case law supporting the concept an attorney is held to a higher standard than a non-attorney debt collector under either the FCCPA or FDCPA. If this is your position, I would appreciate any case law you have supporting it. Perhaps, that can help us both going forward.

Thanks.

# Dale T. Golden, Esq.

_____

### LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

**From:** Dale Golden

**Sent:** Friday, August 24, 2018 2:20 PM
**To:** 'DPR' <dpr@reinerslaw.com>; Joseph Proulx <jproulx@gsgfirm.com>; Jeff Albinson <JAlbinson@gsgfirm.com>
**Subject:** RE: Remaining Discovery Issues - Proposed Stipulations

Mr. Reiner,

While I appreciate your belief that you are trying to resolve the discovery issues in this case, it's clear from your email and the attachment we do not share the same understanding of Goodman's ruling or his suggestions at the hearing. I will try to address some of your comments below. However, I'm on a deadline today. As you know, I am leaving for Haiti tomorrow and won't return to the office until after Labor Day. As Jeff was not at the hearing nor present during our discussions during the break, you and I will need to see of we can resolve these issues between us.

See my comment's below in red

# Dale T. Golden, Esq.

_____

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

**From:** DPR <dpr@reinerslaw.com>
**Sent:** Thursday, August 23, 2018 8:31 PM
**To:** Dale Golden <DGolden@gsgfirm.com>; Joseph Proulx <JProulx@gsgfirm.com>; Jeff Albinson <JAlbinson@gsgfirm.com>

**Subject:** Remaining Discovery Issues - Proposed Stipulations

Dale/Jeff-

Okay, I did have a chance to go back through the audio from the hearing and my notes and I think the following still need to be resolved:

1. Preliminarily, there were some factual responses in the interrogatory answers so I think it's necessary to have them verified as required by the rule; The verification is attached. I thought this had previously been sent to you.

2. Interrogatory No. 9, requires a response rather than an objection: This interrogatory is precisely the type of "deposition-by-interrogatory" Judge Goodman indicated was not proper. We will stand on our objection as well as the ruling at the hearing.
   > We are trying to clarify contradictory positions in the record. For example, Marbella's reps said that they did not authorized Meloni to collect the non-delinquent assessments as part of an alleged "outstanding" balance.  Mr. Meloni's testimony was the opposite.

3. Interrogatory No. 17 simply asks your client to identify the provision in the Marbella declaration and bylaws which governs the due dates and delinquent dates for assessments. While we don't not believe Mr. Meloni was required to provide you a legal opinion regarding the provision in the contract, he provided a substantive response. We have stipulated to the authenticity of the document. You can identify whatever provisions you deem relevant yourself. We will not be amending this response.

4. Interrogatory No. 18 simply asks your client to identify the provision in the Marbella declaration and bylaws which governs the amount that can be charged as a late fee for late payment of assessments.  Same answer as indicated above with respect to your #3.

5. Request to Produce Nos.: 3-4 ask for communications between the Meloni firm and Marbella or Affinity regarding collection activities with respect to any or all Association members. These communications will establish whether the Meloni firm knowingly and intentionally attempted to collect improper debts or whether Marbella or Affinity directed Meloni's activities.  You are not entitled to documents you know are protected by privilege and/or are confidential. Also, as you know my clients have been doing work for Marbella for several years. Responding to this request would require a mountain of work. You have taken multiple depositions of the relevant parties; all of whom were asked or could have been asked questions on this issue. Also, you did or could have requested these documents form Mr. Meloni's clients (the holder of the privilege). You either did or did not. We will not be providing these documents.

6. I am attaching the Admissions we still have problems with on a separate sheet because there are so many. I will review this document ASAP.

**WHAT I SUGGEST:**  In accordance our representations to the Judge, I have several stipulations which

I think should obviate the need for **any further discovery responses**.  Can you review and see if we can resolve the discovery with these additional stipulations?

1. **The Meloni Law Firm took over and continued the role or position of the Fein & Meloni Law Firm in the collection process against the Plaintiffs.** The nomenclature you use here is not great. I think I know what you're seeking, but this is somewhat wordy.

2. **The Law Firm's agents and Edoardo Meloni were aware of the content of the following covenants set forth in the Marbella's governing documents prior the sending of the "collection letters" to the Plaintiffs.** If you can point me to specific evidence in the record (depo testimony or other discovery), we will consider this. Otherwise no.

    > The Marbella's Declaration of Covenants and restrictions' Article VI, Section 7(a) entitled "Late fees and Interest" at page 11 (ECF 30-6 at p.51), which states in part: "If any assessment is not paid within ten (10) days after the due date, the Association shall have the right to charge the defaulting Owner a late fee of ten percent (10%) of the amount of the assessment, or Ten Dollars ($10.00), whichever is greater.."

    > The Marbella's Bylaws' Article VII, Section 7 entitled "Delinquent Assessment" at page 12 (ECF No.30-6 at p.17), which states in part: "Any assessment which is not paid within ten (10) days of its due date shall be delinquent, and the Owner owing said assessment shall pay to the Association a late fee of ten percent (10%) of the amount of the assessment, Or ten Dollars ($10.00), whichever is greater, plus interest at the then highest rate of interest allowable by law from the due date until paid. Following delinquency of any assessment, the Association may bring an action at law against the Owner personally obligated to pay the same..."

    > The Marbella's Declaration of Covenants and Restrictions Article VI section 8 part D at page 13 (ECF 30-6 at p.53) states in relevant part: "…all expenses incurred by the Association in connection with any legal proceedings to enforce this Declaration, including reasonable attorney's fees, shall be assessed against the applicable Owner as an individual assessment and shall be due upon written demand by the Association…"

3. **Marbella's monthly maintenance assessment is subject to late fees and lien proceedings only if it is not paid within the first ten (10) days of each month.**

   Again, we have stipulated to the authenticity of the document related to this issue. I'm at a loss to understand the reason you believe that's insufficient.

4. **Marbella's maintenance assessments for August 2013 and September 2013 were paid by the Plaintiffs on August 9, 2013 and September 5, 2013, respectively.** Same.

5. **Prior to sending the collection letters to the Plaintiffs, the Law Firm's agents and Edoardo Meloni knew that they could only collect late fees when the Association assessment is not paid within the first ten (10) days of each month.** If you can point me to specific evidence in the record (depo testimony or other discovery), we will consider this. Otherwise no.

6. **Prior to sending the collection letters to the Plaintiffs, the Law Firm's agents and Edoardo Meloni knew that the amount of the late fee they could collect for late payments of assessments in 2013 was only $11.50.** If you can point me to specific evidence in the record (depo testimony or other discovery), we will consider this. Otherwise no.

7. **Prior to sending the collection letters to dated December 13, 2013, the Law Firm's agents and Edoardo Meloni knew that the September 2013 assessment was paid by the Plaintiffs on the fifth day of that month and that it was not subject to late fee or lien proceedings.** If you can point me to specific evidence in the record (depo testimony or other discovery), we may consider this. Frankly, I don't see the relevance of this issue. Please advise.

8. **Prior to sending the collection letters to the Plaintiffs, the Law Firm's agents and Edoardo Meloni knew that they had no legal right to recoup attorney fees when attempting to collect assessments that were actually timely paid or late fee which were not incurred.** If you can point me to specific evidence in the record (depo testimony or other discovery), we may consider this.  Frankly, I don't see the relevance of this issue. Please advise.

Let me know how you wish to proceed.

Thank you.

Very truly yours,

DPR

_____

**David P. Reiner, II, Esq.**
Reiner & Reiner, P.A.
dpr@reinerslaw.com
www.reinerslaw.com

One Datran Center  |  9100 South Dadeland Blvd.|  Suite 901
Miami | Florida 33156 Tel.: 305.670.8282  Fax: 305.670.8989



CONFIDENTIALITY NOTE: This electronic message transmission contains information from the law firm of Reiner & Reiner, P.A, which may be confidential or privileged under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, State law or attorney-client or work-product privileges.  If this communivcation contains settlement offers or communications, those communications and offers are subject to state and federal confidentiality privileges.  If you are not the intended recipient and/or have received this communication in error, please notify the sender and immediately delete this e-mail.  Be aware that any disclosure, copying, distribution or use of the contents of this communication by anyone other than the intended recipient is prohibited by law. Finally, for purposes of legal notice, legal requests or legal demands, this office is open from 8:00 AM to 5:00 PM Monday – Friday. Any notices, requests or demands outside of normal business hours shall be logged as receive the next business day.

| | |
|---|---|
| **From:** | Dale Golden |
| **To:** | DPR |
| **Cc:** | Joseph Proulx; Jeff Albinson |
| **Subject:** | RE: Activity in Case 1:14-cv-21192-JEM Agrelo et al v. The Meloni Law Firm et al Stipulation |
| **Date:** | Monday, August 20, 2018 5:55:00 PM |
| **Attachments:** | 272 - Order - Post Discovery.pdf |
| | image001.png |
| | image003.jpg |
| | image002.jpg |

I hope this resolves any concerns you had. As previously indicated, we remain willing to consider any other stipulations you would like to propose in order to resolve any remaining discovery issues. Thanks.

# Dale T. Golden, Esq.



_____

## LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

**From:** Dale Golden
**Sent:** Monday, August 20, 2018 3:52 PM
**To:** DPR <dpr@reinerslaw.com>
**Cc:** Joseph Proulx <JProulx@gsgfirm.com>; Jeff Albinson <JAlbinson@gsgfirm.com>
**Subject:** RE: Activity in Case 1:14-cv-21192-JEM Agrelo et al v. The Meloni Law Firm et al Stipulation

If you want to order the transcript, feel free.

Magistrate Goodman specifically indicated I was to file the stipulation I filed today.

To be sure, at the hearing I indicated on the record we would stipulate to the authenticity of the exhibits to the Amended Complaint and the exhibits to the depositions taken in the case. I also indicated we would stipulate to the authenticity of any letters sent by my clients and any documents filed in the public record by my clients. I did NOT specifically indicate we would stipulate to the authenticity of "the documents included in Plaintiff's Second Request for Admissions" as you seem to imply. I do not believe that specific discussion was had in court. Without reviewing the documents, my guess is most if not all fall under one of the categories indicated above.

So that there is no confusion, we will also stipulate that the financial obligation my clients were attempting to collect is a "debt" as defined by the FDCPA/FCCPA, and my clients' letters were sent to collect the "debt" indicated in the letters. That resolves any issue with whether your clients are protected by the FDCPA/FCCPA or whether the debt falls under the FDCPA/FCCPA.

As you and I discussed Friday, my clients remain willing to consider whatever other stipulations you propose to resolve your discovery issues, including a stipulation to maximum statutory damages under the FDCPA/FCCPA should you clients prevail on their claims. We will not stipulate that your clients get separate statutory damages under each statute from Mr. Meloni and the firm as there is case law directly on point against your clients on this issue.

I am going to Haiti on Saturday, and will be gone under after Labor Day. So, I would like to get this resolved this week. Thanks.

**Dale T. Golden, Esq.**

_____

### LEGAL NOTICE

This communication and any attachments thereto, constitute an "electronic communication" within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, and disclosure of these contents is limited to the recipient(s) intended by the sender of this messages.  Unless expressly stated otherwise, this message and any documents accompanying this Email transmission are confidential and may be subject to the attorney client privilege or deemed work product documents. The Sender's expectation of privacy regarding the content of this e-mail message and any documents accompanying this transmission is extremely high. This message is intended solely for the addressee(s). If the reader of this message is not the intended recipient, you are hereby notified that you have received

this in error and any review, dissemination, or copying is strictly prohibited. If you are not an addressee, any disclosure or copying of the contents of this e-mail, or any action taken or not taken in reliance on it, is strictly unauthorized and may be unlawful. If you are not an addressee, please destroy the message and inform the sender immediately at the number, address or Email address above. The receipt of our fax number above is not to be construed as the firm's consent to receive unsolicited fax advertisements and this Email does not create an Existing Business Relationship (EBR).

---

**From:** DPR <dpr@reinerslaw.com>
**Sent:** Monday, August 20, 2018 2:44 PM
**To:** Dale Golden <DGolden@gsgfirm.com>
**Cc:** Joseph Proulx <JProulx@gsgfirm.com>
**Subject:** RE: Activity in Case 1:14-cv-21192-JEM Agrelo et al v. The Meloni Law Firm et al Stipulation

Dale-  There were some other stipulations as well:

1. documents attached to the Amended Complaint
2. documents included in the Plaintiffs' Second Request for Admissions
3. documents which are exhibits to the depositions

Also stipulations/admissions regarding Meloni Defendants (including Fein & Meloni) sending "debt collection" letters to the Plaintiffs;  Plaintiffs' are consumers under the acts; Marbella Assessments aren't overdue until after the 10th of the month; late fees are limited to 10% of the monthly assessments…

I thought we discussed all of this with magistrate Goodman?  These were discovery requests (admissions) which were objected to.  Am I wrong?

Thank you.

Very truly yours,

DPR
_____

**David P. Reiner, II, Esq.**
Reiner & Reiner, P.A.
dpr@reinerslaw.com
www.reinerslaw.com

One Datran Center  |  9100 South Dadeland Blvd.|  Suite 901
Miami | Florida 33156 Tel.: 305.670.8282  Fax: 305.670.8989

**From:** cmecfautosender@flsd.uscourts.gov <cmecfautosender@flsd.uscourts.gov>
**Sent:** Monday, August 20, 2018 2:19 PM
**To:** flsd_cmecf_notice@flsd.uscourts.gov
**Subject:** Activity in Case 1:14-cv-21192-JEM Agrelo et al v. The Meloni Law Firm et al Stipulation

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered by Golden, Dale on 8/20/2018 at 2:18 PM EDT and filed on 8/20/2018

**Case Name:** Agrelo et al v. The Meloni Law Firm et al
**Case Number:** 1:14-cv-21192-JEM
**Filer:** Edoardo Meloni
The Meloni Law Firm
**Document Number:** 271

**Docket Text:**
**STIPULATION** *for Trial* **by Edoardo Meloni, The Meloni Law Firm (Golden, Dale)**

**1:14-cv-21192-JEM Notice has been electronically mailed to:**

Craig S. Hudson     cshudson@mdwcg.com, jlharris@mdwcg.com

Dale Thomas Golden     dgolden@gsgfirm.com, cmchale@gsgfirm.com, jproulx@gsgfirm.com, lbrooks@gsgfirm.com

David P. Reiner , II     dpr@reinerslaw.com, dpreiner2@gmail.com, eservice@reinerslaw.com

Eric C. Sprechman     eric.sprechman@csklegal.com, marianne.coker@csklegal.com

Jean Anne Hanrahan     JAHanrahan@mdwcg.com, ajmarchese@mdwcg.com, ajmastrangelo@mdwcg.com, mdlincoff@mdwcg.com

Joseph Charles Proulx     jproulx@gsgfirm.com, cmchale@gsgfirm.com, dgolden@gsgfirm.com, lbrooks@gsgfirm.com

Joseph Francisco Valdivia     joseph.valdivia@akerman.com, joeyvaldivia@bellsouth.net

Rachel Kate Beige     rachel.beige@csklegal.com, jane.ford@csklegal.com

Ryan Andrew Fogg     RFogg@Halberglaw.com, MGalassi@HalbergLaw.com, Service@HalbergLaw.com

**1:14-cv-21192-JEM Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105629215 [Date=8/20/2018] [FileNumber=17898836-0] [4562c4608b8411ad495814b6581b172fbaa2d4c2eee797591750d5e57cd663a9d87b7e761d573ccf51203d811037c1bb61d899804da29706950e2c4862c27e8d]]