UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JORGE A. AGRELO and OLGA M.
FERNANDEZ, individuals;

      Plaintiffs,

                                    Case No.: 1:14-cv-21192

vs.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A.; AFFINITY
MANAGEMENT SERVICES, LLC, a
limited liability corporation; MARBELLA
PARK HOMEOWNER'S ASSOCIATION,
INC., a Non-Profit Corporation;
EDOARDO MELONI, ESQ., an individual;
and ALEXIS MCDONALD, an individual,

      Defendants.

_____/

DEFENDANTS' REPLY TO
PLAINTIFFS' RESPONSE TO AMENDED MOTION IN LIMINE (DE 298)

COMES NOW, Defendants THE MELONI LAW FIRM a/k/a EDOARDO MELONI,
P.A. and EDOARDO MELONI, ESQ., (Collectively "MELONI"), by and through their
undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1)(a), and hereby files this
Reply to Plaintiffs' Response to Defendants' Amended Motion in Limine (DE 298), and states
the following in support thereof:

      **I.**    **Preliminary Statement.**

This case has already been over-litigated by Plaintiffs. In an attempt to minimize the
burden on the Court, MELONI will limit this reply brief to address only a few of Plaintiffs'
arguments. This limitation should not be construed as a waiver of any arguments MELONI
previously raised or an acquiescence to any arguments raised by Plaintiffs.

**II.    Arguments.**

<u>**Plaintiffs have acknowledged misquoting**</u>
<u>**deposition testimony of Jami Bohannon in other court filings.**</u>

While not necessarily relevant to the Motion at bar, it is important for the Court to recognize Plaintiffs have tacitly admitted intentionally misquoting Ms. Bohannon's deposition testimony in their recently filed Motion for Sanctions (DE 287). In that Motion, Plaintiffs claim Defendant Edo Meloni committed perjury at his deposition by testifying his law firm relies on its clients to determine amounts due from homeowners. In support of their scandalous accusation, Plaintiffs claimed Mr. Meloni's testimony was contradicted by Ms. Bohannon's deposition testimony and quoted Ms. Bohannon's testimony as follows:

> Well, through the years since 2013 to the present we *[law firm]* have decided … that we would simply go with the ten percent of the assessments *[$11.50]* as per the docs throughout the entire *[collection]* process.

DE 287 at p. 5 (emphasis removed from the language as set out in the Motion for Sanctions, new emphasis added in *[bold]* to highlight Plaintiffs' insertion of words not uttered by Ms. Bohannon).

In responding to the Motion for Sanctions, MELONI provided the Court Ms. Bohannon's actual testimony, as follows:

> Well, through the years since 2013 to the present, we have decided ***with the associations and the management company***, ***especially the new management companies,*** that in order to avoid any problems with the $25 late fees as per the Florida statutes, that we would simply go with the ten percent of the assessments as per the docs throughout the entire process.  We used to do it only in the collection area, but changed in the litigation area in order to avoid any conflict.  And now we just go simply with the ten percent to avoid any problem with the letter.

*See*, DE 297 at p. 8, *citing* DE 27-1 at p. 58, lines 14 through 24 (emphasis added).

In their Response to MELONI's Amended Motion in Limine, Plaintiffs cite the same portion of Ms. Bohannon's deposition testimony, only this time *without* the edits designed to lead the Court to conclude Mr. Meloni committed perjury. Specifically, Plaintiffs cite the following testimony from Ms. Bohannon:

> **Well, through the years, since 2013 to the present, we have decided with the associations and the management company… that we would simply go with the ten percent of the assessments as per the docs throughout the entire process.**

*See*, DE 298 at p. 17 (emphasis in original).

Plaintiffs' tacit admission to having deliberately misquoted Ms. Bohannon's testimony for the purposes of attempting to obtain a judgment against MELONI is nothing short of shocking and should not go unpunished by the Court.

### Plaintiffs' cannot offer hearsay evidence to support their wage loss claims.

In their Response, Plaintiffs imply they have "firsthand knowledge about the reasons their pay was cut or why they were terminated." *See*, DE 298 at p. 11. This assertion improperly conflates "firsthand knowledge" with hearsay. The only manner by which Plaintiffs would have learned "the reasons their pay was cut or why they were terminated" was through communication(s) with third-persons or parties. At deposition, Mr. Agrelo testified he was *told* the reasons for his termination by a supervisor. This is classic hearsay. Plaintiffs cannot be permitted to testify as to the reasons for any adverse employment decisions as any such testimony would be based on out-of-court statements and made for the truth of the matter asserted.

**<u>As of the date of the instant brief being filed,</u>**
**<u>Plaintiffs have still not provided a Rule 26 report from their admitted expert.</u>**

In their Response, Plaintiffs acknowledge Laura Urquiaga-Balter is an "expert" witness. *See,* DE 298 at p. 10. Yet, as of the date of MELONI filing the instant brief, Plaintiffs have refused to provide a mandatory Rule 26 report. Ms. Urquiaga-Balter cannot be permitted to testify, as MELONI has been prejudiced by Plaintiffs' abject failure to comply with Rule 26.

WHEREFORE, Defendants THE MELONI LAW FIRM a/k/a EDOARDO MELONI, P.A. and EDOARDO MELONI, ESQ. respectfully request an Order from this Honorable Court GRANTING their Amended Motion in Limine (DE 285).

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
dgolden@gsgfirm.com
jproulx@gsgfirm.com
*Counsel for MELONI Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080