UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 14-21192-CIV-MARTINEZ-GOODMAN

JORGE A. AGRELO, and OLGA M.
FERNANDEZ, individuals;

    Plaintiffs,

vs.

THE MELONI LAW FIRM, a/k/a
EDOARDO MELONI, P.A.; AFFINITY
MANAGEMENT SERVICES, LLC, a
limited liability corporation; MARBELLA
PARK HOMEOWNER'S ASSOCIATION,
INC., a Non-Profit Corporation;
EDOARDO MELONI, ESQ., an individual;
and ALEXIS MCDONALD, an individual,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS XV AND XVIII

THIS CAUSE comes before the Court upon the following: (1) Defendants' Motion for Judgment on the Pleadings with Respect to Counts XV and XVIII [ECF No. 75]; (2) Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings with Respect to Counts XV and XVIII [ECF No. 79]; and (3) Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings [ECF No. 88].

The Court has considered the Motion, the Response, the Reply, and the pertinent portions of the record and is otherwise fully advised of the premises. For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings with Respect to Counts XV and XVIII is granted.

## I. FACTUAL BACKGROUND

Plaintiffs are husband and wife who reside at 8272 NW 198th Street, Miami, Florida 33015. [ECF No. 30 at ¶ 5]. Marbella is a homeowners association ("HOA") located at 1430 N 15th Avenue, Miami, Florida 33125, and Affinity is its property manager. *Id.* at ¶ 17. Plaintiffs are members of the Marbella HOA. *Id.* at ¶ 1. As members of Marbella, Plaintiffs are bound by Marbella's governing documents, which include the HOA's Bylaws, Articles of Incorporation and a Declaration of Covenants and Restrictions (collectively, the "Governing Documents"). *Id.* at ¶ 18. The Governing Documents require HOA members to pay an annual assessment, due in monthly installments. [ECF No. 30-6 at pp. 48-49]. These assessments are secured by a continuing lien held by the HOA on each property. [ECF No. 30-6 at p. 48].

The Governing Documents also empower Marbella to fine members for violating its Declaration of Covenants. [ECF No. 30-6 at p. 53]. According to the Governing Documents, the maximum amount of a fine depends on the number of times a member previously committed a similar offense, limiting the first fine to a payment equivalent to one month of the annual assessment (in this case, $115). [ECF No. 30-6 at p. 53]. Under the Declaration of Covenants and Restrictions, once a fine is imposed, it is deemed an individual assessment, and if not paid when due, all of the provisions relating to the late payment of assessments apply equally. [ECF No. 30-6 at p. 53]. To enforce such obligations, Marbella could sue the member or foreclose upon Marbella's continuing lien on the property. [ECF No. 30-6].

In March 2013, Marbella notified Plaintiffs that they had violated the Governing Documents by improperly performing an unapproved construction, relocating a fence, and removing plants. [ECF No. 30 at ¶ 25; ECF No. 30-10 at p. 3]. After a hearing was held on the violation before Marbella's Grievance Committee, the Committee recommended that the Board

of Directors approve a fine of $100.00 per day until Plaintiffs corrected the violation. [ECF No. 30-8 at p. 2]. Marbella set the total fine at $1,000, [ECF No. 30 at ¶ 25], the maximum amount Florida law allows for a single, continuing violation. *See* Fla. Stat. § 720.305(2). Plaintiffs refused to pay the fine, maintaining, among other points, that they were in not in violation of Marbella rules and that they were not afforded due process. [ECF No. 30 at ¶ 26].

Over the next several months, Affinity and attorneys for Marbella—the Meloni Law Firm a/k/a Edoardo Meloni, P.A. and Edoardo Meloni, Esq. ("Meloni")—sent Plaintiffs at least five (5) letters on Marbella's behalf about the fine. On May 16, 2013, and then again on June 28, 2013, Affinity sent Plaintiffs nearly identical letters demanding $1,000, which Affinity characterized as a "delinquent assessment." [ECF No. 30-11; ECF No. 30-12]. Affinity warned Plaintiffs of the consequences if they failed to pay, threatening to file and foreclose upon a lien against their home, to seek a personal judgment to seize their property and garnish their wages, and to file a legal action to collect "delinquent assessments, late fees, interest, attorney's fees and other costs of collection." [ECF No. 30-11; ECF No. 30-12].

When Marbella did not receive any payment from Plaintiffs, Meloni sent a demand letter to Plaintiffs on August 9, 2013, claiming that they owed Marbella a total of $1,115 for "past due maintenance assessments." [ECF No. 30-13]. The amount was comprised of $1,000 for the fine imposed by the Marbella Board and an additional $115 for the monthly assessment fee for August. [ECF No. 30-13]. Meloni also demanded $262.50 for its legal services for its collection efforts. [ECF No. 30-13]. Meloni warned Plaintiffs that if they failed to pay, Marbella could foreclose on its continuing lien or sue them personally. [ECF No. 30-13].

Plaintiffs responded to Meloni, disputing the "debt." They stated that they were unaware of "any outstanding administration fees or any past due maintenance assessment owed" in the

amount of $1,000. [ECF No. 30-15]. Plaintiffs further made several requests under the Fair Consumer Collection Protection Act ("FCCPA"), Fla. Stat. § 559.71, and under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. [ECF No. 30-15].

In response, Meloni sent Plaintiffs yet another letter on Marbella's behalf, demanding $1,000 for the fine that was assessed on their account. [ECF No. 30-17]. Meloni also attached an account statement reflecting a $262.50 attorney's fee and an unpaid September assessment. [ECF No. 30-17]. Plaintiffs acknowledged that the HOA had fined them for allegedly violating the Governing Documents, but they challenged the validity of the fine. [ECF No. 30-18]. Regarding the September monthly maintenance fee, Plaintiffs maintained that they had timely paid this fee and submitted evidence of their timely payment. [ECF No. 30-18]. Plaintiffs again lodged several FDCPA requests, once more demanding evidence that Meloni was licensed to collect debts in Florida. [ECF No. 30-17].

Meloni responded on December 13, 2014 with a final letter to Plaintiffs demanding payment. [ECF No. 30-20]. Meloni maintained that the $1,000 demand reflected a delinquent fine, not a debt under the FCCPA and asserted that the Florida statutes governing HOAs superseded any contrary provision in the Governing Documents. [ECF No. 30-20]. Meloni demanded $1,312.50, representing the $1,000 fine, two $25 late fees assessed on September 11, 2013 and November 11, 2013, and $262.50 for attorney's fees. [ECF No. 30-20]. Plaintiffs again responded, disputing the validity of the $1,000 fine and the $25 late fees. [ECF No. 30-22]. They also challenged the amount of both those charges, claiming that the Governing Documents limited the fine at $115 and the fees to $11.50. [ECF No. 30-20]. In addition, Plaintiffs for the third time demanded evidence that Meloni was a licensed debt collector. [ECF No. 30-20].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss; that is, on a motion for judgment on the pleadings, a court must make all inferences in favor of the nonmoving party and must accept as true the facts alleged in the complaint. *See Guarino v. Wyeth LLC*, 823 F.Supp.2d 1289, 1291 (M.D. Fla. 2011) (quoting *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir.1998)).

A motion to dismiss and a motion for judgment on the pleadings should be granted if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Losey v. Warden*, 12-16363, 2013 WL 2450736 (11th Cir. June 4, 2013) (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir.2002)). Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1116–17 (11th Cir.1999)). A court may consider documents attached to the pleadings as long as they are (1) central to the plaintiff's claim and (2) undisputed, in the sense that their authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The Court has considered the exhibits attached to the First Amended Complaint.

## III. DISCUSSION

Defendants THE MELONI LAW FIRM, a/k/a EDOARDO MELONI, P.A., and EDOARDO MELONI, ESQ. ("Meloni") moved for judgment on the pleadings with respect to

Counts XV, and XVIII of Plaintiffs' Amended Complaint. [ECF No. 75]. For the following reasons, this Court grants Meloni's Motion for Judgment on the Pleadings as to these counts.

### A. Count XV: Violation of Fla. Stat. § 559.71(15) (FDCPA)

In their Amended Complaint, Plaintiffs argue that Meloni violated section 559.72(15) of Florida Statute by "failing to provide adequate identification of themselves even after such information was requested by Plaintiffs in their Letters 1, 2, and 3. In particular, Plaintiffs requested for Meloni Law and Meloni to provide the appropriate proof that they were "licensed to collect debts in Florida." [ECF No. 30 at ¶ 92].

Meloni submits that section 559.72(15) "does not require a person to provide such proof upon request from a debtor." [ECF No. 75 at p. 4]. The statute provides that:

> In collecting consumer debts, no person shall . . . [r]efuse to provide adequate identification of herself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

Fla. Stat. § 559.72(15). In the relevant letters sent to Plaintiffs, Meloni identified itself on its letterhead and explained that it represented Marbella. [ECF No. 30-13; ECF No. 30-17; ECF No. 30-20]. Further, in each letter, Meloni indicated that it was "attempting to collect the above debt" and included Plaintiffs' account statement. [ECF No. 30-13; ECF No. 30-17; ECF No. 30-20]. In the first line of the second letter sent on September 10, 2013, in response to Plaintiffs' initial request for adequate identification, Meloni stated, "this office represents the interests of Marbella Park Homeowner's Association, Inc. and is corresponding with you on behalf of the Association." [ECF No. 30-17].

Under the requirements of section 559.72(15), Meloni did not "refuse to provide adequate information" following Plaintiffs' request. Fla. Stat. § 559.72(15). Rather, Meloni reiterated the identification it had already provided to Plaintiffs at the very outset of the second letter. [ECF

No. 30-17]. Further, the statute does not require Meloni to indicate that it is "licensed to collect debts in Florida." [ECF No. 30 at ¶ 100]. As Meloni points out, Plaintiffs fail to cite to any case law which suggests that Fla. Stat. § 559.72(15) contains that requirement." [ECF No. 88 at p. 2]. Plaintiffs' argument is therefore frivolous.[1]

Accordingly, Meloni complied with the requirements of section 559.72(15), and is entitled to judgment as a matter of law. This Court therefore, grants judgment on the pleadings in favor of Defendants as to Count XV.

### B. Count XVIII: Violation of 15 U.S.C. 1692e(11) (FDCPA)

In their Amended Complaint, Plaintiffs further allege that Meloni violated section 1692e(11) of the FDCPA by failing to identify themselves as "debt collectors" in the three letters at issue. [ECF No. 30 at ¶ 100]. Meloni contends that this argument lacks merit because each letter advised Plaintiffs that Meloni was "attempting to collect the above referenced debt and any information obtained will be used for that purpose." [ECF No. 75 at p. 5].

The intent behind section 1692e(11) is to make it apparent to debtors that the request for payment that they receive is from a debt collector. *Berger v. Northland Grp., Inc.*, 886 F. Supp. 2d 59, 64 (D. Mass. 2012).

A debt collector violates section 1692e(11) as a result of:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

---

[1] Despite the Plaintiff's additional argument that the "least sophisticated consumer standard" applies to claims under the FCCPA, Plaintiffs do not cite any authority applying this standard to section 559.72, much less to 559.72(15), specifically. (ECF No. 79 at pp. 2-4). This Court fails to locate any application of the least sophisticated consumer standard to claims made under the 559.72(15). Accordingly, this argument is without merit.

15 U.S.C. § 1692e(11). Under this requirement, a debt collector "is required to inform the [debtor] that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose only in the initial communication." *Christy v. Designed Receivable Sols., Inc.*, 2018 WL 4008982, at *6 (D. Nev. Aug. 21, 2018). In subsequent communications, a debt collector "is required to inform the [debtor] that the communication is from a debt collector." *Id.* However, Congress did not mandate that the exact words "debt collector" be included in the communication. *Forcier v. Creditors Specialty Serv., Inc.*, 2014 WL 6473043, at *8 (D.N.H. Nov. 17, 2014) (quoting *Sayyed v. Wolpoff & Abramson, LLP*, 733 F. Supp. 2d 635, 641 (D. Md. 2010)).

Plaintiffs attempt to distinguish this case from *Sayyed* by pointing out that the letters in *Sayyed* included a disclosure that identified the sender as "Attorneys in the Practice of Debt Collection" and self-identified the firm as "debt collectors." [ECF No. 79 at p. 6]. However, Plaintiffs fail to provide any case law stating that Meloni was required to explicitly self-identify as "debt collectors." Moreover, Plaintiffs failed to distinguish this case from *Forcier*, the other case cited by Defendants in support of their Motion. [ECF No. 75 at p. 5]. In *Forcier*, the plaintiff brought suit for a violation of section 1692e(11) after the debt collector failed to identify himself as such. *Forcier*, 2014 WL 6473043, at *8. The court held that because the communication was sufficient to indicate to the debtor that the communication was from a debt collector attempting to collect on a debt, the plaintiff could not allege a claim under 1692e(11). *Id.*; *see also In re Holyfield*, 2018 WL 4181891, at *3 (11th Cir. Aug. 30, 2018).

In *In re Hoyfield*, the Eleventh Circuit, applying the "least sophisticated consumer standard," determined that there was "more than sufficient information contained in the letter to disclose" that the sender was a debt collector. *Id.* The letter explained that the sender was a law

firm retained by the loan servicer "in connection with the above referenced loan." *Id.* Further, the letter explained "THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT." *Id.* The Eleventh Circuit held that "even though the letter in question never affirmatively stated, in as many words, that [the sender] was a 'debt collector,'" the least sophisticated consumer would have understood that the sender was acting in that role. *Id.*

The same is true in this present case. Here, in each of the letters in question, Meloni stated, "We are attempting to collect on the above debt and any information obtained will be used for that purpose" and identified itself as representing Marbella Park Homeowner's Association. [ECF No. 30-13, 30-17, 30-20]. This unequivocal declaration is sufficient "to make it apparent to [Plaintiffs] that the request for payment that they receive[d] is from a debt collector." *Berger,* 886 F. Supp. 2d at 64. As with *In re Hoyfield*, the least sophisticated consumer would understand that Meloni was acting in the role of a debt collector. *In re Holyfield*, 2018 WL 4181891, at *3. Furthermore, as Meloni submits, Plaintiffs failed to refute the argument that Congress did not mandate the exact words "debt collector" to be included in the disclosure. [ECF No. 88 at p. 4].

Accordingly, Count XVIII suffers from the same fatal defects as Count XV and thus his Court grants judgment on the pleadings with respect to that Count.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs failed to state a claim under either Florida Statute section 559.71(15) or 15 U.S.C. section 1692e(11). Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

Defendants' Motion for Judgment on the Pleadings with respect to Counts XV and XVIII [ECF No. 75] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12 day of November, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record